1  Ekwan E. Rhow - State Bar No. 174604
      erhow@birdmarella.com
2  Paul S. Chan - State Bar No. 183406
      pchan@birdmarella.com
3  Kate S. Shin - State Bar No. 279867
      kshin@birdmarella.com
4  Cameron R. Partovi - State Bar No. 319589
      cpartovi@birdmarella.com
5  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
6  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
7  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
8
   Attorneys for Defendants Open Artificial
9  Intelligence, Inc. and Guy Ravine

10                UNITED STATES DISTRICT COURT

11          NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

12

13 | OPENAI, INC., a Delaware corporation,  | CASE NO. 4:23-cv-03918-YGR
14 |              Plaintiff,                 | **DEFENDANTS GUY RAVINE AND OPEN ARTIFICIAL INTELLIGENCE, INC.'S ANSWER TO PLAINTIFF OPENAI, INC.'S COMPLAINT**
15 |              vs.                        |
16 | OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual, | Assigned to Hon. Yvonne Gonzalez Rogers
17 |                                         | Date Complaint Filed: August 4, 2023
18 |              Defendants.                |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Open Artificial Intelligence, Inc. ("Open AI") and Guy Ravine (collectively, "Defendants"), by and through their undersigned counsel, answer the Complaint of Plaintiff OpenAI, Inc. ("Plaintiff").

Defendants deny all factual allegations set forth in the Complaint unless expressly admitted. Any admissions limited to the express language of the responses will not be deemed to imply admission of additional facts. Defendants also reserve their right to file any Counterclaims on the schedule separately agreed to by the parties.

## INTRODUCTION

1. The allegations in Paragraph 1 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 1 of the Complaint.

2. The allegations in Paragraph 2 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 2 of the Complaint.

3. The allegations in Paragraph 3 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants admit that Mr. Ravine filed an application with the United States Patent and Trademark Office ("USPTO") for the Open AI Mark on December 11, 2015, and that the USPTO initially issued an Office Action refusing to register the Open AI Mark. Defendants otherwise deny the allegations in Paragraph 3 of the Complaint.

4. The allegations in Paragraph 4 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. The allegations in Paragraph 6 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 8 of the Complaint.

9. The allegations in Paragraph 9 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants admit that Mr. Ravine resides within this District. Defendants deny the remainder of the allegations in Paragraph 9 of the Complaint.

10. The allegations in Paragraph 10 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 10 of the Complaint.

## THE PARTIES

11. The allegations in Paragraph 11 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations in Paragraph 11, Defendants lack knowledge as to the basis of these allegations and on that basis deny them.

12. Defendants admit that Open AI is a Delaware corporation. The remainder of the allegations in Paragraph 12 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any other factual allegations, Defendants deny the allegations in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual

allegations, Defendants admit that Mr. Ravine is the president of Open AI. Defendants deny the remainder of the allegations in Paragraph 13 of the Complaint.

14. The allegations in Paragraph 14 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 14 of the Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### OpenAI and Its Valuable Marks

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants lack knowledge as to the allegations in Paragraph 16 of the Complaint and on that basis deny them.

17. Defendants lack knowledge as to the allegations in Paragraph 17 of the Complaint regarding OpenAI's research and development of artificial intelligence models and which applications this research and development led to, and regarding the numbers of users who engaged with these applications, and on that basis deny them. Defendants deny the remainder of the allegations in Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants lack knowledge as to the basis of the allegations in Paragraph 18 of the Complaint and on that basis deny them.

19. The allegations in Paragraph 19 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants lack knowledge as to the allegations in Paragraph 19 of the Complaint and on that basis deny them.

20. The allegations in Paragraph 20 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants lack knowledge as to the allegations in Paragraph 20 of the Complaint and on that basis deny them.

21. The allegations in Paragraph 21 of the Complaint contain legal conclusions

to which no response is required. To the extent a response is required as to any factual allegations, Defendants lack knowledge as to the basis of these allegations and on that basis deny them.

22. The allegations in Paragraph 22 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants lack knowledge as to the basis of these allegations and on that basis deny them.

23. Defendants lack knowledge as to the allegations in Paragraph 23 and on that basis deny them.

24. The allegations in Paragraph 24 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 24 of the Complaint.

25. The allegations in Paragraph 25 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants lack knowledge as to the allegations in Paragraph 25 of the Complaint and on that basis deny them. Regarding each subpart of Paragraph 25:

    a. Defendants admit that a Forbes contributor stated the quoted language.

    b. Defendants admit that a Washington Post article used the quoted language.

    c. Defendants admit that a Fast Company article used the quoted language.

    d. Defendants lack knowledge as to the allegations in Paragraph 25(d) of the Complaint and on that basis deny them.

26. The allegations in Paragraph 26 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 26 of the Complaint..

27. Defendants admit that Mr. Ravine filed trademark application Ser. No.

86/847,151 for the Open AI Mark with USPTO on December 11, 2015; that Section 1(a) was selected as the "filing basis" for the application; that Mr. Ravine declared that he first used the Open AI Mark in commerce on March 25, 2015; and that Mr. Ravine was currently using the Open AI Mark in commerce as of December 11, 2015. Defendants otherwise deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants admit that Mr. Ravine filed trademark application Ser. No. 86/847,151 for the Open AI Mark with USPTO on December 11, 2015, that the specimen was described as "Website for Open AI," and that Mr. Ravine declared that the specimen reflected the use of the Open AI Mark in commerce as of December 11, 2015. Defendants otherwise deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants admit that Mr. Ravine filed trademark application Ser. No. 86/847,151 for the Open AI Mark with USPTO on December 11, 2015; that the screenshot in Paragraph 29 of the Complaint appears to be a copy of the specimen of open.ai that Mr. Ravine submitted in support of this trademark application; and that the screenshot contains, among other things, the quoted statements in Paragraph 29 of the Complaint. Defendants otherwise deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants admit that, on March 29, 2016, the USPTO issued an Office Action letter concerning Mr. Ravine's application, which included a "Refusal to Register" statement and contained, among other things, the quoted statements in Paragraph 30. Defendants otherwise deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants admit that, on March 29, 2016, the USPTO issued an Office Action letter concerning Mr. Ravine's application, which contained, among other things, the quoted statements in Paragraph 31. Defendants otherwise deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants admit that, on September 27, 2016, Mr. Ravine submitted a response to USPTO's March 29, 2016 Office Action Letter; that this response contained, among other things, the quoted statement in Paragraph 32; and that the screenshots in Paragraph 32 appear to be copies of the two specimens submitted with Mr. Ravine's

1  response, which were screenshots of hub.open.ai. Defendants otherwise deny the
2  allegations in Paragraph 32 of the Complaint.
3      33.    The allegations in Paragraph 33 of the Complaint contain legal conclusions
4  to which no response is required. To the extent a response is required as to any factual
5  allegations, Defendants deny the allegations in Paragraph 33 of the Complaint.
6      34.    Defendants lack knowledge as to the allegations in Paragraph 34 of the
7  Complaint and on that basis deny them.
8      35.    Defendants lack knowledge as to the allegations in Paragraph 35 of the
9  Complaint and on that basis deny them.
10     36.    Defendants lack knowledge as to the allegations in Paragraph 36 of the
11 Complaint and on that basis deny them.
12     37.    Defendants lack knowledge as to the allegations in Paragraph 37 of the
13 Complaint and on that basis deny them.
14     38.    Defendants lack knowledge as to the allegations in Paragraph 38 of the
15 Complaint and on that basis deny them.
16     39.    Defendants lack knowledge as to the allegations in Paragraph 39 of the
17 Complaint and on that basis deny them.
18     40.    The allegations in Paragraph 40 of the Complaint contain legal conclusions
19 to which no response is required. To the extent a response is required as to any factual
20 allegations, Defendants deny the allegations in Paragraph 40.
21     41.    The allegations in Paragraph 41 of the Complaint contain legal conclusions
22 to which no response is required. To the extent a response is required as to any factual
23 allegations, Defendants deny the allegations in Paragraph 41 of the Complaint.
24     42.    The allegations in Paragraph 42 of the Complaint contain legal conclusions
25 to which no response is required. To the extent a response is required as to any factual
26 allegations, Defendants admit that the USPTO issued an Office Action Letter in November
27 2016 which stated that Mr. Ravine's response "satisfied" the "[r]equirement for a
28 substitute specimen." Defendants admit that the USPTO issued a subsequent Office Action

in March 2017 that contained a "[r]efusal to register" and contained, among other things, the quoted statements in Paragraph 42. Defendants further admit that Mr. Ravine amended his application and that, on August 1, 2017, the USPTO registered the Open AI Mark on the Supplemental Register, Reg. No. 5,258,002. Defendants otherwise deny the allegations in Paragraph 42 of the Complaint.

43.  Defendants admit that Mr. Ravine assigned the Open AI Mark to Open AI on June 30, 2023. Defendants otherwise deny the allegations in Paragraph 43 of the Complaint.

## Defendants' Infringing Conduct

44.  Defendants deny the allegations in Paragraph 44 of the Complaint.

45.  Defendants deny the allegations in Paragraph 45 of the Complaint.

46.  Defendants deny the allegations in Paragraph 46 of the Complaint.

47.  Defendants lack knowledge as to the contents of the "Internet Archive" and on that basis deny the allegations in Paragraph 47 of the Complaint. Defendants otherwise deny the allegations in Paragraph 47 of the Complaint.

48.  Defendants admit that, on February 19, 2022, Plaintiff contacted Mr. Ravine to inform him that open.ai was redirecting to OpenAI's website. Defendants otherwise deny the allegations in Paragraph 48 of the Complaint.

49.  Defendants admit that Mr. Ravine responded to OpenAI's email stating, among other things, the quoted language. Defendants otherwise deny the allegations in Paragraph 49 of the Complaint.

50.  The allegations in Paragraph 50 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required as to any factual allegations, Defendants deny the allegations in Paragraph 50 of the Complaint.

51.  Defendants lack knowledge as to the authenticity of "Internet Archive" screenshots and on that basis deny the allegations in Paragraph 51 of the Complaint that refer to an Internet Archive screenshot. Defendants otherwise deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny that open.ai currently displays the statements quoted in Paragraph 52 of the Complaint. Defendants admit that the image in Paragraph 52 appears to be a copy of the open.ai homepage on August 4, 2023.

53. The allegations in Paragraph 53 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 53, Defendants lack knowledge as to these allegations and on that basis deny them.

54. The allegations in Paragraph 54 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 54, Defendants deny these allegations.

55. The allegations in Paragraph 55 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 55, Defendants deny these allegations.

56. The allegations in Paragraph 56 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 56, Defendants admit that, as of April 8, 2023, chat.open.ai redirected to open.ai. Defendants lack knowledge as to the basis for Plaintiff's allegation that chat.openai.com has directed to Plaintif's ChatGPT chatbot since November 30, 2022. Defendants deny any other remaining factual allegations in Paragraph 56.

### Ravine's Letters of Protest

57. Defendants admit that Mr. Ravine filed a Letter of Protest with the USPTO regarding OpenAI's Application Ser. No. 97/238,896 on December 6, 2022, and a subsequent Letter of Protest regarding OpenAI's Application Ser. No. 97/238,896 on January 31, 2023. Defendants lack knowledge as to whether the USPTO informed Plaintiff that a Letter of Protest had been filed, or whether OpenAI filed a FOIA request, and on that basis denies these allegations. Defendants otherwise deny the allegations in Paragraph 57 of the Complaint.

# FIRST CAUSE OF ACTION

## For Trademark Infringement and Unfair Competition

## (15 U.S.C. § 1125(a))

58. In response to Paragraph 58 of the Complaint, Defendants reallege and incorporate the responses in Paragraphs 1-57 of its Answer set forth above as if fully set forth and restated here.

59. The allegations in Paragraph 59 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 59, Defendants deny these allegations.

60. The allegations in Paragraph 60 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 60, Defendants deny these allegations.

61. The allegations in Paragraph 61 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 61, Defendants deny these allegations.

62. The allegations in Paragraph 62 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 62, Defendants deny these allegations.

63. The allegations in Paragraph 63 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 63, Defendants deny these allegations.

64. The allegations in Paragraph 64 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 64, Defendants deny these allegations.

///
///
///
///

## SECOND CAUSE OF ACTION

### For Common Law Trademark Infringement

65. In response to Paragraph 65 of the Complaint, Defendants reallege and incorporate the responses in Paragraphs 1-57 of its Answer set forth above as if fully set forth and restated here.

66. The allegations in Paragraph 66 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 66, Defendants deny these allegations.

67. The allegations in Paragraph 67 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 67, Defendants deny these allegations.

68. The allegations in Paragraph 68 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 68, Defendants deny these allegations.

69. The allegations in Paragraph 69 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 69, Defendants deny these allegations.

70. The allegations in Paragraph 70 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 70, Defendants deny these allegations.

71. The allegations in Paragraph 71 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 71, Defendants deny these allegations.

## THIRD CAUSE OF ACTION

### For Civil Liability for False and/or Fraudulent Registration

### (15 U.S.C. § 1120)

72. In response to Paragraph 72 of the Complaint, Defendants reallege and incorporate the responses in Paragraphs 1-57 of its Answer set forth above as if fully set

forth and restated here.

73. The allegations in Paragraph 73 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 73, Defendants deny these allegations.

74. The allegations in Paragraph 74 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 74, Defendants deny these allegations.

75. The allegations in Paragraph 75 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 75, Defendants deny these allegations.

## FOURTH CAUSE OF ACTION

### For Cancellation of Registration No. 5,258,002

### (15 U.S.C. § 1119)

### Based on No Bona Fide Use

76. In response to Paragraph 76 of the Complaint, Defendants reallege and incorporate the responses in Paragraphs 1-57 of its Answer set forth above as if fully set forth and restated here.

77. The allegations in Paragraph 77 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 77, Defendants deny these allegations.

78. The allegations in Paragraph 78 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 78, Defendants admit that Mr. Ravine filed the application for the Open AI Mark selecting Section 1(a) as the filing basis. Defendants deny the remaining allegations in Paragraph 78.

79. The allegations in Paragraph 79 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 79, Defendants deny these allegations.

80. The allegations in Paragraph 80 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 80, Defendants deny these allegations.

81. The allegations in Paragraph 81 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 81, Defendants deny these allegations.

## FIFTH CAUSE OF ACTION

## For Cancellation of Registration No. 5,258,002

## (15 U.S.C. § 1119)

## Based on Misrepresenting Source

82. In response to Paragraph 82 of the Complaint, Defendants reallege and incorporate the responses in Paragraphs 1-57 of its Answer set forth above as if fully set forth and restated here.

83. The allegations in Paragraph 83 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to any factual allegations in Paragraph 83, Defendants deny these allegations.

84. The allegations in Paragraph 84 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 84, Defendants deny these allegations.

85. Defendants deny the allegations in Paragraph 85 of the Complaint.

86. The allegations in Paragraph 86 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 86, Defendants deny these allegations.

87. The allegations in Paragraph 87 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual allegations in Paragraph 87, Defendants deny these allegations.

88. The allegations in Paragraph 88 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required to the factual

allegations in Paragraph 88, Defendants deny these allegations.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint as a whole, and to each claim for relief set forth therein, and without shifting the burden of proof as to any of them, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint, and each claim for relief set forth therein, fails to state a claim upon which relief can be granted, in law or equity, against Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

2. The Complaint, and each claim for relief set forth therein, is barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3. The Complaint, and each claim for relief set forth therein, is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

4. The Complaint, and each claim for relief set forth therein, is barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE
### (No Damages)

5. The Complaint, and each claim for relief set forth therein, is barred by Plaintiff's failure to establish any loss, injury, or damages.

/ / /

/ / /

/ / /

## SIXTH AFFIRMATIVE DEFENSE

## (Waiver)

6. The Complaint, and each claim for relief set forth therein, is barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

7. The Complaint, and each claim for relief set forth therein, is barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

## (Unjust Enrichment)

8. The Complaint, and each claim for relief set forth therein, is barred because Plaintiff would be unjustly enriched if allowed to recover anything from Defendants under the Complaint.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

9. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other as yet unstated defenses available to them and therefore expressly reserve the right to: (a) amend or supplement their Answer, defenses, and all other pleadings; and (b) assert any and all additional defenses under any applicable law in the event that discovery indicates such defenses would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Guy Ravine and Open Artificial Intelligence, Inc., pray for the following relief:

1. That Plaintiff take nothing by way of its Complaint;
2. That Defendants be dismissed from this action with prejudice and that judgment thereon be entered in favor of Defendants on all of Plaintiff's claims;
3. For Defendants' costs of suit and their attorneys' fees; and

4.    For such other and further relief as the Court may deem just and proper.

DATED: October 23, 2023

Ekwan E. Rhow
Paul S. Chan
Kate S. Shin
Cameron R. Partovi
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
Ekwan E. Rhow
Attorneys for Defendants Open Artificial
Intelligence, Inc. and Guy Ravine