Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Paul S. Chan - State Bar No. 183406
  pchan@birdmarella.com
Kate S. Shin - State Bar No. 279867
  kshin@birdmarella.com
Cameron R. Partovi - State Bar No. 319589
  cpartovi@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Open Artificial Intelligence, Inc. and Guy Ravine

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>Defendants. | CASE NO. 4:23-cv-03918-YGR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF OPENAI, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON ITS PRELIMINARY INJUNCTION MOTION**<br><br>Filed Concurrently with Proposed Order<br><br>Assigned to Hon. Yvonne Gonzalez Rogers<br><br>Date Complaint Filed: August 4, 2023 |

## I. INTRODUCTION

Plaintiff OpenAI, Inc. ("Plaintiff"), in plain violation of the Northern District of California's Local Rules, filed an unauthorized sur-reply in support of its Preliminary Injunction Motion (Dkt. 21) under the guise of an "Administrative Motion." L.R. 7-3(d). In "request[ing] leave to supplement the record," Mot. at 2, Plaintiff has already introduced the new documents into the record that it contends are relevant to the Preliminary Injunction Motion, Feldman Decl., Ex. B ("Scher Declaration"), Exs. A-N, and has provided three pages of new briefing regarding the impact Plaintiff believes these documents should have on the Court's disposition of its Preliminary Injunction Motion. Plaintiff's filing has already "supplement[ed] the record," prejudicing Defendants. Plaintiff's Motion should be denied on these bases.

Further, even if the Court were to consider the evidence submitted alongside the Motion, the evidence does not strengthen Plaintiff's case for preliminary injunctive relief.

For these reasons, Defendants respectfully request that the Court deny the Motion in its entirety and strike the Motion and its supporting papers. In the event that the Court is inclined to grant the Motion, Defendants request that the Court permit Defendants the opportunity to submit new evidence bearing on the Preliminary Injunction Motion.

## II. PROCEDURAL BACKGROUND

On November 20, 2023, the Court held a hearing on Plaintiffs' Preliminary Injunction Motion, which is still pending. Dkts. 21, 55. On January 29, 2024, without seeking leave from the Court, Plaintiff filed the present Motion. Dkt. 58. The Motion, despite "request[ing] leave" to supplement the record, Mot. at 2, attaches fourteen new exhibits and includes three pages of argument explaining how these documents support Plaintiff's Preliminary Injunction Motion. Mot. at 3-5; Scher Decl., Exs. A-N.

## III. PLAINTIFF'S MOTION IS IMPROPER AND SHOULD BE STRICKEN

Plaintiff brings its Motion under L.R. 7-11, despite L.R. 7-11 providing no basis for its filing. L.R. 7-11 provides that a party may bring a motion to address "miscellaneous administrative matters, ***not otherwise governed by a Federal Rule, local rule or standing order***." L.R. 7-11 (emphasis added). Plaintiff's Motion and supporting papers should be stricken.

***First***, Plaintiff ignores the fact that its Motion addresses an issue that ***is*** governed by a "local rule" – specifically, Local Rule 7-3(d), which states in clear terms: "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval. . . ." L.R. 7-3(d) provides two limited exceptions that are inapplicable here. L.R. 7-3(d)(1) permits a party to "file and serve an Objection to Reply Evidence" if the party filing a reply brief in support of a motion submits "new evidence." L.R. 7-3(d)(2) permits "counsel [to] bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by fling and serving a Statement of Recent Decision." Neither circumstance is present here. Instead, Plaintiff brings its Motion, replete with new evidence and legal argument, "to address certain documents that Defendants produced after the November 20, 2023 hearing. . . ." Mot. at 2. If Plaintiff wanted to address this information, its recourse was to seek "prior Court approval" under L.R. 7-3(d). Plaintiff never sought or received this approval, and its Motion is therefore wholly improper.

Courts routinely strike unauthorized submissions, like the Motion, for failing to comply with L.R. 7-3 and for filing similarly unauthorized sur-replies in other federal district courts. *See Keller v. Experian Info. Solutions, Inc.*, 2017 WL 130285, at *2 n.2 (N.D. Cal. Jan. 13, 2017) (striking "Notice of Contrary Case Law" filed after briefing on motion to dismiss was completed as "procedurally improper" under L.R. 7-3(d)); *Moran v. GMAC Mortg., LLC*, 2014 WL 3853833, at *2 (N.D. Cal. Aug. 5, 2014) (striking "six page opposition" to Statement of Recent Decision for failure to comply with L.R. 7-3); *G & C Auto Body Inc. v. GEICO Gen. Ins. Co.*, 2007 WL 3306629, at *1 n.1 (N.D. Cal. Nov. 6, 2007) (granting motion to strike "unauthorized sur-reply" for failure to comply with L.R. 7-3(d)); *see also Jennings v. Price*, 2018 WL 2684161, at *3 (E.D. Cal. June 5, 2018) (striking sur-reply filed without permission); *Montoya v. City of San Diego*, 434 F. Supp. 3d 830, 838 (S.D. Cal. 2020) (striking memorandum of supplemental authority because it "was filed after the briefing period was closed and without permission of this court").

Plaintiff, other than citing the inapplicable L.R. 7-11, simply declares that "[l]eave may be granted to supplement the preliminary injunction record because these documents, produced after the preliminary injunction hearing, further confirm Plaintiff OpenAI's entitlement to an injunction, and its urgent need for one." Mot. at 3. Plaintiff does not even attempt to support this self-serving

assertion with a citation to a single rule, statute, case, or other authority suggesting that the production of documents after briefing is completed entitles Plaintiff to file a sur-reply without first seeking the Court's approval.

***Second***, Defendants have suffered prejudice as a result of Plaintiff's unauthorized filing. Although stylized as a motion "request[ing] leave to supplement the record," Mot. at 2, Plaintiff, by submitting fourteen new documents to the Court along with additional briefing regarding the merit of these documents, has already accomplished what it would have accomplished had it obtained the Court's permission to supplement the record. The new documents and argument are already before the Court, underscoring the urgency of Defendants' request for the Court to strike the Motion and its supporting papers.[1]

## IV. PLAINTIFF'S MOTION DOES NOT SUPPORT ITS CLAIM FOR PRELIMINARY INJUNCTIVE RELIEF

Even if the Court considers the evidence included in Plaintiff's Motion (it should not), the evidence does not support Plaintiff's request for a preliminary injunction.

***First***, the emails Plaintiff describes as being mistakenly directed to Defendants were likely the result of typos or careless mistakes, rather than actual confusion as to the originator of Plaintiff's or Defendant's goods or services. Plaintiff attaches fourteen emails sent to Defendants that were intended to Plaintiffs, and Plaintiff's counsel declares that they reviewed "dozens of other emails intended for Plaintiff OpenAI . . . sending emails to Defendants." Scher Decl., ¶¶ 2-17. This is undoubtedly a negligible fraction of the email traffic directed to Plaintiff on a daily basis. Courts have declined to find that a handful of misdirected communications demonstrate actual confusion. *See Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 873-74 (9th

---

[1] Federal district courts may issue monetary sanctions for grossly negligent, reckless, or willful violations of the Local Rules, and may do so *sua sponte*. *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989) (monetary sanctions may be issued where "violation of the local rules" is caused by "grossly negligent, reckless, or willful conduct"); *Sanchez v. B. of Am.*, 2010 WL 2382347, at *1 (N.D. Cal. June 10, 2010) ("[C]ourts have inherent power to issue sanctions as necessary to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1992)); *see also* L.R. 1-4 (authorizing issuance of sanctions for failure to comply with Local Rules).

Cir. 2002) (evidence of two misdirected letters "could have been the result of clerical errors rather than" actual confusion); *Therma-Scan, Inc. v. Thermoscan, Inc.*, 295 F.3d 623, 636 (6th Cir. 2002) (misdirected email communications indicated that consumers were "inattentive or careless, as opposed to being actually confused"); *Nordstrom, Inc. v. NoMoreRack Retail Grp., Inc.*, 2013 WL 1196948, at *6 (W.D. Wash. 2013) (agreeing that "'misdirected communications' resulting from carelessness and inadvertence[] . . . are not probative of actual consumer confusion."); *Healthvana, Inc. v. Telebrands Corp.*, 2022 WL 562265, at *4 (C.D. Cal. Feb. 23, 2022) ("As this Court has explained, 'stand-alone enquiries and misdirected communications' are not evidence of actual consumer confusion.") (quoting *Delta Forensic Eng'g, Inc. v. Delta V Biomechanics, Inc.*, 402 F. Supp. 3d 902, 910 (C.D. Cal. 2019)).

Plaintiff's reliance on *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426 (9th Cir. 2017) is misplaced. In *Stone Creek*, the evidence of actual confusion went far deeper than the inadvertent mistakes described above. The plaintiff presented evidence that, among other things, consumers purchased defendant's goods believing that plaintiff was the source of the goods, and that consumers "contacted [plaintiff] Stone Creek about warranty problems with Omnia furniture from [defendant's retail partner] Bon-Ton." *Id.* at 433. Even considering this comparatively robust evidence of actual confusion, the court concluded only that "[t]hese occasions of actual confusion cannot be dismissed out of hand but must be considered in context and in light of the other evidence of likelihood of confusion. . . ." *Id.*

**Second**, Plaintiff's "public interest" argument based on the misdirection of "confidential information" fails. Mot. at 4. Of the *de minimis* emails that may have been mistakenly directed to Defendants instead of Plaintiff, still fewer contain arguably confidential information. *See* Mot. at 3 ("Their misdirected communications ***included*** confidential information, requests for account assistance, ***and*** business opportunities.") (emphasis added). Evidence of an occasionally misdirected email containing confidential material does not indicate that the "public interest" favors an injunction. *See Pac. Coast Feather Co. v. Ohio Mattress Co. Licensing*, 2013 WL 12107578, at *4 (W.D. Wash. Jan. 31, 2013) ("public interest" factor did not favor injunction in "breach of contract case between two private parties" where "the public interest is minimal").

***Third***, because the emails referenced by Plaintiff reflect simple mistakes or inadvertence rather than actual confusion, it is of no import that some senders may have been sophisticated. They were not actually confused.

***Fourth***, even if Plaintiff's new evidence could constitute *de minimis* evidence of actual confusion, the Ninth Circuit has held that such minimal evidence is insufficient to establish secondary meaning in a plaintiff's mark. *Norm Thompson Outfitters, Inc. v. General Motors Corp.*, 448 F.2d 1293, 1297 (9th Cir. 1971) (stating that "six letters . . . inquiring about" connection between plaintiff and defendant too few to show mark acquired secondary meaning).

***Fifth***, Plaintiff's Motion does not show that Defendants adopted its mark in bad faith or with intent to confuse. Defendants' "[o]pen and notorious" use of the Open AI Mark since March 2015— nearly ***nine months*** before Plaintiff had even announced its formation—is indicative of its good faith. *Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1028 (9th Cir. 2018); *see* Dkt. 38-2 [Ravine Declaration In Support of Defendants' Opposition to Plaintiff's Preliminary Injunction Motion] ¶ 6 (Ravine "purchased the domain name open.ai" on March 26, 2015).

## V.  CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion and strike the Motion from the record. In the event that the Court is inclined to grant Plaintiff's Motion, Defendants request, in the interest of fairness, that the Court permit Defendants to submit newly-discovered evidence bearing on the disposition of Plaintiff's Preliminary Injunction Motion.

DATED: February 2, 2024

Ekwan E. Rhow
Paul S. Chan
Kate S. Shin
Cameron R. Partovi
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: _____
Cameron R. Partovi
Attorneys for Defendants Open Artificial Intelligence, Inc. and Guy Ravine