Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Paul S. Chan - State Bar No. 183406
  pchan@birdmarella.com
Kate S. Shin - State Bar No. 279867
  kshin@birdmarella.com
Cameron R. Partovi - State Bar No. 319589
  cpartovi@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Open Artificial
Intelligence, Inc. and Guy Ravine

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| OPENAI, INC., a Delaware corporation, | CASE NO. 4:23-cv-03918-YGR |
| Plaintiff, | **DEFENDANTS' STATEMENT IN SUPPORT OF SEALING DOCUMENTS PURSUANT TO L.R. 79-5(f)(3)** |
| vs. | |
| OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual, | Assigned to Hon. Yvonne Gonzalez Rogers |
| Defendants. | Date Complaint Filed: August 4, 2023 |

# DEFENDANTS' STATEMENT

## I. INTRODUCTION

Defendants Open Artificial Intelligence, Inc. and Guy Ravine ("Defendants") hereby submit this Statement In Support of Maintaining Documents Under Seal Pursuant to L.R. 79-5(f)(3), and respectfully request that the Court seal maintain under seal documents (or portions of documents) that Plaintiff OpenAI, Inc. ("Plaintiff") provisionally filed under seal in connection with its Administrative Motion for Leave to Supplement the Record on its Preliminary Injunction Motion ("Motion") (Dkts. 58-59). Specifically, Defendants request that the Court seal the following documents or portions of documents:

- The highlighted text of Plaintiff's Motion at 2:18-21; and
- Exhibits A-N of the [Proposed] Declaration of Dylan I. Scher In Support of OpenAI, Inc.'s Supplemental Brief Regarding Documents Defendants Produced (Dkt. 59-3) ("Scher Declaration").

## II. GOOD CAUSE EXISTS TO SEAL THE AFOREMENTIONED DOCUMENTS

Generally, documents submitted to the Court should be sealed when "compelling reasons" exist to avoid their disclosure. *Kamakana v. City and County of Honolulu*. 447 F.3d 1172, 1179 (9th Cir. 2006). However, where, as here, the provisionally sealed documents are "attached to a nondispositive motion," the party seeking sealing must only demonstrate that "good cause" exists to seal the documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

Good cause exists to seal the aforementioned portion of Plaintiff's Motion and Exhibits A through N of the Scher Declaration because each of these documents contain personally identifiable information belonging to third parties, including their names, email addresses, and phone numbers. Further, two Exhibits (I and K) contain credit card account information belonging to third parties.

Courts routinely seal documents containing such personally identifiable

information. *See UNIFYSCC v. Cody*, 2023 WL 6998184, at *2 (N.D. Cal. Oct. 23, 2023) ("Other courts have found compelling reasons to seal personally identifiable information, such as names, addresses, phone numbers, and email addresses.") (collecting cases); *see also Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding "that compelling reasons exist to seal" "personally identifiable information of third-party individuals, including names, addresses, phone numbers, and email addresses"); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft.") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003); *Kamakana*, 447 F.3d at 1184).

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order that page 2, lines 18-21, of Plaintiff's Motion, as well as Exhibits A-N of the Scher Declaration, be maintained under seal.

DATED: February 5, 2024

Respectfully submitted,

Ekwan E. Rhow
Paul S. Chan
Kate S. Shin
Cameron R. Partovi
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: _____
Cameron R. Partovi
Attorneys for Defendants Open Artificial Intelligence, Inc. and Guy Ravine