```
                                            Pages 1 - 12

                   UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

    Before The Honorable Yvonne Gonzalez Rogers, Judge

    OPENAI, INC.,                  )
                                   )
            Plaintiff,             )
                                   )
     VS.                           )    NO. 23-CV-03918
                                   )
    OPEN ARTIFICIAL INTELLIGENCE,  )
    INC. and GUY RAVINE,           )
                                   )
            Defendants.            )
    _____ )

                                Oakland, California
                                Monday, March 25, 2024

         TRANSCRIPT OF ZOOM VIDEOCONFERENCE PROCEEDINGS

    APPEARANCES:

    For Plaintiff:
                        QUINN, EMANUEL, URQUHART & SULLIVAN LLP
                        865 South Figueroa Street, 10th Floor
                        Los Angeles, California  90017
                   BY:  AARON H. PERAHIA, ATTORNEY AT LAW

                        QUINN, EMANUEL, URQUHART & SULLIVAN LLP
                        555 Twin Dolphin Drive, 5th Floor
                        Redwood Shores, California 94065
                   BY:  ROBERT P. FELDMAN, ATTORNEY AT LAW
                        MARGRET M. CARUSO, ATTORNEY AT LAW

    For Defendants:
                        WAYMAKER LLP
                        515 South Flower Street, Suite 3500
                        Los Angeles, California 90071
                   BY:  RYAN G. BAKER, ATTORNEY AT LAW
                        PATRICIA ROJAS-CASTRO, ATTORNEY AT LAW
                        SCOTT M. MALZAHN, ATTORNEY AT LAW


    REPORTED REMOTELY BY:  Kendra A. Steppler, RPR, CRR
                           Official Reporter
```

| | |
|---|---|
| 1 | <u>Monday - March 25, 2024</u>                                  <u>2:22 p.m.</u> |
| 2 | P R O C E E D I N G S |
| 3 | ---o0o--- |
| 4 | **THE CLERK:**  Good afternoon, everyone. |
| 5 | These proceedings are being court reported by this court. |
| 6 | Any other recording of this proceeding, either by video, audio, |
| 7 | including screenshots or other copying of the hearing, is |
| 8 | strictly prohibited. |
| 9 | Your Honor, now calling the civil matter 23-CV-03918-YGR, |
| 10 | Open AI, Inc. v. Open Artificial Intelligence, Inc., et al. |
| 11 | Parties, please state your appearances for the record, |
| 12 | starting with the plaintiff. |
| 13 | **MR. FELDMAN:**  Good afternoon, Your Honor.  Robert |
| 14 | Feldman, Margret Caruso, and Aaron Perahia for plaintiff. |
| 15 | **MR. BAKER:**  Good afternoon, Your Honor.  Ryan Baker. |
| 16 | And with me are Scott Malzahn and Patricia Rojas-Castro on |
| 17 | behalf of the defendants. |
| 18 | **THE COURT:**  Okay.  All right.  So you need a schedule. |
| 19 | And it looks like you generally are agreeing to the schedule |
| 20 | that's being proposed. |
| 21 | **MR. FELDMAN:**  That's correct, Your Honor. |
| 22 | **MR. BAKER:**  Your Honor, this is Ryan Baker.  If I may |
| 23 | address one issue that I think we don't agree on that is |
| 24 | relevant to the schedule. |
| 25 | **THE COURT:**  Okay. |

1          **MR. BAKER:**  The deadline for the defendants -- there's
2    been, I think, mention before -- before the Court -- of a -- of
3    counterclaims.  That is the one date that I think we don't have
4    agreement on.
5          And, Your Honor, earlier this morning, in light of the
6    fact that we don't have agreement on that, while we have
7    agreement on the other dates, I emailed counsel for the
8    plaintiff and proposed a compromise.  And counsel for the
9    plaintiff emailed me back indicating that their client is
10   traveling, and they didn't know -- they didn't expect to be
11   able to get back to me today and would expect to have -- be
12   able to do so -- within a week.  So that's the one area of
13   disagreement that we've tried to reach agreement on, Your
14   Honor.
15         **THE COURT:**  Okay.  So what -- it's not -- it's not in
16   the chart.  So where -- I'm looking for it in your statement.
17   Or you can tell me what you're proposing and --
18         **MR. BAKER:**  It's on page 6 of the statement.  I think
19   the issue, Your Honor, is, in the prior case management
20   statement, the prior conference, my prior counsel had stated
21   that a counterclaim would be filed within 30 days of the order
22   on the preliminary injunction motion.
23         And the wrinkle here is obviously my firm was retained and
24   appeared the day after the order was entered.  And, since that
25   time, we've been, as the Court may imagine, trying to catch up

1    and learn the case and figure out what to do and how to comply
2    with the preliminary injunction.  And so, therefore, I'd ask
3    for some additional time.
4         In our brief -- or in the case management statement -- we
5    had asked until Friday, May 10th.  The plaintiff's initial
6    proposal was that we get -- we're stuck with the March 29 date,
7    which is 30 days after the Court's ruling.  In the email I sent
8    this morning, I had proposed a compromise.  The date I had
9    proposed was April 30th.  And so that's the date that I hope we
10   can agree on.  Otherwise, we ask for a couple weeks extra in
11   the case management conference statement.  And, again, Your
12   Honor, this is because we're trying to catch up on the case,
13   and we could -- we need a couple extra weeks of time, other
14   than the 30 days, at least.
15             **THE COURT:**  All right.
16        A response?
17            **MS. CARUSO:**  Yes, Your Honor.
18            **THE COURT:**  I mean, look, it's -- this is a very long
19   schedule, as far as I can tell.  I don't -- I don't think you
20   need this much time.  But if you all want that much time,
21   that's fine.  So I don't have any problem giving them
22   April 30th.
23            **MS. CARUSO:**  Your Honor, we just heard about
24   April 30th.  We received the email this afternoon and haven't
25   had a chance to discuss it with the client.  Our primary

1  concern with that date is just that we not have any depositions
2  prior to the pleadings being settled in the case.  I mean,
3  originally, the counterclaims were due in September.  So it has
4  been a while that we've been waiting here.  And while we agree
5  the schedule is long, it's the one that defendants wanted.  And
6  so, in the interest of being accommodating, we agree to that,
7  given that we have the preliminary injunction in place.  So --
8              **THE COURT:**  All right.
9       A response?  No depos until you file; agreed?
10             **MR. BAKER:**  Yes.  Agreed, Your Honor.
11             **THE COURT:**  All right.  That's -- that's what it will
12 be then.  April 30th to file any counterclaims, but no depos
13 before that.  Nonexpert discovery cutoff -- December 12th is
14 fine.  Opening reports -- January 30th is fine.  Rebuttals
15 February 20 -- that's fine.  Expert discovery cutoff --
16 March 13th -- that's fine.  Deadline to file dispositive
17 motions -- April 2nd is fine.
18      Remember, you're required to have a conference with me
19 before anybody can file a dispositive motion.  The process is
20 set forth in my standing order.  Make sure to read it and make
21 sure you get on my calendar before your deadline is due -- or
22 passes.  So you need to work that into your schedule.
23             **MS. CARUSO:**  Thank you.
24             **THE COURT:**  I have, and will again, deny you the
25 opportunity to file that.  And, by the way, you only get one.

1  You do not get multiple shots at the apple.
2      With respect to the filing deadlines, you know, I'll
3  put -- we can have your schedule, but, frankly -- well,
4  actually, I won't.  That's what we do at the conference.  We
5  figure out what makes sense.  And I'll be able to look at my
6  calendar, at that time, and figure out when I can hear it.
7      So you -- what's interesting, though, about your trial
8  choice, is that you have your pretrial conference August 15th,
9  which means that you have to be exchanging your exhibits by
10 approximately July 15th, and all your trial filings, which
11 means that you would like me to give you an answer of a
12 fully -- full order -- on your summary judgment.  Either you're
13 going to parallel process or you want me to give you your
14 answer within a week, two.  I appreciate the vote of
15 confidence, but I'm not sure that I can do that.
16     So September 22nd seems a little bit early.  My preference
17 would be to advance everything, because I think, again, this is
18 much more time than you probably need.  But I think, if I'm not
19 hearing your dispositive motions until June, I probably,
20 depending on my docket, will need a little bit more time.  If I
21 can get it done, I will.  But I don't know that I can get it to
22 you in two weeks -- or three weeks.
23     So do you want a potentially parallel process, or do you
24 want a slightly later date?
25          **MR. BAKER:**  Your Honor, this is Ryan Baker for the

1  defendants.
2       We would ask that the pretrial conference and trial date
3  be moved back by the time the Court thinks it will need to
4  process those motions; so potentially 30 days.
5           **MR. FELDMAN:**  I agree -- this is Bob Feldman.  I agree
6  with that.
7           **THE COURT:**  And what are you anticipating -- so let me
8  ask a couple more questions.  Is this a bench trial or a jury
9  trial?
10          **MR. FELDMAN:**  Currently, it's a jury trial.
11          **THE COURT:**  Okay.  What do you anticipate in terms of
12 time?
13          **MR. FELDMAN:**  To be honest, I think we could put -- I
14 think the trademark case that's currently on file could be
15 tried in three to five days.  I don't know what the
16 counterclaims will bring or how that might change, if there are
17 counterclaims.  We've been hearing about these counterclaims
18 since September.
19          **MR. BAKER:**  Your Honor, I appreciate Mr. Feldman's
20 statement in that regard.  I obviously haven't been in the case
21 for more than a month.
22      So I can say that our estimate in the case management
23 conference statement is ten days.  And I think that would -- I
24 think that contemplates the counterclaims, Your Honor.  So --
25          **THE COURT:**  What would they be?  I mean, look, I've

|   |   |
|---|---|
| 1 | already done the injunction.  I'm having a hard time |
| 2 | understanding what else there is. |
| 3 | **MR. BAKER:**  Well, there is a mirror-image claim for |
| 4 | trademark infringement.  And, obviously, I understand the |
| 5 | Court's ruling, that we don't agree with, and the counterclaims |
| 6 | will reflect that.  But, also, the draft of the document -- the |
| 7 | counterclaims that have been talked about for a while -- isn't |
| 8 | complete, although it's been discussed for some time. |
| 9 | So it may be that it's less than ten days.  And since |
| 10 | there's no counterclaim on file -- again, I take Mr. Feldman's |
| 11 | comment that -- if there are counterclaims -- that's a |
| 12 | reasonable thing to say right now.  So I'm not suggesting the |
| 13 | Court needs to plan around claims that have yet to be filed. |
| 14 | They're not finalized, so, you know, I think if five days is |
| 15 | what the Court wants to set now, then I have no objection. |
| 16 | **THE COURT:**  No.  I don't -- I don't make any |
| 17 | guarantees until I see it.  So you can ask for ten days; that |
| 18 | usually means you get five. |
| 19 | **MR. BAKER:**  Understood, Your Honor. |
| 20 | **THE COURT:**  So -- |
| 21 | **MR. FELDMAN:**  I think -- |
| 22 | **THE COURT:**  October 13th. |
| 23 | **MR. FELDMAN:**  I think everybody asks for ten days at |
| 24 | this stage; right?  Isn't 10 days -- |
| 25 | **THE COURT:**  I don't know. |

```
 1          MR. FELDMAN:  I think it's the average ask.  Nobody --
 2          THE COURT:  I don't know, Mr. Feldman.
 3          MR. FELDMAN:  I don't think anybody can ask for more.
 4          THE COURT:  It's a one-week case, or a two-week case,
 5  or a three-month case.  It's kind of like that's -- those are
 6  the -- those are the pockets.
 7          MR. FELDMAN:  There are no more --
 8          THE COURT:  Okay.
 9          MR. FELDMAN:  There are no more three-month civil
10  cases, Your Honor.
11          THE COURT:  No, but that's my summer on the criminal
12  side.
13          MR. FELDMAN:  That's true.  That's true.  The criminal
14  cases take too long, but not the civil cases any longer.
15          THE COURT:  It's only because we can't put time
16  limits.
17          MR. FELDMAN:  You could put time limits on the
18  Government, and no one has taken me up on that.
19          THE COURT:  Hm, that's interesting.
20          MR. FELDMAN:  You could.  And you -- you could.  I
21  believe you could.  No one agrees with me.  But I believe you
22  could.
23          THE COURT:  That's great.  This is not what I want to
24  redo, Mr. Feldman.  I don't want to redo it.
25      Okay.  October 13th --
```

| | |
|---|---|
| 1 | **MR. FELDMAN:** That's fine. |
| 2 | **THE COURT:** -- is the trial date. And that means that |
| 3 | your pretrial conference would be September 26th. |
| 4 | You'll be placed on a pretrial compliance calendar for |
| 5 | September 19th. I do not expect to see you that day. What I |
| 6 | expect is, five business days prior, on September 12th, you'll |
| 7 | file a joint statement that says you've read my standing order |
| 8 | on civil trials, you don't have any questions, everybody's |
| 9 | doing what they're supposed to be doing. |
| 10 | And if you do have questions, that's when I want to know; |
| 11 | not later. I don't want you to come in and say, "Oh, but we |
| 12 | thought -- oh, but we disagreed." Oh, but no. That's when I |
| 13 | want to know. That's the point of that compliance calendar. |
| 14 | Okay? |
| 15 | Make sure you've also read my standing order with respect |
| 16 | to experts -- how those reports have to be constructed in terms |
| 17 | of summary of opinions up front. Everything has to be |
| 18 | numbered. You are limited on number of motions in limine. You |
| 19 | are limited in number of Dauberts. |
| 20 | Any questions? |
| 21 | **MR. FELDMAN:** Not at this point, Your Honor. |
| 22 | **THE COURT:** Okay. |
| 23 | **MR. BAKER:** None from the defense, Your Honor. Thank |
| 24 | you. |
| 25 | **THE COURT:** You have to go to ADR, at some point. I |

1  require everybody to do that.  So at what point in the arch --
2  arch of the case -- do you want to do that?  Before expert
3  reports?
4         **MR. FELDMAN:**  No, no.  I think we've -- well, I think
5  we've addressed that, to some extent, in the statement.  And I
6  think we had suggested end of May, perhaps, and the other side
7  has suggested sometime in July.  You had also suggested, as
8  you'll recall, that we engage in that process after the
9  argument on the PI.  So at any date between at our date or to
10 the plaintiff's --
11        **THE COURT:**  Well, I'm not going to force -- it's a
12 mediation.  So if the defendants think they need until
13 July 19th, they can have until July 19th.
14        **MR. FELDMAN:**  That's fine.
15        **THE COURT:**  Okay.  And you're going to go to private
16 mediation.  So you're ordered to private mediation to be
17 completed by July 19th.
18        **MR. FELDMAN:**  Great, thank you.
19        **THE COURT:**  And then I will have another conference
20 with you to see if I'm going to trial or not.  Or, actually,
21 let's -- your filing deadline's April 2nd.  So let's say
22 March -- March 17th, 2025 -- another CMC.
23     Remember to file an updated case management statement.  If
24 I don't feel like I need to talk to you, I'll take it off.  But
25 that will just give me a sense of what's going on in your case

```
 1  while you're litigating.  Okay?
 2            MR. FELDMAN:  Thank you.
 3            MR. BAKER:  Thank you, Your Honor.
 4            THE COURT:  Anything else?  No?
 5       Have a great day.  Thank you.
 6            MR. BAKER:  Thank you, Your Honor.
 7            MR. FELDMAN:  Thank you.
 8            MS. CARUSO:  Thank you.
 9            MR. MALZAHN:  Thank you.
10            THE CLERK:  Court is adjourned in this matter.
11                (Proceedings adjourned at 2:37 p.m.)
12
13                         ---oOo---
14
15                    **CERTIFICATE OF REPORTER**
16       I certify that the foregoing is a correct transcript
17  from the record of proceedings in the above-entitled matter.
18
19  DATE:   Wednesday, March 27, 2024
20
21
22       _____
23               Kendra A. Steppler, RPR, CRR
24           Official Reporter, U.S. District Court
25
```