**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OPENAI, INC.**, <br><br>            Plaintiff, <br><br>    v. <br><br>**OPEN ARTIFICIAL INTELLIGENCE, INC., AND GUY RAVINE,** <br><br>            Defendants. | **Case No.:** 4:23-cv-3918-YGR <br><br>**NOTICE OF ERRATA;** <br><br>**ORDER DENYING DEFENDANTS' MOTION TO ALTER OR AMEND A JUDGMENT PURSUANT TO FED. R. CIV. P. 59(E) OR, IN THE ALTERNATIVE, RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO FED. R. CIV. P. 60(B)** <br><br>Re: Dkt. Nos. 76 and 83 |

**I.    NOTICE OF ERRATA**

The Court issues the following corrections to its Order Granting Plaintiff's Motion for a Preliminary Injunction. (Dkt. No. 63.) Deletions are set in [brackets] and replacements in **bold**:

- On Page 15, Line 22: "As recently as January 3, 202[2]**3**…"
- On Page 16, Line 19: "and that is mark by that point [was at least suggestive] **had acquired secondary meaning**."

**II.   DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants move for the Court to Alter or Amend its Order Granting Plaintiff's Motion for a Preliminary Injunction under Fed. R. Civ. P. 59(e) or, in the alternative, for relief from the Order pursuant to Fed. R. Civ. P. 60(b). (Dkt. No. 76, "Mot.") Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Rule 60(b), on the other hand, states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise,

or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

In doing so, defendants raise three issues that, in their view, require reversal, namely whether (1) the Court made material errors of fact; (2) it made manifest errors of law, including the application of an incorrect evidentiary standard for secondary meaning and the Court's apparent failure to consider new legal authority; and (3) the errors, mistakes, oversight, and omission of defendants' previous counsel make the Order manifestly unjust. (Mot. at 3.)

The Court starts with the last argument first because it is largely dispositive. At the time of the preliminary injunction motion, defendants Guy Ravine and Open Artificial Intelligence, Inc. were represented by a named partner, among others, from Bird Marella, LLP. At the Initial Case Management Conference, held on October 30, 2023, the Court asked both sides if they thought an evidentiary hearing would be necessary. (10.30.23 Tr. 4: 4–5.) Both sides agreed that an evidentiary hearing would not be necessary because both sides had submitted comprehensive evidence in support of their respective positions in their papers. (*See id.* 4: 6–22.) In both its opening brief and on reply, plaintiffs made serious, troubling allegations against defendant Ravine, as the Court noted in its Order. Defendants, though claiming that the evidence presented in their opposition was sufficiently exhaustive for a determination on the papers, did not respond or object to any of these allegations. The Court, however, was concerned and so gave defendants' counsel an opportunity to respond to these allegations at the November 20, 2023, hearing. (11.30.23 Tr. 32: 8–9.) Defendants' counsel stated that he did not need to respond to plaintiff's allegations because he did not "think it was relevant." (*Id.* 32: 10–11.) For that reason, at this preliminary stage, the Court accepted as unrefuted the evidence presented by plaintiffs. That evidence established that defendants are not and have never been *bona fide* users of the disputed trademark.

1  Now, after the Court considered the parties' full briefing, significant evidentiary showing, and argument presented at a two-hour hearing, defendants have replaced their previous counsel and essentially ask for a re-do. The Court finds no reason to reconsider its preliminary ruling. All of the evidence defendants put forth *now* existed in November 2023. Defendants failed to present it previously not because of a mistake, inadvertence, or excusable neglect but because they made a strategic decision that it was not relevant to the Court's determination on the preliminary injunction. That this strategy failed is no reason to give defendants a second bite at the apple.

  Second, the Court rejects defendants' argument that it relied on a mistake of law in ruling that plaintiff is likely to establish at trial that its mark has acquired secondary meaning or determining that plaintiff has priority over defendants' trademark right. To start, defendants never briefed the issue of whether plaintiff's use of the disputed mark was exclusive. The Court determined that plaintiff made a strong showing that its use of the disputed trademark was substantially exclusive entirely because of the "significant and unrebutted evidence" that defendants' mark was not in commercial use. (Order at 16.) Again, the Court will not reconsider a lack of evidentiary showing at this stage. Moreover, the Court did not acknowledge the Trademark Trial and Appeal Board's decision in *Andrusiek v. Cosmic Crusaders LLC* because, again, the record before it did not demonstrate that defendants' use of the disputed trademark, technical or analogous, was *bona fide*.

  Finally, though the Court notes above that there was a factual error in one part of its analysis, this error is not material. It is true that the USPTO preliminarily rejected plaintiff's trademark application on January 3, 2023, not 2022, as the Court correctly cited in the background of its Order. This does not change the outcome, however, for two reasons. First, though the USPTO preliminarily rejected plaintiff's January 2022 application in January 2023 because its applied-for trademark was "merely descriptive," it stated that plaintiff might be able to prove that the trademark was now protectible because it had acquired distinctiveness, or secondary meaning. (Dkt. No. 38-24.) The Court agreed with the USPTO in its Order that plaintiff's trademark, as of its January 2022 application, was merely descriptive. What mattered is that, as of September and November of 2022, when plaintiff released DALL-E and ChatGPT to the public with the OpenAI

mark, plaintiff had made a strong evidentiary showing that it is likely to prove at trial that its mark had acquired secondary meaning. Second, and more importantly, whether plaintiff acquired secondary meaning by the end of 2022 or the beginning of 2023, the Court found that plaintiff is likely to prove that it has a protectible interest in its mark; defendants, on the record on front of it at the preliminary injunction stage, could not. For those reasons, the Court's mistake of fact, now clarified, is not material.

In sum, defendants have not given the Court any valid reason to reconsider its Order granting the motion for a preliminary injunction. Thus, the Court declines defendants' request for an evidentiary hearing or a finding that the preliminary injunction issued is overbroad.

Next, defendants now request a $500,000 bond under Federal Rule of Civil Procedure 65(c). Plaintiff's company has a valuation of many billions of dollars. This is sufficient security that, if defendants at trial prove they were wrongfully enjoined, plaintiff will be able to pay the proper costs and damages sustained. Defendants state in their motion for reconsideration that the preliminary injunction will have "devastating effects" on their business and pose "dire, existential challenges" to their IP portfolio. (Mot. at 22.) Acknowledging that effect, the Court offered to significantly expedite the resolution of this case by holding trial in September 2024. Defendants refused and instead asked that trial be held October 13, 2025, over a year later.

For those reasons, the Court **DENIES** defendants' motion for reconsideration and **DENIES** as moot plaintiff's motion to strike.[1]

This terminates Docket Nos. 76 and 83.

**IT IS SO ORDERED**.

Date: **April 5, 2024**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. The Court therefore **VACATES** the hearing set for May 7, 2024.

4