```
1                UNITED STATES DISTRICT COURT

2               NORTHERN DISTRICT OF CALIFORNIA

3   Before The Honorable Yvonne Gonzalez Rogers, District Judge

4

5  OPEN AI, INC.,                   )
                                    )
6            Plaintiff,             )
                                    )
7  vs.                              )  No. C 23-03918-YGR
                                    )
8  OPEN ARTIFICIAL INTELLIGENCE,    )
   INC., et al.,                    )
9                                   )
             Defendants.            )
10 _____)

11                                     Oakland, California
                                       Wednesday, April 3, 2024
12

13    TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
               RECORDING 2:58 - 3:13 = 15 MINUTES
14

15 APPEARANCES:

16 For Plaintiff:
                              Quinn, Emanuel, Urquhart &
17                              Sullivan, LLP
                              555 Twin Dolphin Drive
18                            Fifth Floor
                              Redwood Shores, California
19                              94065
                         BY:  ROBERT P. FELDMAN, ESQ.
20 For Defendants:
                              Waymaker, LLP
21                            515 South Flower Street
                              Suite 3500
22                            Los Angeles, California 90071
                         BY:  RYAN G. BAKER, ESQ.
23                            SCOTT M. MALZAHN, ESQ.

24          (APPEARANCES CONTINUED ON THE NEXT PAGE.)

25
```

```
                                                              2
 1  For Defendants:
                           Waymaker, LLP
 2                         777 South Figueroa Street
                           Suite 2850
 3                         Los Angeles, California 90017
                      BY:  JOSE R. NUNO, ESQ.
 4

 5  Transcribed by:        Echo Reporting, Inc.
                           Contracted Court Reporter/
 6                         Transcriber
                           echoreporting@yahoo.com
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1  Wednesday, April 3, 2024                                    2:58 p.m.
2                   P-R-O-C-E-E-D-I-N-G-S
3                           --oOo--
4           THE COURT:  This is OpenAI, Inc. versus Open
5  Artificial Intelligence, Inc, 23CV3918.
6           So, a couple of things.  One is that the motion
7  for -- it's a motion for reconsideration.  Mr. Baker, are
8  you primary on this?
9           MR. BAKER (via Zoom):  Mr. Malzahn and I are
10 sharing the responsibility, your Honor.
11          THE COURT:  Okay.  I have to tell you, I'm -- it
12 is so much of a motion for reconsideration, I wonder if you
13 remember your Rule 11 obligations?  I get your footnote, but
14 this is absolutely unacceptable.
15       You do not, and you should know -- you're seasoned
16 attorneys -- you do not put brand new evidence that was
17 readily available to your client in front of me, ask for a
18 redo and call it some -- an amendment to the judgment, or an
19 amendment to the order.  The fact that the attorneys chose
20 not to do it, or neglected not to do it, is not a reason for
21 you to get a redo.
22       So, I don't know what you were thinking, but this --
23 this is on the verge of absurd.  Do you want to respond?
24          MR. BAKER:  Yes, I do, your Honor.  I think that I
25 will take the Court's opinion and obviously respect that,

4

1 but with the same respect, would simply add, there are three
2 grounds that we've cited in the motion, which is brought
3 under Rules 59 and Rule 60.
4     The first ground is, which I understand the Court went
5 to the third one, which is the neglect of counsel. That's
6 that basis on which we submitted the evidence --
7         THE COURT: Well, the first ground is whether
8 there were material error of fact. There was one typo that
9 I will fix, and I will explain how it was immaterial. So
10 that argument is addressed.
11     The next one are manifest errors of law, which all rely
12 on the fact that either arguments weren't made or evidence
13 wasn't presented. And then, of course, there's a third.
14         MR. BAKER: Correct, your Honor. So the first
15 one --
16         THE COURT: There is no way that you can make an
17 argument without all of the additional evidence and
18 arguments that all of which could have been made in the
19 first instance.
20         MR. BAKER: Well, your Honor, I think with regard
21 to that third issue, which is the neglect of counsel, that
22 is obviously a basis under Rule 60. That's what we've
23 cited. I understand the Court's opinion that you've
24 expressed already, which is that that's not a sufficient
25 basis and you're talking about Rule 11. So I understand

1 we're very far afield from having this motion heard.
2      Look, I don't want to antagonize the Court with an
3 argument that I don't think your Honor -- I mean, we've made
4 it in our papers.  It sounds like you've -- you're not
5 impressed with it, your Honor, and we've obviously noticed
6 an appeal and it sounds like we need to proceed with the
7 appeal.  And --
8           THE COURT:  And I can tell you what you will do,
9 and I'll put this in here.  I have issued preliminary
10 injunctions where I didn't have a full record, not through
11 any fault to the Court, and issued an order that at trial
12 was reversed.
13      So, I don't understand why it is you need to wait as
14 long as you were waiting to ask me for a trial.  You want a
15 trial?  You can have one in September and I'll let the Court
16 of Appeal know that.  I am offering you a trial in
17 September, a full record, and you can be heard.  You just
18 don't get a redo on this ground.
19      So, do you want a trial in September or not?
20           MR. BAKER:  Well, your Honor, I think I need to
21 discuss that with my client.  I appreciate that -- that
22 offer.  I need to talk about that with my client before I
23 do.
24      And, again, I mean I guess I feel like I need to
25 explain a little bit what our thinking was here, because it

6

1  certainly wasn't, let's go have a redo.
2      When we appeared in this case -- if I just may for a
3  minute, your Honor?  When we appeared in this case, I
4  obviously -- we got the injunction, literally the day or the
5  day after we were engaged.  We appeared the next day.  We
6  looked at the record.  We saw that there was things -- it is
7  neglectful of counsel not to object to a bunch of evidence
8  that comes in on a reply.  I understand your Honor's
9  position on it.  I'm not rearguing that.  I'm simply
10 observing, that was a mistake.
11     We, as attorneys for our clients -- and by the way, the
12 injunction -- I know they're -- I'm not rearguing evidence,
13 I'm simply trying to explain, to hopefully indicate that --
14 you know, I don't want to start off on this foot with the
15 Court, your Honor.  Unfortunately, it looks like I already
16 have.
17     We, when we looked at this thought, there is no way you
18 don't object to this evidence.  Why not?  Well, Counsel
19 didn't have an explanation.  It was a mistake.  And, so, for
20 our client, we wanted to try to see -- and obviously, the
21 Court indicated that there were disputes of fact in the
22 hearing, and that maybe an evidentiary hearing was needed.
23 Again, not going back in time.  I understand where the Court
24 is here.
25     We wanted to present the Court with the option -- and

7

1  then, of course, we did find the mistake, and the mistake, I
2  think, is more than a typo, because there's more around
3  that.  I understand your Honor will correct that.  And, once
4  we got into looking at the effect of that date, there are
5  effects, with regard to secondary meaning.  And your Honor,
6  apparently, has already thought of those and will address
7  those in the correction to the order.
8       We are simply trying to do the best we can for our
9  client.  And the thing that was not in the record, that
10 we've put in our briefing here, because it does relate to
11 some of the evidence that wasn't presented, is this is not
12 -- you know, our client is not a troll who has been doing
13 nothing.  He had millions of users.  The injunction is
14 obviously a significant impact, if not a terminating impact
15 on his business.  We're simply trying to find, and thought
16 we would present to the Court, these things that the Court
17 may want to correct.  The Court sounds like it will correct
18 one of them and not the others.
19      Again, your Honor, it wasn't my attention to have a do
20 over, that's how Counsel for OpenAI has characterized it.
21 That's how the Court apparently views it.  All I can say is,
22 we're trying to be diligent counsel, your Honor, and if
23 you're -- if the intent is -- whether it's to sustain the
24 motion to strike or grant the motion to strike, or something
25 else, we will move forward and I will certainly talk to my

8

1  client and immediately respond to the Court by the end of, I
2  hope tomorrow is okay, on the possible September trial date.
3          THE COURT:  Do the Plaintiff wish to be heard?
4          MR. FELDMAN (via Zoom):  No, your Honor.
5          THE COURT:  Look, you are not the only lawyer who
6  tries to do a redo, and that's what this is.  It really is.
7  You're -- all you're doing is trying to bolster an
8  opposition with significantly more evidence.  And I
9  understand what you're doing, but a rose by any other name
10 is still a rose, as they say.
11     And I, you know -- perhaps -- you all are the experts.
12 I just look at what you give me and I look at the law and I
13 issue an order.  You're the experts.  You want to go settle
14 this case because you've got all of this new information, go
15 settle it.  It's the reason why I didn't issue an order
16 immediately, because my view is you all should be settling
17 this case.  But if you're not going to settle it, and now
18 you've got all of this extra evidence for the Plaintiffs to
19 see, you've got a billion-dollar company out there, you want
20 to roll the dice with a jury, roll the dice.  I'm going to -
21 - I've got a three-month criminal trial and then I can try
22 this.
23     So, you know, if it's that devastating to have it
24 resolved on a complete and full record, which frankly, by
25 the way, is how I usually do these things.  Especially on

trademarks.  There is an evidentiary hearing.  There is a trial.  And it gets resolved.  And it gets resolved quickly, not a year and a half later, like you came in asking for.

And, by the way, when I had a case management conference with you, you knew you were doing this and you failed to tell me about it.

MR. BAKER:  Your Honor, may --

THE COURT:  There's no way you could have done this in a day and a half.

MR. BAKER:  Your Honor, at the case -- we didn't -- I didn't raise it at the case management conference, your Honor.  I (Zoom glitch), I hope, as apparent in our briefing -- there are several ways to try to skin this cat, and we were still debating internally how to proceed.

We've obviously noticed an appeal, we filed this motion.  And we -- I said more than once -- I drafted our portions of the case management statement, and I said more than once in that statement that we intended to challenge the preliminary injunction.

Now, I -- it sounds like the Court wanted me to raise it.  We hadn't finalized our strategy.  We did not finish all of the briefing, your Honor.  Your Honor is right.  We started drafting, figuring out arguments, finding out what we have said, if we have had an opportunity to respond to all of this evidence that came in on the reply, if we had

1 objected if Counsel had done what they should have done,
2 frankly, and we went out and we're trying to figure that
3 out, in order to decide how to frame it.
4     So, to the extent I need apologize to the Court,
5 because I didn't raise it, I will do that, but things were
6 still influx at that moment, your Honor.  And I indicated in
7 the brief that was filed in two places, we were going to
8 challenge the preliminary injunction, but again --
9         THE COURT:  Well you did challenge it.  It's up on
10 appeal.
11        MR. BAKER:  That's right, your Honor.  That
12 happened after --
13        THE COURT:  So that's how I interpret a challenge,
14 which is fine.  It's your right, but it's going -- the Court
15 of Appeals is going to be hard pressed with -- you know, if
16 your arguments are like they are with me, which is, hey,
17 there's all this other evidence that our lawyers didn't
18 present in the first instance.  And the Ninth Circuit is not
19 going to be very accommodating with that argument either.
20        MR. BAKER:  I don't disagree, your Honor.  I
21 understand that.
22        THE COURT:  So, you'll get a written order, but
23 the reason I got you on a platform is because my view is, if
24 you can't resolve this, as a business deal between the two
25 sides, then you can have a trial.

```
 1        So --
 2             MR. BAKER:  Thank you, your Honor.
 3             MR. FELDMAN:  Thank you, your Honor.
 4             THE COURT:  The offer is open.  I have
 5  (indiscernible) --
 6             MR. BAKER:  Your Honor --
 7             THE COURT:  -- open.
 8             MR. BAKER:  May we have until the end of tomorrow
 9  to -- to respond to the offer?  Is that acceptable?
10             THE COURT:  That's fine.
11             MR. BAKER:  Okay, thank -- and I -- I will
12  coordinate with Counsel for OpenAI, as well, to the extent
13  that we're able to do that.
14             MR. FELDMAN:  Excuse me.  This is Bob Feldman.
15  I'll be in town until Friday and then I'll be literally off
16  the grid --
17             THE COURT:  Mr. Feldman, I'm losing my hearing.  I
18  can't hear you.
19             MR. FELDMAN:  It's my voice that's losing itself.
20  I just said, I'm going to be in town until Friday afternoon
21  and then entirely off the grid for 10 days.  So hopefully,
22  we can do whatever we have to do in the next two days.
23             THE COURT:  All I would say is, if we're going to
24  have this case tried in September, I just need to know if
25  there are conflicts, including religious holidays.  There
```

```
                                                       12
 1  are many religious holidays.  I don't know who observes and
 2  who doesn't observe.  That's typically my issue with
 3  September.
 4           MR. FELDMAN:  Okay.  Great.  Thank you, your
 5  Honor.
 6           MR. BAKER:  Thank you, your Honor.
 7           THE COURT:  A joint email, please.  One email.
 8  Meet and confer, send me one note back.
 9           MR. FELDMAN:  Sure.
10           THE COURT:  Get something in writing.
11           MR. BAKER:  Will do, your Honor.  Thank you.
12           MR. FELDMAN:  Thank you.
13           THE COURT:  Thank you.
14       (Proceedings adjourned at 3:13 p.m.)
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                  13
 1                    CERTIFICATE OF TRANSCRIBER
 2
 3     I certify that the foregoing is a true and correct
 4  transcript, to the best of my ability, of the above pages of
 5  the official electronic sound recording provided to me by
 6  the U.S. District Court, Northern District of California, of
 7  the proceedings taken on the date and time previously stated
 8  in the above matter.
 9     I further certify that I am neither counsel for,
10  related to, nor employed by any of the parties to the action
11  in which this hearing was taken; and, further, that I am not
12  financially nor otherwise interested in the outcome of the
13  action.
14
15                        [signature]
16
17              Echo Reporting, Inc., Transcriber
18                  Saturday, April 6, 2024
19
20
21
22
23
24
25
```