| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | WAYMAKER LLP |
| Robert P. Feldman (Bar No. 69602) | Ryan G. Baker (Bar No. 214036) |
| bobfeldman@quinnemanuel.com | rbaker@waymakerlaw.com |
| Margret M. Caruso (Bar No. 243473) | Scott M. Malzahn (Bar No. 229204) |
| margretcaruso@quinnemanuel.com | smalzahn@waymakerlaw.com |
| 555 Twin Dolphin Drive, 5th Floor | Patricia Rojas-Castro (Bar No. 339087) |
| Redwood Shores, California 94065-2139 | projas-castro@waymakerlaw.com |
| Telephone:    (650) 801-5000 | 515 Flower Street, Suite 3500 |
| | Los Angeles, California 90071 |
| Robert M. Schwartz (Bar No. 117166) | |
| robertschwartz@quinnemanuel.com | *Attorneys for Defendants Open Artificial* |
| Aaron H. Perahia (Bar No. 304554) | *Intelligence, Inc. and Guy Ravine* |
| aaronperahia@quinnemanuel.com | |
| 865 S. Figueroa St., 10th Fl. | |
| Los Angeles, California 90017-2543 | |
| Telephone:    (213) 443-3000 | |

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:    (415) 875-6600

Dylan I. Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:    (212) 849-7000

*Attorneys for Plaintiff OpenAI, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OPENAI, INC., a Delaware corporation, | Case No. 4:23-cv-03918-YGR |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER** |
| vs. | |
| OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual, | |
| Defendants. | |

# STIPULATED PROTECTIVE ORDER

## I. PURPOSES AND LIMITATIONS

1.1     Disclosures and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and respectfully request the Court to enter this Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II. DEFINITIONS

2.1     "Challenging Party" means a Party or Non-Party that challenges the designation of Protected Material under this Stipulated Protective Order.

2.2     "CONFIDENTIAL" means Discovery Material (regardless of how it is generated, stored or maintained) that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     "Counsel" means Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     "Designating Party" means a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.5     "Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee or agent (except as to retention for litigation) of a Party or of a Party's competitor.

2.7 "HIGHLY CONFIDENTIAL" means extremely sensitive CONFIDENTIAL information or items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. HIGHLY CONFIDENTIAL material is limited to documents containing or discussing the following categories of information: source code, proprietary functionality or operations, customer and/or user information, product development plans, and marketing strategy. To the extent that a category of material is not covered by these limitations, but a Party believes the material should be marked HIGHLY CONFIDENTIAL, the Party may so designate such material. However, all Parties agree not to abuse the HIGHLY CONFIDENTIAL designation, and the Parties specifically agree to meet and confer in good faith to resolve any disagreement over HIGHLY CONFIDENTIAL designations.

2.8 "House Counsel" means attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 "Outside Counsel of Record" means attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are partners or employees of a law firm which has appeared on behalf of that party.

2.11 "Party" means any named party to this action, including any subsidiaries of such named parties, and all of their officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    "Producing Party" means a Party or Non-Party that produces Discovery Material in this action.

2.13    "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Under this Stipulated Protective Order.

2.15    "Receiving Party" means a Party that receives Discovery Material from a Producing Party.

2.16    "Termination" means the later of: (a) dismissal of all claims and defenses in this action, with or without prejudice, or (b) final judgment in this action after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time under applicable law.

**III.    SCOPE**

3.1    This Stipulated Protective Order covers: (a) Protected Material; (b) any information copied or extracted from Protected Material; (c) all copies, excerpts, summaries, or compilations of Protected Material; and (d) any testimony, conversations, or presentations by Parties or their Counsel that reveals Protected Material.

3.2    This Stipulated Protective Order does not provide CONFIDENTIAL or HIGHLY CONFIDENTIAL protection for : (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party before the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party or other obligations regarding confidentiality of personal

protected information; and (c) any use of Protected Material at trial, which shall be governed by a separate agreement or order.

**IV.     DURATION**

4.1     This Stipulated Protective Order and the obligations herein shall remain in effect even after Termination of this litigation, unless a Designating Party agrees otherwise in writing or a court order otherwise directs.

**V.      DESIGNATING PROTECTED MATERIAL**

5.1     <u>Restraint and Care in Designating Protected Material</u>.  Each Party or Non-Party that designates information or items under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  If practical to do so, the Designating Party must designate for protection only those parts of Discovery Material that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are clearly shown to be unjustified or made for an improper purpose (e.g., to cause unnecessary delay, expense, or burdens) may expose the Designating Party to sanctions.

5.2     <u>Withdrawal of Designation.</u>  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.3     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding deposition or pretrial transcripts in this action), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material to the extent reasonably feasible.  For documents which this is not reasonably feasible,

1   such as documents produced in native format like Excel files, a production cover sheet shall be

2   affixed with the legend.  A Party or Non-Party that makes original documents available for

3   inspection need not designate them until after the inspecting Party has indicated which material it

4   would like copied and produced.  During the inspection and before the designation, all documents

5   made available for inspection shall be treated as "HIGHLY CONFIDENTIAL."  After the

6   inspecting Party has identified the documents it wants copied and produced, the Producing Party

7   must determine which documents, or portions thereof, qualify for protection under this Stipulated

8   Protective Order.  Then, before producing the specified documents, the Producing Party must affix

9   the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each page that

10  contains Protected Material.

11          (b)     for deposition and pretrial transcripts in this action, the Designating Party

12  shall identify on the record, before the close of the deposition, hearing, or other proceeding, all

13  protected testimony and specify the level of protection being asserted.  When it is impractical to

14  identify separately each portion of testimony that is entitled to protection and it appears that

15  substantial portions of the testimony may qualify for protection, the Designating Party may invoke

16  on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up

17  to 21 days after receipt of the transcript to identify the specific portions of the testimony as to

18  which protection is sought and to specify the level of protection being asserted.  Only those

19  portions of the testimony that are appropriately designated for protection within the 21 days shall

20  be covered by this Stipulated Protective Order.  During the 21-day period, the testimony shall be

21  treated as "HIGHLY CONFIDENTIAL" in its entirety unless otherwise agreed.  After the

22  expiration of that period, the transcript shall be treated only as designated.  For the avoidance of

23  doubt, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period

24  is properly invoked, that the entire transcript or any portion there shall be treated as

25  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" If such protection is warranted under this

26  Stipulated Protective Order.

27          (c)     for information in some other form (e.g., tangible items), the Producing

28  Party shall affix in a prominent place on the exterior of the container in which it is stored the

legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

      5.4      <u>Additional Procedures Applicable to Testimony</u>.  The following procedures shall also apply where testimony is given in this action (whether at deposition or pretrial proceedings):

           (a)      Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of Protected Material as a deposition exhibit shall not in any way affect its designation.

           (b)      Any transcript pages containing Confidential testimony shall be separately bound from any other pages, and any transcript pages containing Highly Confidential testimony shall be separately bound from any other pages.  Any separately bound transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" testimony. The Designating Party shall inform the court reporter of these requirements.

      5.5      <u>Inadvertent Failure to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1      <u>Timing of Challenges</u>.  Any Receiving Party may challenge a designation of Protected Material pursuant to paragraphs 6.2 and 6.2 below.  Unless a prompt challenge is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a designation by not challenging it promptly after the original designation is disclosed.

1       6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution
2  process by providing written notice to the Designating Party that (a) identifies each designation it
3  is challenging, (b) describes the basis for each challenge, and (c) recites that the challenge is being
4  made in accordance with this paragraph.  The parties shall attempt to resolve each challenge in
5  good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other
6  forms of communication are not sufficient) within 14 days of service of the written notice.  In
7  conferring, the Challenging Party must explain the basis for its challenge and must give the
8  Designating Party an opportunity to review the designated material, to reconsider the
9  circumstances, and, if no change in designation is offered, to explain the basis for the chosen
10 designation.  A Challenging Party may proceed to the next stage of the challenge process only if it
11 has engaged in this meet and confer process first or establishes that the Designating Party is
12 unwilling to participate in the meet and confer process in a timely manner or, following the meet
13 and confer, the parties cannot resolve a challenge without court intervention.
14      6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court
15 intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding
16 Discovery and Discovery Motions.  The parties may file a joint letter brief regarding retaining
17 confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties
18 agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.
19 Failure by a Designating Party to file such discovery dispute letter within the applicable 21- or
20 14-day period (set forth above) with the Court shall automatically waive the confidentiality
21 designation for each challenged designation.  If, after submitting a joint letter brief, the Court
22 allows that a motion may be filed, any such motion must be accompanied by a competent
23 declaration affirming that the movant has complied with the meet and confer requirements
24 imposed in the preceding paragraph.  The Court, in its discretion, may elect to transfer the
25 discovery matter to a Magistrate Judge.  In addition, the parties may file a joint letter brief
26 regarding a challenge to a confidentiality designation at any time if there is good cause for doing
27 so, including a challenge to the designation of a deposition transcript or any portions thereof.  If,
28 after submitting a joint letter brief, the Court allows that a motion may be filed, any motion

brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**VII.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Protected Material may be disclosed only to the categories of persons and under the conditions in this Stipulated Protective Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.  When the litigation has been Terminated, a Receiving Party must comply with section 12 below.

7.2    <u>Disclosure of Protected Material Through Use of the Parties' AI Models.</u> Receiving Parties will not enter any input containing or referencing Protected material designated by another Party into AI models or tools owned and/or operated by the Receiving Party without the consent of the opposing party, including any third-party products that the Receiving Parties know or reasonably should know utilize such AI models or tools. For example, Plaintiff OpenAI, Inc. ("Plaintiff") may not enter any text prompts or documents into any known version of ChatGPT, or the Azure OpenAI API, that contains or references Protected Material designated by Defendants Guy Ravine and/or Open Artificial Intelligence, Inc. ("Defendants"), and Defendants may not enter any text prompts or documents into any known version of Defendants' Open AI Image Generator or Defendants' voice chat bot Ava that contains or references Protected Material

designated by Plaintiff.  For all other instances, Receiving Parties will make reasonable efforts not to enter Protected material into AI models or tools that are owned and/or operated by the Receiving Party.

  7.3 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or agreed in writing or on the record by the Designating Party, a Receiving Party may disclose information or items designated "CONFIDENTIAL" only to:

   (a) the Receiving Party's officers, directors, or employees to whom disclosure is reasonably necessary for the prosecution, defense, or attempted settlement of this litigation;

   (b) the Receiving Party's Outside Counsel of Record and House Counsel in this action, as well as paralegal, secretarial, and clerical employees of such counsel and/or Professional Vendors retained by such counsel who are actively involved in this litigation and to whom it is reasonably necessary to disclose the information for the prosecution, defense, or attempted settlement of this litigation;

   (c) the Receiving Party's Experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d) the Court and its personnel;

   (e) court reporters (including their staff) retained in connection with a deposition or hearing in this litigation;

   (f) professional jury or trial consultants and mock jury participants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

   (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or agreed in writing or on the record by the Designating Party, a

Receiving Party may disclose information or items designated "HIGHLY CONFIDENTIAL" only to:

  (a) the Receiving Party's Outside Counsel of Record in this action, as well as paralegal, secretarial, and clerical employees of such counsel and/or Professional Vendors retained by such counsel who are actively involved in this litigation and to whom it is reasonably necessary to disclose the information for the prosecution, defense, or attempted settlement of this litigation;

  (b) the Receiving Party's House Counsel (1) who has no involvement in competitive decision-making, and (2) to whom disclosure is reasonably necessary for this litigation.  The Receiving Party's House Counsel will not store Highly Confidential information on the Receiving Party's servers.

  (c) the Receiving Party's consultants or Experts to whom disclosure is reasonably necessary for the prosecution, defense, or attempted settlement this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (d) the Court and its personnel;

  (e) court reporters and their staff in this litigation (whether at deposition or pretrial proceedings);

  (f) professional jury or trial consultants and mock jury participants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

  (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS

8.1 If a Receiving Party is served with a subpoena or a court order in another proceeding that compels disclosure of Protected Material, that Party must: (a) promptly notify the Designating Party in writing, which shall include a copy of the subpoena or court order; (b) promptly notify the party who caused the subpoena or order to issue in the other proceeding that some or all of the responsive is subject to this Protective Order in writing, which shall include a

copy of this Stipulated Protective Order; and (c) cooperate with all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2     If the Designating Party timely seeks a protective order in the other proceeding, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission in writing.  The Designating Party shall bear the burden and expense of seeking protection in the other proceeding.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**IX.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1     This Stipulated Protective Order is applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the information requested available for inspection by the Non-Party.

9.3     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**X.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person(s) execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**XI.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**XII.  MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

  12.3 <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

## XIII. FINAL DISPOSITION

  13.1 Within 30 days after the Termination of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order. If either Party's Counsel choose to retain archival copies of any documents containing Protected Material after the Termination of this action then, within 30 days after the

1  Termination of this action, retaining Counsel must provide written notice to all opposing Parties
2  and other Counsel acknowledging that retaining Counsel has undertaken reasonable efforts to
3  prevent the unauthorized disclosure of any and all archival Protected Material.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  April 2, 2024                    QUINN EMANUEL URQUHART
                                                              & SULLIVAN, LLP

*/s/ Margret M. Caruso*

Margret M. Caruso
Counsel for Plaintiff OpenAI, Inc.

DATED: April 2, 2024

WAYMAKER LLP

*/s/ Ryan G. Baker*

Ryan G. Baker
Counsel for Defendants Open Artificial
Intelligence, Inc. and Guy Ravine

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: ____April 11_____ ___, 2024

_____
HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ ___, 2024, in the case of *OpenAI, Inc. v. Open Artificial Intelligence, Inc. et al.*, Case No. 4:23-cv-03918-YGR.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after Termination of this action.

I hereby appoint _____ [full name] of _____ [full name] and (_____) _____-_____ [telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**CIVIL LOCAL RULE 5-1 ATTESTATION**

I, Margret M. Caruso, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with Civil Local Rule 5-1(i)(3), I hereby attest that Ryan G. Baker concurred in the filing of this document.

DATED: April 2, 2024                            */s/ Margret M. Caruso*
                                                Margret M. Caruso