<u>**VIA CM/ECF FILING**</u>

June 21, 2024

The Honorable Yvonne Gonzalez Rogers
United States District Judge
Northern District of California
Oakland Courthouse
Courtroom 1 – 4th Floor
1301 Clay Street
Oakland, California 94612

Re:   *OpenAI, Inc. v. Open Artificial Intelligence, Inc. et al.*, Case No. 4:23-cv-03918-YGR

Your Honor:

Pursuant to the Court's Individual Rules concerning motion practice from May 2024 to September 2024, Plaintiff and Counterclaim-Defendant OpenAI, Inc. ("Plaintiff") and Defendants and Counterclaimants Open Artificial Intelligence, Inc. and Guy Ravine (collectively, "Defendants" or "Counterclaimants") submit this joint letter brief regarding Plaintiff's Motion to Dismiss Defendants' Amended Counterclaims. Counsel for Plaintiff (Margret Caruso, Dylan Scher) met and conferred with counsel for Counterclaimants (Jose Nuño) via Zoom on June 10. The parties were unable to resolve the dispositive issues described below without motion practice.

Prior to Your Honor's Rule, the parties had met and conferred regarding Defendants' original Counterclaims. This conference resulted in the Amended Counterclaim. *See* Dkt. 102 (granting order to withdraw counterclaims).

**Plaintiff OpenAI's Statement**

Plaintiff asks the Court to dismiss Defendants' Amended Counterclaims (Dkt. 103, "ACC") in their entirety, with prejudice.

Defendants' Amended Counterclaims, filed nine months after Plaintiff's complaint, allege that Plaintiff stole Defendant Ravine's "thunder," his "secret sauce," his "recipe and promise," his "foundational principles," and his "mission." What they do not allege is a viable claim for false advertising, trademark infringement, or any other asserted cause of action.

***False Advertising Counterclaims*** (Counts 1 and 5): Viable false advertising claims require factual allegations of commercial advertising that is false and deceives consumers—not rhetoric about "the most important question in human history," the purported misappropriation of humanity's property, allegedly diverting stewardship of an idea, or feeling personally aggrieved by allegedly "dismissive" attitudes and indifference. Wholly lacking the required legal elements, Defendants' counterclaims for false advertising under the Lanham Act (Count 1) and California's False Advertising Law (Count 5) should be removed from the case now so that further proceedings and discovery can be confined to the claims properly at issue.

Rather than rely on advertisements, as that term is customarily understood, Defendants rely on December 2015 statements in Plaintiff's Delaware Certificate of Incorporation and the "blog post" announcing Plaintiff's formation as the required "commercial advertisements." There are other defects in the counterclaims as well: Defendants mischaracterize Plaintiff's actual statements, fail to plead falsity with particularity, and lack a plausible consumer deception theory. In fact, the basic gravamen of the counterclaims is that that Mr. Ravine "elected not to proceed" with pursuing artificial intelligence after meeting with one of Plaintiff's executives, who he now alleges "dismissed" his proposal they join forces—a self-inflicted injury not within the ambit of false advertising law.

***Trademark Infringement Counterclaims*** (Counts 1, 2, and 4): Defendants' trademark infringement counterclaims share a similar disconnect between legal requirements and actual content.

On their face, the counterclaims reveal eight years of Defendants' knowing failure to take any steps to enforce their purported rights, rendering their claims fatally time barred by the statute of limitations and laches. Unlike Plaintiff, Defendants had no product or usage that Plaintiff was—or reasonably should have been—aware of that would have triggered the four-year statute of limitations to run before Plaintiff filed its suit. And because Defendants filed their counterclaims long after the analogous statute of limitations expired on the first instances of alleged infringement, laches is presumed. Even independent of the presumption, laches applies because Defendants' delay was unreasonable and prejudicial, including because: (1) Defendants' trademark is weak; (2) Defendants have not been diligent in enforcing their mark; (3) Defendants will not suffer harm if relief is denied; (4) OpenAI's use of its trademark is in good faith; (5) competition does not preclude laches; and (6) OpenAI will be prejudiced.

Even if they were not time barred, the counterclaims fail to allege facts sufficient to establish legally enforceable trademark rights: Defendants have not alleged facts that could support a finding of secondary meaning, or inherent distinctiveness. Consequently, all of Defendants' trademark infringement counterclaims should be dismissed.

***Cancellation Counterclaim*** (Count 3): Defendants' cancellation counterclaim does not contain allegations that could plausibly establish that Plaintiff's mark is deceptively misdescriptive and lacks secondary meaning. For instance, Defendants have not plausibly alleged that "OPENAI" misdescribes Plaintiff's goods or services, or that consumers believe the alleged misdescription. "Open" is a word capable of many meanings—as evidenced by the hundreds of registered trademarks that include it. It is not a word subject to only one meaning, like "meat," or a specific quality like "-free." As such, it is not amenable to a claim for deceptive misdescriptiveness.

***Declaratory Judgment Counterclaims*** (Counts 6-9): Defendants' declaratory judgment counterclaims—which concern non-infringement, trademark ownership, and trademark invalidity—are redundant of other claims brought in this action. Consistent with the rulings of numerous courts, those counts should be stricken under Rule 12(f), so that the action can proceed without undue inefficiency.

**Counterclaimants Open Artificial Intelligence, Inc. and Guy Ravine's Statement**

Having waited over eight years since it first learned of Counterclaimants' use of the Open AI mark to commence this case, Plaintiff now ironically argues the timing of the countercomplaint supports dismissal. But the counterclaims are timely and supported by facts sufficient to state facially plausible claims for relief. Accepting Counterclaimants' allegations as true and applying all inferences in favor of Counterclaimants, there is no valid basis to dismiss any of the stated counterclaims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This Court should deny OpenAI's motion to dismiss in its entirety and consider the claims of all parties on a complete factual record.

*False Advertising* (Causes of Action Nos. 1 and 5): False advertisement under the Lanham Act requires: (1) a false statement of fact in a commercial advertisement about a product; (2) the statement actually deceived or has the tendency to deceive its audience; (3) the deception is material; (4) the defendant caused its false statement to enter interstate commerce; and (5) there has been or is likely to be injury as a result of the false statement, either by direct diversion of sales from itself to defendant or by lessening of the goodwill associated with its products. *See Genus Lifesciences Inc. v. Lannett Co., Inc*., 378 F. Supp. 3d 823, 833 (N.D. Cal. 2019) (*citing* Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071–72 (9th Cir. 2014)). Under California Business and Professions Code §17500 ("Section 17500"), Counterclaimants must establish Plaintiff knowingly made untrue or misleading statements regarding goods or services with the intent not to offer or sell those goods or services as so advertised. "False advertising claims under Section 17500 are 'substantially congruent' to claims made under the Lanham Act" *Biolase, Inc. v. Fotona Proizvodnja Optoelektronskih Naprav D. D.*, 2014 WL 12579802, at *2 (C.D. Cal. June 4, 2014). Counterclaimants satisfy the requirements for both the Lanham Act and Section 17500 claims.

Counterclaimants have plausibly pled each of these elements. Before Plaintiff formed, Counterclaimants started "Open AI" with a stated goal of creating artificial intelligence technology that was open-sourced, collectively developed, owned by a non-profit, and dedicated to the benefit of all humanity. After Counterclaimants put their cause into the public sphere, Plaintiff was formed, claiming a similar ideology and intent to attract the best scientists, who wanted to ensure the benefits of AI would be broadly distributed. Those statements were false and misleading. (*See e.g.,* Chloe Xiang, *OpenAI Is Now Everything It Promised Not to Be: Corporate, Closed-Source, and For-Profit*, VICE (Feb. 28, 2023)). Counterclaimants allege that Plaintiffs knew such statements were false and misleading when made; these allegations are supported with Plaintiff's admissions. Counterclaimants further allege that these statements – made in "commercial advertising and promotion" – were the instrument through which Plaintiff attracted researchers, investors, and customers, ultimately building a multi-billion-dollar empire at the expense of competitors, including Counterclaimants.

*Trademark Infringement Claims* (Causes of Action Nos. 1, 2, and 4): The Lanham Act prohibits any "'false designation of origin, or any false description or representation' in connection with any goods or services [and] precludes the use of another's distinctive trademark if it is likely to confuse the public as to the product's origin." *Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc*., 944 F.2d 1446, 1454 (9th Cir. 1991). Additionally, the Ninth Circuit recognizes "two theories of consumer confusion that support a claim of trademark infringement:

3

forward confusion and reverse confusion." *Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927, 932 (9th Cir. 2017). While "[f]orward confusion occurs when consumers believe that goods bearing the junior mark came from, or were sponsored by, the senior mark holder," in contrast, "reverse confusion occurs when consumers dealing with the senior mark holder believe that they are doing business with the junior one." *Id.* (*quoting Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 630 (9th Cir. 2005)).

Counterclaimants have valid trademark claims. Based on the countercomplaint's plain allegations, which must be taken as true at this stage, Counterclaimants are the senior user of the "Open AI" mark. Ravine first began using the "Open AI" mark in March 2015—nine months before Plaintiff was formed. Ravine became the rightful owner of a registered trademark issued by the USPTO on its Supplemental Register, which he later assigned to Open Artificial Intelligence Inc. Counterclaimants have continuously used the Open AI Mark in interstate commerce since at least March 25, 2015. Moreover, Plaintiff's contention that Counterclaimants have not acquired secondary meaning in the mark is a question of fact not to be resolved at the pleading stage. Further, Counterclaimants have pled Plaintiff's false designation and representations, and the damage and confusion those representations have caused through reverse confusion.

The counterclaims are not barred by the doctrine of laches, which is a factually intensive determination. Moreover, Plaintiff's laches arguments mirror those it argued vociferously against at the preliminary injunction stage. Plaintiff cannot have it both ways. The parties' competing trademark claims should proceed on the merits.

***Cancellation of Applications for Registration*** (Cause of Action No. 3): Cancellation is proper when there is a valid ground why the trademark should not be registered, and the petitioning party has standing. *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 735 F. 2d 346, 348 (9th Cir. 1984). Counterclaimants have pled both. A trademark is impermissibly misdescriptive when it misdescribes a quality, characteristic, function, feature, purpose, or use of the goods or services, where consumers are likely to believe the misdescription and affect consumers' purchasing decision. Counterclaimants have clearly pled that misdescription is at the heart of Plaintiff's use of the name OpenAI, and – as is widely noted in the AI community – Plaintiff's insincere use of the "Open"AI moniker affects and misleads many of its users.

The name OpenAI and the asserted OpenAI trademark, when used to describe Plaintiff's business, is impermissibly misdescriptive, and registration of this deceptive mark would cause harm to Counterclaimants pecuniary interests. Taken as true, Counterclaimants' allegations sufficiently state a cancellation cause of action.

***Declaratory Relief*** (Causes of Action Nos. 6-9): Counterclaimants' declaratory judgment causes of action are not merely duplicative claims but seek to declare rights. For example, "[i]n patent and trademark infringement cases . . . a court may find a defendant has no liability for infringement 'without adjudicating the validity of the underlying intellectual property.'" *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990 at *4 (N.D. Cal. May 13, 2008). Thus, "courts should decline to dismiss counterclaims that seek a declaration that the patent or trademark is invalid." *Id.*

Moreover, declaratory relief is appropriate when the judgment will serve a useful purpose. Maintaining a pending counterclaim permits Counterclaimants to continue seeking a declaration

of non-infringement even should Plaintiff voluntarily dismiss its infringement claims. *See Fitness Anywhere, LLC v. Woss Enterprises, LLC*, 2014 WL 4802432, at *3 (N.D. Cal. Sept. 26, 2014) (denying dismissal of the counterclaims as duplicative where they served the purpose of allowing the accused infringer to continue seeking a declaration of non-infringement even should the plaintiff voluntarily dismiss its infringement claims).

Very truly yours,

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | WAYMAKER LLP |
| */s/ Margret M. Caruso* | */s/ Ryan G. Baker* |
| Margret M. Caruso | Ryan G. Baker |
| *Counsel for Plaintiff OpenAI, Inc.* | *Counsel for Defendants Open Artificial Intelligence, Inc. and Guy Ravine* |

## E-FILER'S ATTESTATION

Pursuant to Civil Local Rule 5.1(i)(3), the undersigned hereby attests that concurrence in the filing of this **JOINT LETTER** has been obtained from counsel for Defendants Open Artificial Intelligence, Inc. and Guy Ravine and is electronically signed with the express permission of such counsel.

DATED: June 21, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Margret M. Caruso*
Margret M. Caruso
Attorneys for OpenAI, Inc.