| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Robert P. Feldman (Bar No. 69602)<br> bobfeldman@quinnemanuel.com<br>Margret M. Caruso (Bar No. 243473)<br> margretcaruso@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065-2139<br>Telephone:    (650) 801-5000<br><br>Robert M. Schwartz (Bar No. 117166)<br> robertschwartz@quinnemanuel.com<br>Aaron H. Perahia (Bar No. 304554)<br> aaronperahia@quinnemanuel.com<br>865 S. Figueroa St., 10th Fl.<br>Los Angeles, California 90017-2543<br>Telephone:    (213) 443-3000<br><br>Sam S. Stake (Bar No. 257916)<br> samstake@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4624<br>Telephone:    (415) 875-6600<br><br>Dylan I. Scher (*pro hac vice*)<br> dylanscher@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone:    (212) 849-7000<br><br>*Attorneys for OpenAI, Inc.* | GIBSON, DUNN & CRUTCHER LLP<br>Orin Snyder (pro hac vice application forthcoming)<br> osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:    (212) 351-4000<br><br>Brian M. Lutz (Bar No. 255976)<br> blutz@gibsondunn.com<br>Rosemarie T. Ring (Bar No. 220769)<br> rring@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone:    (415) 393-8200<br><br>*Attorneys for OpenAI, Inc.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 4:23-cv-03918-YGR<br><br>Assigned to the Hon. Yvonne Gonzalez Rogers<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS** |

Pursuant to Federal Rule of Evidence 201, Plaintiff OpenAI, Inc. ("OpenAI") respectfully requests that in connection with consideration of Plaintiff's Motion to Dismiss Defendants' Counterclaims, filed herewith, the Court take judicial notice of the materials described below, which are attached to the concurrently filed Declaration of Dylan I. Scher ("Scher Decl.") as Exhibits A-E.

Under Federal Rule of Evidence 201(b), a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### A.  The Court May Take Judicial Notice Of Plaintiff's Websites Referenced In The Counterclaims

"Under the 'incorporation by reference' doctrine this Circuit…courts may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [] pleading." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (quotations omitted); *see also Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("websites and their contents may be judicially noticed"). "The rationale of 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Battle v. Taylor James, LLC*, 607 F. Supp. 3d 1025, 1039-40 (C.D. Cal. 2022) (taking judicial notice of defendant's blog post that complaint "discusses, cites, and hyperlinks").

Because Defendants' Amended Counterclaims reference and rely upon the post *Introducing OpenAI*, which is available at https://openai.com/index/introducing-openai/ (*see* Dkt. 103 ¶¶ 90 n.10, 150 n.25), the Court can and should take judicial notice of the post, a copy of which is attached to the Scher Declaration as Exhibit A.  Because Defendants' Amended Counterclaims also reference and rely upon the post *OpenAI and Elon Musk*, which is available at https://openai.com/index/openai-elon-musk/ (*see* Dkt. 103 ¶¶ 60 n.6, 93 n.12), the Court can and should take judicial notice of that post a copy of which is attached to the Scher Declaration as Exhibit B.

### B. The Court May Take Judicial Notice Of Dictionary Definitions

"Dictionary definitions are also a proper subject for judicial notice." *Threshold Enters.*, 445 F. Supp. 3d at 146; *see also Rugg v. Johnson & Johnson*, 2018 WL 3023493, at *3 n.3 (N.D. Cal. June 18, 2018) (taking judicial notice of dictionary definition from merriam-webster.com in a false advertising case); *Vampire Fam. Brands, LLC v. MPL Brands, Inc.*, 2021 WL 4134841, at *2 (C.D. Cal. Aug. 6, 2021) (taking judicial notice of screenshots of dictionary definitions in a false advertising case). Because Defendants' Amended Counterclaims implicate the meaning of the word "open" (*see* Dkt. 103 ¶¶ 1, 112, 116), the Court can and should take judicial notice of the dictionary definition of "open," as found on merriam-webster.com, a copy of which is attached to the Scher Declaration as Exhibit C.

### C. The Court May Take Judicial Notice Of Records From The U.S. Patent And Trademark Office

"Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice." *Threshold Enters.*, 445 F. Supp. 3d at 145-46 (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)); *see also WheelImage Corp. v. Axial Mfg.*, 2024 WL 1012847, at *3 (C.D. Cal. Mar. 5, 2024) ("It is also appropriate to take judicial notice of public records on file with federal agencies like the United States Patent and trademark Office") (collecting cases).

Because Defendants' Amended Counterclaims implicate the meaning of the word "open" as used in a trademark, the Court should also take judicial notice of the USPTO's registration of more than 1,100 live word-only trademarks consisting of or including the word "open," as reflected in the trademark search results from the USPTO's electronic database. *See* Scher Declaration, ¶ 5 & Exhibit D.

Because Defendants' Amended Counterclaims implicate the meaning of the word "open" as used in a trademark for computer services (*see* Dkt. 103 ¶¶ 1, 112, 116), the Court can and should take judicial notice of the following examples of live trademark registrations on the Principal Register that consist of or include the word "open" in classes 35, 38, and/or 42 (relating generally to websites), copies of which are attached to the Scher Declaration as Exhibit E:

| Reg. No. | Reg. Date | Mark |
|---|---|---|
| 4,226,009 | 2012 | OPEN ATRIUM |
| 6,333,945 | 2021 | OPEN ACCESS |
| 5,912,620 | 2019 | OPEN COMMERCE |
| 4,473,401 | 2014 | OPEN CONNECT |
| 5,382,253 | 2018 | OPEN FIELDS |
| 5,650,042 | 2019 | OPEN INFLUENCE |
| 5,730,668 | 2019 | OPEN NETWORK |
| 5,235,948 | 2017 | OPENTABLE |

## CONCLUSION

For the reasons set forth above, Plaintiff OpenAI respectfully request that the Court take judicial notice of Exhibits A-E to the Declaration of Dylan Scher.

DATED: June 21, 2024         QUINN EMANUEL URQUHART & SULLIVAN, LLP

                              By   */s/ Margret M. Caruso*
                                   Margret M. Caruso
                                   Attorneys for OpenAI, Inc.