Ryan G. Baker (Bar No. 214036)
  rbaker@waymakerlaw.com
Scott M. Malzahn (Bar No. 229204)
  smalzahn@waymakerlaw.com
Jose R. Nuño (Bar No. 312832)
  jnuno@waymakerlaw.com
Patricia Rojas-Castro (Bar No. 339087)
  projas-castro@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone:    (424) 652-7800
Facsimile:    (424) 652-7850

*Attorneys for Guy Ravine & Open Artificial Intelligence, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| OPENAI, INC., a Delaware corporation, | Case No. 4:23-cv-03918-YGR |
| Plaintiff and Counterclaim-Defendant, | Assigned to the Hon. Yvonne Gonzalez Rogers |
| v. | **COUNTERCLAIMANTS OPEN ARTIFICIAL INTELLIGENCE, INC. AND GUY RAVINE'S OBJECTIONS TO COUNTERCLAIM-DEFENDANT OPENAI, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** |
| OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual, | |
| Defendants and Counterclaimants. | Complaint Filed: August 4, 2023 |
| AND RELATED COUNTERCLAIMS. | |

I.      **INTRODUCTION**

Pursuant to Rule 201 of the Federal Rules of Evidence ("FRE"), Counterclaimants Guy Ravine ("Ravine") and Open Artificial, Inc. ("Open AI") (collectively, the "Counterclaimants") hereby object to the Request for Judicial Notice ("RJN") filed by Counterclaim-Defendant OpenAI, Inc. ("OAI" or "Counterclaim-Defendant") (Dkt. 110) in support of it's Motion to Dismiss (the "MTD") (Dkt. 109) Counterclaimants' Amended Counterclaims (the "ACC") (Dkt. 103).

In connection with its MTD, Counterclaim-Defendant filed an RJN asking this Court to take judicial notice of five exhibits that include OAI website posts (Exhibits A and B), the dictionary definition of "open" (Exhibit C), trademark database search results for "open"(Exhibit D), and a collection of trademark registration certificates (Exhibit E). For each of the reasons explained below, this Court should deny Counterclaim-Defendant's RJN in its entirety.

II.     **ARGUMENT**

    A.      **The Court Should Decline to Take Judicial Notice of Websites (Exs. A and B)**

Judicial notice may be taken of websites only where the facts represented in such websites are capable of accurate and ready verification from reliable sources. FRE 201(b). Here, Counterclaim-Defendant seeks judicial notice of the content from a website that Counterclaim-Defendant has neither verified nor authenticated. (*See, generally,* Dkt. 110 at 2-4.)

Counterclaim-Defendant argues that the website posts can be judicially noticed because Counterclaimants "rely" on the website posts and claims that "no party" questions the "authenticity" of the website (RJN at 2.) This is not sufficient basis to grant judicial notice. *In re Easysaver Rewards Litig.*, 737 F. Supp.2d 1159, 1167-1168 (S.D. Cal. 2010) (judicial notice of website screen shots improper; information from the Internet does not bear an indicia of reliability and must be properly authenticated before deemed admissible); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp.2d 769, 782 (C.D. Cal. 2004) ("Printouts from a web site do not bear the indicia of reliability demanded for other self-authenticating documents."). The websites have not been properly authenticated and cannot be judicially noticed.

Accordingly, this Court should decline to take judicial notice of Exhibits A and B.

**B.     The Court Should Decline to Take Judicial Notice of the Definition of "Open" (Ex. C)**

Counterclaim-Defendant also seeks judicial notice of Exhibit C, the definition of the term "open" from Merriam-Webster. Counterclaim-Defendant cites to various cases where courts judicially noticed dictionary definitions in false advertising cases. (RJN at 3.) However, Counterclaim-Defendant seeks judicial notice of this definition because Counterclaimants "implicate the meaning of the word 'open'." (*Id.*) In this case, the term "open" is an industry term of art in the artificial intelligence ("AI") community and a generalized dictionary definition of that term is not appropriate evidence of what this means in the context of AI and AI companies.

If the meaning of a term in context is subject to reasonable dispute, as is here, the court may refuse to take judicial notice of the term's dictionary meaning. *Guzman v. Shewry*, 552 F.3d 941, 956 (9th Cir. 2009) (the court refused to take judicial notice of the term "final adverse action" because one could reasonably dispute whether the definition was consistent with the manner in which it was applied); *see also United States v. Coronel-Estrad*a, 951 F.2d 363 (9th Cir. 1991) (court affirmed the district court's refusal to take judicial notice of a dictionaries definition of "mota" because the slang definition of the term differed substantially from its dictionary meaning).

Counterclaimants have alleged examples of what the term "open" conveys in the AI community. (*See* ACC ¶¶ 1, 95, 98.) The term is subject to reasonable dispute so that Counterclaim-Defendant's request is not proper under Fed. R. Evid. 201 (b). Accordingly, Counterclaimants object to Counterclaim-Defendant's request for judicial notice of Exhibit C.

**C.     The Court Should Decline to Take Judicial Notice of the Submitted Trademark Materials (Exs. D and E)**

While Counterclaimants do not dispute that the information in Exhibit D (a search of the trademark database maintained by the USPTO that include or incorporate the term OPEN) and Exhibit E (electronic versions of federal trademark registration certificates) is available through a government agency's website (USPTO), Counterclaim-Defendant's RJN is improper to the extent it seeks the purported facts for their truth.

As stated above, "[t]he truth of the content, and the inferences properly drawn from them []
is not a proper subject of judicial notice under Rule 201." *Patel v. Parnes*, 253 F.R.D. 531, 546

1    (C.D. Cal. 2008). Like with Exhibit C, Counterclaim-Defendants seek judicial notice of the

2    trademark materials in Exhibits D and E because Counterclaimants "implicate the meaning of the

3    word 'open'." (RJN at 3.) However, this Court cannot take judicial notice of the truth of the

4    content in the USPTO websites. *See United States v. Kiewit Pac. Co.*, 2013 WL 5770514, at *5

5    (N.D. Cal. Oct. 24, 2013) (taking judicial notice of public reports, but not "for the truth of their

6    content, but rather for the fact that the reports were made"); *see also Johnson v. Napa Valley Wine*

7    *Train, Inc.*, 2016 WL 493229, at *14 (N.D. Cal. Feb. 9, 2016) ("[W]hile a court may take judicial

8    notice of undisputed matters of public record, judicial notice is taken of the fact that the records

9    exist, not the facts stated within the records").

10           Moreover, California district courts typically decline to take judicial notice of documents

11   that are not relevant to the discrete issues presented in the case. *See Garcia v. California Supreme*

12   *Court*, 2014 WL 309000, at *1 (N.D. Cal. Jan. 21, 2014); *Yanek v. Staar Surgical Co.*, 388 F.

13   Supp. 2d 1110, 1127 (C.D. Cal. 2005) ("The Court thus declines to take Plaintiffs' requested

14   judicial notice of FDA enforcement reports and adverse incident reports inasmuch as this evidence

15   is not relevant to a determination of" the discrete issue presented in the case); *Sutherland v.*

16   *Francis*, 2013 WL 2558169, at *2, n. 2 (N.D. Cal. June 10, 2013) (denying request for judicial

17   notice of "documents [that] are irrelevant and immaterial to the issues before this Court").

18   Judicially noticeable documents must be relevant to the issues in the case. *Wham-O, Inc. v.*

19   *Manley Toys Ltd.*, 2009 WL 6361387, at *5 (C.D. Cal. Aug. 13, 2009).

20           Counterclaimants object to Counterclaim-Defendant's request for judicial notice of

21   Exhibits D and E as improperly introduced for the truth of its content therein and to the extent the

22   information in the Exhibits are irrelevant to its MTD.

23   **III.     CONCLUSION**

24           For each of the above reasons, this Court should deny Counterclaim-Defendant's Request

25   For Judicial Notice in its entirety.

26

27

28

DATED:  July 10, 2024                    WAYMAKER LLP


                                         By: _____
                                             RYAN G. BAKER
                                             *Attorneys for Guy Ravine & Open Artificial*
                                             *Intelligence, Inc.*