**VIA CM/ECF**

November 26, 2024

The Honorable Yvonne Gonzalez Rogers
District Judge of the Northern District of California
Oakland Courthouse, Courtroom 1 – 4th Floor
1301 Clay Street, Oakland, CA 94612

Re:    *OpenAI, Inc. v. Open Artificial Intelligence, Inc. et al.*, Case No. 4:23-cv-03918-YGR

Dear Judge Gonzalez Rogers,

Pursuant to Individual Rule 8(b), Plaintiff OpenAI ("Plaintiff") and Defendants Open Artificial Intelligence, Inc., and Guy Ravine (collectively, "Defendants") submit this joint letter brief regarding an open discovery dispute concerning Defendants' intent to notice depositions of third parties who had not been disclosed in their initial disclosures until last night.

Counsel for Plaintiff and Counterclaim-Defendants (Margret Caruso, Aaron Perahia, Dylan Scher, Rosemary Ring, and Sasha Dudding) met and conferred with current counsel for Defendant (Jason Wilson, Allison Kirk, David Harris, Bree Brewer, and Josh Masur) via Zoom on November 20, November 22, and November 26. Counsel also communicated via email between November 20 and November 26.

The parties were unable to resolve the issue discussed below.

VIA CM/ECF

**Plaintiff OpenAI's Statement**

Plaintiff requests a protective order to prevent Defendants from deposing inadequately disclosed third-party witnesses—all but one of whom apparently worked for Ravine, and the other of whom was represented to be a friend of his.

Last Wednesday, during a meet and confer on another subject, Defendants' counsel first revealed their intent to depose three third parties—none of whom was disclosed in Rule 26(a) disclosures. Two days later, they said they intend to depose another previously undisclosed third party. Yesterday evening, they identified a third. Of these, two reside in Russia, and one in Italy. Defendants first served written notice of these depositions last night—noticing multiple depositions for next week, including Saturday, December 7.

With two weeks remaining of fact discovery after Thanksgiving, Defendants have failed to provide Plaintiff with "reasonable written notice" of their intended third-party depositions. *Cf.* Fed. R. Civ. P. 26(a)(1), (e), 30(b)(1); *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 2181200, at *2-3 (N.D. Cal. June 3, 2011) (precluding witnesses where "failure to disclose four of these witnesses until … two weeks before the close of fact discovery, was not harmless"); *Equal Emp. Opportunity Comm'n v. BOK Fin. Corp.*, 2013 WL 12335318, at *1–2 (D.N.M. Feb. 5, 2013) (disclosure made shortly before Thanksgiving, with early December cut-off, was untimely for witnesses party had long known about). None of these individuals were identified in Defendants' Rule 26 disclosures until last night. Only one appears in an interrogatory response. Plaintiff only learned about the others in the past few days based on representations made by Defendants' counsel.

These last-minute witnesses are Rachel Park, Nikita Gaer, Mattia Iavarone, Sergey Belkin, and Deborah Reynolds. Each had a pre-existing relationship with Ravine, presumably dating back years, but that information was effectively shielded from Plaintiff until now. Defendants stated this morning that Reynolds is a friend of Ravine's who may have visited Ravine's website. No documents with her name were produced, even though Defendants agreed to produce all communications with their third-party users from 2015 to 2022 (RFP 60). Over the past week, Defendants represented that Gaer and Belkin (who both reside in Russia), Iavarone (who resides in Italy), and Park worked for Ravine at some point. However, Park, Iavarone, and Belkin were not identified as his employees or as individuals who contributed to the functionality of any of Defendants' websites (Interrogatory No. 5). Park and Iavarone do not appear on any documents that Defendants produced.

There is no legitimate excuse for the lack of information or documents about these individuals until this late hour. Defendants previously agreed to produce all communications with third parties concerning the litigation (through May 2024) or Defendants' business (through August 4, 2023) (RFP 66), and all communications relating to Defendants' efforts to develop any product or service using "Open AI" between March 2015 and October 2022 (RFP 61). Given Ravine's knowledge of these witnesses, information about each of them should have been revealed based on Defendants' production.

Defendants' cited cases do not support their position. In *Ortiz v. CVS Caremark Corporation*, the failure to disclose all potential deponents was harmless because at least nine of

them were deposed, and the testimony from each potential deponent was "to the same effect." 2013 WL 6236743, at *8 n.1 (N.D. Cal. Dec. 2, 2013). In *Epic Games v. Apple*, the court found Epic Games was substantially justified in its initial disclosure of only corporate entities based on a case-specific agreement of the parties, and the specific individuals were promptly disclosed upon confirmation of their trial appearances. 2021 WL 1375860, at *2 (N.D. Cal. Apr. 12, 2021). And in *Jang Sool Kwon v. Singapore Airlines*, 2003 WL 25686535, at *1 (N.D. Cal. Nov. 7, 2003), the court sanctioned the non-disclosing party, finding its conduct "amounts to a systematic abuse of the discovery process."

Plaintiff has been diligent since Defendants first mentioned the prospect of these depositions last Wednesday. It immediately expressed surprise given the lack of Rule 26 disclosure and said that it would evaluate its options. That same day, reserving all rights, Plaintiff asked Defendants if they would accept service of subpoenas for testimony and documents from the third parties. Plaintiff asked again on Friday. Defendants persistently ignored that request, and only last night provided email addresses and phone numbers for these individuals—just before they amended their initial disclosures.

Plaintiff has diligently tried to bring this issue to the Court to obtain relief, particularly regarding the depositions noticed for next week. Plaintiff first sent a draft of its portion of this joint letter on Monday morning before 9 a.m., seeking a response yesterday. Defendants asked for another Zoom this morning, which Plaintiff agreed to conditioned on receiving Defendants portion of the letter by 10 a.m. As of noon, Defendants had committed to provide their initial response by 4 p.m., but did not do so until nearly 7 p.m. The revised letter portion Plaintiff provided Defendants substantively contained the same information as its draft yesterday, other than being updated to reflect new information obtained in the meantime, including to reflect Defendants finally providing amended disclosures and responded to Plaintiff regarding questions of service—and identified an entirely new witness—does not justify Defendants' delay.[1]

Plaintiff requests a protective order preventing the depositions of these newly disclosed individuals who Defendants had known about all along but tried to jam into the already busy deposition period—many with less than a week's written notice  Plaintiff currently has no assurance of its ability to obtain relevant documents before the depositions, particularly those scheduled for next week, and for international witnesses, and no opportunity to serve additional written discovery since the deadline for doing so passed before Defendants announced their intention.

---

[1]  Mr. Brockman's deposition is not in dispute. Defendants agreed to depose him on January 7 and served a notice of deposition for that date last night. Plaintiff intends to file a stipulation memorializing that agreement. Notably, they also requested a stipulation to take Mr. Ravine's deposition shortly after the fact discovery deadline, but withdrew their request after receiving Plaintiff's portion of this joint letter.

VIA CM/ECF

## Defendants' Statement

Plaintiff's request for a protective order is, in effect, a request to end the discovery period early. To be sure, Defendants have complied with the existing scheduling order. They formally disclosed all of the witnesses at issue *before* the discovery cutoff, and also arranged for all of them to be deposed *before* the discovery cutoff. Plaintiff's goal is not to ensure that discovery is completed on time and in an orderly manner; rather, it is to prevent Defendants from taking discovery of evidence relevant to Defendants' use of the "Open AI" mark—an issue that Plaintiff has placed at the center of this case. The Court should not approve of such tactics and should instead deny Plaintiff's request for at least two reasons:

*First*, Defendants timely disclosed each of the witnesses at issue—Nikita Gaer, Rachel Park, Mattia Iavarone, and Deborah Reynolds (collectively, the "Witnesses"). Under Rule 26, parties are permitted—indeed, *required*—to supplement their disclosures as information is learned during the discovery process. *See* Fed. R. Civ. P. 26(e)(1)(A); *Epic Games, Inc. v. Apple Inc.*, No. 4:20-CV-05640-YGR, 2021 WL 1375860, at *2 (N.D. Cal. Apr. 12, 2021) (finding disclosure was timely when the party waited to disclose the witness until they "were confirmed to be appearing at the bench trial"). Here, Defendants had to conduct further investigation to identify (and find the current contact information for) potential witnesses who would likely have discoverable information about factual issues dating back over a decade. After doing so, Defendants promptly disclosed the Witnesses to Plaintiff. Indeed, Plaintiff concedes Defendants disclosed Mr. Gaer (including his name, role, and known contact information) in Mr. Ravine's further supplemental response to Interrogatory No. 5, which was served on March 28 2024—more than ***eight months before*** the fact discovery cutoff. Plaintiff fails to explain why that disclosure was insufficient. As to the remaining Witnesses, Defendants disclosed them—and proposed deposition dates for them —during meet-and-confers and correspondence on November 20 and 22, 2024. Plaintiff did not object to the proposed deposition. In fact, on November 20 after Defendants disclosed the Witnesses, Plaintiff stated in an email it "intend[s] to cross notice their deposition." Accordingly, the following business day, on November 25, Defendants provided Plaintiff via email with the known contact information for the Witnesses, served amended and supplemental disclosures identifying the Witnesses, and served notices of depositions of the Witnesses. Defendants notified Plaintiff that the Witnesses had agreed to appear to be deposed and that Plaintiff would have an opportunity to cross-depose them. Defendants did all of this *before the discovery cutoff*. **Second**, even if the disclosures of these Witnesses were untimely (which they were not), any delay would be substantially justified and harmless. *See Lanard Toys Ltd.*, 375 F. App'x at 713 (setting forth factors to consider).

The timing of the disclosures was justified given the nature of this case. As explained above, Defendants had to conduct further investigations to identify potential witnesses relevant to factual issues going back over a decade, and that investigation necessarily took time. Plaintiff's suggestion that Defendants purposely "shielded" these Witnesses is false. To the contrary, Defendants disclosed Mr. Gaer eight months ago, and also produced documents that reference several of the other Witnesses. (See, e.g. RAVINE0020962 [Gaer]; RAVINE0016989 [Sergey]). And Defendants' production—which the parties were continuing to meet and confer about until earlier this month—is ongoing. In short, Defendants have engaged and continue to engage in the discovery process in good faith.

  Moreover, the timing of the disclosures was harmless because Defendants have ensured that Plaintiff will have the opportunity to depose the Witnesses *before* the discovery cutoff. *See Epic Games, Inc.*, 2021 WL 1375860, at *2 (holding there was no violation of Rule 26 or harm to the parties when the previously undisclosed witnesses are made available for deposition) (citing various Northern District cases holding the same); *see also Ortiz v. CVS Caremark Corp.*, 2013 WL 6236743, at *8, n.1 (N.D. Cal. Dec. 2, 2013) (finding failure to disclose was "harmless because Plaintiff were able to depose" the witnesses). As this Court itself has recognized, "Rule 26 violations are remedied by providing the [other] party an opportunity for a deposition," which Defendants have already done. *Epic Games, Inc.*, 2021 WL 1375860, at *2; *Jang Sool Kwon v. Singapore Airlines*, No. C02-2590 BZ, 2003 WL 25686535, at *2 (N.D. Cal. Nov. 7, 2003) (denying motion to preclude testimony provided witness was produced for deposition). Even in cases where a party's failure to disclose a witness "amounts to a systematic abuse of the discovery process," courts have been unwilling to exclude the witness because it would "be too harsh a sanction;" instead, they permit the harm to be cured through a deposition of the late-disclosed witness. *Jang Sool Kwon*, 2003 WL 25686535, at *2. This is especially true when the witnesses have key information to support or defend the parties' claims, as is the case here. *Id.*

  Finally, it should be noted that the cases cited by Plaintiff do not support their efforts to prevent the taking of the depositions at issue here. For example, in *EEOC v. BOK Financial Corp*, 2013 WL 12333518 (D.M. Feb 5. 2013), the Court noted that the disclosure "effectively precluded the Defendants [the party seeking relief from an amended Rule 26 disclosure] from taking the depositions [of the newly disclosed witnesses." Id at 1. Here, by contrast, the Witnesses are already set be deposed *before* the existing discovery cutoff and well before the date set for trial. Defendants recognize that Plaintiff should have an opportunity to the disputed Witnesses and have given them the ability to do so.[2] Instead of taking that opportunity, Plaintiff is seeking to close down discovery before the discovery cutoff. It should not be allowed to do so.

  For all of these reasons, Plaintiff's request for a protective order should be rejected.

  (Although not relevant to the merits, it should be briefly noted that Plaintiff's suggestion that Defendants delayed in responding to Plaintiff's portion of the letter brief is inaccurate. After Defendants received Plaintiff's portion on Monday morning, the parties engaged in further meet-and-confer efforts later that same day and again on Tuesday. These efforts were partially successful and resulted in a compromise regarding one of the disputed issues. As a result, Plaintiff had to re-write its brief, and did not send the rewritten brief to Defendants until Tuesday at 2:01 p.m. despite agreeing to provide its portion by noon. That revised brief was substantially different than the prior draft, which had not cited to a single case.)

---

[2] Ironically, Defendants have agreed (subject to Court approval of the forthcoming stipulation pursuant to Fed. R. Civ. P. 29(b) that Plaintiff requests and intends to file) to depose Mr. Brockman on January 7—which Defendants only agreed to because of Plaintiff's insistence that he was unavailable at any time before that date.

**VIA CM/ECF**

Very truly yours,

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | WILLENKEN LLP |
| */s/ Margret M. Caruso* | */s/ Jason Wilson* |
| Margret M. Caruso | Jason Wilson |
| *Counsel for Plaintiff OpenAI, Inc.* | *Counsel for Defendants Open Artificial Intelligence, Inc. and Guy Ravine* |

**VIA CM/ECF**

## **E-FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5.1(i)(3), the undersigned hereby attests that concurrence in the filing of this **JOINT LETTER** has been obtained from counsel for Defendants Open Artificial Intelligence, Inc. and Guy Ravine and is electronically signed with the express permission of such counsel.

DATED: November 27, 2024          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By   */s/ Margret M. Caruso*
           Margret M. Caruso
       Attorneys for OpenAI, Inc.