# Bishop Declaration

# **Exhibit A**

Jason H. Wilson (Bar No. 140269)
  *jwilson@willenken.com*
Ashley L. Kirk (Bar No. 291012)
  *akirk@willenken.com*
David S. Harris (Bar No. 255557)
  *dharris@willenken.com*
Kirby Hsu (Bar No. 312535)
  *khsu@willenken.com*
WILLENKEN LLP
707 Wilshire Boulevard, Suite 4100
Los Angeles, California 90017
Tel:  +1 213.955.9240

Joshua M. Masur (Bar No. 203510)
  *joshua.masur@hglaw.com*
HALEY GUILIANO LLP
111 North Market Street, Suite 900
San Jose, California 95113
Tel:  +1 669.213.1056

*Attorneys for Open Artificial Intelligence, Inc. and Guy Ravine*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC., a Delaware corporation, | Case No.: 4:23-cv-03918-YGR |
| Plaintiff, | Hon. Yvonne Gonzalez Rogers |
| v. | **DEFENDANTS AND COUNTERCLAIMANTS OPEN ARTIFICIAL INTELLIGENCE, INC. AND GUY RAVINE'S SECOND AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES** |
| OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual, | |
| Defendants. | Complaint Filed: August 4, 2023 |
| AND RELATED COUNTERCLAIMS | |

1    Pursuant to Federal Rules of Civil Procedure 26(a)(1) and 26(e), Defendants and

2    Counterclaimants Open Artificial Intelligence, Inc. and Guy Ravine (collectively, "Defendants")

3    hereby amend and supplement their Initial Disclosures to Plaintiff/Counterclaim Defendant

4    OpenAI, Inc.'s ("Plaintiff"), dated October 20, 2023.

5                                **PRELIMINARY STATEMENT**

6    Defendants' Disclosures are based solely on the information reasonably and presently

7    available to Defendants.  Defendants' investigation is ongoing, written discovery and document

8    production are not yet complete, and no depositions have yet been taken. Accordingly,

9    Defendants reserve the right to supplement these Disclosures as additional information becomes

10   known to them. By making these Disclosures of information and documents, Defendants do not

11   waive, but rather, expressly preserve, any and all objections, claims of privilege, and/or work

12   product protections that may apply to any documents or information related to this action. By

13   disclosing the witnesses and documents listed below, Defendants do not waive or intend to

14   waive, and in fact expressly reserve, any and all rights to object to the admissibility, authenticity,

15   materiality and relevancy of any material contained in any document or in the testimony of any

16   witness identified below. Moreover, Defendants expressly reserve the right to object to any and

17   all discovery involving or relating to the witnesses or documents identified therein.  In addition,

18   Defendants' Disclosures are provided without prejudice to their right to introduce evidence at

19   trial or any hearing or other proceeding of any subsequently discovered or inadvertently omitted

20   facts or documents.

21

22                      **DISCLOSURE UNDER RULE 26(a)(1)(A)(i) –**
                        **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**
23

24   Based upon information known to Defendants as of this date, Defendants identify the

25   following individuals that it presently believes are likely to have discoverable information that

26   Defendants may use to support their claims or defenses in this action based on their investigation

27   to date and their preliminary review of documents currently within its possession, but excluding

28   those persons whose knowledge would be used solely for impeachment.

DEFENDANTS' SECOND AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES

10001082_1

1    Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Defendants are currently
2    aware of the following individuals who may have discoverable information that may be used to
3    support their claims or defenses in this action, but excluding those individuals whose knowledge
4    would be used solely for impeachment. Defendants have in good faith listed the probable general
5    subject matter of each witness' knowledge, but this general description does not limit or
6    determine the information that each witness may provide for use in this action. Witnesses
7    represented by counsel should not be contacted except through their attorneys. Defendant reserve
8    the right to supplement this list of witnesses as additional information becomes known to them.

9    On information and belief, Sam Altman is likely to have knowledge regarding, *inter alia*,
10    the allegations in and related to the claims and counterclaims; the origin and development of
11    Plaintiff and its technologies; Plaintiff's use of its purported trademarks and registrations and/or
12    attempts to register same; and his, Plaintiff's, and related and unrelated persons' prior awareness
13    of Defendants.  On information and belief, Mr. Altman may be contacted through Plaintiff's
14    counsel.

15    On information and belief, Greg Brockman is likely to have knowledge regarding, *inter*
16    *alia*, the allegations in and related to the claims and counterclaims; the origin and development
17    of Plaintiff and its technologies; Plaintiff's use of its purported trademarks and registrations
18    and/or attempts to register same; and his, Plaintiff's, and related and unrelated persons' prior
19    awareness of Defendants.  On information and belief, Mr. Brockman may be contacted through
20    Plaintiff's counsel.

21    Sergey Belkin is likely to have knowledge regarding, *inter alia*, the development of Open
22    AI, related companies and entities, and their technology, goods, and services.  The most recent
23    known contact information for Mr. Belkin is serge@belkin.design and +7 (963) 6727462.

24    On information and belief, Adam d'Angelo is likely to have knowledge regarding, *inter*
25    *alia*, the allegations in and related to the claims and counterclaims; the origin and development
26    of Plaintiff, Open AI, related companies and entities, and their technologies; Plaintiff's use of its
27    purported trademarks and registrations and/or attempts to register same; and his, Plaintiff's, and
28    related and unrelated persons' prior awareness of Defendants.  On information and belief, Mr.

2
DEFENDANTS' SECOND AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES

1   d'Angelo may be contacted through Plaintiff's counsel.

2       Nikita Gaer is likely to have knowledge regarding, *inter alia*, the development of Open

3   AI, related companies and entities, and their technology, goods, and services; and his, Plaintiff's,

4   and related and unrelated persons' prior awareness of Defendants.  The most recent known

5   contact information for Mr. Gaer is gaer.nikita@gmail.com and +7 (987) 9294742.

6       Thomas Gruber is likely to have knowledge regarding, *inter alia*, the development of

7   Open AI, related companies and entities, and their technology, goods, and services.  On

8   information and belief, Mr. Gruber is in the process of engaging Michael Lieb, Ervin Cohen &

9   Jessup LLP, 9401 Wilshire Boulevard, 12th Floor, Beverly Hills, California 90212,

10   mlieb@ecjlaw.com, 310.281.6338 as counsel.

11       Mattia Iovarone is likely to have knowledge regarding, *inter alia*, the development of

12   Open AI, related companies and entities, and their technology, goods, and services.  The most

13   recent known contact information for Mr. Iovarone is mat.iavarone@gmail.com and +39 340

14   882 2568.

15       Rachel Kim n/k/a Rachel Park is likely to have knowledge regarding, *inter alia*, the

16   development of Open AI, related companies and entities, and their technology, goods, and

17   services.  Ms. Kim may be contacted through her counsel, Warren Metlitzky, Conrad | Metlitzky

18   | Kane LLP, 217 Leidesdorff Street, San Francisco, California 94111,

19   wmetlitzky@conmetkane.com, 415.343.7103.

20       Defendant Guy Ravine is likely to have knowledge regarding, *inter alia*, the allegations

21   in and related to the claims and counterclaims; the development of Open AI, related companies

22   and entities, and their technology, goods, and services; and the use and registration of the Open

23   AI Mark and open.ai domain.  Mr. Ravine may be contacted through Defendants' counsel.

24       Deborah Reynolds is likely to have knowledge regarding, *inter alia*, the development of

25   Open AI, related companies and entities, and their technology, goods, and services.  The most

26   recent known contact information for Ms. Reynolds is deb@passagenautical.com and

27   510.917.6629.

28       On information and belief, Ilya Sutskever is likely to have knowledge regarding, *inter*

10001082_1

*alia*, the allegations in and related to the claims and counterclaims; the origin and development of Plaintiff and its technologies; Plaintiff's use of its purported trademarks and registrations and/or attempts to register same; and his, Plaintiff's, and related and unrelated persons' prior awareness of Defendants.  Defendants lack contact information for Mr. Sutskever.

On information and belief, other present and former employees, fiduciaries, and/or agents of Plaintiff are likely to have knowledge regarding, *inter alia*, the allegations in and related to the claims and counterclaims; the origin and development of Plaintiff and its technologies; Plaintiff's use of its purported trademarks and registrations and/or attempts to register same; and his, Plaintiff's, and related and unrelated persons' prior awareness of Defendants.  On information and belief, such persons may be contacted through Plaintiff's counsel.

Defendants will disclose any experts they may retain in accordance with the Federal Rules of Civil Procedure, the Local Rules, and Judge Gonzalez Rogers' Standing Order in Civil Cases.

Defendants also reserve the right to call as witnesses, *inter alia*, all persons disclosed in Plaintiff's Rule 26(a)(1) Initial Disclosures, all persons disclosed in responses to written discovery or deposition questions by any party, all persons whom Plaintiff serves any notice on Defendants that Plaintiff intends to depose, all persons disclosed in documents produced by any party, witnesses identified through Defendants' continuing investigation of relevant facts, and rebuttal witnesses.

## DISCLOSURE UNDER RULE 26(a)(1)(A)(ii) – DOCUMENTS AND THINGS

Based upon information known to Defendants as of this date, Defendants provide the following description of categories of documents or tangible things in their possession, custody or control that they are presently aware of and have identified as documents or things that they may use to support their claims or defenses, except those documents and things that would be used solely for impeachment:

Documents and communications regarding Defendants' use of the Open AI trademark in

commerce, located in Defendants' files;

Documents and communications relating to their registration of their Open AI trademark, located in Defendants' files;

Documents and communications relating to Plaintiff's awareness of Defendants' use of their Open AI trademark, located in Defendants' files.

**DISCLOSURE UNDER RULE 26(a)(1)(A)(iii) –**
**DAMAGES COMPUTATION**

Defendants seek their actual damages suffered as a result of Plaintiff's unlawful conduct, including *inter alia* the diminution in value of their trademark and of Defendants' business, and the loss of use of the open.ai domain, to the degree those damages can be quantified through discovery and/or expert testimony; disgorgement of Plaintiff's profits; a judgment trebling any damages award; punitive damages; and restitution. The computation and amount of each of these categories of damages is subject to discovery in this action. The disclosure of the identity, report, and opinions of any expert testimony on damages will be made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and Judge Gonzalez Rogers' Standing Order in Civil Cases.

Defendants reserve their right to seek an award of attorneys' fees and costs of suit as allowed by law. Defendants cannot yet compute their total costs and expenses of suit because the litigation is ongoing.

Defendants reserve their right to amend and/or supplement the foregoing response and to seek such other relief as is deemed appropriate.

**DISCLOSURE UNDER RULE 26(a)(1)(A)(iv) –**
**INSURANCE**

Defendants are not currently aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify

DEFENDANTS' SECOND AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES

10001082_1

1    or reimburse for payments made to satisfy a judgment.

2

3    Dated:  November 27, 2024

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

HALEY GUILIANO LLP

By:   */s/ Joshua M. Masur*
      Joshua M. Masur
      *Attorneys for Open Artificial Intelligence, Inc.*
      *and Guy Ravine*

6
DEFENDANTS' SECOND AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF PLACER**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Santa Clara, State of California.  My business address is 111 North Market Street, Suite 900, San Jose, California 95113.

On the date below, I served the foregoing document(s), described as **DEFENDANTS AND COUNTERCLAIMANTS OPEN ARTIFICIAL INTELLIGENCE, INC. AND GUY RAVINE'S AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES** on the interested parties in this action as follows:

Robert P. Feldman
Margret M. Caruso
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Email: bobfeldman@quinnemanuel.com
    margretcaruso@quinnemanuel.com
    qe-openai-trademark@quinnemanuel.com

Robert M. Schwartz
Aaron H. Perahia
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Email: robertschwartz@quinnemanuel.com
    aaronperahia@quinnemanuel.com

Sam S. Stake
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone: (415) 875-6600
Email: samstake@quinnemanuel.com

Dylan I. Scher (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Email: dylanscher@quinnemanuel.com

*Attorneys for OpenAI, Inc.*

Orin Snyder (*pro hac vice*)
Lefteri J. Christos
Sasha Dudding
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Email: osnyder@gibsondunn.com
    LChristos@gibsondunn.com
    SDudding@gibsondunn.com

Brian M. Lutz
Rosemarie T. Ring
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone: (415) 393-8200
Email: blutz@gibsondunn.com
    rring@gibsondunn.com
*Attorneys for OpenAI, Inc., Samuel Altman, and Gregory Brockman*

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address joshua.masur@hglaw.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the bar of this Court.

Executed on November 27, 2024, at Olympic Valley, California.

*/s/ Joshua M. Masur*
Joshua M. Masur

DEFENDANTS' SECOND AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES

10001082_1