# Bishop Declaration

# Exhibit E

1  Jason H. Wilson (Bar No. 140269)
   jwilson@willenken.com
2  Ashley L. Kirk (Bar No. 291012)
   akirk@willenken.com
3  David S. Harris (Bar No. 255557)
   dharris@willenken.com
4  Kirby Hsu (Bar No. 312535)
5  khsu@willenken.com
   WILLENKEN LLP
6  707 Wilshire Blvd., Suite 4100
   Los Angeles, California 90017
7  Telephone:  (213) 955-9240
   Facsimile:   (213) 955-9250
8

9  Attorneys for
   *Attorneys for Open Artificial Intelligence, Inc. and Guy Ravine*
10

11                          UNITED STATES DISTRICT COURT
12                        NORTHERN DISTRICT OF CALIFORNIA
13

| OPENAI, INC., a Delaware corporation, | Case No.: 4:23-cv-03918-YGR |
|---|---|
| Plaintiff, | Hon. Yvonne Gonzalez Rogers |
| v. | **DEFENDANTS AND COUNTERCLAIMANTS OPEN ARTIFICIAL INTELLIGENCE, INC. AND GUY RAVINE'S SUPPLEMENTAL RESPONSES TO PLAINTIFF AND COUNTERCLAIM-DEFENDANT OPENAI, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET FOUR** |
| OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual, | |
| Defendants. | |
| | Complaint Filed: August 4, 2023 |
| AND RELATED COUNTERCLAIMS | |

Defendants/Counterclaimants Open Artificial Intelligence, Inc. and Guy Ravine (collectively, "Defendants") hereby provide their Supplemental Responses to Plaintiff/Counterclaim Defendant OpenAI, Inc.'s ("Plaintiff") Requests for Production of Documents, Set Four (the "Requests") as follows:

## GENERAL OBJECTIONS

The following General Objections are incorporated by reference into each individual objection, whether or not specific reference to them is made. By responding to any of the Requests or failing to specifically refer to or specify any particular General Objection in response to a particular Request, Defendants do not waive any of these General Objections, or admit or concede the appropriateness of any purported Request or any assumptions contained therein.

1.     Defendants' Responses to the Requests are made according to the best present knowledge of Defendants and their current employees or agents, or other information or belief. The Responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendants' recollection, are subject to such refreshing of recollection, and such additional documents, as may result from Defendants' further discovery or investigation.

2.     Defendants object to each Request, and to the Definitions and Instructions, to the extent that they purport to impose obligations upon Defendants beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and applicable case law.

3.     Defendants reserve the right to make any use of, or to introduce at any hearing and at trial, documents responsive to the Requests, but discovered subsequent to the date of Defendants' initial production, including, but not limited to, any documents obtained in discovery herein.

4.     By stating in the Responses that Defendants will produce or are searching for responsive documents, Defendants do not represent that any such documents actually exist, but rather will make a good faith search and reasonable inquiry to ascertain whether documents responsive to the Requests do, in fact, exist and to produce such documents if they are found to

exist and are within Defendants' possession, custody, or control.

5. By stating in the Responses that Defendants will produce or are searching for responsive documents, Defendants do not represent that any such documents actually exist, but rather will make a good faith search and reasonable inquiry to ascertain whether documents responsive to the Requests do, in fact, exist and to produce such documents if they are found to exist and are within Defendants' possession, custody, or control are inadvertently produced in response to these requests, Defendants expressly reserve the right to claw them back.

6. Defendants object to the Requests, and the Definitions and Instructions that accompany them, on the grounds and to the extent they seek information or documents that are either not relevant to the subject matter of this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Defendants generally object to the Requests, and the Definitions and Instructions that accompany them, on the grounds and to the extent they are not reasonably limited with respect to time period or geography.

7. Defendants object to the Requests, and the Definitions and Instructions that accompany them, on the grounds and to the extent that they purport to require disclosure of information that does not exist or is not in Defendants' possession, custody, or control.

8. Defendants object to the Requests to the extent they fail to identify with particularity the information sought.

9. Defendants object to the Requests, and the Definitions and Instructions that accompany them, on the grounds and to the extent they seek disclosure of "all documents," or phrases of similar import, responsive to the requested categories, on the grounds that such requests are overly broad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.

10. Defendants object to the Requests, and the Definitions and Instructions that accompany them, on the grounds and to the extent they include terms or phrases that are vague, ambiguous, overbroad, unduly burdensome, and/or undefined. Defendants respond to the Requests as Defendants interpret and understand them. If Plaintiff subsequently asserts an interpretation of any Request that differs from Defendants' understanding, Defendants reserves

their rights to supplement the objections and/or responses herein. Defendants' responses shall in no way constitute an admission or acknowledgement of Plaintiff's characterization of statements made and actions taken by Defendants or other parties as set forth in the Requests.

11. Defendants object to the Requests, and the Definitions and Instructions that accompany them, on the grounds and to the extent they seek information that is already in the possession, custody, or control of Plaintiff, its attorneys, or representatives, or that is publicly available and therefore could be readily obtained by Plaintiff at its own burden and expense.

12. Defendants object to the Requests on the grounds and to the extent that they are compound, complex and contain multiple subparts.

13. Defendants object to each Request on the grounds and to the extent it assumes legal conclusions or depends on expert testimony. Defendants further object to each Request on the grounds and to the extent it would require Defendants to violate any law, regulation, standard, or obligation, including violating any obligations of confidentiality or privacy.

14. Defendants have not yet completed their investigation of the facts relating to this action, their discovery in this action, or their preparation for trial of this action. Consequently, these responses are given without prejudice to the right of any responding party to produce at the time of trial any and all subsequently discovered evidence relating to the proof of presently known material facts, and to produce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts.

15. Defendants object to the definition of "Communications" to the extent it purports to impose obligations upon Defendants beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and applicable case law. Specifically, Defendants object that the definition of "Communications" also includes any and all documents because not all documents are communications.

16. Defendants object to the definitions of "Defendants," "You," and "Your" as overbroad, unduly burdensome, irrelevant, and harassing. The definition includes "all current and former subsidiaries, parents, successors, predecessors, affiliates, assigns, joint ventures, associated organizations, directors, officers, employees, agents, consultants, staff members,

1 attorneys, volunteers, or other representatives" without any limitation to whether those have any relation or relevance to this Action.

17. Defendants object to definition number 15 as vague and ambiguous. Defined terms are marked by a specific defined use of capitalization. If the capitalization does not match the defined term, it is vague and ambiguous to the point of being unintelligible.

18. Defendants object to instructions 1, 3, 7, and 8 to the extent they differ from the draft eDiscovery stipulation agreement that Defendants have followed to date. This draft agreement has been negotiated by counsel to all Parties.

19. Defendants object to instruction 4 to the extent it purports to impose obligations beyond those imposed by the Federal Rules of Civil Procedure Rule, the Local Rules of the Northern District of California, and applicable case law. Defendants further object to the extent that material is protected by the attorney-client privilege and the attorney work product doctrine and any other applicable privileges.

20. Defendants object to the time period articulated in instruction 12 (*i.e.* January 1, 2014) as overbroad and unduly burdensome because this requires over ten and a half years of documents.

21. Defendants reserve the right to object on any ground at any time to such other or supplemental requests for production as Plaintiff may at any time propound involving or relating to the subject matter of these Requests.

**SUPPLEMENTAL OBJECTIONS AND RESPONSES TO**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 68:**

All documents and communications reflecting or referring to any financing or funding a third party provided to, offered to, negotiated about, or committed, or contemplated providing to Defendants, including any discussions concerning Google Research.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Defendants incorporate by reference the Preliminary Statement and General Objections set forth above. Defendants specifically object to this Request to the extent that it seeks

information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that it is overly broad and unduly burdensome as it appears to request Defendants to produce the contemplations of third parties regarding providing funds to Defendants. Defendants further object to this Request on the basis that the phrase "discussions concerning Google Research" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents sufficient to show discussions regarding financing to this Request, to the extent such documents exist, can be located through a reasonably diligent search, and have not already been produced.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Defendants incorporate by reference the Preliminary Statement and General Objections set forth above. Defendants specifically object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that it is overly broad and unduly burdensome as it appears to request Defendants to produce the contemplations of third parties regarding providing funds to Defendants. Defendants further object to this Request on the basis that the phrase "discussions concerning Google Research" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents and communications relating to third parties' intent to fund the Open AI Initiative and Open AI School, to the extent such documents exist, can be located through a reasonably diligent search, and have not already been produced.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and communications regarding the assignment of the trademark registration Reg. No. 5,258,002 from Ravine to Open Artificial Intelligence Inc., including any payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Defendants incorporate by reference the Preliminary Statement and General Objections set forth above. Defendants specifically object to this Request to the extent that it seeks

information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object that responsive documents are publicly available and can be accessed by Plaintiff.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce the trademark assignment.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Defendants incorporate by reference the Preliminary Statement and General Objections set forth above. Defendants specifically object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object that responsive documents are publicly available and can be accessed by Plaintiff.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce all non-privileged documents responsive to this Request to the extent such documents exist, can be located through a reasonably diligent search, and have not already been produced.

**REQUEST FOR PRODUCTION NO. 75:**

Any documents or communications reflecting or referring to commitments any potential funder, investor, board member, employee, consultant, academic, or company made regarding defendants' Open AI Initiative, including agreements or draft agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Defendants incorporate by reference the Preliminary Statement and General Objections set forth above. Defendants specifically object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that it seeks information not relevant to any party's claims or defenses in this action. Defendants further object to this Request to the extent it seeks confidential, proprietary, and private information. Defendants further object to this Request on the ground that use of the phrase "reflecting or referring to commitments" is vague and ambiguous.

Subject to and without waiving the foregoing objections:

Defendants will produce non-privileged documents sufficient to show potential investments, to the extent such documents exist, can be located through a reasonably diligent search, and were not previously produced.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Defendants incorporate by reference the Preliminary Statement and General Objections set forth above. Defendants specifically object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that it seeks information not relevant to any party's claims or defenses in this action. Defendants further object to this Request to the extent it seeks confidential, proprietary, and private information. Defendants further object to this Request on the ground that use of the phrase "reflecting or referring to commitments" is vague and ambiguous.

Subject to and without waiving the foregoing objections:

Defendant will produce all non-privileged documents and communications reflecting or referring to investments or commitments made regarding Defendants' Open AI Initiative, to the extent such documents exist, can be located through a reasonably diligent search, and have not already been produced.

Respectfully submitted,

Dated: November 1, 2024        WILLENKEN LLP

By: /s/ Jason H. Wilson
    Jason H. Wilson
    *Attorneys for Open Artificial Intelligence, Inc. and Guy Ravine*

DEFENDANTS' SUPPLEMENTAL RESPONSES TO RFPS, SET FOUR