# Bishop Declaration

# Exhibit F

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000

Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:     (415) 875-6600

Dylan I. Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000

*Attorneys for OpenAI, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>       vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>            Defendants. | Case No. 4:23-cv-03918-YGR<br><br>**PLAINTIFF OPENAI, INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS (NOS. 66-76)** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Civil Local Rule 34, Plaintiff OpenAI, Inc. ("Plaintiff" or "OpenAI") hereby request that Defendants Open Artificial Intelligence, Inc. and Guy Ravine (collectively, "Defendants") produce for inspection and copying within thirty (30) days hereof the documents set forth below at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Dr., 5th Floor, Redwood Shores, California 94065, or at a place and time as may be agreed to by counsel.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in OpenAI's Fourth Set of Requests of Production ("Requests") is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "Accused Infringing Name" means the "Open AI" name referenced in paragraph 2 of the Complaint, including Reg. No. 5,258,002, as well as variations on it without regard to spacing or punctuation, including open.ai and any stylized version thereof You have used.

2. "Action" means *OpenAI, Inc. v. Open Artificial Intelligence, Inc.*, No. 4:23-cv-03918-YGR (N.D. Cal.), filed in the U.S. District Court for the Northern District of California on August 4, 2023.

3. "Communication(s)" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("e-mail").

4. "Complaint" includes any complaint filed by Plaintiff, OpenAI, Inc., in this Action, including the Complaint filed on August 4, 2023 (Dkt. 1).

5. "Defendants," "You," or "Your" means any or all of Defendants Open Artificial Intelligence, Inc. and/or Guy Ravine and all current and former subsidiaries, parents, successors, predecessors, affiliates, assigns, joint ventures, associated organizations, directors, officers, employees, agents, consultants, staff members, attorneys, volunteers, or other representatives thereof.

6. "Defendants' Open AI Initiative" refers to Defendants' alleged "open industry wide & academia wide deep learning initiative," described in the Declaration Of Guy Ravine In Support of Defendants' Opposition To Plaintiff's Motion For Preliminary Injunction (Dkt. 38-2).

7. "Document(s)" shall Include, without limitation, all written, graphic or otherwise recorded material, Including without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, Including e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically Includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

8. "Include" and "Including" mean including without limitation.

9. "Person(s)" refers to all natural persons and all types and kinds of business or other entities, including, but not limited to, corporations, limited liability companies, partnerships, joint ventures, associations, sole proprietorships, government bodies and government agencies. Any reference to an individual person, either singularly or as part of a defined group, includes that person's employees, agents, legal and non-legal representatives, heirs, successors, assigns and any other person or entity acting on the behalf of such individual person. Any reference to a corporation or any other entity also refers to and includes any and all parents, subsidiaries, predecessors, successors, affiliates, partners, joint ventures, agents, employees, representatives, accountants,

1  investment bankers, consultants, or attorneys acting on behalf of the corporation or other entity. The
2  masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

3      10.    "Plaintiff" or "OpenAI" means Plaintiff OpenAI, Inc.

4      11.    "Ravine Declaration" means the declaration of Guy Ravine dated October 16, 2023
5  filed in this Action at Dkt. 38-2.

6      12.    "Reflecting," "Referring to," "Relating to," "Regarding" or "Concerning" or any
7  variations thereof, shall mean relating to, referring to, concerning, mentioning, reflecting, regarding,
8  pertaining to, evidencing, involving, describing, discussing, commenting on, embodying,
9  responding to, supporting, contradicting, or constituting (in whole or in part), or are between (as in
10 the context of communications), as the context makes appropriate.

11     13.    "Thing(s)" refers to any physical specimen or tangible item, including research and
12 development models, samples, prototypes and the like.

13     14.    The singular shall include the plural and vice versa, as necessary, to bring within the
14 scope of the Request all responses that might otherwise be construed to be outside its scope. "All"
15 includes "any" and vice versa; "all" includes "each" and vice versa; and "and," "or," and "and/or"
16 shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the
17 Request all responses that might otherwise be construed outside the scope.  The use any tense of a
18 word shall include all other tenses.

19     15.    All uses of a defined term shall be construed to apply to the defined term, regardless
20 of use of capitalization.

**INSTRUCTIONS**

22 Each Request in OpenAI's Second Set of Requests for Production is subject to and
23 incorporates the following instructions:

24     1.    OpenAI requests that Documents be produced in the same file or other organizational
25 environment in which they are maintained in the ordinary course of business.  For example,
26 Documents that are part of a file, docket, or grouping, shall be produced in the same order or manner
27 of arrangement as the original file, docket, or grouping.  Additionally, each Document should be
28 produced stapled, clipped, or otherwise bound or connected in the same manner as the original.  The

source(s), original custodian, and/or derivation of each Document shall be specifically identified. File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

2.  Each Document or Thing requested shall be produced in its entirety, including without limitation attachments, enclosures, cover letters, memoranda, and appendices. If a Document or Thing responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

3.  Color copies of Documents are to be produced where color is necessary to interpret or understand the contents.

4.  In answering the Requests, furnish all available information, including information in the possession, custody or control of any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators, divisions, affiliates, partnerships, parents, subsidiaries and Persons under Your control, who have the best knowledge, not merely information known to You based on Your own personal knowledge.

5.  If You cannot fully respond to the following Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Request cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such Request.

6.  All documents must be produced in accordance with the requirements of Federal Rule of Civil Procedure 34(b).

7.  All hard-copy Documents shall be produced as single-page TIFF images with accompanying document-level OCR and Concordance and Opticon load files with the following metadata fields: BegDoc, EndDoc, BegAttach, EndAttach, and Custodian (as referenced in Appendix A).

8.  Emails, MS office documents, and other electronic Documents shall be produced as single-page TIFF images except that Excel files or spreadsheets shall be produced in native format

with the native file named by the BegDoc. You shall provide extracted text/OCR data at Document level and Concordance and Opticon load files with the metadata fields provided in <u>Appendix A</u>, where applicable. Native files for all electronic Documents shall be maintained, and such files shall be produced upon request. Selection of Documents from the files and other sources, and the numbering of such Documents, shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary.

9. If Your response to a particular Request is a statement that You lack the ability to comply with that Request, You shall specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer in Your possession, custody or control, in which case You shall identify the name and address of any person or entity known or believed by You to have possession, custody or control of that information or category of information. In the event that any Document or Thing called for by these Requests has been destroyed or discarded, that Document or Thing is to be identified by stating: (a) the author(s), addressee(s), and any indicated or blind copied recipient(s); (b) the date, number of pages and attachments or appendices; (c) the subject matter; (d) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (e) the persons who were authorized to carry out such destruction or discard; and (f) whether any copies presently exist and, if so, the name of the custodian of each copy.

10. If You withhold any Document or Thing from discovery on the basis of the attorney-client privilege, work-product protection, or other ground of privilege or immunity, You shall describe in accordance with Federal Rule of Civil Procedure 26(b)(5) the claim being asserted and a description of the information withheld in a manner that will allow assessment of the applicability of the claimed privilege or immunity.

11. Your obligation to respond to these Requests is continuing, and Your responses are to be supplemented, in accordance with all requirements of Fed. R. Civ. P. 26(e).

12. Unless otherwise stated specifically herein, the time period for the Requests is January 1, 2014 through the present.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 66:**

All documents provided to, received from, or reflecting or referring to communications with any third party concerning this Action, OpenAI, Sam Altman, Greg Brockman, or Defendants' Open AI Initiative, including but not limited to Larry Page, Yann LeCun, Tom Gruber, Peter Norvig, Alon Halvey, Jan Tallinn, Nick Bostrom, Sebastian Thurn, Patrick Collison, Richard Socher, Daniel Kokotaijlo, and anyone associated with Alphabet or Apple.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and communications with any third party, including but not limited to Tom Gruber, Daniel Kokotaijlo, and Yann LeCun, concerning OpenAI, Sam Altman, Greg Brockman, or any pleading or filing in this Action.

**REQUEST FOR PRODUCTION NO. 68:**

All documents and communications reflecting or referring to any financing or funding a third party provided to, offered to, negotiated about, or committed, or contemplated providing to Defendants, including any discussions concerning Google Research.

**REQUEST FOR PRODUCTION NO. 69:**

Documents sufficient to show all incorporation documents or 501(c)(3) registrations You have received or filed relating to Defendants' Open AI Initiative or an AI school.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and communications regarding the assignment of the trademark registration Reg. No. 5,258,002 from Ravine to Open Artificial Intelligence Inc., including any payment.

**REQUEST FOR PRODUCTION NO. 71:**

All documents evidencing Ravine's inventions or evidencing that Ravine came up with breakthrough ideas that led to technologies used today by billions of people.

**REQUEST FOR PRODUCTION NO. 72:**

All documents reflecting Ravine's deep thoughts or deep thinking about artificial intelligence.

**REQUEST FOR PRODUCTION NO. 73:**

All documents and communications relating to what Ravine claims to be his first company, an AI startup providing a talkative retrieval bot over the internet, which afterwards transformed into a web traffic prediction system.

**REQUEST FOR PRODUCTION NO. 74:**

Any term sheets or disclosures regarding investment related to Defendants' Open AI Initiative.

**REQUEST FOR PRODUCTION NO. 75:**

Any documents or communications reflecting or referring to commitments any potential funder, investor, board member, employee, consultant, academic, or company made regarding Defendants' Open AI Initiative, including agreements or draft agreements.

**REQUEST FOR PRODUCTION NO. 76:**

All announcements or drafts of announcements regarding Defendants' Open AI Initiative prepared, edited, or reviewed between October 2015 and February 2016.

DATED: May 30, 2024                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/  *Margret M. Caruso*
Margret M. Caruso
*Attorneys for OpenAI, Inc.*

# APPENDIX A

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| BegDoc | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| EndDoc | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| BegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| EndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodians | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| DateSent | Date (mm/dd/yyyy) | | | Date message sent |
| DateReceived | Date (mm/dd/yyyy) | | | Date message received |

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| DateCreated | Date/Time (mm/dd/yyyy) | | Date file was created | |
| DateModified | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Author | Text - paragraph | | Document author from metadata | |
| Confidentiality | Single choice | Designation branded onto the document | Designation branded onto the document | Designation branded onto the document |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on May 30, 2024.

*/s/ Dylan I. Scher*
Dylan I. Scher