

1   Jason H. Wilson (Bar No. 140269)
    jwilson@willenken.com
2   Ashley L. Kirk (Bar No. 291012)
    akirk@willenken.com
3   David S. Harris (Bar No. 255557)
    dharris@willenken.com
4   Breeanna N. Brewer (Bar No. 312269)
    bbrewer@willenken.com
5   Michelle K. Millard (Bar No. 298245)
    mmillard@willenken.com
6   WILLENKEN LLP
7   707 Wilshire Blvd., Suite 4100
    Los Angeles, California 90017
8   Facsimile:  (213) 955-9250

9   Attorneys for Defendants and Counterclaimants
    OPEN ARTIFICIAL INTELLIGENCE, INC.
10  and GUY RAVINE

Joshua M. Masur (Bar No. 203510)
joshua.masur@hglaw.com
HALEY GUILIANO LLP
111 North Market Street, Suite 900
San Jose, California 95113
Telephone:  (669) 213-1056

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          OAKLAND DIVISION

14

15  OPENAI, INC., a Delaware corporation,        Case No.: 4:23-cv-03918-YGR

16                Plaintiff,                      Assigned to the Hon. Yvonne Gonzalez Rogers

17  v.                                            **REDACTED DECLARATION OF
                                                  BREEANNA N. BREWER**
18  OPEN ARTIFICIAL INTELLIGENCE, INC.,
    a Delaware corporation; and GUY RAVINE,
19  an individual,

20                Defendants.

21  OPEN ARTIFICIAL INTELLIGENCE, INC.,
    a Delaware corporation; and GUY RAVINE,
22  an individual,

23                Counterclaimants,

24  v.

25  OPENAI, INC., a Delaware corporation;
    SAMUEL ALTMAN, an individual; and
26  GREGORY BROCKMAN, an individual,

27                Counterclaim-Defendants.

28

1032168.1

## DECLARATION OF BREEANNA N. BREWER

I, Breeanna N. Brewer, declare as follows:

1.    I am an attorney duly admitted to practice before this Court and am an associate at Willenken LLP, counsel for Defendants Open Artificial Intelligence, Inc. and Guy Ravine ("Defendants") in the above-captioned action. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2.    Attached hereto as **Exhibit 1** is a true and correct copy of Defendants' Requests for Production of Documents to Plaintiff OpenAI, Inc. ("Plaintiff") (Set One) (the "RFPs (Set One)") served on February 8, 2024.

3.    Attached hereto as **Exhibit 2** is a true and correct copy of Defendant and Counterclaimant Open Artificial Intelligence, Inc.'s Requests for Production of Documents  (Set Two) (the "RFPs (Set Two)") served on June 24, 2024. Collectively the RFPs (Set One) and RFPs (Set Two) are referred to as "the RFPs."

4.    Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiff's Responses to the RFPs (Set One) served on March 11, 2024.

5.    Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiff's Responses to the RFPs (Set Two) served on August 1, 2024.

6.    Attached hereto as **Exhibit 5** is a true and correct copy of Defendants' meet-and-confer letter dated November 24, 2024 (the "November 24 letter") detailing the deficiencies in Plaintiff's discovery responses, including responses to the RFPs, and corresponding document production.

7.    I attended a subsequent video conference on November 27, 2024, with Plaintiff and Counterclaim-Defendants (Margret Caruso, Aaron Perahia, Dylan Scher, and Rosemary Ring) and counsel for Defendants (Jason Wilson, David Harris, and Josh Masur). During that videoconference counsel for Plaintiff agreed to produce additional documents and speak with a client representative about the deficient discovery responses as outline in the November 24 letter.

8.    I personally have reviewed the documents that Plaintiff has produced in this

1032168.1

1  matter. As of November 24, 2024, Plaintiff had only produced approximately 877 documents,

2  which consisted of approximately 23 internal email threads, filings from this case, and mostly

3  nonresponsive screenshots of publicly available websites post-dating this action. Between

4  December 3, 2024 and December 13, 2024, Plaintiff produced approximately 4,985 additional

5  documents spanning approximately 17,867 pages. This means that approximately 80% of

6  Plaintiff's documents were produced on December 3, 2024, or later.

7      9.      Attached hereto as **Exhibit 6** is a true and correct copy of emails that counsel for

8  Defendants sent to counsel for Plaintiff requesting to meet and confer over Plaintiff's discovery

9  responses and corresponding production of documents on November 24, November 25,

10  November 26, November 27, December 5, December 6, and December 12.

11      10.     On December 3, 2024, Plaintiff produced three volumes of documents totaling

12  approximately 4,110 documents. I have personally reviewed the documents produced.

13  Approximately 3,199 documents in that production consisted of .jpg and .mp4 files, which

14  appear to be publicly available articles/images and Plaintiff's social media posts (YouTube

15  videos, Instagram posts, etc.).

16      11.     In that production Plaintiff produced two brand awareness and perception studies

17  dated October 2023 and May 2024 (OPENAI_RAV-00013428, OPENAI_RAV-00013464) that

18  show

19

20      . Attached hereto as **Exhibit 7** is a

21  true and correct copy of the October 2023 survey Bates stamped OPENAI_RAV-00013464.

22  Attached hereto as **Exhibit 8** is a true and correct copy of the May 2024 survey Bates stamped

23  OPENAI_RAV-00013428.

24      12.     Attached hereto as **Exhibit 9** is a true and correct copy of relevant excerpts of the

25  rough deposition transcript of Plaintiff's 30(b)(6) witness James Dyett taken on December 10,

26  2024. Relevant excerpts of Mr. Dyett's testimony about

27      (OPENAI_RAV-00013464) are highlighted on pages 157 through 166 of the rough

28

DECLARATION OF BREANNA N. BREWER

1032168.1

transcript attached as Exhibit 9. Relevant excerpts of Mr. Dyett's testimony about ████████ ████████████████████ (OPENAI_RAV-00013428) are highlighted on pages 167 through 168 and pages 170 through 176 of the rough transcript attached as Exhibit 9. Relevant excerpts of Mr. Dyett's testimony ████████████████████████████████████ ████████████████████ are highlighted on pages 168 through 169 of the rough transcript attached as Exhibit 9. Plaintiff never produced the ████████████████████████ ████████████████ *See* Ex. 8 at OPENAI_RAV-00013429. Plaintiff never produced the ████████████████████████████████████ *See* Ex. 9 at 169.

13.    Attached as **Exhibit 10** is a true and correct copy of a letter dated December 18, 2024 that Defendants sent to Plaintiff summarizing the December 16 and 17 videoconference meet-and-confers and the parties' positions on all of the outstanding issues with Plaintiff's discovery responses and document production. Lead counsel for Plaintiff and Defendants, as well as others from their firms, had a further videoconference on December 18. I attended that videoconference. During that videoconference Plaintiff refused to search for other documents related to any brand perception or marketing surveys.

14.    Attached as **Exhibit 11** is a true and correct copy of a document produced by Plaintiff on December 3, 2024 Bates stamped OPENAI_RAV-00014287. ████████████████ ████████████████████████████████████████ ████████████████████████████ Plaintiff did not explain why this document had not been collected and produced during its prior searches for and production of responsive documents.

15.    Attached hereto as **Exhibit 12** is a true and correct copy of relevant excerpts of the certified deposition transcript of Plaintiff's 30(b)(6) witness Rebecca McCurry taken on December 6, 2024. Relevant excerpts of Ms. McCurry's testimony related to ████████████ ████████████████████████████████████ ████████████████████████████████████ ████ are highlighted on pages 18 through 31, and 75 of the transcript attached as Exhibit 12.

1    Relevant excerpts of Ms. McCurry's testimony at approximately 10:08 a.m. related to

2    ███████████████████████████████████████████ are highlighted on page 32 of the

3    transcript attached as Exhibit 12. Relevant excerpts of Ms. McCurry's testimony discussing

4    ██████████████████████████ are highlighted on pages 95 through 96 of the transcript

5    attached as Exhibit 12. Relevant excerpts of Ms. McCurry's testimony discussing ███

6    ████████████████████████████████████████████████

7    ███████████████████████████ are highlighted on pages 106 and 120 through 121 of

8    the transcript attached as Exhibit 12

9        16.    In the middle of Ms. McCurry's testimony, ████████████████████

10   ██████████████████████████████ Plaintiff produced a document

11   prepared by Pirky Barber about ███████████████████████████████████

12   █████████████████████████████ Plaintiff never explained why such a

13   document had not been previously collected and/or produced when it ████████████

14   ██████████. It appears that a proper search for responsive documents from Pirky Barber was

15   never completed; instead collections were happening during her deposition to produce

16   documents she testified about. Attached hereto as **Exhibit 13** is a true and correct copy of an

17   email from Plaintiff's counsel dated December 6, 2024 at 1:18 p.m. producing the document

18   Bates stamped OPENAI_RAV-00017801.

19       17.    After Ms. McCurry's deposition, Plaintiff produced some of the documents

20   referred to in Ms. McCurry's deposition. Specifically, Plaintiff produced some Corsearch reports

21   generated in December 2024. Attached hereto as **Exhibit 14** is a true and correct copy of a

22   document Bates stamped OPEN_AI-RAV-00022369, which is one of the Corsearch watch alert

23   reports Plaintiff produced. Plaintiff did not explain why documents were never collected or

24   produced from Ms. McCurry or her firm Pirkey Barber. Plaintiff did not produce any of the

25   cover letters for any Corsearch report. It appears that Plaintiff did not produce any Corsearch

26   reports for Defendants' trademark for "Open AI" U.S. Registration No. 5258002. During the

27   December 18 videoconference, Plaintiff refused to produce other relevant documents that Ms.

28

1032168.1

1    McCurry revealed exist, including cover emails relating to Corsearch alerts she and Pirkey

2    Barber received about conflicting trademarks including Defendants' Open AI. According to Ms.

3    McCurry's testimony ███████████████████████████████████████████████

4    *See* Ex. 12 at 21. Therefore, in order to have records beyond 180 days, Plaintiff would need to

5    collect emails and/or other records from Ms. McCurry.

6        18.    After Ms. McCurry's deposition, Plaintiff produced a handful of emails sent to the

7    uspto@openai.com email address that was referred to during her deposition. Plaintiff never

8    explained why its initial search for and production of responsive documents did not include these

9    emails. After Ms. McMcurry's deposition and testimony about Chris Clark, Plaintiff also

10    produced a handful of emails from Chris Clark. Attached hereto as **Exhibit 15** is a true and

11    correct copy of a document Bates stamped OPENAI_RAV-00022197, which is ███████████

12    ████████████████████████████████████████████████████████████████

13    ██████████████████████████████████

14        I declare under penalty of perjury under the laws of the United States of America that the

15    foregoing is true and correct. Executed on December 19, 2024, at Los Angeles, California

16

17                        */s/ Breeanna N. Brewer*
                        Breeanna N. Brewer

18

19

20

21

22

23

24

25

26

27

28

1032168.1