1 | Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
2 | Paul S. Chan - State Bar No. 183406
    pchan@birdmarella.com
3 | Kate S. Shin - State Bar No. 279867
    kshin@birdmarella.com
4 | Cameron R. Partovi - State Bar No. 319589
    cpartovi@birdmarella.com
5 | BIRD, MARELLA, RHOW, LINCENBERG,
DROOKS & NESSIM, LLP
6 | 1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
7 | Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Open Artificial
Intelligence, Inc. and Guy Ravine

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| OPENAI, INC., a Delaware corporation, | CASE NO. 4:23-cv-03918-YGR |
| Plaintiff, | **DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF OPENAI, INC. (SET ONE)** |
| vs. | |
| OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual, | Assigned to Hon. Yvonne Gonzalez Rogers |
| Defendants. | Date Complaint Filed: August 4, 2023 |

PROPOUNDING PARTY:    DEFENDANTS OPEN ARTIFICIAL INTELLIGENCE AND GUY RAVINE

RESPONDING PARTY:    PLAINTIFF OPENAI, INC.

SET NO.:    ONE

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Open Artificial Intelligence, Inc. and Guy Ravine request that Plaintiff OpenAI, Inc. produce documents responsive to these requests, including non-identical copies, within the time allotted under the Federal Rules of Civil Procedure.

# I

# DEFINITIONS

1. "DEFENDANTS' MARK" means the "Open AI" name referenced in paragraph 2 of the Complaint, including Reg. No. 5,258,002, as well as variations on it without regard to spacing or punctuation, including "open.ai" and any stylized version thereof Defendants have used.

2. "PLAINTIFF'S WORD MARK" shall mean the name "OpenAI" as referenced in Paragraph 2 of the Complaint.

3. "PLAINTIFF'S COMPOSITE LOGO MARK" shall mean the composite logo depicted in Paragraph 20 of the Complaint.

4. "YOU" or "YOUR" shall mean and refer to plaintiff OpenAI, Inc. and all of its affiliates and predecessors, including, without limitation, any PERSONS acting on its behalf and/or under its control, including, but not limited to, Sam Altman, Greg Brockman, and Ilya Sutskever.

5. "DEFENDANTS" mean the named defendants in this case, Guy Ravine ("Ravine") and Open Artificial Intelligence, Inc. ("OAI").

6. "COMPLAINT" includes the operative complaint YOU filed on August 4, 2023 (Dkt. 1).

7. "USPTO" means the United States Patent and Trademark Office.

8. "COMMUNICATION(S)" means any and all contact whatsoever, whether by oral, written, or electronic means, whether directly or indirectly, in any nature whatsoever, including, but not limited to, any correspondences, face-to-face conversation, telephonic conversation, electronic transmission, telegraph, telex, telecopier, facsimile, internet, Skype, FaceTime, online service, electronic mail, or other media.

9. "DOCUMENT" or "DOCUMENTS" is used in its broadest sense in conjunction with Fed. R. Civ. P. 34 and shall mean all materials defined as "writings" and including but not limited to: all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, computer files and programs, tapes, cassettes, discs, recordings, including metadata, and all stored compilations of information of any kind that may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them). DOCUMENTS include all written or electronically transmitted COMMUNICATIONS. All DOCUMENTS are to be produced in native format.

10. "PERSON" includes any natural person, corporation, partnership, firm, association, organization, business, trust group, governmental entity, quasi-public entity, and any other form of legal entity, including their directors, officers, employees, subsidiaries, affiliates, related entities, and agents.

11. "RELATED TO", "RELATING TO", and "RELATED TO" shall mean and refer to constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, tending to support or refute, referring to or dealing with, or in any way pertaining to, in whole or in part.

## II

## INSTRUCTIONS

1. Requests for production include all DOCUMENTS in YOUR possession, custody or control, including documents in the possession of your agents, employees, partners, representatives and/or investigators, or by your attorneys or their agents, employees, representatives or investigators.

2. A request for the production of a DOCUMENT shall call for the production of the entire DOCUMENT and not for portions thereof.

3. A request for the production of a DOCUMENT shall call for the production of the original DOCUMENT or copy of the original and any non-identical copies of the original.

4. All DOCUMENTS should be produced in the same order as they are kept or maintained by YOU in the ordinary course of business, or the DOCUMENTS should be organized and labeled to correspond to the categories of the DOCUMENTS requested below. If the requested documents are maintained in a file, the file folder is included in the request.

5. When a responsive document is stored in any computer medium, YOU are instructed to produce the document as it is kept in the ordinary course and in its native electronic or computer file format. All electronic documents and documents stored on any computer disk, tape, flash memory, or other computer medium shall be produced in a removable storage media.

6. If YOU object in whole or in part to any of the following Requests, please state in complete detail the basis for YOUR objection and all facts upon which YOU rely to support YOUR objection. In addition, YOU are requested to identify all DOCUMENTS for which YOU are interposing any objection.

7. If YOU cannot comply with any of the following Requests in full after exercising due diligence to secure the DOCUMENTS, so state and produce to the extent possible. Specify YOUR inability to produce the remainder and state whatever

information or knowledge YOU may have regarding the unproduced DOCUMENTS and all steps taken to secure the same.

8. Whenever a document is not produced in full, state with particularity the reason it is not being produced in full, and describe, to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the DOCUMENT that were not produced.

9. Whenever YOU are unable to state a full response or fully produce DOCUMENTS in response to these discovery requests based upon YOUR own personal knowledge and what is in your possession, custody or control, YOU are instructed to so state, and instead respond (and produce DOCUMENTS) to the extent possible what YOU believe the correct response to be and the DOCUMENTS upon which you base YOUR response, and identify those persons or entities YOU believe to have the remaining DOCUMENTS which you are not producing.

10. If any DOCUMENT called for by these requests for production is withheld under claim of the attorney-client privilege, the work product doctrine, or any other privilege or immunity, YOU are required to furnish a privilege log with YOUR response with the following information about the DOCUMENT:

 (a) the identity of the document and a description of the general nature of each DOCUMENT for which the claim of privilege or immunity is asserted;

 (b) the date, author(s), addressees, all known recipients or parties for whom the document was intended, including persons to whom copies were furnished, together with their job titles, subject matter, DOCUMENT length, the present location and custodian of the DOCUMENT; and

 (c) each and every basis on which claim of privilege or immunity is asserted, and the specific request(s) to which the DOCUMENT is responsive.

11. With respect to any and all DOCUMENTS requested herein that are claimed to have been destroyed or are otherwise no longer in YOUR possession, custody or control, furnish a list with the following information for each such DOCUMENT:

1        (a)    the nature, source and date of the DOCUMENT;

2        (b)    a description of the DOCUMENT'S subject matter;

3        (c)    the name and address of each recipient of the original or a copy of the DOCUMENT, together with the date or the approximate date when each recipient received the DOCUMENT;

      (d)    all names and addresses of all other persons to whom the contents of the DOCUMENT have been disclosed, the date such disclosure took place, and the names of such disclosure;

      (e)    the date the DOCUMENT was destroyed, the person who ordered or authorized such destruction; the reason for the DOCUMENT'S destruction and the policy or authority for the same; and

      (f)    the custodian of the DOCUMENT on the date of destruction.

If no responsive documents exist for any particular Request, YOU should specifically state that no responsive documents exist.

## III

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and either Defendant since January 1, 2013.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS sent by YOU to either DEFENDANT since January 1, 2013.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS YOU received from either DEFENDANT since January 1, 2013.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS RELATING TO DEFENDANTS' MARK.

**REQUEST FOR PRODUCTION NO. 5:**

All other DOCUMENTS and COMMUNICATIONS RELATING TO either DEFENDANT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS RELATING TO DEFENDANTS' prior and current websites, including, but not limited to, www.open.ai.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the USPTO's actions and decisions concerning either DEFENDANT and/or DEFENDANTS' MARK.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the USPTO's actions and decisions concerning PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR attempt to register PLAINTIFF'S WORD MARK and PLAINTIFF'S COMPOSITE LOGO MARK the USPTO, including, but not limited to, all applications and specimens YOU submitted to the USPTO.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS and COMMUNICATIONS sufficient to identify how and when YOU first became aware of DEFENDANTS' MARK.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR efforts to protect PLAINTIFF'S WORD MARK and PLAINTIFF'S COMPOSITE LOGO MARK against any potential, perceived, or actual infringement.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR efforts to mitigate any harms to PLAINTIFF'S WORD MARK and PLAINTIFF'S COMPOSITE

LOGO MARK caused by any potential, perceived, or actual infringement.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all screenshots YOU have taken RELATING TO either DEFENDANT or DEFENDANTS' MARK.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that YOU are the senior user of the "OpenAI Marks," as alleged in paragraph 2 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the alleged "deception to the USPTO" by DEFENDANTS, as referenced in paragraph 40 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that Ravine could not have shown use for DEFENDANTS' MARK as of the date of his application to the USPTO because he had not used it in commerce, as alleged in paragraph 41 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that Ravine's choice of the name "Open Artificial Intelligence Inc." attempted to confuse the public, as alleged in paragraph 43 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that neither DEFENDANT used DEFENDANTS' MARK as a trademark, as alleged in paragraph 44 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that DEFENDANTS redirected their website visitors to www.openai.com, creating the

1  inaccurate appearance that the two websites were officially connected, as alleged in
2  paragraph 45 of the COMPLAINT.

3  **REQUEST FOR PRODUCTION NO. 20:**

4  All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention
5  that Ravine has not taken any affirmative steps to use DEFENDANTS' MARK in
6  connection with goods or services in commerce, as alleged in paragraph 50 of the
7  COMPLAINT.

8  **REQUEST FOR PRODUCTION NO. 21:**

9  All DOCUMENTS and COMMUNICATIONS RELATING TO the website titled
10 "CryptoArt" referenced in paragraph 51 of the COMPLAINT.

11 **REQUEST FOR PRODUCTION NO. 22:**

12 All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention
13 that DEFENDANTS' current website has caused actual confusion, as alleged in paragraph
14 53 of the COMPLAINT.

15 **REQUEST FOR PRODUCTION NO. 23:**

16 All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention
17 that DEFENDANTS have never offered in commerce the services covered by
18 DEFENDANTS' MARK, as alleged in paragraph 54 of YOUR COMPLAINT.

19 **REQUEST FOR PRODUCTION NO. 24:**

20 All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention
21 that DEFENDANTS are maintaining the supplemental registration in DEFENDANTS'
22 MARK with the intent to profit off of YOUR use of YOUR "own OpenAI Marks," as
23 alleged in paragraph 55 of the COMPLAINT.

24 **REQUEST FOR PRODUCTION NO. 25:**

25 All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention
26 that DEFENDANTS engaged in fraud during the registration process for DEFENDANTS'
27 MARK as alleged in paragraph 55 of the COMPLAINT.

28

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS and COMMUNICATIONS RELATING TO "Ravine's Letters of Protest" referenced in paragraph 57 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that YOU have "nationwide, common law rights in the OpenAI Marks senior to any legitimate rights that Defendants may have," as alleged in paragraph 59 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "Defendants are using [DEFENDANTS' MARK] in a manner that is likely to cause confusion," as alleged in paragraph 60 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that DEFENDANTS' use of DEFENDANTS' MARK "is intended to reap the benefit of the goodwill in the OpenAI Marks and constitute unfair competition and false designation of origin," as alleged in paragraph 61 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that DEFENDANTS' "conduct is intentional, willful, deliberate, in bad faith, and undertaken with knowledge of OpenAI's prior rights in the OpenAI Marks," as alleged in paragraph 67 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "Defendants' procurement of [DEFENDANTS' MARK] included one or more material false representation," as alleged in paragraph 73 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention

that "Ravine had no bona fide use of [DEFENDANTS' MARK]," as alleged in paragraph 78 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "[n]either Defendant has made continuous use of their Mark and neither has acquired or maintained the goodwill associated with any rights they may have been assigned in the Mark," as alleged in paragraph 79 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "Defendants have used www.open.ai to redirect visitors from that domain name to the domain name and website of OpenAI," as alleged in paragraph 84 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "Defendants misrepresented to consumers that the parties' services originate from the same source," as alleged in paragraph 86 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that DEFENDANTS' MARK is subject to cancellation, as alleged in paragraphs 81 and 88 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any and all injuries and damages YOU claim to have suffered as a result of DEFENDANTS' alleged conduct.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR selection and/or meaning of the PLAINTIFF WORD MARK, the PLAINTIFF COMPOSITE LOGO MARK, and the "OpenAI" name, including who chose them, when, and why, trademark searches conducted and analyses performed, focus groups, surveys, perception studies,

presentations, or memoranda.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any questions or confusion about the source, origin, connection, affiliation, sponsorship or association between PLAINTIFF'S WORD MARK, PLAINTIFF'S COMPOSITE LOGO MARK, or YOUR goods and services (such as ChatGPT or DALL·E), on the one hand, and DEFENDANTS, DEFENDANTS' website, or DEFENDANTS' MARK, on the other.

**REQUEST FOR PRODUCTION NO. 40:**

DOCUMENTS sufficient to show the demographics of YOUR customers or targeted customers, such as age, language, geographic location, gender, or preferred teams, in connection with PLAINTIFF'S WORD MARK, PLAINTIFF'S COMPOSITE LOGO MARK or YOUR website (www.openai.com) at any time.

**REQUEST FOR PRODUCTION NO. 41:**

DOCUMENTS sufficient to identify the operational dates of YOUR website's (www.openai.com) functionality.

**REQUEST FOR PRODUCTION NO. 42:**

DOCUMENTS sufficient to identify all goods and services YOU offer, have offered, or intend to offer, where (a) PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK was placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or on documents associated with the goods or their sale, or (b) PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK was used or displayed in the sale or advertising of the services, and the date ranges of such uses.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS and COMMUNICATIONS relating to YOUR efforts, or consideration or rejection of efforts, to address any illicit, illegal, or inappropriate content generated by YOUR website, www.openai.com.

**REQUEST FOR PRODUCTION NO. 44:**

YOUR initial incorporation papers.

**REQUEST FOR PRODUCTION NO. 45:**

DOCUMENTS sufficient to identify YOUR corporate structure and corporate names used at all times.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR responses to DEFENDANTS' Requests for Admission (Set 1) propounded on YOU.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 48:**

DOCUMENTS sufficient to identify any other trademark disputes YOU, or any PERSON affiliated with YOU, have been involved in (e.g., as a complainant, applicant, petitioner, defendant, or target) and the outcome or final disposition thereof (e.g., judgment, order, or verdict).

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS relating to each functionality of every good or service that You offer, including when each functionality became operational and (if applicable) was terminated.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS sufficient to identify how many people used each type of functionality for every good or service that You offer (by month and year).

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS relating to any association between DEFENDANTS' MARK and inappropriate content, including but not limited to racist or pornographic content.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS relating to any association between PLAINTIFF's WORD

MARK or PLAINTIFF'S COMPOSITE LOGO MARK with inappropriate content, including but not limited to racist or pornographic content.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS and COMMUNICATIONS relating to YOUR purchase of the openai.com domain name.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS and COMMUNICATIONS relating to the transfer to YOU of the openai.com domain.

DATED: February 8, 2024

Ekwan E. Rhow
Paul S. Chan
Kate S. Shin
Cameron R. Partovi
BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP

By: _____
Cameron R. Partovi
Attorneys for Defendants Open Artificial Intelligence, Inc. and Guy Ravine


# PROOF OF SERVICE

***OpenAI, Inc. v. Open Artificial Intelligence, Inc. et al.***
**Case No. 4:23-cv-03918-YGR**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067-2561.

On February 8, 2024, I served the following document(s) described as **DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF OPENAI, INC. (SET ONE)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address mhicks@birdmarella.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 8, 2024, at Los Angeles, California.

_____
Michelle M. Hicks

**SERVICE LIST**
*OpenAI, Inc. v. Open Artificial Intelligence, Inc. et al.*
**Case No. 4:23-cv-03918-YGR**

| | |
|---|---|
| Margret M. Caruso<br>Robert P. Feldman<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Email: margretcaruso@quinnemanuel.com<br>Email: bobfeldman@quinnemanuel.com<br>**Counsel for Plaintiff OpenAI, Inc.** | Robert M. Schwartz<br>Aaron H. Perahia<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Fl.<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000<br>Email: robertschwartz@quinnemanuel.com<br>Email: aaronperahia@quinnemanuel.com<br>**Counsel for Plaintiff OpenAI, Inc.** |
| Sam S. Stake<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Email: samstake@quinnemanuel.com<br>**Counsel for Plaintiff OpenAI, Inc.** | Dylan I Scher<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Ave., 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7492<br>Email: dylanscher@quinnemanuel.com<br>**Counsel for Plaintiff OpenAI, Inc.** |