Ryan G. Baker (Bar No. 214036)
  rbaker@waymakerlaw.com
Scott M. Malzahn (Bar No. 229204)
  smalzahn@waymakerlaw.com
Jose R. Nuño (Bar No. 312832)
  jnuno@waymakerlaw.com
Norma P. Rojas-Castro (Bar No. 339087)
  projas-castro@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone:   (424) 652-7800
Facsimile:    (424) 652-7850

*Attorneys for Defendants and Counterclaimants
Guy Ravine & Open Artificial Intelligence, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>Defendants. | Case No. 4:23-cv-3918<br><br>**DEFENDANT AND COUNTERCLAIMANT OPEN ARTIFICIAL INTELLIGENCE, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF OPENAI, INC. (SET TWO)** |
| OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation and GUY RAVINE, an individual,<br><br>Counterclaimants,<br><br>vs.<br><br>OPENAI, INC., a Delaware corporation; SAMUEL ALTMAN, an individual; AND GREGORY BROCKMAN, an individual,<br><br>Counterclaim-Defendants. | |

1  Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant and Counterclaimant
2  Open Artificial Intelligence, Inc. hereby requests that Plaintiff and Counterdefendant OpenAI, Inc.
3  produce documents responsive to these requests, including non-identical copies, within the time
4  allotted under the Federal Rules of Civil Procedure.

## I

## DEFINITIONS

7  1. "ACTION" refers to this case captioned *OpenAI, Inc. v. Open Artificial*
8  *Intelligence, Inc. et al*, Case No. 4:23-cv-3918-YGR.

9  2. "BLOG ANNOUNCEMENT" shall mean the announcement made by Greg
10  Brockman, Ilya Sutskever, and OpenAI on December 15, 2015 as seen here:
11  https://openai.com/index/introducing-openai/

12  3. "COMMUNICATION(S)" means any and all contact whatsoever, whether by oral,
13  written, or electronic means, whether directly or indirectly, in any nature whatsoever, including,
14  but not limited to, any correspondences, face-to-face conversation, telephonic conversation,
15  electronic transmission, telegraph, telex, telecopier, facsimile, internet, Skype, FaceTime, online
16  service, electronic mail, or other media.

17  4. "COMPLAINT" includes the operative complaint YOU filed on August 4, 2023.
18  *See* Dkt. No 1.

19  5. "DEFENDANTS" mean the named defendants in this case, Guy Ravine and Open
20  Artificial Intelligence, Inc., including their agents, representatives, attorneys and other PERSONS
21  acting on their behalf.

22  6. "DEFENDANTS' MARK" means the "Open AI" name referenced in paragraph 2
23  of the Complaint, including Reg. No. 5,258,002, as well as variations on it without regard to
24  spacing or punctuation, including "open.ai" and any stylized version thereof Defendants have
25  used.

26  7. "DOCUMENT" or "DOCUMENTS" is used in its broadest sense in conjunction
27  with Fed. R. Civ. P. 34 and shall mean all materials defined as "writings" and including but not
28  limited to: all writings and recordings, including the originals and all non-identical copies, whether

1  different from the original by reason of any notation made on such copies or otherwise (including
2  but without limitation to, email and attachments, correspondence, memoranda, notes, diaries,
3  minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels,
4  invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books,
5  interoffice and intraoffice communications, offers, notations of any sort of conversations, working
6  papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts,
7  teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and
8  amendments of any of the foregoing), graphic or aural representations of any kind (including
9  without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion
10 pictures, plans, drawings, surveys), and electronic, computer files and programs, tapes, cassettes,
11 discs, recordings, including metadata, and all stored compilations of information of any kind that
12 may be retrievable (such as, but without limitation, the content of computer memory or
13 information storage facilities, and computer programs, and any instructions or interpretive
14 materials associated with them). DOCUMENTS include all written or electronically transmitted
15 COMMUNICATIONS. All DOCUMENTS are to be produced in native format.

16    8.    "PERSON" includes any natural person, corporation, partnership, firm, association,
17 organization, business, trust group, governmental entity, quasi-public entity, and any other form of
18 legal entity, including their directors, officers, employees, subsidiaries, affiliates, related entities,
19 and agents.

20    9.    "PLAINTIFF'S COMPOSITE LOGO MARK" shall mean the composite logo
21 including a symbol and the words "OpenAI" as depicted in Paragraph 20 of the COMPLAINT.

22    10.   "PLAINTIFF'S WORD MARK" shall mean the name "OpenAI" as referenced in
23 Paragraph 18 of the COMPLAINT.

24    11.   "PUBLIC LETTER" shall mean the open letter written by OpenAI employees
25 available at: https://righttowarn.ai/

26    12.   "RELATED TO", "RELATING TO", and "RELATED TO" shall mean and refer
27 to constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying,
28

stating, tending to support or refute, referring to or dealing with, or in any way pertaining to, in whole or in part.

13. "SWAIN DECLARATION" shall mean the Declaration of Dr. Scott D. Swain in Support of OpenAI, Inc.'s Motion for a Preliminary Injunction filed in this ACTION. *See* Dkt. No. 24.

14. "UNIVERSE" refers to a school for artificial intelligence or software platform purportedly offered by YOU.

15. "USPTO" means the United States Patent and Trademark Office.

16. "YOU", "YOUR", or "PLAINTIFF" refers to plaintiff OpenAI, Inc. and all of its affiliates and predecessors, including, its agents, representatives, attorneys, and others acting on its behalf (specifically including Samuel Altman, Gregory Brockman, and Ilya Sutskever).

17. "YOUR WEBSITE" shall mean and refer to only openai.com.

## II

## INSTRUCTIONS

1. Requests for production include all DOCUMENTS in YOUR possession, custody or control, including documents in the possession of your agents, employees, partners, representatives and/or investigators, or by your attorneys or their agents, employees, representatives or investigators.

2. A request for the production of a DOCUMENT shall call for the production of the entire DOCUMENT with family documents and not portions thereof.

3. A request for the production of a DOCUMENT shall call for the production of the original DOCUMENT or copy of the original and any non-identical copies of the original.

4. All DOCUMENTS should be produced in the same order as they are kept or maintained by YOU in the ordinary course of business, or the DOCUMENTS should be organized and labeled to correspond to the categories of the DOCUMENTS requested below. If the requested documents are maintained in a file, the file folder is included in the request.

1  5. Electronic documents are to be produced in accordance with the ESI discovery
2 stipulation in this case.
3  6. If YOU object in whole or in part to any of the following Requests, please state in
4 complete detail the basis for YOUR objection and all facts upon which YOU rely to support
5 YOUR objection. In addition, YOU are requested to identify all DOCUMENTS for which YOU
6 are interposing any objection.
7  7. Unless otherwise stated, the date range for all requests is January 1, 2015 to
8 present.
9  8. If YOU cannot comply with any of the following Requests in full after exercising
10 due diligence to secure the DOCUMENTS, so state and produce to the extent possible. Specify
11 YOUR inability to produce the remainder and state whatever information or knowledge YOU may
12 have regarding the unproduced DOCUMENTS and all steps taken to secure the same.
13  9. Whenever a document is not produced in full, state with particularity the reason it
14 is not being produced in full, and describe, to the best of your knowledge, information and belief,
15 and with as much particularity as possible, those portions of the DOCUMENT that were not
16 produced.
17  10. Whenever YOU are unable to state a full response or fully produce DOCUMENTS
18 in response to these discovery requests based upon YOUR own personal knowledge and what is in
19 your possession, custody or control, YOU are instructed to so state, and instead respond (and
20 produce DOCUMENTS) to the extent possible what YOU believe the correct response to be and
21 the DOCUMENTS upon which you base YOUR response, and identify those persons or entities
22 YOU believe to have the remaining DOCUMENTS which you are not producing.
23  11. If any DOCUMENT called for by these requests for production is withheld under
24 claim of the attorney-client privilege, the work product doctrine, or any other privilege or
25 immunity, YOU are required to furnish a privilege log with YOUR response with the following
26 information about the DOCUMENT:
27  (a) the identity of the document and a description of the general nature of each
28 DOCUMENT for which the claim of privilege or immunity is asserted;

(b) the date, author(s), addressees, all known recipients or parties for whom the document was intended, including persons to whom copies were furnished, together with their job titles, subject matter, DOCUMENT length, the present location and custodian of the DOCUMENT; and

(c) each and every basis on which claim of privilege or immunity is asserted, and the specific request(s) to which the DOCUMENT is responsive.

12. If no responsive documents exist for any particular Request, YOU should specifically state that no responsive documents exist.

13. Unless otherwise stated, the applicable timeframe of the Requests is from January 1, 2014 to the present.

## III

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 55:**

DOCUMENTS RELATING TO the conception or selection of PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK, including discussions about the "OpenAI" name or mark, its meaning and availability.

**REQUEST FOR PRODUCTION NO. 56:**

DOCUMENTS RELATING TO the conception or selection of the mission, statements, core values, or principles of PLAINTIFF.

**REQUEST FOR PRODUCTION NO. 57:**

DOCUMENTS RELATING TO the preparation of the BLOG ANNOUNCEMENT, including drafts and COMMUNICATIONS about its content.

**REQUEST FOR PRODUCTION NO. 58:**

Articles YOU wrote in preparation for the launch of YOUR company.

**REQUEST FOR PRODUCTION NO. 59:**

Press releases, articles, pitches, scripts, social media content and other statements prepared in connection with the public announcement of PLAINTIFF'S formation.

**REQUEST FOR PRODUCTION NO. 60:**

DOCUMENTS RELATING TO use of YOUR mission statement to garner support from companies and investors, including Google, Elon Musk, non-profit organizations, and technology companies.

**REQUEST FOR PRODUCTION NO. 61:**

DOCUMENTS and COMMUNICATIONS sufficient to show the amount of money raised in funding commitments from Elon Musk, Sam Altman, Amazon Web Services, and others for the launch of YOUR company, including but not limited to emails, text messages, commitment contracts, and other information.

**REQUEST FOR PRODUCTION NO. 62:**

All news releases, press releases, responses to media inquiries, or other public statements concerning YOUR mission, core values, or non-profit status from the time of YOUR formation to the present.

**REQUEST FOR PRODUCTION NO. 63:**

DOCUMENTS RELATING TO any trademark due diligence, investigation or other research into PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK, including materials prepared in connection with any such diligence.

**REQUEST FOR PRODUCTION NO. 64:**

DOCUMENTS constituting, reflecting or evidencing the purchase of the domain name for YOUR WEBSITE and hosting services.

**REQUEST FOR PRODUCTION NO. 65:**

COMMUNICATIONS with potential funders, potential researchers, advisors and supporters about the "OpenAI" name or mark and its meaning.

**REQUEST FOR PRODUCTION NO. 66:**

DOCUMENTS constituting, consisting of, or reflecting financing, investment or funding commitments or promises made to YOU on or before January 1, 2016.

**REQUEST FOR PRODUCTION NO. 67:**

DOCUMENTS that reflect YOUR awareness of the open.ai domain, including when you first became aware of the open.ai domain.

**REQUEST FOR PRODUCTION NO. 68:**

DOCUMENTS that reflect YOUR awareness of DEFENDANTS' MARK, including when you first became of DEFENDANTS' MARK.

**REQUEST FOR PRODUCTION NO. 69:**

DOCUMENTS mentioning, referring, or concerning DEFENDANTS, the open.ai domain or any subdomains thereof, and any tools, goods or services available on any websites affiliated with DEFENDANTS prior to November 2022.

**REQUEST FOR PRODUCTION NO. 70:**

COMMUNICATIONS concerning this ACTION or DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 71:**

COMMUNICATIONS and DOCUMENTS with YOUR board of directors that discuss PLAINTIFF'S WORD MARK, PLAINTIFF'S COMPOSITE LOGO MARK, the open.ai domain, or DEFENDANTS, including executive materials, board materials, board meeting minutes, memoranda, and COMMUNICATIONS on those topics.

**REQUEST FOR PRODUCTION NO. 72:**

COMMUNICATIONS with Adam D'Angelo that discuss open.ai from January 1, 2015 to present.

**REQUEST FOR PRODUCTION NO. 73:**

COMMUNICATIONS with Adam D'Angelo that discuss DEFENDANTS from January 1, 2015 to present.

**REQUEST FOR PRODUCTION NO. 74:**

COMMUNICATIONS and DOCUMENTS between YOU and the USPTO regarding DEFENDANTS or DEFENDANTS' WORD MARK, including any COMMUNICATIONS that are not publicly available.

**REQUEST FOR PRODUCTION NO. 75:**

DOCUMENTS RELATING TO trademark prosecution activity or efforts before the USPTO in support of PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK, including internal COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 76:**

DOCUMENTS and COMMUNICATIONS submitted to the USPTO by YOU on the issue of acquired distinctiveness with respect to PLAINTIFF'S WORD MARK or PLAINTIFF'S LOGO COMPOSITE MARK.

**REQUEST FOR PRODUCTION NO. 77:**

DOCUMENTS sufficient to identify the date ranges of all goods and services YOU offer, have offered, or intend to offer, where PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK was placed in any manner on the goods or their containers or displays associated therewith or on the tags or labels affixed thereto, or on documents associated with goods or services.

**REQUEST FOR PRODUCTION NO. 78:**

DOCUMENTS sufficient to identify YOUR efforts to market or promote any goods or services using PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK, or the "OpenAI" name, including advertising or marketing materials; advertising or marketing orders; the dates, mediums and costs of marketing; intended, expected, or actual viewership of, or engagement with advertisement and marketing, marketing plans, and unique advertisements bearing the marks, since YOUR inception to the present.

**REQUEST FOR PRODUCTION NO. 79:**

DOCUMENTS prepared by YOU or on YOUR behalf relating to consumer attitudes, perception or beliefs of PLAINTIFF'S WORD MARK, PLAINTIFF'S COMPOSITE LOGO MARK or the "OpenAI" name, including marketing studies, advertising studies, focus group research, surveys, and other similar materials.

**REQUEST FOR PRODUCTION NO. 80:**

DOCUMENTS prepared by YOU or on YOUR behalf focused on measuring or assessing brand recognition, brand awareness or the effectiveness of promotional and marketing campaigns associated with YOUR brands, marks, goods or services from YOUR formation to the present, including reports, memoranda, presentations, success metrics, usage analytics, and other materials.

**REQUEST FOR PRODUCTION NO. 81:**

DOCUMENTS showing or otherwise evidencing that consumers associate PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK with UNIVERSE, DALL·E 2, ChatGPT or any other goods or services offered by YOU.

**REQUEST FOR PRODUCTION NO. 82:**

DOCUMENTS showing or otherwise evidencing that consumers use ChatGPT or DALL·E 2 because YOU made those products.

**REQUEST FOR PRODUCTION NO. 83:**

DOCUMENTS sufficient to show the unique number of users or visitors of YOUR WEBSITE on a daily, monthly, and annual basis, from the launch date to the present.

**REQUEST FOR PRODUCTION NO. 84:**

Analytical data sufficient to show the sources of web traffic to YOUR WEBSITE on a monthly and annual basis, from the launch date to the present, such as Google Analytics reports.

**REQUEST FOR PRODUCTION NO. 85:**

Analytical data from YOUR "OpenAI" social media pages such as Instagram and X on a monthly and annual basis, from the applicable launch date to the present, including reports containing data on audience trends and demographics, performance metrics, paid ad results, influencer impact, and brand sentiment.

**REQUEST FOR PRODUCTION NO. 86:**

Analytical data that measures usage of Dall·E 2 on a monthly and annual basis, from the applicable launch date to the present, including reports containing data on the number of unique users, visitors and generation requests.

**REQUEST FOR PRODUCTION NO. 87:**

Analytical data that measures usage of Dall·E 1 on a monthly and annual basis, from the applicable launch date to the present, including reports containing data on the number of unique users, visitors and generation requests.

**REQUEST FOR PRODUCTION NO. 88:**

Analytical data that measures usage of ChatGPT and each of its versions on a monthly and annual basis, from the applicable launch date to the present, including reports containing data on the number of unique users, visitors and generation requests.

**REQUEST FOR PRODUCTION NO. 89:**

Analytic data sufficient to show the usage of all YOUR mobile applications on a monthly and annual basis, from the launch of the application to the present, including reports containing data on the number of unique users, visitors, and generation requests.

**REQUEST FOR PRODUCTION NO. 90:**

Strategy and planning documentation for marketing YOUR brands, marks, goods or services from the time of YOUR formation to the present, including marketing plans, campaigns, briefs, policies, milestone goals, and playbooks.

**REQUEST FOR PRODUCTION NO. 91:**

Strategy and planning documentation for marketing YOUR brands, marks, goods or services, including marketing plans, campaigns, briefs, policies, milestone goals, and playbooks.

**REQUEST FOR PRODUCTION NO. 92:**

Market research prepared by YOU or on YOUR behalf for YOUR brands, marks, goods or services, including reports, memoranda, presentations, success metrics, usage analytics, and other materials focused on measuring or assessing brand recognition, brand awareness or the effectiveness of promotional and marketing campaigns.

**REQUEST FOR PRODUCTION NO. 93:**

Contracts and agreements with PERSONS retained by YOU to assist with marketing, advertising, or promotion of YOUR brands, marks, goods or services from the time of YOUR formation to the present.

**REQUEST FOR PRODUCTION NO. 94:**

Contracts and agreements with marketing professionals, advertising professionals, media professionals, media analysts, or other industry influencers to promote YOUR brands, marks, goods or services from the time of YOUR formation to the present.

**REQUEST FOR PRODUCTION NO. 95:**

Contracts and agreements made with search engine optimization companies.

**REQUEST FOR PRODUCTION NO. 96:**

DOCUMENTS sufficient to show the paid keywords you have bid for inside Google Ads and other search engine marketing platforms.

**REQUEST FOR PRODUCTION NO. 97**

DOCUMENTS sufficient to show YOUR search engine optimization techniques used for YOUR goods or services such as ChatGPT and DALL·E 2.

**REQUEST FOR PRODUCTION NO. 98:**

Financial documentation on an annual and monthly basis sufficient to show YOUR marketing or advertising budgets and expenditures from January 1, 2015 to the present.

**REQUEST FOR PRODUCTION NO. 99:**

DOCUMENTS sufficient to show the amount of advertising expenditures allocated or spent by YOU for media coverage, advertising, ad space, brand deals, collaborations, and other forms of advertisement from January 1, 2015 to the present, to promote PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK.

**REQUEST FOR PRODUCTION NO. 100:**

DOCUMENTS sufficient to show the amount of advertising expenditures allocated or spent by YOU for media coverage, advertising, ad space, brand deals, collaborations, and other

forms of advertisement from January 1, 2015 to the present, to promote DALL·E and each of its versions.

**REQUEST FOR PRODUCTION NO. 101:**

DOCUMENTS sufficient to show the amount of advertising expenditures allocated or spent by YOU for media coverage, advertising, ad space, brand deals, collaborations, and other forms of advertisement from January 1, 2015 to the present, to promote ChatGPT and each of its versions.

**REQUEST FOR PRODUCTION NO. 102:**

DOCUMENTS sufficient to show the amount of advertising expenditures allocated or spent by YOU for media coverage, advertising, ad space, brand deals, collaborations, and other forms of advertisement from January 1, 2015 to the present, to promote UNIVERSE and each of its versions.

**REQUEST FOR PRODUCTION NO. 103:**

YOUR monthly and annual profit and loss statements from January 1, 2015 to the present, including information showing total revenues and expenditures.

**REQUEST FOR PRODUCTION NO. 104:**

Press releases, articles, pitches, scripts, social media content and other statements prepared in connection with the announcement of the public release of ChatGPT and each of its versions.

**REQUEST FOR PRODUCTION NO. 105:**

Press releases, articles, pitches, scripts, social media content and other statements prepared in connection with the announcement of the public release of DALL·E and each of its versions.

**REQUEST FOR PRODUCTION NO. 106:**

Promotional or marketing materials associated with UNIVERSE from the time of its release to the present.

**REQUEST FOR PRODUCTION NO. 107:**

DOCUMENTS sufficient to show quantitative and qualitative data on PERSONS or users who downloaded, accessed, used, or otherwise engaged with UNIVERSE, including usage statistics, demographic data, audience trends, and performance metrics.



**REQUEST FOR PRODUCTION NO. 108:**

DOCUMENTS reflecting or referring to mistaken belief, confusion, or deception between DEFENDANTS' MARK or DEFENDANTS' goods and services, DEFENDANTS' WEBSITE, on the one hand, and YOU, use of YOUR WEBSITE, and YOUR goods and services, on the other hand.

**REQUEST FOR PRODUCTION NO. 109:**

COMMUNICATIONS about public sentiment surrounding YOUR charter and commitment to humanity with open source artificial intelligence from January 1, 2015 to the present.

**REQUEST FOR PRODUCTION NO. 110:**

DOCUMENTS RELATING TO public crisis management about YOUR commitment to humanity and awareness of the social impact of artificial intelligence, including media monitoring practices, sentiment analysis, reputation management plans, board meetings, internal emails, and market and trend research.

**REQUEST FOR PRODUCTION NO. 111:**

DOCUMENTS RELATING TO the PUBLIC LETTER released by several of YOUR formal employees regarding safety concerns about artificial intelligence, including internal emails, disciplinary procedures taken, public sentiment data, reputation management plans, and media monitoring procedures.

**REQUEST FOR PRODUCTION NO. 112:**

COMMUNICATIONS constituting, reflecting, or evidencing complaints made by any PERSONS that the "OpenAI" name, PLAINTIFF'S WORD MARK, or PLAINTIFF'S COMPOSITE LOGO MARK misdescribes YOUR business, goods or services, including letters received by YOU from consumers, employees, former employees, researchers, investors, shareholders, or others.

**REQUEST FOR PRODUCTION NO. 113:**

DOCUMENTS RELATING TO the YOUR board's decision to remove Samuel Altman from his position on or about November 17, 2023, including executive materials, board materials,

board meeting minutes, memoranda, and COMMUNICATIONS regarding concerns about his handling of safety issues and commitment to YOUR mission.

**REQUEST FOR PRODUCTION NO. 114:**

A letter reported on in the media that staff researchers purportedly distributed to members of YOUR board prior to the November 2023 removal of Sam Altman that purportedly warned about a powerful artificial intelligence discovery that could threaten humanity.

**REQUEST FOR PRODUCTION NO. 115:**

DOCUMENTS RELATING TO concerns about Project Q-Star, an artificial intelligence algorithm developed by YOU.

**REQUEST FOR PRODUCTION NO. 116:**

DOCUMENTS RELATING TO YOUR decision to disband or dissolve the Superalignment team, including executive materials, board materials, board meeting minutes, memoranda, and COMMUNICATIONS regarding safety concerns about the dissolution of this team.

**REQUEST FOR PRODUCTION NO. 117:**

DOCUMENTS sufficient to show the employment status of all YOUR employees who did not sign the letter requesting that Samuel Altman be reinstated after YOUR board removed him from his position on or about November 17, 2023.

**REQUEST FOR PRODUCTION NO. 118:**

All materials considered or relied upon by YOUR expert in connection with the opinions offered in the SWAIN DECLARATION.

**REQUEST FOR PRODUCTION NO. 119:**

DOCUMENTS reflecting, showing or evidencing YOUR awareness of any other PERSONS who use, or have used, PLAINTIFF'S WORD MARK, PLAINTIFF'S COMPOSITE LOGO MARK or a similar variant thereof at any time.

**REQUEST FOR PRODUCTION NO. 120:**

COMMUNICATIONS with any other PERSONS RELATING TO use of PLAINTIFF'S WORD MARK, PLAINTIFF'S COMPOSITE LOGO MARK, or a similar variant thereof, including cease and desist letters, correspondence, lawsuits, agreements, and other materials.

**REQUEST FOR PRODUCTION NO. 121:**

DOCUMENTS RELATING TO the decision to incorporate a for-profit subsidiary in 2019, including executive materials, board materials, board meeting minutes, memoranda, and COMMUNICATIONS about the reasons for the formation of a for-profit subsidiary.

**REQUEST FOR PRODUCTION NO. 122:**

DOCUMENTS RELATING TO any discussions or plans to transition from its current capped-profit structure to a fully for-profit organization, including executive materials, board materials, board meeting minutes, memoranda, and COMMUNICATIONS about the reasons for such a transition.

**REQUEST FOR PRODUCTION NO. 123:**

DOCUMENTS referring to PLAINTIFF's corporate name, PLAINTIFF'S WORD MARK, or PLAINTIFF'S COMPOSITE LOGO MARK as an open source project.

**REQUEST FOR PRODUCTION NO. 124:**

COMMUNICATIONS that discuss an open source project as a recruiting strategy.

**REQUEST FOR PRODUCTION NO. 125:**

COMMUNICATIONS regarding OpenAI as a partially open source or closed source project.

DATED: June 24, 2024                WAYMAKER LLP

By: /s/ Ryan G. Baker
RYAN G. BAKER
*Attorneys for Defendants and Counterclaimants Guy Ravine and Open Artificial Intelligence, Inc.*

# PROOF OF SERVICE

## Case No. 3:23-cv-3918

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is 515 S. Flower Street, Suite 3500, Los Angeles, CA 90071.

On June 24, 2024, I served true copies of the following document(s) described as **DEFENDANT AND COUNTERCLAIMANT OPEN ARTIFICIAL INTELLIGENCE, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF OPENAI, INC. (SET TWO)** on the interested parties in this action as follows:

Robert M. Schwartz                                    *Attorneys for OpenAI, Inc.*
  robertschwartz@quinnemanuel.com
Aaron H. Perahia
  aaronperahia@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Sam S. Stake
  samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone: (415) 875-6600

Margret M. Caruso
  margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000

**[X]   BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address agalindo@waymakerlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 24, 2024, at Los Angeles, California.

Alexis Galindo