QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000

Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:     (415) 875-6600

Dylan I. Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000

*Attorneys for OpenAI, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC., a Delaware corporation, | Case No. 4:23-cv-03918-YGR |
| Plaintiff, | **PLAINTIFF OPENAI INC.'S RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)** |
| vs. | |
| OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual, | |
| Defendants. | |

Plaintiff OpenAI, Inc. ("Plaintiff" or "OpenAI") responds and objects as follows to Defendants Open Artificial Intelligence, Inc. and Guy Ravine (collectively, "Defendants") First Set of Requests for Production, served on February 8, 2024 (the "Requests," or individually, each "Request").

## OBJECTIONS APPLICABLE TO EACH REQUEST

1.      Plaintiff OpenAI objects to the Requests to the extent that they purport to impose upon Plaintiff OpenAI obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or any other applicable rule or law.  Without waiver or limitation of any of the objections set forth below, Plaintiff OpenAI will construe the Requests consistently with the applicable rules.

2.      Plaintiff OpenAI objects to the definition of "DEFENDANTS' MARK" as misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome, including to the extent it purports to include "variations on ['Open AI'] without regard to spacing or punctuation," which encompasses Plaintiff's OPENAI mark.  As used by Plaintiff OpenAI in its responses to the Requests, the "DEFENDANTS' MARK" means the "Open AI" name referenced in paragraph 2 of the Complaint.

3.      Plaintiff OpenAI objects to the definition of "YOU" or "YOUR" as vague, ambiguous, unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), because it requires Plaintiff OpenAI to search for documents and emails from all employees, agents, and attorneys of OpenAI, regardless of whether they were in a position of responsibility regarding the subject matter or employed or retained during relevant time periods.  As used by Plaintiff OpenAI in its responses to the Requests, "YOU" or "YOUR means "Plaintiff OpenAI, Inc."

4.      Plaintiff OpenAI's decision to produce any requested document, notwithstanding the objectionable nature of any of the Requests themselves, is not: (a) a concession that the document is relevant to this proceeding; (b) a waiver of Plaintiff OpenAI's Objections Applicable to Each

1    Request or the objections asserted in response to a specific Request; or (c) an agreement that requests

2    for similar documents or information will be treated in a similar manner.

3        5.    OpenAI objects to each Request, definition, or instruction on the grounds and to the

4    extent that it purports to require the production of documents on the date that OpenAI's responses

5    and objections are due to be served.  To the extent OpenAI has agreed to produce documents in

6    response to any request, OpenAI's collection and production of such documents is underway and

7    OpenAI will make such production of documents on a rolling basis at a mutually agreeable time and

8    place.

9        6.    Plaintiff OpenAI reserves the right to assert additional objections to these Requests

10   as appropriate and to modify, supplement, or otherwise change or amend its responses and

11   objections as new information is obtained, as legal determinations are made by the Court, or because

12   the matter is pending further investigation and discovery.  The information contained in Plaintiff

13   OpenAI's responses and objections is also subject to correction for omissions or errors.

14       7.    Plaintiff OpenAI's responses to the Requests are without waiver or limitation of the

15   right to object to the use of any documents Plaintiff OpenAI produce on grounds of competency,

16   relevancy, materiality, privilege, admissibility as evidence for any purpose, or any other ground, in

17   any subsequent proceeding or hearing in, or the trial of, this or any other action.  Each response is

18   without prejudice to, or waiver of, any objection Plaintiff OpenAI may make to any future use of

19   such documents.  Plaintiff OpenAI likewise reserves the right to object to other discovery requests

20   involving or relating to the subject matter of any documents produced in response to these Requests.

21                **RESPONSES TO REQUESTS FOR PRODUCTION**

22   **REQUEST FOR PRODUCTION NO. 1:**

23       All COMMUNICATIONS between YOU and either Defendant since January 1, 2013.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

25       Plaintiff OpenAI objects to this Request on the basis that the definition of "YOU" is vague,

26   ambiguous, unduly burdensome, costly, oppressive, and not proportional to the needs of the case,

27   considering the factors provided by Fed. R. Civ. P. 26(b)(1), because it requires Plaintiff OpenAI

28   to search for documents and emails from all employees, agents, and attorneys of OpenAI,

1  regardless of whether they were in a position of responsibility regarding the subject matter or

2  employed or retained during relevant time periods.  Plaintiff OpenAI objects to this Request as

3  vague and ambiguous as to the term "either DEFENDANT."  Plaintiff OpenAI further objects to

4  this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case,

5  considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires

6  OpenAI to search for and produce communications dating back to 2013, as opposed to

7  communications dating back 2015.

8       Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

9  responds as follows: Plaintiff OpenAI will produce non-privileged communications since January

10  1, 2015 sent from or to Sam Altman, Greg Brockman, Ilya Sutskever, and support@openai.com to

11  or from guyravine@gmail.com, guy@revolutionarylabs.com, guy@aischool.com,

12  guy@wikineering.org, or email addresses that end in @open.ai, to the extent that any are found

13  after a reasonable and diligent search.

14  **REQUEST FOR PRODUCTION NO. 2:**

15       All DOCUMENTS sent by YOU to either DEFENDANT since January 1, 2013.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

17       Plaintiff OpenAI objects to this Request on the basis that the definition of "YOU" is vague,

18  ambiguous, unduly burdensome, costly, oppressive, and not proportional to the needs of the case,

19  considering the factors provided by Fed. R. Civ. P. 26(b)(1), because it requires Plaintiff OpenAI

20  to search for documents and emails from all employees, agents, and attorneys of OpenAI,

21  regardless of whether they were in a position of responsibility regarding the subject matter or

22  employed or retained during relevant time periods.  Plaintiff OpenAI objects to this Request as

23  vague and ambiguous as to the term "either DEFENDANT."  Plaintiff OpenAI further objects to

24  this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case,

25  considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires

26  OpenAI to search for and produce communications dating back to 2013, as opposed to

27  communications dating back 2015.

28

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged communications since January 1, 2015 sent by Sam Altman, Greg Brockman, Ilya Sutskever, and support@openai.com to or from guyravine@gmail.com, guy@revolutionarylabs.com, guy@aischool.com, guy@wikineering.org, or email addresses that end in @open.ai, to the extent that any are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS YOU received from either DEFENDANT since January 1, 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff OpenAI objects to this Request on the basis that the definition of "YOU" is vague, ambiguous, unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), because it requires Plaintiff OpenAI to search for documents and emails from all employees, agents, and attorneys of OpenAI, regardless of whether they were in a position of responsibility regarding the subject matter or employed or retained during relevant time periods. Plaintiff OpenAI objects to this Request as vague and ambiguous as to the term "either DEFENDANT." Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce communications dating back to 2013, as opposed to communications dating back 2015.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged communications since January 1, 2015 sent to Sam Altman, Greg Brockman, Ilya Sutskever, and support@openai.com to or from guyravine@gmail.com, guy@revolutionarylabs.com, guy@aischool.com, guy@wikineering.org, or email addresses that end in @open.ai, to the extent that any are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS RELATING TO DEFENDANTS' MARK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome, including to the extent it purports to include "variations on ['Open AI'] without regard to spacing or punctuation," which encompasses Plaintiff's OPENAI mark.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents "relating to" the subject, and to the extent it seeks materials that are publicly available, are in Defendant's possession, custody or control, are equally available to Defendant, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, and to the extent that it requires the reproduction of any documents already produced by Defendants or filed in this lawsuit.  Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged communications that mention "Open AI" in reference to Defendants, to the extent that any are found after a reasonable and diligent search and are not documents produced by Defendants or filed in this lawsuit, following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 5:**

All other DOCUMENTS and COMMUNICATIONS RELATING TO either DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents "relating to" either Defendant, and to the extent it seeks materials that are in Defendant's possession, custody or control, are equally available to Defendant, and can be obtained from some other source that is more convenient, less burdensome, or less expensive, and to the extent that it requires the reproduction of any documents already produced by Defendants or filed in this lawsuit.  Plaintiff OpenAI objects to this Request as vague and ambiguous as to the term "communications relating to either Defendant."  Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged communications that mention Guy Ravine, Open Artificial Intelligence, Inc., or open.ai in reference to Defendants to the extent that any are found after a reasonable and diligent search and are not documents produced by Defendants or filed in this lawsuit, following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS RELATING TO DEFENDANTS' prior and current websites, including, but not limited to, www.open.ai.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all"

1  documents "relating to … websites,"  and to the extent it seeks materials that are in Defendant's

2  possession, custody or control, are equally available to Defendant, and can be obtained from some

3  other source that is more convenient, less burdensome, or less expensive.  Plaintiff OpenAI objects

4  to this Request as vague and ambiguous as to the term "DEFENDANTS' prior and current

5  websites."  Plaintiff OpenAI objects to this Request on the basis that it calls for the production of

6  documents that qualify for protection under Fed. R. Civ. P. 26(c).

7        Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

8  responds as follows: Plaintiff OpenAI will produce non-privileged communications that refer to

9  Wikineering or open.ai or its subdomains in reference to Defendants to the extent that any are

10  found after a reasonable and diligent search, following the entry of a suitable protective order.

11  **REQUEST FOR PRODUCTION NO. 7:**

12        All DOCUMENTS and COMMUNICATIONS RELATING TO the USPTO's actions and

13  decisions concerning either DEFENDANT and/or DEFENDANTS' MARK.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

15        Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

16  from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

17  privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition

18  of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any

19  valid trademark and is defined by reference to a registration on the Supplemental Register that

20  does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome,

21  including to the extent it purports to include "variations on ['Open AI'] without regard to spacing

22  or punctuation," which encompasses Plaintiff's OPENAI mark.  Plaintiff OpenAI further objects

23  to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case,

24  considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires

25  OpenAI to search for and produce "all" documents "relating to … the USPTO's actions and

26  decisions,"  and to the extent it seeks materials that are publicly available, are in Defendant's

27  possession, custody or control, are equally available to Defendant, and can be obtained from some

28  other source that is more convenient, less burdensome, or less expensive, including the USPTO

1 and the parties' filings in this action. Plaintiff OpenAI objects to this Request as vague and

2 ambiguous as to the term "the USPTO's actions and decisions." Plaintiff OpenAI objects to this

3 Request on the basis that it calls for the production of documents that qualify for protection under

4 Fed. R. Civ. P. 26(c).

5       Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

6 responds as follows: Plaintiff OpenAI will produce non-privileged communications about the

7 actions and decisions regarding Defendants' trademark applications by the USPTO, any trademark

8 examiner, or the TTAB, to the extent that any are found after a reasonable and diligent search and

9 are not documents available at the USPTO or filed in this lawsuit, following the entry of a suitable

10 protective order.

11 **REQUEST FOR PRODUCTION NO. 8:**

12       All DOCUMENTS and COMMUNICATIONS RELATING TO the USPTO's actions and

13 decisions concerning PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO

14 MARK.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

16       Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

17 from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

18 privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome,

19 overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed.

20 R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all"

21 documents and communications "relating to" the subject matter, including documents that are

22 publicly available, can be obtained from some other source that is more convenient, less

23 burdensome, or less expensive, including the USPTO and the parties' filings in this action, and to

24 the extent that it seeks documents outside of Plaintiff OpenAI's possession, custody, or control.

25 Plaintiff OpenAI objects to this Request as vague and ambiguous as to the term "the USPTO's

26 actions and decisions." Plaintiff OpenAI objects to this Request on the basis that it calls for the

27 production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

28

1   Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

2   responds as follows: Plaintiff OpenAI will produce non-privileged internal communications about

3   actions and decisions regarding the registrability of PLAINTIFF'S WORD MARK or

4   PLAINTIFF'S COMPOSITE LOGO MARK by the USPTO, any trademark examiner, or the

5   TTAB, to the extent that any are found after a reasonable and diligent search and are not

6   documents available at the USPTO or filed in this lawsuit, following the entry of a suitable

7   protective order.

8   **REQUEST FOR PRODUCTION NO. 9:**

9   All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR attempt to register

10  PLAINTIFF'S WORD MARK and PLAINTIFF'S COMPOSITE LOGO MARK the USPTO,

11  including, but not limited to, all applications and specimens YOU submitted to the USPTO.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

13  Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

14  from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

15  privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome,

16  overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed.

17  R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all"

18  documents other than actual filings relating to OPENAI word marks, including documents that

19  "relate to" such filings and to the COMPOSITE LOGO, which could be read to include every

20  document reflecting use of the mark applied for registration of, as well as documents that are

21  publicly available, can be obtained from some other source that is more convenient, less

22  burdensome, or less expensive, including the USPTO and the parties' filings in this action, and to

23  the extent that it seeks documents outside of Plaintiff OpenAI's possession, custody, or control.

24  Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents

25  that qualify for protection under Fed. R. Civ. P. 26(c).

26  Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

27  responds as follows: Plaintiff OpenAI will produce applications and specimens submitted to the

28  USPTO regarding any of Plaintiff's applications for registration of the word marks consisting of

1   OPENAI, to the extent that any are found after a reasonable and diligent search and are not

2   documents available at the USPTO or filed in this lawsuit.

3   **REQUEST FOR PRODUCTION NO. 10:**

4        DOCUMENTS and COMMUNICATIONS sufficient to identify how and when YOU first

5   became aware of DEFENDANTS' MARK.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

7        Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

8   from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

9   privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition

10  of "YOU" is vague, ambiguous, unduly burdensome, costly, oppressive, and not proportional to

11  the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), because it

12  requires Plaintiff OpenAI to search for documents and emails from all employees, agents, and

13  attorneys of OpenAI, regardless of whether they were in a position of responsibility regarding the

14  subject matter or employed or retained during relevant time periods.  Plaintiff OpenAI objects to

15  this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because

16  Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a

17  registration on the Supplemental Register that does not establish trademark rights, is vague,

18  ambiguous, overbroad, and unduly burdensome, including to the extent it purports to include

19  "variations on ['Open AI'] without regard to spacing or punctuation," which encompasses

20  Plaintiff's OPENAI mark.  Plaintiff OpenAI objects to this Request on the basis that it calls for the

21  production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

22        Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

23  responds as follows: Plaintiff OpenAI will produce documents sufficient to identify when it first

24  became aware of Defendants' trademark application, Serial No. 86/847,151, following the entry of

25  a suitable protective order.

26

27

28

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR efforts to protect PLAINTIFF'S WORD MARK and PLAINTIFF'S COMPOSITE LOGO MARK against any potential, perceived, or actual infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents other than actual filings relating to OPENAI word marks, including documents that "relate to" such filings and to the COMPOSITE LOGO, which could be read to include every document reflecting use of the mark applied for registration of, documents concerning efforts to protect its logo (the protection of which is irrelevant to this case), as well as documents that are publicly available, are in Defendant's possession, custody or control, are equally available to Defendant, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, including the USPTO and the parties' filings in this action, and to the extent that it requires the reproduction of any documents already produced by Defendants or filed in this lawsuit. Plaintiff OpenAI objects to this Request as vague and ambiguous as to the term "efforts to protect … against any potential… infringement." Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce cease-and-desist letters concerning Plaintiff's OPENAI word mark and its filings with the USPTO concerning any of Plaintiff's applications for registration of the word marks consisting of OPENAI, to the extent that any are found after a reasonable and diligent search and are not documents produced by Defendants or filed in this lawsuit.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR efforts to mitigate any harms to PLAINTIFF'S WORD MARK and PLAINTIFF'S COMPOSITE LOGO MARK caused by any potential, perceived, or actual infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents and communications "relating to" the subject matter, particularly efforts to mitigate any harms to PLAINTIFF'S COMPOSITE LOGO and its logo (the mitigation of harm to which is irrelevant to this case), and to the extent it seeks materials that are publicly available, are in Defendant's possession, custody or control, are equally available to Defendant, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, including the USPTO and the parties' filings in this action, and to the extent that it requires the reproduction of any documents already produced by Defendants or filed in this lawsuit. Plaintiff OpenAI objects to this Request as vague and ambiguous as to the term "efforts to mitigate any harms … caused by any potential… infringement." Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce cease-and-desist letters concerning Plaintiff's OPENAI word mark and its filings with the USPTO concerning any of Plaintiff's applications for registration of the word marks consisting of OPENAI, to the extent that any are found after a reasonable and diligent search and are not documents produced by Defendants or filed in this lawsuit.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all screenshots YOU have taken RELATING TO either DEFENDANT or DEFENDANTS' MARK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition of "YOU" is vague, ambiguous, unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), because it requires Plaintiff OpenAI to search for documents and emails from all employees, agents, and attorneys of OpenAI, regardless of whether they were in a position of responsibility regarding the subject matter or employed or retained during relevant time periods.  Plaintiff OpenAI objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome, including to the extent it purports to include "variations on ['Open AI'] without regard to spacing or punctuation," which encompasses Plaintiff's OPENAI mark.  Plaintiff OpenAI objects to this Request as vague and ambiguous as to the term "either DEFENDANT."  Plaintiff OpenAI objects to this Request as duplicative of at least Defendants' Requests for Production Nos. 4-7; Plaintiff OpenAI expressly incorporates its objections and responses to those Requests as if fully set forth herein.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce any screenshots it has taken of Defendants' websites, to the extent that any are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that YOU are the senior user of the "OpenAI Marks," as alleged in paragraph 2 of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents "relating to" OpenAI's senior use of its marks, as opposed to documents sufficient to show, which would include virtually every document Plaintiff used in commerce for more than six years, and to the extent it seeks materials that are publicly available, are in Defendant's possession, custody or control, are equally available to Defendant, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, and to the extent that it requires the reproduction of any documents already produced by Defendants.  Plaintiff OpenAI objects to this Request as vague and ambiguous as to the term "senior user."  Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show Plaintiff OpenAI's senior use of its marks before November 2022, following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the alleged "deception to the USPTO" by DEFENDANTS, as referenced in paragraph 40 of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all"

documents "relating to" Defendants' deception to the USPTO, to the extent it seeks materials that are publicly available, are in Defendant's possession, custody or control, are equally available to Defendant, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, including the USPTO and the parties' filings in this action, and to the extent that it requires the reproduction of any documents already produced by Defendants.  Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged documents obtained from sources other than Defendants concerning Defendants' deception to the USPTO, to the extent that any are found after a reasonable and diligent search and are not documents filed in this lawsuit.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that Ravine could not have shown use for DEFENDANTS' MARK as of the date of his application to the USPTO because he had not used it in commerce, as alleged in paragraph 41 of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome, including to the extent it purports to include "variations on ['Open AI'] without regard to spacing or punctuation," which encompasses Plaintiff's OPENAI mark.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents "relating to" Defendants' lack of trademark use

of "Open AI," to the extent it seeks materials that are publicly available, are in Defendant's possession, custody or control, are equally available to Defendant, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, including the USPTO and the parties' filings in this action, and to the extent that it requires the reproduction of any documents already produced by Defendants.  Plaintiff OpenAI objects to this Request to the extent it prematurely seeks expert discovery and analysis before the scheduled time for such disclosures. Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI's contention is supported by the absence of documents to the contrary.  However, OpenAI will produce non-privileged documents obtained from sources other than Defendants reflecting that Defendants' uses of "Open AI" as of December 11, 2015 were not commercial uses in interstate commerce, to the extent that any are found after a reasonable and diligent search and are not documents filed in this lawsuit.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that Ravine's choice of the name "Open Artificial Intelligence Inc." attempted to confuse the public, as alleged in paragraph 43 of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome, including to the extent it purports to include "variations on ['Open AI'] without regard to spacing or punctuation," which encompasses Plaintiff's OPENAI mark.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case,

1  considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires

2  OpenAI to search for and produce "all" documents, to the extent it seeks materials that are

3  publicly available, are in Defendant's possession, custody or control, are equally available to

4  Defendant, or can be obtained from some other source that is more convenient, less burdensome,

5  or less expensive, and to the extent that it requires the reproduction of any documents already

6  produced by Defendants.  Plaintiff OpenAI objects to this Request as vague and ambiguous as to

7  the term "confuse the public."  Plaintiff OpenAI objects to this Request on the basis that it calls for

8  the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

9        Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

10  responds as follows: Plaintiff OpenAI will produce non-privileged documents obtained from

11  sources other than Defendants reflecting (i) Defendants' knowledge of Plaintiff's use of OPENAI

12  in connection with text-to-image generation and AI chat functions prior to Defendants'

13  competitive offerings; and (ii) Defendants' knowledge that its use of "Open AI" and the open.ai

14  domain caused confusion, to the extent that any are found after a reasonable and diligent search.

15  **REQUEST FOR PRODUCTION NO. 18:**

16        All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that

17  neither DEFENDANT used DEFENDANTS' MARK as a trademark, as alleged in paragraph 44

18  of the COMPLAINT.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

20        Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

21  from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

22  privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition

23  of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any

24  valid trademark and is defined by reference to a registration on the Supplemental Register that

25  does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome,

26  including to the extent it purports to include "variations on ['Open AI'] without regard to spacing

27  or punctuation," which encompasses Plaintiff's OPENAI mark.  Plaintiff OpenAI further objects

28  to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case,

considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires

OpenAI to search for and produce "all" documents "relating to" Defendants' lack of trademark use

of "Open AI," as opposed to documents sufficient to show, to the extent it seeks materials that are

publicly available, are in Defendant's possession, custody or control, are equally available to

Defendant, or can be obtained from some other source that is more convenient, less burdensome,

or less expensive, and to the extent that it requires the reproduction of any documents already

produced by Defendants.  Plaintiff OpenAI objects to this Request to the extent it prematurely

seeks expert discovery and analysis before the scheduled time for such disclosures. Plaintiff

OpenAI objects to this Request on the basis that it calls for the production of documents that

qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

responds as follows: Plaintiff's contention is supported by the absence of documents to the

contrary.  However, OpenAI will produce non-privileged documents obtained from sources other

than Defendants sufficient to show that Defendants' uses of "Open AI" were not commercial uses

in interstate commerce, to the extent that any are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that

DEFENDANTS redirected their website visitors to www.openai.com, creating the inaccurate

appearance that the two websites were officially connected, as alleged in paragraph 45 of the

COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome,

overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed.

R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all"

documents relating to Defendants redirecting visitors to www.openai.com, as opposed to

documents sufficient to show, and to the extent it seeks materials that are publicly available are, in

1   Defendant's possession, custody or control, are equally available to Defendant, can be obtained

2   from some other source that is more convenient, less burdensome, or less expensive, and to the

3   extent that it requires the reproduction of any documents already produced by Defendants.

4   Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents

5   that qualify for protection under Fed. R. Civ. P. 26(c).

6          Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

7   responds as follows: Plaintiff OpenAI will produce non-privileged documents obtained from

8   sources other than Defendants sufficient to show that Defendants redirected their website visitors

9   to OpenAI's website, www.openai.com.

10  **REQUEST FOR PRODUCTION NO. 20:**

11         All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that

12  Ravine has not taken any affirmative steps to use DEFENDANTS' MARK in connection with

13  goods or services in commerce, as alleged in paragraph 50 of the COMPLAINT.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

15         Plaintiff OpenAI objects to this to the extent that it seeks information protected from

16  disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

17  privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition

18  of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any

19  valid trademark and is defined by reference to a registration on the Supplemental Register that

20  does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome,

21  including to the extent it purports to include "variations on ['Open AI'] without regard to spacing

22  or punctuation," which encompasses Plaintiff's OPENAI mark. Plaintiff OpenAI further objects to

23  this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case,

24  considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires

25  OpenAI to search for and produce "all" documents "relating to" Defendants' lack of trademark use

26  of "Open AI," as opposed to documents sufficient to show, and to the extent it seeks materials that

27  are publicly available, are in Defendant's possession, custody or control, are equally available to

28  Defendant, or can be obtained from some other source that is more convenient, less burdensome,

1  or less expensive, and to the extent that it requires the reproduction of any documents already

2  produced by Defendants.  Plaintiff OpenAI objects to this Request to the extent it prematurely

3  seeks expert discovery and analysis before the scheduled time for such disclosures. Plaintiff

4  OpenAI objects to this Request on the basis that it calls for the production of documents that

5  qualify for protection under Fed. R. Civ. P. 26(c).

6          Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

7  responds as follows: Plaintiff OpenAI's contention is supported by the absence of documents to

8  the contrary.  However, OpenAI will produce non-privileged documents obtained from sources

9  other than Defendants sufficient to show that Defendants have not used "Open AI" in connection

10  with goods or services in commerce, to the extent any are found after a reasonable and diligent

11  search.

12  **REQUEST FOR PRODUCTION NO. 21:**

13          All DOCUMENTS and COMMUNICATIONS RELATING TO the website titled

14  "CryptoArt" referenced in paragraph 51 of the COMPLAINT.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16          Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

17  from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

18  privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome,

19  overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed.

20  R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all"

21  documents "relating to" a website that is only relevant to the dispute due to the website's *lack* of

22  content labeled "Open AI" and its role in a trademark dispute concerning CRYPTOART, as well

23  as to the extent it seeks materials that are publicly available, are in Defendant's possession,

24  custody or control, are equally available to Defendant, or can be obtained from some other source

25  that is more convenient, less burdensome, or less expensive, and to the extent that it requires the

26  reproduction of any documents already produced by Defendants.  Plaintiff OpenAI objects to this

27  Request on the basis that it calls for the production of documents that qualify for protection under

28  Fed. R. Civ. P. 26(c).

1    Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

2  responds as follows: Plaintiff OpenAI will produce non-privileged communications that refer to

3  the website titled "CryptoArt," depicted in paragraph 51 of Plaintiff OpenAI's Complaint, to the

4  extent that any are found after a reasonable and diligent search and are not documents produced by

5  Defendants, following the entry of a suitable protective order.

6  **REQUEST FOR PRODUCTION NO. 22:**

7    All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that

8  DEFENDANTS' current website has caused actual confusion, as alleged in paragraph 53 of the

9  COMPLAINT.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

11   Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

12 from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

13 privileges or immunities.  Plaintiff OpenAI objects to this Request as vague, ambiguous, overly

14 broad, and disproportionate to the needs of the case, considering the factors provide by Fed. R.

15 Civ. P. 26(b)(1), as to the term "relating to … actual confusion," as virtually every use of

16 Plaintiff's OPENAI mark and Defendants' use of "Open AI" or open.ai "relate[s]" to why actual

17 confusion occurs.  Plaintiff OpenAI further objects to this Request as vague, ambiguous, unduly

18 burdensome, overbroad, and disproportionate to the needs of the case, considering the factors

19 provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and

20 produce "all" documents "relating to" actual confusion, to the extent it seeks materials that are

21 publicly available, are in Defendant's possession, custody or control, are equally available to

22 Defendant, or can be obtained from some other source that is more convenient, less burdensome,

23 or less expensive, and to the extent that it requires the reproduction of any documents already

24 produced by Defendants.  Plaintiff OpenAI objects to this Request to the extent it prematurely

25 seeks expert discovery and analysis before the scheduled time for such disclosures.  Plaintiff

26 OpenAI objects to this Request on the basis that it calls for the production of documents that

27 qualify for protection under Fed. R. Civ. P. 26(c).

28

1    Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

2    responds as follows: Plaintiff OpenAI will produce non-privileged documents obtained from

3    sources other than Defendants reflecting that Defendants' website has caused actual confusion to

4    the extent that any are found after a reasonable and diligent search, following the entry of a

5    suitable protective order.

6    **REQUEST FOR PRODUCTION NO. 23:**

7    All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that

8    DEFENDANTS have never offered in commerce the services covered by DEFENDANTS'

9    MARK, as alleged in paragraph 54 of YOUR COMPLAINT.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

11    Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

12    from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

13    privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition

14    of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any

15    valid trademark and is defined by reference to a registration on the Supplemental Register that

16    does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome,

17    including to the extent it purports to include "variations on ['Open AI'] without regard to spacing

18    or punctuation," which encompasses Plaintiff's OPENAI mark.  Plaintiff OpenAI further objects

19    to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case,

20    considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires

21    OpenAI to search for and produce "all" documents "relating to" Defendants' lack of trademark use

22    of "Open AI," as opposed to documents sufficient to show, to the extent it seeks materials that are

23    publicly available, are in Defendant's possession, custody or control, are equally available to

24    Defendant, or can be obtained from some other source that is more convenient, less burdensome,

25    or less expensive, and to the extent that it requires the reproduction of any documents already

26    produced by Defendants.  Plaintiff OpenAI objects to this Request to the extent it prematurely

27    seeks expert discovery and analysis before the scheduled time for such disclosures. Plaintiff

28

1  OpenAI objects to this Request on the basis that it calls for the production of documents that

2  qualify for protection under Fed. R. Civ. P. 26(c).

3     Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

4  responds as follows: Plaintiff OpenAI's contention is supported by the absence of documents to

5  the contrary.  However, OpenAI will produce non-privileged documents obtained from sources

6  other than Defendants sufficient to show that Defendants have not used "Open AI" as a trademark,

7  to the extent that any are found after a reasonable and diligent search.

8  **REQUEST FOR PRODUCTION NO. 24:**

9     All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that

10  DEFENDANTS are maintaining the supplemental registration in DEFENDANTS' MARK with

11  the intent to profit off of YOUR use of YOUR "own OpenAI Marks," as alleged in paragraph 55

12  of the COMPLAINT.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

14     Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

15  from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

16  privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition

17  of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any

18  valid trademark and is defined by reference to a registration on the Supplemental Register that

19  does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome,

20  including to the extent it purports to include "variations on ['Open AI'] without regard to spacing

21  or punctuation," which encompasses Plaintiff's OPENAI mark.  Plaintiff OpenAI further objects

22  to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case,

23  considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires

24  OpenAI to search for and produce "all" documents "relating to" Defendants' bad intent, to the

25  extent it seeks materials that are publicly available, are in Defendant's possession, custody or

26  control, are equally available to Defendant, or can be obtained from some other source that is more

27  convenient, less burdensome, or less expensive, and to the extent that it requires the reproduction

28  of any documents already produced by Defendants.  Plaintiff OpenAI objects to this Request as

Case No. 4:23-cv-03918-YGR

1   vague and ambiguous as to the term "the intent to profit." Plaintiff OpenAI objects to this Request

2   on the basis that it calls for the production of documents that qualify for protection under Fed. R.

3   Civ. P. 26(c).

4          Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

5   responds as follows: Plaintiff OpenAI will produce non-privileged documents obtained from

6   sources other than Defendants reflecting (i) Defendants' knowledge of Plaintiff's use of OPENAI

7   in connection with text-to-image generation and AI chat functions prior to Defendants'

8   competitive offerings; (ii) Defendants' knowledge that its use of "Open AI" and the open.ai

9   domain caused confusion; and (iii) Defendants' financial overtures to Plaintiff to the extent that

10  any are found after a reasonable and diligent search.

11  **REQUEST FOR PRODUCTION NO. 25:**

12         All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that

13  DEFENDANTS engaged in fraud during the registration process for DEFENDANTS' MARK as

14  alleged in paragraph 55 of the COMPLAINT.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

16         Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

17  from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

18  privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition

19  of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any

20  valid trademark and is defined by reference to a registration on the Supplemental Register that

21  does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome,

22  including to the extent it purports to include "variations on ['Open AI'] without regard to spacing

23  or punctuation," which encompasses Plaintiff's OPENAI mark.  Plaintiff OpenAI further objects

24  to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case,

25  considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires

26  OpenAI to search for and produce "all" documents "relating to" Defendants' fraud, to the extent it

27  seeks materials that are publicly available, are in Defendant's possession, custody or control, are

28  equally available to Defendant, or can be obtained from some other source that is more

1  convenient, less burdensome, or less expensive, including the USPTO and the parties' filings in

2  this action, and to the extent that it requires the reproduction of any documents already produced

3  by Defendants.  Plaintiff OpenAI objects to this Request on the basis that it calls for the

4  production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

5      Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

6  responds as follows: Plaintiff OpenAI will produce non-privileged documents concerning

7  Defendants' fraud upon the USPTO in connection with Registration No. 5,258,002, to the extent

8  that any are found after a reasonable and diligent search and are not documents produced by

9  Defendants or filed in this lawsuit.

10  **REQUEST FOR PRODUCTION NO. 26:**

11      All DOCUMENTS and COMMUNICATIONS RELATING TO "Ravine's Letters of

12  Protest" referenced in paragraph 57 of the COMPLAINT.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

14      Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

15  from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

16  privileges or immunities.   Plaintiff OpenAI further objects to this Request as unduly burdensome,

17  overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed.

18  R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all"

19  documents related to Ravine's Letters of Protest, to the extent it seeks materials that are publicly

20  available, are in Defendant's possession, custody or control, are equally available to Defendant, or

21  can be obtained from some other source that is more convenient, less burdensome, or less

22  expensive, including the USPTO and the parties' filings in this action, and to the extent that it

23  requires the reproduction of any documents already produced by Defendants.  Plaintiff OpenAI

24  objects to this Request on the basis that it calls for the production of documents that qualify for

25  protection under Fed. R. Civ. P. 26(c).

26      Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

27  responds as follows: Plaintiff OpenAI will produce non-privileged documents discussing

28  Defendants' Letters of Protest, to the extent that any are found after a reasonable and diligent

search and are not documents produced by Defendants or filed in this lawsuit, following the entry

of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that

YOU have "nationwide, common law rights in the OpenAI Marks senior to any legitimate rights

that Defendants may have," as alleged in paragraph 59 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

privileges or immunities.   Plaintiff OpenAI further objects to this Request as unduly burdensome,

overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed.

R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all"

documents "relating to" OpenAI's senior use of its marks, as opposed to documents sufficient to

show, which would literally include virtually every document Plaintiff used in commerce for more

than six years, and to the extent it seeks materials that are publicly available, are in Defendant's

possession, custody or control, are equally available to Defendant, or can be obtained from some

other source that is more convenient, less burdensome, or less expensive, and to the extent that it

requires the reproduction of any documents already produced by Defendants.  Plaintiff OpenAI

objects to this Request as vague and ambiguous as to the term "legitimate rights."  Plaintiff

OpenAI objects to this Request on the basis that it calls for the production of documents that

qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

responds as follows: Plaintiff OpenAI will produce non-privileged documents obtained from

sources other than Defendants sufficient to show Plaintiff OpenAI's senior use of the OpenAI

Marks, to the extent that any are found after a reasonable and diligent search, following the entry

of a suitable protective order.

1  **REQUEST FOR PRODUCTION NO. 28:**

2      All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that

3  "Defendants are using [DEFENDANTS' MARK] in a manner that is likely to cause confusion," as

4  alleged in paragraph 60 of the COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

6      Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

7  from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

8  privileges or immunities.  Plaintiff OpenAI objects to this Request as lacking reasonable

9  particularity required to respond.  *See, e.g., Reflex Media Inc. v. Does No. 1*, 2022 WL 20328162,

10  at *2 (D. Nev. Aug. 25, 2022) (request for all documents supporting any claim or defense raised in

11  litigation "lacks sufficient particularity as required under Rule 34(b)(1)"); *Aldapa v. Fowler*

12  *Packing Co. Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) (not requiring a response to document

13  request for "all documents related to any of the allegations in the complaint," noting that "courts

14  routinely disfavor overly broad discovery requests that ask opposing parties to produce everything

15  under the sun that relates to the ongoing litigation") (collecting cases).  Plaintiff OpenAI further

16  objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the

17  case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it

18  requires OpenAI to search for and produce "all" documents "relating to" likelihood of confusion,

19  as opposed to documents sufficient to show, to the extent it seeks materials that are publicly

20  available, are in Defendant's possession, custody or control, are equally available to Defendant, or

21  can be obtained from some other source that is more convenient, less burdensome, or less

22  expensive, and to the extent that it requires the reproduction of any documents already produced

23  by Defendants.  Plaintiff OpenAI objects to this Request as vague, ambiguous, and overly broad as

24  to the term "relating to" how Defendants are "likely to cause confusion," which includes every use

25  Defendant has made of "Open AI" for years.  Plaintiff OpenAI objects to this Request to the extent

26  it prematurely seeks expert discovery and analysis before the scheduled time for such disclosures.

27  Plaintiff OpenAI objects to this Request as duplicative of at least Defendants' Requests for

28  Production Nos. 14, 17, 19, 22, 24, 27, 29, 30, 34, and 35; Plaintiff OpenAI expressly incorporates

its objections and responses to those Requests as if fully set forth herein. Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged documents obtained from sources other than Defendants sufficient to show that Defendants' use of "Open AI" is similar to Plaintiff's use of OPENAI, that Defendants made available competing services, and that actual confusion has occurred, following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that DEFENDANTS' use of DEFENDANTS' MARK "is intended to reap the benefit of the goodwill in the OpenAI Marks and constitute unfair competition and false designation of origin," as alleged in paragraph 61 of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI objects to this Request as lacking reasonable particularity required to respond. *See, e.g., Reflex Media Inc. v. Does No. 1*, 2022 WL 20328162, at *2 (D. Nev. Aug. 25, 2022) (request for all documents supporting any claim or defense raised in litigation "lacks sufficient particularity as required under Rule 34(b)(1)"); *Aldapa v. Fowler Packing Co. Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) (not requiring a response to document request for "all documents related to any of the allegations in the complaint," noting that "courts routinely disfavor overly broad discovery requests that ask opposing parties to produce everything under the sun that relates to the ongoing litigation") (collecting cases). Plaintiff OpenAI objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome, including to the extent it purports to include

"variations on ['Open AI'] without regard to spacing or punctuation," which encompasses Plaintiff's OPENAI mark. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents "relating to" Defendants' bad intent, to the extent it seeks materials that are publicly available, are in Defendant's possession, custody or control, are equally available to Defendant, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, and to the extent that it requires the reproduction of any documents already produced by Defendants. Plaintiff OpenAI objects to this Request as vague and ambiguous as to the term "relating to… reap[ing] the benefit of the goodwill of the OpenAI Marks," which includes every use Defendant has made of "Open AI" for years. Plaintiff OpenAI objects to this Request as duplicative of at least Defendants' Requests for Production Nos. Requests 14, 17, 19, 22, 24, 27, 29, 30, 34, and 35; Plaintiff OpenAI expressly incorporates its objections and responses to those Requests as if fully set forth herein .Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents obtained from sources other than Defendants reflecting (i) Defendants' knowledge of Plaintiff's use of OPENAI in connection with text-to-image generation and AI chat functions prior to Defendants' competitive offerings; (ii) Defendants' knowledge that its use of "Open AI" and the open.ai domain caused confusion; and (iii) Defendants' financial overtures to Plaintiff, and (iv) that Defendants' website has caused actual confusion, to the extent that any are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that DEFENDANTS' "conduct is intentional, willful, deliberate, in bad faith, and undertaken with knowledge of OpenAI's prior rights in the OpenAI Marks," as alleged in paragraph 67 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI objects to this Request as lacking reasonable particularity required to respond.  *See, e.g., Reflex Media Inc. v. Does No. 1*, 2022 WL 20328162, at *2 (D. Nev. Aug. 25, 2022) (request for all documents supporting any claim or defense raised in litigation "lacks sufficient particularity as required under Rule 34(b)(1)"); *Aldapa v. Fowler Packing Co. Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) (not requiring a response to document request for "all documents related to any of the allegations in the complaint," noting that "courts routinely disfavor overly broad discovery requests that ask opposing parties to produce everything under the sun that relates to the ongoing litigation") (collecting cases).  Plaintiff OpenAI objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome, including to the extent it purports to include "variations on ['Open AI'] without regard to spacing or punctuation," which encompasses Plaintiff's OPENAI mark.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents "relating to" Defendants' bad intent, to the extent it seeks materials that are publicly available, are in Defendant's possession, custody or control, are equally available to Defendant, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, and to the extent that it requires the reproduction of any documents already produced by Defendants.  Plaintiff OpenAI objects to this Request as vague, ambiguous, unduly burdensome, overbroad, and disproportionate to the needs of the case, as to the term "relating to" in this context because, given the circumstances, virtually every use Defendants make of "Open AI" and open.ai is intentional, willful, deliberate, in bad faith, and undertaken with knowledge of

1  OpenAI's prior rights. Plaintiff OpenAI objects to this Request on the basis that it calls for the

2  production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

3          Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

4  responds as follows: Plaintiff OpenAI will produce documents obtained from sources other than

5  Defendants sufficient to show (i) Defendants' knowledge of Plaintiff's use of OPENAI in

6  connection with text-to-image generation and AI chat functions prior to Defendants' competitive

7  offerings; (ii) Defendants' knowledge that its use of "Open AI" and the open.ai domain caused

8  confusion and continued use after that acquiring that knowledge; and (iii) Defendants' financial

9  overtures to Plaintiff.

10 **REQUEST FOR PRODUCTION NO. 31:**

11         All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that

12 "Defendants' procurement of [DEFENDANTS' MARK] included one or more material false

13 representation," as alleged in paragraph 73 of YOUR COMPLAINT.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

15         Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

16 from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

17 privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition

18 of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any

19 valid trademark and is defined by reference to a registration on the Supplemental Register that

20 does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome,

21 including to the extent it purports to include "variations on ['Open AI'] without regard to spacing

22 or punctuation," which encompasses Plaintiff's OPENAI mark.  Plaintiff OpenAI further objects

23 to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case,

24 considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires

25 OpenAI to search for and produce "all" documents "relating to" Defendants' fraud and lack of

26 trademark use of "Open AI," to the extent it seeks materials that are publicly available, are in

27 Defendant's possession, custody or control, are equally available to Defendant, or can be obtained

28 from some other source that is more convenient, less burdensome, or less expensive, and to the

extent that it requires the reproduction of any documents already produced by Defendants. Plaintiff OpenAI objects to this Request to the extent it prematurely seeks expert discovery and analysis before the scheduled time for such disclosures. Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI's contention is supported by the absence of documents to the contrary. However, OpenAI will produce non-privileged documents obtained from sources other than Defendants concerning Defendants' deception to the USPTO and reflecting that Defendants' uses of "Open AI" as of December 11, 2015 were not commercial uses in interstate commerce, to the extent any are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "Ravine had no bona fide use of [DEFENDANTS' MARK]," as alleged in paragraph 78 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome, including to the extent it purports to include "variations on ['Open AI'] without regard to spacing or punctuation," which encompasses Plaintiff's OPENAI mark. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents "relating to" Defendants' lack of trademark use of "Open AI," to the extent it seeks materials that are publicly available, are in Defendant's

1  possession, custody or control, are equally available to Defendant, or can be obtained from some

2  other source that is more convenient, less burdensome, or less expensive, and to the extent that it

3  requires the reproduction of any documents already produced by Defendants.  Plaintiff OpenAI

4  objects to this Request to the extent it prematurely seeks expert discovery and analysis before the

5  scheduled time for such disclosures.  Plaintiff OpenAI objects to this Request on the basis that it

6  calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

7         Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

8  responds as follows: Plaintiff OpenAI's contention is supported by the absence of documents to

9  the contrary.  However, OpenAI will produce non-privileged documents obtained from sources

10 other than Defendants reflecting that Defendants' uses of "Open AI" as of December 11, 2015

11 were not commercial uses in interstate commerce, to the extent any are found after a reasonable

12 and diligent search.

13 **REQUEST FOR PRODUCTION NO. 33:**

14        All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that

15 "[n]either Defendant has made continuous use of their Mark and neither has acquired or

16 maintained the goodwill associated with any rights they may have been assigned in the Mark," as

17 alleged in paragraph 79 of YOUR COMPLAINT.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

19        Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

20 from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

21 privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition

22 of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any

23 valid trademark and is defined by reference to a registration on the Supplemental Register that

24 does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome,

25 including to the extent it purports to include "variations on ['Open AI'] without regard to spacing

26 or punctuation," which encompasses Plaintiff's OPENAI mark.  Plaintiff OpenAI further objects

27 to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case,

28 considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires

1   OpenAI to search for and produce "all" documents "relating to" Defendants' lack of trademark use

2   of "Open AI," to the extent it seeks materials that are publicly available, are in Defendant's

3   possession, custody or control, are equally available to Defendant, or can be obtained from some

4   other source that is more convenient, less burdensome, or less expensive, and to the extent that it

5   requires the reproduction of any documents already produced by Defendants.  Plaintiff OpenAI

6   objects to this Request to the extent it prematurely seeks expert discovery and analysis before the

7   scheduled time for such disclosures. Plaintiff OpenAI objects to this Request on the basis that it

8   calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

9         Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

10   responds as follows: Plaintiff OpenAI's contention is supported by the absence of documents to

11   the contrary.  However, OpenAI will produce non-privileged documents obtained from sources

12   other than Defendants reflecting that Defendants' uses of "Open AI" were not continuous

13   commercial uses in interstate commerce, to the extent that any are found after a reasonable and

14   diligent search.

15   **REQUEST FOR PRODUCTION NO. 34:**

16         All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that

17   "Defendants have used www.open.ai to redirect visitors from that domain name to the domain

18   name and website of OpenAI," as alleged in paragraph 84 of YOUR COMPLAINT.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

20         Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

21   from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

22   privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome,

23   overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed.

24   R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all"

25   documents "relating to" Defendants redirecting visitors from the domain name open.ai, as opposed

26   to documents sufficient to show, and to the extent it seeks materials that are publicly available are,

27   in Defendant's possession, custody or control, are equally available to Defendant, can be obtained

28   from some other source that is more convenient, less burdensome, or less expensive, and to the

Case No. 4:23-cv-03918-YGR

1  extent that it requires the reproduction of any documents already produced by Defendants.

2  Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents

3  that qualify for protection under Fed. R. Civ. P. 26(c).

4  Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

5  responds as follows: Plaintiff OpenAI will produce non-privileged documents obtained from

6  sources other than Defendants sufficient to show that Defendants redirected their website visitors

7  to OpenAI's website, www.openai.com.

8  **REQUEST FOR PRODUCTION NO. 35:**

9  All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that

10  "Defendants misrepresented to consumers that the parties' services originate from the same

11  source," as alleged in paragraph 86 of YOUR COMPLAINT

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

13  Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

14  from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

15  privileges or immunities.  Plaintiff OpenAI objects to this Request as vague, ambiguous, overly

16  broad, and disproportionate to the needs of the case, considering the factors provided by Fed. R.

17  Civ. P. 26(b)(1), as to the term "relating to … Defendants['] misrepresent[ation]," because

18  virtually every use of Plaintiff's OPENAI mark and Defendants' use of "Open AI" or open.ai

19  "relate[s]" to how Defendant has misrepresented to consumers that the parties' services originate

20  from the same source.  Plaintiff OpenAI further objects to this Request as unduly burdensome,

21  overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed.

22  R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all"

23  documents "relating to" Defendants' misrepresentations, to the extent it seeks materials that are

24  publicly available, are in Defendant's possession, custody or control, are equally available to

25  Defendant, or can be obtained from some other source that is more convenient, less burdensome,

26  or less expensive, and to the extent that it requires the reproduction of any documents already

27  produced by Defendants.  Plaintiff OpenAI objects to this Request to the extent it prematurely

28  seeks expert discovery and analysis before the scheduled time for such disclosures.  Plaintiff

OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged documents obtained from sources other than Defendants reflecting that Defendants' website has caused actual confusion to the extent that any are found after a reasonable and diligent search, following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that DEFENDANTS' MARK is subject to cancellation, as alleged in paragraphs 81 and 88 of YOUR COMPLAINT

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as vague, ambiguous, unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents "relating to" the grounds for cancellation of Defendants' mark, to the extent it seeks materials that are publicly available, are in Defendant's possession, custody or control, are equally available to Defendant, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, and to the extent that it requires the reproduction of any documents already produced by Defendants.  Plaintiff OpenAI objects to this Request to the extent it prematurely seeks expert discovery and analysis before the scheduled time for such disclosures. Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI's contention is supported by the absence of documents to the contrary.  However, OpenAI will produce non-privileged documents obtained from sources

1  other than Defendants reflecting that Defendants' uses of "Open AI" as of December 11, 2015

2  were not commercial uses in interstate commerce, to the extent that any are found after a

3  reasonable and diligent search.

4  **REQUEST FOR PRODUCTION NO. 37:**

5      All DOCUMENTS and COMMUNICATIONS RELATING TO any and all injuries and

6  damages YOU claim to have suffered as a result of DEFENDANTS' alleged conduct.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

8      Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

9  from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

10 privileges or immunities.   Plaintiff OpenAI further objects to this Request as unduly burdensome,

11 overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed.

12 R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all"

13 documents "relating to" damages, to the extent it seeks materials that are publicly available such

14 as case law or statutes, are in Defendant's possession, custody or control, are equally available to

15 Defendant, can be obtained from some other source that is more convenient, less burdensome, or

16 less expensive, and to the extent that it requires the reproduction of any documents already

17 produced by Defendants.  Plaintiff OpenAI objects to this Request as vague and ambiguous as to

18 the term "damages."  Plaintiff OpenAI objects to this Request to the extent it prematurely seeks

19 expert discovery and analysis before the scheduled time for such disclosures.  Plaintiff OpenAI

20 objects to this Request on the basis that it calls for the production of documents that qualify for

21 protection under Fed. R. Civ. P. 26(c).

22      Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

23 responds as follows: Plaintiff OpenAI will produce non-privileged documents obtained from

24 sources other than Defendants reflecting injuries or damages Plaintiff OpenAI has suffered as a

25 result of Defendants' conduct, to the extent that any are found after a reasonable and diligent

26 search and are not documents produced by Defendants, following the entry of a suitable protective

27 order.

28

PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

1   **REQUEST FOR PRODUCTION NO. 38:**

2      All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR selection and/or

3 meaning of the PLAINTIFF WORD MARK, the PLAINTIFF COMPOSITE LOGO MARK, and

4 the "OpenAI" name, including who chose them, when, and why, trademark searches conducted

5 and analyses performed, focus groups, surveys, perception studies, presentations, or memoranda.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

7      Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

8 from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

9 privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome,

10 overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed.

11 R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all"

12 documents relating to its selection and meaning of marks, particularly as to its logo (the selection

13 and meaning of which is irrelevant to this case), to the extent it seeks materials that are publicly

14 available, can be obtained from some other source that is more convenient, less burdensome, or

15 less expensive, and to the extent that it seeks documents outside of Plaintiff OpenAI's possession,

16 custody, or control, and to the extent it seeks information not likely to be relevant to any claim or

17 defense at issue in this case.  Plaintiff OpenAI objects to this Request as vague and ambiguous and

18 overbroad as to the term "relating to," which is endlessly broad and would encompass every

19 document bearing Plaintiff's marks, as they all reflect the selection of those marks.  Plaintiff

20 OpenAI objects to this Request on the basis that it calls for the production of documents that

21 qualify for protection under Fed. R. Civ. P. 26(c).

22      Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

23 responds as follows: Plaintiff OpenAI will produce documents from 2015 discussing the selection

24 of the name "OpenAI," to the extent that any are found after a reasonable and diligent search,

25 following the entry of a suitable protective order.

26   **REQUEST FOR PRODUCTION NO. 39:**

27      All DOCUMENTS and COMMUNICATIONS RELATING TO any questions or

28 confusion about the source, origin, connection, affiliation, sponsorship or association between

1   PLAINTIFF'S WORD MARK, PLAINTIFF'S COMPOSITE LOGO MARK, or YOUR goods

2   and services (such as ChatGPT or DALLE), on the one hand, and DEFENDANTS,

3   DEFENDANTS' website, or DEFENDANTS' MARK, on the other.

4   **RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 39:**

5          Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

6   from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

7   privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition

8   of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any

9   valid trademark and is defined by reference to a registration on the Supplemental Register that

10  does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome,

11  including to the extent it purports to include "variations on ['Open AI'] without regard to spacing

12  or punctuation," which encompasses Plaintiff's OPENAI mark.  Plaintiff OpenAI further objects

13  to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case,

14  considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires

15  OpenAI to search for and produce "all" documents, to the extent it seeks materials that are

16  publicly available, are in Defendant's possession, custody or control, are equally available to

17  Defendant, or can be obtained from some other source that is more convenient, less burdensome,

18  or less expensive, and to the extent that it requires the reproduction of any documents already

19  produced by Defendants.  Plaintiff OpenAI objects to this Request as duplicative of at least

20  Defendants' Requests for Production Nos. 13, 17, 19, 22, 24, 28, 29, 30, 34, and 37; Plaintiff

21  OpenAI expressly incorporates its objections and responses to those Requests as if fully set forth

22  herein.  Plaintiff OpenAI objects to this Request on the basis that it calls for the production of

23  documents that qualify for protection under Fed. R. Civ. P. 26(c).

24          Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

25  responds as follows: Plaintiff OpenAI will produce non-privileged documents obtained from

26  sources other than Defendants reflecting questions or confusion about the source, origin,

27  connection, affiliation, sponsorship or association between the parties and/or their goods and

28

services, to the extent that any are found after a reasonable and diligent search, following the entry

of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 40:**

DOCUMENTS sufficient to show the demographics of YOUR customers or targeted

customers, such as age, language, geographic location, gender, or preferred teams, in connection

with PLAINTIFF'S WORD MARK, PLAINTIFF'S COMPOSITE LOGO MARK or YOUR

website (www.openai.com) at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and

disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P.

26(b)(1), including because it seeks documents sufficient to show customer demographics for all

goods and services that use of any of PLAINTIFF'S WORD MARK, PLAINTIFF'S

COMPOSITE LOGO MARK  and its website, without reference to any claim or defense at issue

in this case, and without reference to time period, and to the extent those documents can be

obtained from some other source that is more convenient, less burdensome, or less expensive.

Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents

that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

responds as follows: Plaintiff OpenAI will produce non-privileged documents sufficient to show

estimated external active user metrics for ChatGPT and the website openai.com, to the extent that

any are found after a reasonable and diligent search, following the entry of a suitable protective

order.

**REQUEST FOR PRODUCTION NO. 41:**

DOCUMENTS sufficient to identify the operational dates of YOUR website's

(www.openai.com) functionality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiff OpenAI objects to this Request as vague and ambiguous as to the term

"operational dates of YOUR website's…functionality."  Plaintiff OpenAI objects to this Request

on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged documents sufficient to identify the date its website www.open.ai became publicly available, following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 42:**

DOCUMENTS sufficient to identify all goods and services YOU offer, have offered, or intend to offer, where (a) PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK was placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or on documents associated with the goods or their sale, or (b) PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK was used or displayed in the sale or advertising of the services, and the date ranges of such uses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including because it seeks documents sufficient to identify "all" goods and services offered or intended to be offered without reference to any claim or defense at issue in this case.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged documents sufficient to identify all goods and services with which it publicly has used its OPENAI mark.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS and COMMUNICATIONS relating to YOUR efforts, or consideration or rejection of efforts, to address any illicit, illegal, or inappropriate content generated by YOUR website, www.openai.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents, as opposed to documents sufficient to show, to the extent it requires OpenAI to search for and produce documents relating to efforts to address inappropriate content, particularly "consideration or rejection of efforts," which is irrelevant to this case, including to the extent it seeks materials that are publicly available, are equally available to Defendant, or can be obtained from some other source that is more convenient, less burdensome, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, and to the extent that it seeks documents outside of Plaintiff OpenAI's possession, custody, or control, and to the extent it seeks information not likely to be relevant to any claim or defense at issue in this case.  Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged documents sufficient to identify OpenAI's efforts to address illicit, illegal, or inappropriate content generated by openai.com, following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 44:**

YOUR initial incorporation papers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiff OpenAI objects to this Request in that it seeks information not likely to be relevant to any claim or defense at issue in the case unduly burdensome, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1).  Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will not produce any documents in response to this request.

1    **REQUEST FOR PRODUCTION NO. 45:**

2    DOCUMENTS sufficient to identify YOUR corporate structure and corporate names used

3    at all times.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

5    Plaintiff OpenAI objects to this Request in that it seeks information not likely to be

6    relevant to any claim or defense at issue in the case, unduly burdensome, and disproportionate to

7    the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1).  Plaintiff

8    OpenAI objects to this Request as vague and ambiguous as to the terms "corporate structure" and

9    "corporate names".  Plaintiff OpenAI objects to this Request on the basis that the definition of

10   "YOUR" is unduly burdensome, costly, oppressive, and not proportional to the needs of the case,

11   considering the factors provided by Fed. R. Civ. P. 26(b)(1), to the extent it requires Plaintiff

12   OpenAI to search for and produce documents concerning the corporate structure of any entity

13   other than Plaintiff.  Plaintiff OpenAI objects to this Request on the basis that it calls for the

14   production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

15   Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

16   responds as follows: Plaintiff OpenAI will not produce any documents in response to this request.

17   **REQUEST FOR PRODUCTION NO. 46:**

18   All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR responses to

19   DEFENDANTS' Requests for Admission (Set 1) propounded on YOU.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

21   Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

22   from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

23   privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome,

24   overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed.

25   R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all"

26   documents relating to responses to Requests for Admissions, particularly documents on which

27   Plaintiff OpenAI did not rely upon, which are irrelevant to this case, to the extent it seeks

28   materials that are publicly available, are in Defendant's possession, custody or control, are equally

1   available to Defendant, or can be obtained from some other source that is more convenient, less

2   burdensome, or less expensive, to the extent that it requires the reproduction of any documents

3   already produced by Defendants, to the extent it requires the reproduction of any documents

4   already produced through discovery responses, and to the extent it seeks information not likely to

5   be relevant to any claim or defense at issue in this case.  Plaintiff OpenAI objects to this Request

6   as vague and ambiguous and overbroad as to the term "relating to … responses to

7   DEFENDANTS' Requests for Admission," which is endlessly broad and appears to encompass,

8   for example, any document related to Plaintiff's goods and services.  Plaintiff OpenAI objects to

9   this Request on the basis that it calls for the production of documents that qualify for protection

10  under Fed. R. Civ. P. 26(c).

11          Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

12  responds as follows: Plaintiff OpenAI will produce non-privileged documents relied upon in

13  responding to Defendants' Requests for Admission, not including documents equally available to

14  Defendants, including by reason of them having been filed in this case or produced by Defendants,

15  following the entry of a suitable protective order.

16  **REQUEST FOR PRODUCTION NO. 47:**

17          All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR Initial

18  Disclosures.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

20          Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

21  from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

22  privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome,

23  overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed.

24  R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all"

25  documents "relating to YOUR initial disclosures," particularly documents that Plaintiff OpenAI

26  did not identify in its Initial Disclosures, to the extent it seeks materials that are publicly available,

27  are in Defendant's possession, custody or control, are equally available to Defendant, or can be

28  obtained from some other source that is more convenient, less burdensome, or less expensive, to

1  the extent that it requires the reproduction of any documents already produced by Defendants, to

2  the extent it requires the reproduction of any documents already produced through discovery

3  responses, and to the extent it seeks information not likely to be relevant to any claim or defense at

4  issue in this case.  Plaintiff OpenAI objects to this Request as vague and ambiguous and overbroad

5  as to the term "relating to," which is endlessly broad and appears to encompass, for example, any

6  document related to Plaintiff's goods and services.  Plaintiff OpenAI objects to this Request on the

7  basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P.

8  26(c).

9       Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

10  responds as follows: Plaintiff OpenAI will produce non-privileged documents referenced in

11  Section II of its Initial Disclosures other than those previously filed in this action, following the

12  entry of a suitable protective order.

13  **REQUEST FOR PRODUCTION NO. 48:**

14       DOCUMENTS sufficient to identify any other trademark disputes YOU, or any PERSON

15  affiliated with YOU, have been involved in (e.g., as a complainant, applicant, petitioner,

16  defendant, or target) and the outcome or final disposition thereof (e.g., judgment, order, or

17  verdict).

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

19       Plaintiff OpenAI objects to this Request on the basis that the definition of "YOU" is vague,

20  ambiguous, unduly burdensome, costly, oppressive, and not proportional to the needs of the case,

21  considering the factors provided by Fed. R. Civ. P. 26(b)(1), because it requires Plaintiff OpenAI

22  to search for documents and emails from all employees, agents, and attorneys of OpenAI,

23  regardless of whether they were in a position of responsibility regarding the subject matter or

24  employed or retained during relevant time periods.  Plaintiff OpenAI objects to this Request as

25  unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the

26  factors provided by Fed. R. Civ. P. 26(b)(1), including because it seeks documents sufficient to

27  identify "any other trademark disputes," particularly trademark disputes involving marks other

28  than those at issue in this case and involving parties other than Plaintiff OpenAI, which are all

irrelevant to this case, to the extent it seeks materials that are publicly available, are in Defendant's possession, custody or control, are equally available to Defendant, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, and to the extent that it requires the reproduction of any documents already produced by Defendants.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to identify any other trademark disputes about its OPENAI mark, and, if they have been resolved, documents sufficient to identify the final outcome.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS relating to each functionality of every good or service that You offer, including when each functionality became operational and (if applicable) was terminated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI objects to this Request on the basis that the definition of "YOU" is vague, ambiguous, unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), because it requires Plaintiff OpenAI to search for documents and emails from all employees, agents, and attorneys of OpenAI, regardless of whether they were in a position of responsibility regarding the subject matter or employed or retained during relevant time periods. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents "relating to" the functionalities of every good or service ever offered by OpenAI; it is hard to imagine any document at OpenAI that does not relate in some way to the functionality of its goods and services, and these documents include proprietary source code, human resource records, and numerous other categories that have nothing to do with the public availability periods and marketed functionality of goods and services Plaintiff has offered using the OPENAI mark that compete with Defendants' goods and services.

1    Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents

2    that qualify for protection under Fed. R. Civ. P. 26(c).

3        Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

4    responds as follows: Plaintiff OpenAI will produce non-privileged documents sufficient to identify

5    the public availability periods and marketed functionality of goods and services Plaintiff has

6    offered using the OPENAI mark that compete with Defendants' goods and services, following the

7    entry of a suitable protective order.

8    **REQUEST FOR PRODUCTION NO. 50:**

9        DOCUMENTS sufficient to identify how many people used each type of functionality for

10   every good or service that You offer (by month and year).

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

12       Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and

13   disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P.

14   26(b)(1), including because it seeks documents sufficient to identify the functionality for "every

15   good or service" Plaintiff OpenAI offers, as opposed to competing goods or services that are at

16   issue in this case, to the extent the request is unlimited in time and unlimited to external users, and,

17   to the extent it seeks documents that do not exist in the format sought. Plaintiff OpenAI objects to

18   this Request on the basis that it seeks discovery of information about users worldwide, beyond the

19   scope of the United States. Plaintiff OpenAI objects to this Request on the basis that it calls for

20   the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

21       Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

22   responds as follows: Plaintiff OpenAI will produce documents sufficient to identify, to the best of

23   OpenAI's knowledge and to the extent they exist, estimated external active user metrics for its

24   ChatGPT, DALL-E, and API products, following the entry of a suitable protective order.

25   **REQUEST FOR PRODUCTION NO. 51:**

26       All DOCUMENTS relating to any association between DEFENDANTS' MARK and

27   inappropriate content, including but not limited to racist or pornographic content.

28

PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

2        Plaintiff OpenAI objects to this Request to the extent that it seeks information protected

3    from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

4    privileges or immunities.  Plaintiff OpenAI objects to this Request on the basis that the definition

5    of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any

6    valid trademark and is defined by reference to a registration on the Supplemental Register that

7    does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome,

8    including to the extent it purports to include "variations on ['Open AI'] without regard to spacing

9    or punctuation," which encompasses Plaintiff's OPENAI mark.  Plaintiff OpenAI further objects

10   to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case,

11   considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires

12   OpenAI to search for and produce "all" documents "relating to any association between

13   DEFENDANTS' MARK and inappropriate content," to the extent it seeks materials that are

14   publicly available, are in Defendant's possession, custody or control, are equally available to

15   Defendant, or can be obtained from some other source that is more convenient, less burdensome,

16   or less expensive, to the extent it seeks documents outside of Plaintiff OpenAI's possession,

17   custody or control, and to the extent that it requires the reproduction of any documents already

18   produced by Defendants.  Plaintiff OpenAI objects to this Request as vague and ambiguous and

19   overbroad as to the term "relating to any association."   Plaintiff OpenAI objects to this Request

20   on the basis that it calls for the production of documents that qualify for protection under Fed. R.

21   Civ. P. 26(c).

22       Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

23   responds as follows: Plaintiff OpenAI will produce all non-privileged documents reflecting an

24   association between Defendants and Defendants' mark and inappropriate content, to the extent

25   that any are found after a reasonable and diligent search and are not and are not documents

26   produced by Defendants.

27

28

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS relating to any association between PLAINTIFF's WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK with inappropriate content, including but not limited to racist or pornographic content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents "relating to any association" between Plaintiff's marks and inappropriate content, as opposed to documents sufficient to show, especially its logo, and to the extent it seeks materials that are publicly available, are in Defendant's possession, custody or control, are equally available to Defendant, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, to the extent it seeks documents outside of Plaintiff OpenAI's possession, custody or control, and to the extent that it requires the reproduction of any documents already produced by Defendants. Plaintiff OpenAI objects to this Request as vague and ambiguous and overbroad as to the term "relating to any association". Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show Plaintiff OpenAI's efforts to combat association between its marks and inappropriate content, following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS and COMMUNICATIONS relating to YOUR purchase of the openai.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, irrelevant, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents "relating to" the purchase of the openai.com domain, which could include every document concerning the openai.com domain. Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show when it acquired the openai.com domain, to the extent that any are found after a reasonable and diligent search, following the entry of a suitable protective order.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS and COMMUNICATIONS relating to the transfer to YOU of the openai.com domain.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, irrelevant, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires OpenAI to search for and produce "all" documents "relating to" the transfer of the openai.com domain, which could include every document concerning the openai.com domain. Plaintiff OpenAI objects to this Request on the basis that it calls for the production of documents that qualify for protection under Fed. R. Civ. P. 26(c).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show when it acquired the openai.com domain, to the extent that any are found after a reasonable and diligent search, following the entry of a suitable protective order.

DATED:  March 11, 2024    QUINN EMANUEL URQUHART &
           SULLIVAN, LLP

          By _/s/ Margret M. Caruso_
           Margret M. Caruso (Bar No. 243473)
           margretcaruso@quinnemanuel.com
           QUINN EMANUEL URQUHART &
           SULLIVAN, LLP
           555 Twin Dolphin Drive, 5th Floor
           Redwood Shores, California 94065
           Telephone:   (650) 801-5000
           Facsimile:    (650) 801-5100

           *Attorneys for OpenAI, Inc.*

PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

1

## **CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that all counsel of record who have consented to

3   electronic service are being served with a copy of this document via email on March 11, 2024.

4
                                            */s/ Dylan I. Scher*
5                                             Dylan I. Scher

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28