1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2  Robert P. Feldman (Bar No. 69602)
    bobfeldman@quinnemanuel.com
3  Margret M. Caruso (Bar No. 243473)
    margretcaruso@quinnemanuel.com
4  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
5  Telephone:    (650) 801-5000

6  Robert M. Schwartz (Bar No. 117166)
    robertschwartz@quinnemanuel.com
7  Aaron H. Perahia (Bar No. 304554)
    aaronperahia@quinnemanuel.com
8  865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017-2543
9  Telephone:    (213) 443-3000

10 Sam S. Stake (Bar No. 257916)
    samstake@quinnemanuel.com
11 50 California Street, 22nd Floor
   San Francisco, California 94111-4624
12 Telephone:    (415) 875-6600

13 Dylan I. Scher (*pro hac vice*)
    dylanscher@quinnemanuel.com
14 51 Madison Avenue, 22nd Floor
   New York, New York 10010
15 Telephone:    (212) 849-7000

16 *Attorneys for OpenAI, Inc.*

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
 osnyder@gibsondunn.com
200 Park Avenue
New York, New York 10166-0193
Telephone:    (212) 351-4000

Brian M. Lutz (Bar No. 255976)
 blutz@gibsondunn.com
Rosemarie T. Ring (Bar No. 220769)
 rring@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone:    (415) 393-8200

*Attorneys for OpenAI, Inc.*

17                    **UNITED STATES DISTRICT COURT**

18                   **NORTHERN DISTRICT OF CALIFORNIA**

19                            **OAKLAND DIVISION**

20 OPENAI, INC., a Delaware corporation,

21            Plaintiff,

22       vs.

23 OPEN ARTIFICIAL INTELLIGENCE, INC.,
   a Delaware corporation; and GUY RAVINE, an
24 individual,

25            Defendants.

26 _____

27 AND RELATED COUNTERCLAIMS.

28

Case No. 4:23-cv-03918-YGR

Assigned to the Hon. Yvonne Gonzalez Rogers

**PLAINTIFF OPENAI, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT OPEN ARTIFICIAL INTELLIGENCE, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION**

Plaintiff OpenAI, Inc. ("Plaintiff" or "OpenAI") objects and responds as follows to Defendant Open Artificial Intelligence, Inc.'s ("Defendant" or "Open Artificial Intelligence") Second Set of Requests for Production of Documents, served on June 24, 2024 (the "Requests," or individually, each "Request").

**OBJECTIONS APPLICABLE TO EACH REQUEST**

1.    Plaintiff OpenAI objects to the Requests to the extent that they purport to impose upon Plaintiff OpenAI obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California or any other applicable rule or law.  Without waiver or limitation of any of the objections set forth below, Plaintiff OpenAI will construe the Requests consistently with the applicable rules.

2.    Plaintiff OpenAI objects to the definition of "BLOG ANNOUNCEMENT" as it assumes facts that are inaccurate and not in evidence, as OpenAI did not make the blog post announcement "on December 15, 2015."  As used by Plaintiff OpenAI in its responses to the Requests, "BLOG ANNOUNCEMENT" shall refer to OpenAI's blog post on December 11, 2015 and available at https://openai.com/index/introducing-openai/.

3.    Plaintiff OpenAI objects to the definition of "DEFENDANTS' MARK" as vague, ambiguous, and misleading, particularly because it purports encompass "variations" of the "Open AI" name "without regard to spacing or punctuation," and because it references a registration on the Supplemental Register, which does not establish trademark rights, and Plaintiff OpenAI disputes that Defendants have any valid trademark.  As used by Plaintiff OpenAI in its responses to the Requests, "DEFENDANTS' MARK" shall mean the name "Open AI" as referred to in paragraph 2 of Plaintiff OpenAI's Complaint (Dkt. 1).

4.    Plaintiff OpenAI objects to the definition of "UNIVERSE" as it assumes facts that are inaccurate and not in evidence, particularly because it characterizes "UNIVERSE" as "a school for artificial intelligence," which it is not.  As used by Plaintiff OpenAI in its responses to the Requests, "UNIVERSE" shall mean a software platform for measuring and training an artificial intelligence's general intelligence across games, websites, and other applications.

5.     Plaintiff OpenAI objects to the definition of "YOU" or "YOUR" as vague, ambiguous, unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, to the extent this definition captures entities or individuals over whose knowledge or information Plaintiff OpenAI does not have access, custody or control.  As used by Plaintiff OpenAI in its responses to the Requests, "YOU" or "YOUR means "Plaintiff OpenAI, Inc."

6.     Plaintiff OpenAI's decision to provide any requested information, notwithstanding the objectionable nature of any of the Requests themselves, is not:  (a) a concession that the information is relevant to this proceeding; (b) a waiver of Plaintiff OpenAI's Objections Applicable to Each Request or the objections asserted in response to specific Requests; or (c) an agreement that requests for similar information will be treated in a similar manner.

7.     Plaintiff OpenAI's responses to the Requests are without waiver or limitation of its right to object to the use of any information referenced or contained therein, on grounds of competency, relevancy, materiality, privilege, admissibility as evidence for any purpose, or any other ground, in any subsequent proceeding or hearing in, or the trial of, this or any other action. Each response is without prejudice to, or waiver of, any objection Plaintiff OpenAI may make to any future use of such information.  Plaintiff OpenAI likewise reserves the right to object to other discovery procedures involving or relating to the subject matter of any information produced in response to these Interrogatories.  For any requests in which Plaintiff OpenAI agrees to produce non-privileged documents, Plaintiff OpenAI is not agreeing to produce any documents covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

8.     Plaintiff OpenAI objects to the Requests to they call for a response to facts, or the application of law to fact, or opinions about either, that are not relevant to any party's claims or defense, or and are not proportional to the needs of the case, considering Defendant's positions taken in this case and the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, or are otherwise beyond the scope of permissible discovery.

9.     Plaintiff OpenAI objects to the time periods specified in the Requests on the grounds that they are arbitrary, overly broad, unduly burdensome and are not proportional to the needs of the case, considering Defendant's positions taken in this case and the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, or are otherwise beyond the scope of permissible discovery.

10.     Plaintiff OpenAI objects to the Requests to the extent they presume the existence of certain facts, or are based on assumptions, neither proven by Defendant, nor admitted by Plaintiff OpenAI.  Plaintiff OpenAI's willingness to respond to any Request does not constitute in any manner Plaintiff OpenAI's admission to any of the assertions set forth or assumed in a request, nor constitute a waiver of Plaintiff OpenAI's objections thereto.

11.     Plaintiff OpenAI reserves the right to assert additional objections to these Requests as appropriate and to modify, supplement, or otherwise change or amend its objections and responses as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery.  The information contained in Plaintiff OpenAI's responses and objections is also subject to correction for omissions or errors.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 55:**

DOCUMENTS RELATING TO the conception or selection of PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK, including discussions about the "OpenAI" name or mark, its meaning and availability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it requires Plaintiff OpenAI to search for and produce "all" documents "RELATING TO" the conception or selection of Plaintiff's marks, as opposed to documents sufficient to show.  Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the terms "conception," "selection," "discussions,"

"meaning," and "availability."  Plaintiff OpenAI objects to this Request to the extent it calls for a legal conclusion regarding mark availability.  Plaintiff OpenAI further objects to this Request as duplicative of Defendants' Request for Production No. 38; Plaintiff OpenAI expressly incorporates its objections and responses to that Request as if fully set forth herein.

Subject to Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents reflecting consideration and/or selection of "OpenAI" as Plaintiff's name that predate the announcement of the company on December 11, 2015, to the extent that any are found after a reasonable search and diligent investigation and have not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 56:**

DOCUMENTS RELATING TO the conception or selection of the mission, statements, core values, or principles of PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that (i) it seeks documents not relevant to Plaintiff's claims or Defendants' defenses, and (ii) even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, it requires Plaintiff OpenAI to search for and produce documents "RELATING TO conception or selection," as opposed to documents reflecting commercial advertising.  Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the terms "conception," "selection," and the phrase "mission, statement, core values, or principles."

Subject to Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

DOCUMENTS RELATING TO the preparation of the BLOG ANNOUNCEMENT, including drafts and COMMUNICATIONS about its content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request on the basis that the definition of "BLOG ANNOUNCEMENT" is vague, ambiguous, and assumes facts not in evidence, including because it erroneously describes Plaintiff OpenAI's blog post as dated December 15, 2015. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that, even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, it requires Plaintiff OpenAI to search for and produce documents "RELATING TO" a blog post, as opposed to commercial advertising or communications with consumers about commercial advertising. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the term "preparation."

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 58:**

Articles YOU wrote in preparation for the launch of YOUR company.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Plaintiff OpenAI further objects to this Request on the basis that the definition of "YOU" is vague, ambiguous, unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, because it requires Plaintiff OpenAI to search for documents and emails from all employees, agents, and attorneys of OpenAI, regardless of whether they were in a position of responsibility regarding the subject matter or employed or retained during relevant time periods. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the

1    case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure,

2    including to the extent that: (i) it seeks documents not relevant to Plaintiff's claims or Defendants'

3    defenses, and (ii) even if a counterclaim is allowed following the Court's ruling on Plaintiff's

4    pending motion to dismiss, it requires Plaintiff OpenAI to search for and produce articles without

5    any tailoring of topic, seeks materials that are publicly available, and is not relevant because it is not

6    commercial advertising and the articles are not about name or services offered.  Plaintiff OpenAI

7    further objects to this Request as vague and ambiguous as to the term "preparation."

8        Subject to Subject to and without waiver of the foregoing objections, Plaintiff OpenAI

9    responds as follows: If the requested documents are relevant to any issue in the Action after the

10   Court rules on Plaintiff OpenAI's motion to dismiss Defendants' counterclaims, Plaintiff OpenAI

11   will meet and confer about reasonably narrowing the scope of this Request.

12   **REQUEST FOR PRODUCTION NO. 59:**

13       Press releases, articles, pitches, scripts, social media content and other statements prepared

14   in connection with the public announcement of PLAINTIFF'S formation.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

16       Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and

17   disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the

18   Federal Rules of Civil Procedure, including to the extent it seeks materials that are publicly available

19   and to the extent it seeks documents other than public statements.  Plaintiff OpenAI further objects

20   to this Request as vague and ambiguous as to the phrases "prepared in connection with the public

21   announcement of Plaintiff's formation" and "other statements."

22       Subject to Subject to and without waiver of the foregoing objections, Plaintiff OpenAI

23   responds as follows: Plaintiff OpenAI will produce documents sufficient to show Plaintiff OpenAI's

24   posts on its website and Twitter account announcing OpenAI's formation, to the extent that any are

25   found after a reasonable search and diligent investigation and have not already been produced or

26   filed in this Action.

27

28

**REQUEST FOR PRODUCTION NO. 60:**

DOCUMENTS RELATING TO use of YOUR mission statement to garner support from companies and investors, including Google, Elon Musk, non-profit organizations, and technology companies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks documents not relevant to Plaintiff's claims or Defendants' defenses, and (ii) even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, it requires Plaintiff OpenAI to search for and produce documents "RELATING TO" use of its mission statement and efforts to raise support from non-consumers, rather than communications with consumers about commercial advertising. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the term "garner support" and to the extent "YOUR mission statement" refers to anything other than OpenAI's products or services.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

DOCUMENTS and COMMUNICATIONS sufficient to show the amount of money raised in funding commitments from Elon Musk, Sam Altman, Amazon Web Services, and others for the launch of YOUR company, including but not limited to emails, text messages, commitment contracts, and other information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome,

overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks documents not relevant to Plaintiff's claims or Defendants' defenses, and (ii) even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, it seeks information about the amount of money raised, rather than the amount of money committed as of December 2015. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the timeframe for funding related to the launch of the company.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 62:**

All news releases, press releases, responses to media inquiries, or other public statements concerning YOUR mission, core values, or non-profit status from the time of YOUR formation to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks documents not relevant to Plaintiff's claims or Defendants' defenses, and (ii) even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, it seeks "all" news releases, press releases, responses to media inquiries, or other public statements concerning the specified topics rather than only those reflecting commercial advertising, and (iii) it seeks materials that are publicly available, or equally available to Defendants. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the terms "mission," "core values," and "non-profit status."

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: If any of the requested documents are relevant to any issue in the Action after the Court rules on Plaintiff OpenAI's motion to dismiss Defendants' counterclaims, Plaintiff OpenAI will meet and confer about reasonably narrowing the scope of this Request.

**REQUEST FOR PRODUCTION NO. 63:**

DOCUMENTS RELATING TO any trademark due diligence, investigation or other research into PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK, including materials prepared in connection with any such diligence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it requires Plaintiff OpenAI to search for and produce all documents "RELATING TO" trademark due diligence, investigation, or other research, as opposed to documents sufficient to show, and to the extent it seeks documents relating to the Composite Mark and documents relating to investigation after December 11, 2015. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the terms "due diligence," "investigation," "other research," and as to time. Plaintiff OpenAI further objects to this Request as duplicative of Defendants' Request for Production No. 38, and Plaintiff OpenAI expressly incorporates its objections and responses to that Request as if fully set forth herein.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged documents reflecting consideration of whether third-party uses of names were likely to cause confusion with "OpenAI" in connection with adoption of OpenAI name in December 2015, if any, to the extent that such documents are found after a reasonable search and diligent investigation and have not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 64:**

DOCUMENTS constituting, reflecting or evidencing the purchase of the domain name for YOUR WEBSITE and hosting services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the phrase "the domain name for YOUR WEBSITE and hosting services" in the context of Plaintiff OpenAI's specific website uses and functionality. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks documents other than actual purchase agreements or communications because literally every iteration of the website and communications with the website address on it "reflects" or "evidences" the purchase, (ii) it seeks materials that are publicly available, or substantially equally available to Defendants, and (iii) it seeks information about any website domain other than openai.com or any hosting services, which are is not likely to lead to the discovery of relevant evidence. Plaintiff OpenAI further objects to this Request to the extent it erroneously assumes Plaintiff paid money to acquire the openai.com domain name. Plaintiff OpenAI further objects to this Request as duplicative of Defendants' Request for Production No. 53; Plaintiff OpenAI expressly incorporates its objections and responses to that Request as if fully set forth herein.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show Plaintiff OpenAI's acquisition of the domain openai.com, to the extent that any such documents are found after a reasonable search and diligent investigation and have not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 65:**

COMMUNICATIONS with potential funders, potential researchers, advisors and supporters about the "OpenAI" name or mark and its meaning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

1  privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome,

2  overbroad, and disproportionate to the needs of the case, considering the factors provided by

3  Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks

4  documents not relevant to Plaintiff's claims or Defendants' defenses, , and (ii) even if a counterclaim

5  is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, it seeks documents

6  that are not relevant to commercial advertising or consumer reaction to the meaning of "OpenAI,"

7  or that relate to fundraising or recruitment, and (iii) it seeks materials that are publicly available, or

8  that are substantially equally available to Defendants.  Plaintiff OpenAI further objects to this

9  Request as vague and ambiguous as to the terms "potential funders," "potential researchers," and

10  "supporters."

11  Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as

12  follows: Plaintiff OpenAI will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 66:**

14  DOCUMENTS constituting, consisting of, or reflecting financing, investment or funding

15  commitments or promises made to YOU on or before January 1, 2016.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

17  Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from

18  disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

19  privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome,

20  overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule

21  26(b)(1) of the Federal Rules of Civil Procedure, including to the extent (i) it seeks documents not

22  relevant to Plaintiff's claims or Defendants' defenses, and (ii) even if a counterclaim is allowed

23  following the Court's ruling on Plaintiff's pending motion to dismiss, it seeks documents other than

24  actual investments or commitments to invest, seeks materials that are publicly available, and seeks

25  information about financing, investment, or funding commitments that are not relevant to the claims

26  or defenses in this case.  Plaintiff OpenAI further objects to this Request on the basis that the

27  definition of "YOU" is overbroad because it encompasses commitments or promises unrelated to

28  OpenAI.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: If any of the requested documents are relevant to any issue in the Action after the Court rules on Plaintiff OpenAI's motion to dismiss Defendants' counterclaims, Plaintiff OpenAI will meet and confer about reasonably narrowing the scope of this Request.

**REQUEST FOR PRODUCTION NO. 67:**

DOCUMENTS that reflect YOUR awareness of the open.ai domain, including when you first became aware of the open.ai domain.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request on the basis that the definition of "YOU" is vague, ambiguous, unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, because it requires Plaintiff OpenAI to search for documents and emails from all employees, agents, and attorneys of Plaintiff OpenAI, regardless of whether they were involved in the naming decision. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it seeks documents other than the first instance of awareness by anyone involved in naming decisions, and to the extent it seeks documents filed in this lawsuit. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the terms "awareness" and "aware," and as to time.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show first awareness of the open.ai domain by anyone involved in the naming decision of Plaintiff OpenAI, to the extent that any such documents are found after a reasonable search and diligent investigation and have not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 68:**

DOCUMENTS that reflect YOUR awareness of DEFENDANTS' MARK, including when you first became of DEFENDANTS' MARK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights. Plaintiff OpenAI further objects to this Request on the basis that the definition of "YOU" is vague, ambiguous, unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, because it requires Plaintiff OpenAI to search for documents and emails from all employees, agents, and attorneys of OpenAI, regardless of whether they were involved in the naming decision. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it seeks materials that are publicly available and filed in this lawsuit. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the terms "awareness" and "aware," and as to time.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show first awareness of Defendants Ravine's claim of trademark rights in OPEN AI to the extent that any such documents are found after a reasonable search and diligent investigation and have not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 69:**

DOCUMENTS mentioning, referring, or concerning DEFENDANTS, the open.ai domain or any subdomains thereof, and any tools, goods or services available on any websites affiliated with DEFENDANTS prior to November 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) ) it seeks documents that are more readily or equally available to Defendants from other sources, whether because they are publicly available or previously produced or filed in this action, and (ii) it seeks documents regarding third party plugins available on Defendants' website that are not relevant unless specifically related to Defendants' use of such plugins. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the term "affiliated." Plaintiff OpenAI objects to this Request as duplicative of Defendants' Request for Production Nos. 5 and 6; Plaintiff OpenAI expressly incorporates its objections and responses to those Requests as if fully set forth herein.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged documents that mention Guy Ravine, Open Artificial Intelligence, Inc., open.ai, wikineering.com, sunglass.io, cryptoart.co, revolutionarylabs.com, video.io, or ineed.com in reference to offerings on Defendants' open.ai website, to the extent that any such documents are found after a reasonable search and diligent investigation and have not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 70:**

COMMUNICATIONS concerning this ACTION or DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the mediation privilege, the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the phrase "concerning this ACTION." Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including

to the extent that: (i) it lacks a reasonable time frame, (ii) it seeks documents that are more readily or equally available to Defendants from other sources, whether because they are publicly available or previously produced or filed in this action, and (iii) it seeks internal communications that postdate the filing of the Complaint.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged communications that mention Guy Ravine, Open Artificial Intelligence, Inc., open.ai, wikineering.com, sunglass.io, cryptoart.co, revolutionarylabs.com, video.io, or ineed.com in reference to Defendants, but with respect to communications that post-date the complaint, only non-privileged documents exchanged between OpenAI and third parties other than court personnel and mediators, to the extent that any such documents are found after a reasonable search and diligent investigation and have not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 71:**

COMMUNICATIONS and DOCUMENTS with YOUR board of directors that discuss PLAINTIFF'S WORD MARK, PLAINTIFF'S COMPOSITE LOGO MARK, the open.ai domain, or DEFENDANTS, including executive materials, board materials, board meeting minutes, memoranda, and COMMUNICATIONS on those topics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request on the basis that the use of "YOUR" in this Request is ambiguous and unintelligible. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks all communications and documents that discuss Plaintiff OpenAI's mark, which would include virtually all communications and documents, (ii) it seeks documents that postdate the filing of the complaint, (ii) it seeks documents not relevant to Plaintiff's claims or Defendants' defenses, and (iii) even if a counterclaim is allowed following the Court's ruling on

Plaintiff's pending motion to dismiss,  it seeks documents that are not relevant to commercial advertising or consumer reaction to the meaning of "OpenAI," or that relate to fundraising or recruitment, and it seeks communications about the meaning of "OpenAI," which is overly broad because it is not relevant to commercial advertising or consumer perception or otherwise relevant to any of Plaintiff's claims or Defendants' answer.  Plaintiff OpenAI further objects to this Request as duplicative of Defendants' Request for Production Nos. 5 and 6; Plaintiff OpenAI expressly incorporates its objections and responses to those Requests as if fully set forth herein.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged communications with Plaintiff OpenAI's board of directors that mention Guy Ravine, Open Artificial Intelligence, Inc., open.ai, wikineering.com, sunglass.io, cryptoart.co, revolutionarylabs.com, video.io, or ineed.com in reference to offerings on Defendants' open.ai website, to the extent that any such documents predate the filing of the complaint and are found after a reasonable search and diligent investigation and have not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 72:**

COMMUNICATIONS with Adam D'Angelo that discuss open.ai from January 1, 2015 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including as to time and scope and to the extent that: (i) it seeks personal or non-@openai.com email accounts, and (ii) it seeks communications after Plaintiff OpenAI filed its Complaint in this Action.  Plaintiff OpenAI will construe this Request as limited to emails originating from @openai.com email accounts.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged documents between Adam

D'Angelo and an @openai.com email account that predate the filing of the complaint and mention open.ai in reference to Defendants, to the extent that any such documents are found after a reasonable search and diligent investigation and have not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 73:**

COMMUNICATIONS with Adam D'Angelo that discuss DEFENDANTS from January 1, 2015 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including as to time and scope and to the extent that: (i) it seeks personal or non-@openai.com email accounts, and (ii) it seeks communications after Plaintiff OpenAI filed its Complaint in this Action. Plaintiff OpenAI will construe this Request as limited to @openai.com email accounts.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged documents between Adam D'Angelo and an @openai.com email accounts that predate the filing of the complaint and mention Guy Ravine or Open Artificial Intelligence, Inc., to the extent that any such documents are found after a reasonable search and diligent investigation and have not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 74:**

COMMUNICATIONS and DOCUMENTS between YOU and the USPTO regarding DEFENDANTS or DEFENDANTS' WORD MARK, including any COMMUNICATIONS that are not publicly available.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Plaintiff OpenAI objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it seeks materials that are publicly available. Plaintiff OpenAI further objects to this Request as duplicative of Defendants' Request for Production No. 7; Plaintiff OpenAI expressly incorporates its objections and responses to that Request as if fully set forth herein.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI incorporates by reference its objections and response to Defendants' Request for Production No. 7.

**REQUEST FOR PRODUCTION NO. 75:**

DOCUMENTS RELATING TO trademark prosecution activity or efforts before the USPTO in support of PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK, including internal COMMUNICATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the phrase "prosecution activity or efforts." Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that, a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, it requires Plaintiff OpenAI to search for and produce documents "RELATING TO" trademark prosecution activity or efforts beyond documents exchanged with the PTO, and to the extent it seeks materials that are publicly available. Plaintiff OpenAI further objects to this Request as duplicative

of Defendants' Request for Production Nos. 8 and 9; Plaintiff OpenAI expressly incorporates its objections and responses to those Requests as if fully set forth herein.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI incorporates by reference its objections and responses to Defendants' Request for Production Nos. 8 and 9.

**REQUEST FOR PRODUCTION NO. 76:**

DOCUMENTS and COMMUNICATIONS submitted to the USPTO by YOU on the issue of acquired distinctiveness with respect to PLAINTIFF'S WORD MARK or PLAINTIFF'S LOGO COMPOSITE MARK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it seeks materials that are publicly available. Plaintiff OpenAI further objects to this Request as duplicative of Defendants' Request for Production No. 9; Plaintiff OpenAI expressly incorporates its objections and responses to that Request as if fully set forth herein.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI incorporates by reference its objections and response to Defendants' Request for Production No. 9.

**REQUEST FOR PRODUCTION NO. 77:**

DOCUMENTS sufficient to identify the date ranges of all goods and services YOU offer, have offered, or intend to offer, where PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK was placed in any manner on the goods or their containers or displays associated therewith or on the tags or labels affixed thereto, or on documents associated with goods or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the

Federal Rules of Civil Procedure, including to the extent it seeks information about all goods and services, including those that have not been offered, and to the extent it seeks materials that are publicly available. Plaintiff OpenAI further objects to this Request as duplicative of Defendants' Request for Production No. 42; Plaintiff OpenAI expressly incorporates its objections and responses to that Request as if fully set forth herein.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show date ranges of the goods or services offered, to the extent that such documents are found after a reasonable search and diligent investigation and have not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 78:**

DOCUMENTS sufficient to identify YOUR efforts to market or promote any goods or services using PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK, or the "OpenAI" name, including advertising or marketing materials; advertising or marketing orders; the dates, mediums and costs of marketing; intended, expected, or actual viewership of, or engagement with advertisement and marketing, marketing plans, and unique advertisements bearing the marks, since YOUR inception to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Plaintiff OpenAI objects to this Request as vague and ambiguous as to the phrases "efforts to market or promote" and "engagement." Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks advertising or marketing that is publicly available, and (ii) it seeks information about "advertising or marketing orders" and "costs of marketing" that is not likely to lead to the discovery of evidence relevant to the claims or defenses in this case.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show Plaintiff OpenAI's announcements of its products or services on its website, and public posts promoting those products and services on Plaintiff OpenAI's social media accounts on Twitter, YouTube, and Instagram, to

the extent that any such documents are found and reasonably accessible after a reasonable search and diligent investigation and have not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 79:**

DOCUMENTS prepared by YOU or on YOUR behalf relating to consumer attitudes, perception or beliefs of PLAINTIFF'S WORD MARK, PLAINTIFF'S COMPOSITE LOGO MARK or the "OpenAI" name, including marketing studies, advertising studies, focus group research, surveys, and other similar materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the phrase "relating to consumer attitudes, perception or beliefs." Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that it requires Plaintiff OpenAI to search for and produce documents "relating to" consumer attitudes, perceptions, or beliefs. Plaintiff OpenAI further objects to this Request as premature to the extent it seeks expert discovery.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged documents sufficient to show consumer survey results regarding the OpenAI Mark, to the extent that any such documents are found after a reasonable search and diligent investigation and have not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 80:**

DOCUMENTS prepared by YOU or on YOUR behalf focused on measuring or assessing brand recognition, brand awareness or the effectiveness of promotional and marketing campaigns associated with YOUR brands, marks, goods or services from YOUR formation to the present, including reports, memoranda, presentations, success metrics, usage analytics, and other materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the terms "focused on," "brand recognition," "brand awareness," "effectiveness," and "other materials." Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks documents other than those reflecting results of consumer focus group or survey results, and (ii) it seeks documents filed in this lawsuit.  Plaintiff OpenAI further objects to this Request as premature to the extent it seeks expert discovery.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce non-privileged documents sufficient to show consumer survey results regarding the OpenAI Mark, to the extent that any such documents are found after a reasonable search and diligent investigation and have not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 81:**

DOCUMENTS showing or otherwise evidencing that consumers associate PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK with UNIVERSE, DALL·E 2, ChatGPT or any other goods or services offered by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it seeks materials that are publicly available or have been produced by Defendants.  Plaintiff OpenAI further objects to this Request as premature to the extent it seeks expert discovery.

1       Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as

2  follows: Plaintiff OpenAI will produce documents sufficient to show that consumers associate the

3  OpenAI Mark with OpenAI's goods and services, to the extent that any such documents are found

4  after a reasonable search and diligent investigation and have not already been produced or filed in

5  this Action.

6  **REQUEST FOR PRODUCTION NO. 82:**

7       DOCUMENTS showing or otherwise evidencing that consumers use ChatGPT or

8  DALL·E 2 because YOU made those products.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

10       Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from

11  disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

12  privileges or immunities.  Plaintiff OpenAI further objects to this Request as vague and ambiguous

13  as to the term "use … because YOU made."  Plaintiff OpenAI further objects to this Request as

14  unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors

15  provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including and to the extent it

16  seeks information that is not relevant to the claims or defenses in this action, and to the extent it

17  seeks materials that are publicly available.  Plaintiff OpenAI further objects to this Request as

18  premature to the extent it seeks expert discovery.

19       Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as

20  follows: Plaintiff OpenAI will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 83:**

22       DOCUMENTS sufficient to show the unique number of users or visitors of YOUR

23  WEBSITE on a daily, monthly, and annual basis, from the launch date to the present.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

25       Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and

26  disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the

27  Federal Rules of Civil Procedure, including to the extent that (i) it seeks information on a daily

28  and/or annual basis, and (ii) it seeks information that is not reasonably accessible because of undue

burden or cost, particularly insofar as the granular historical data requested is not maintained in the ordinary course of business in a readily accessible format.  Plaintiff OpenAI further objects to this Request as vague and ambiguous and will interpret "visitors" and "users" as having the same meaning.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce, consistent with its objections and response to Defendants' Request for Production No. 40, documents sufficient to show estimated external active user metrics for the website openai.com, to the extent such information is found and is reasonably accessible following a reasonable search and diligent investigation and has not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 84:**

Analytical data sufficient to show the sources of web traffic to YOUR WEBSITE on a monthly and annual basis, from the launch date to the present, such as Google Analytics reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks detailed analytical data on a monthly and annual basis from the launch date to the present, and (ii) it seeks information that is not reasonably accessible because of undue burden or cost, particularly insofar as the granular historical data requested is not maintained in the ordinary course of business in a readily accessible format.  Plaintiff OpenAI objects to this Request as vague and ambiguous as to the phrase "sources of web traffic."

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce, consistent with its objections and response to Defendants' Request for Production No. 40, documents sufficient to show estimated external active user metrics for the website openai.com, to the extent such information is found and is reasonably accessible following a reasonable search and diligent investigation and has not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 85:**

Analytical data from YOUR "OpenAI" social media pages such as Instagram and X on a monthly and annual basis, from the applicable launch date to the present, including reports containing data on audience trends and demographics, performance metrics, paid ad results, influencer impact, and brand sentiment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks detailed analytical data on a monthly and annual basis from the launch date to the present for multiple social media platforms, and (ii) it seeks information that is not reasonably accessible because of undue burden or cost, particularly insofar as the granular historical data requested is not maintained in the ordinary course of business in a readily accessible format. Plaintiff OpenAI objects to this Request as vague and ambiguous as to the terms "audience trends," "performance metrics," "influencer impact," and "brand sentiment," and because it assumes facts not in evidence.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show the number of followers for its official Instagram and X accounts on an annual basis from their respective launch dates to today, to the extent such information is found and is reasonably accessible following a reasonable search and diligent investigation and has not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 86:**

Analytical data that measures usage of Dall·E 2 on a monthly and annual basis, from the applicable launch date to the present, including reports containing data on the number of unique users, visitors and generation requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks detailed analytical data on

a monthly and annual basis from the launch date to the present, and (ii) it seeks information that is not reasonably accessible because of undue burden or cost, particularly insofar as the granular historical data requested is not maintained in the ordinary course of business in a readily accessible format. Plaintiff OpenAI objects to this Request as vague and ambiguous as to the distinction between "unique users" and "visitors."

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show estimated external active user metrics for DALL-E 2 on an annual basis from launch to today, to the extent such information is found and is reasonably accessible following a reasonable search and diligent investigation and has not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 87:**

Analytical data that measures usage of Dall·E 1 on a monthly and annual basis, from the applicable launch date to the present, including reports containing data on the number of unique users, visitors and generation requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks detailed analytical data on a monthly and annual basis from the launch date to the present, and (ii) it seeks information that is not reasonably accessible because of undue burden or cost, particularly insofar as the granular historical data requested is not maintained in the ordinary course of business in a readily accessible format. Plaintiff OpenAI objects to this Request as vague and ambiguous as to the distinction between "unique users" and "visitors."

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show estimated external active user metrics for DALL-E on an annual basis from launch to today, to the extent such information is found and is reasonably accessible following a reasonable search and diligent investigation and has not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 88:**

Analytical data that measures usage of ChatGPT and each of its versions on a monthly and annual basis, from the applicable launch date to the present, including reports containing data on the number of unique users, visitors and generation requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks detailed analytical data on a monthly and annual basis from the launch date to the present for multiple versions of ChatGPT, and (ii) it seeks information that is not reasonably accessible because of undue burden or cost, particularly insofar as the granular historical data requested is not maintained in the ordinary course of business in a readily accessible format. Plaintiff OpenAI objects to this Request as vague and ambiguous as to the distinction between "unique users" and "visitors."

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show estimated external active user metrics for ChatGPT on an annual basis from launch to today, to the extent such information is found and is reasonably accessible following a reasonable search and diligent investigation and has not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 89:**

Analytic data sufficient to show the usage of all YOUR mobile applications on a monthly and annual basis, from the launch of the application to the present, including reports containing data on the number of unique users, visitors, and generation requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks detailed analytical data on a monthly and annual basis from the launch date to the present for all mobile applications, and (ii) it seeks information that is not reasonably accessible because of undue burden or cost, particularly

insofar as the granular historical data requested is not maintained in the ordinary course of business in a readily accessible format.  Plaintiff OpenAI objects to this Request as vague and ambiguous as to the distinction between "unique users" and "visitors," as well as "mobile applications."  Plaintiff OpenAI construes "mobile applications" to mean OpenAI's official ChatGPT applications on iOS and Android and responds accordingly.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show estimated external active user metrics for its mobile applications on iOS and Android on an annual basis from launch to today, to the extent such information is found and is reasonably accessible following a reasonable search and diligent investigation and has not already been produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 90:**

Strategy and planning documentation for marketing YOUR brands, marks, goods or services from the time of YOUR formation to the present, including marketing plans, campaigns, briefs, policies, milestone goals, and playbooks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the terms "strategy and planning documentation" and "playbooks."  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1), including to the extent it seeks information about plans and internal documents as opposed to actual marketing.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows:  Plaintiff OpenAI will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 91:**

Strategy and planning documentation for marketing YOUR brands, marks, goods or services, including marketing plans, campaigns, briefs, policies, milestone goals, and playbooks.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

2      Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from

3  disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

4  privileges or immunities.  Plaintiff OpenAI further objects to this Request as duplicative of

5  Defendants' Request for Production No. 90.  Plaintiff OpenAI further objects to this Request as

6  vague and ambiguous as to the terms "strategy and planning documentation" and "playbooks."

7  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and

8  disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the

9  Federal Rules of Civil Procedure, including to the extent that it seeks strategy and planning materials

10  and is not limited to documents reflecting marketing that actually occurred.

11      Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as

12  follows:  Plaintiff OpenAI will not produce additional documents responsive to this Request.

13  **REQUEST FOR PRODUCTION NO. 92:**

14      Market research prepared by YOU or on YOUR behalf for YOUR brands, marks, goods or

15  services, including reports, memoranda, presentations, success metrics, usage analytics, and other

16  materials focused on measuring or assessing brand recognition, brand awareness or the effectiveness

17  of promotional and marketing campaigns.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

19      Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from

20  disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

21  privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome,

22  overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule

23  26(b)(1) of the Federal Rules of Civil Procedure.

24      Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as

25  follows: Plaintiff OpenAI will produce documents sufficient to show market research reports

26  prepared by OpenAI to the extent that such documents are found after a reasonable search and

27  diligent investigation and are not documents already produced or filed in this Action.

28

**REQUEST FOR PRODUCTION NO. 93:**

Contracts and agreements with PERSONS retained by YOU to assist with marketing, advertising, or promotion of YOUR brands, marks, goods or services from the time of YOUR formation to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Plaintiff OpenAI objects to this Request as vague and ambiguous as to the phrase "persons retained by YOU," as it is unclear whether this refers to employees, contractors, agencies, influencers, or other parties. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that it includes all employees, as all employees assist with marketing, advertising, or promotion of OpenAI's brands, marks, goods, and/or services to some degree.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show contracts providing for assistance services with respect to advertising or marketing entered between Plaintiff OpenAI, on the one hand, and a non-employee third-party advertising or marketing assistant, on the other hand, to the extent that such documents are found after a reasonable search and diligent investigation and are not documents already produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 94:**

Contracts and agreements with marketing professionals, advertising professionals, media professionals, media analysts, or other industry influencers to promote YOUR brands, marks, goods or services from the time of YOUR formation to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Plaintiff OpenAI objects to this Request as vague and ambiguous as to the terms "marketing professionals," "advertising professionals," "media professionals," "media analysts," and "industry influencers." Plaintiff OpenAI further objects to this Request as duplicative of Defendants' Request for Production No. 93. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule

26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that it includes all employees, as all employees assist with marketing, advertising, or promotion of OpenAI's brands, marks, goods, and/or services to some degree.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show contracts providing for assistance services with respect to advertising or marketing entered between Plaintiff OpenAI, on the one hand, and a non-employee third party marketing or advertising professional, on the other hand, to the extent that such documents are found after a reasonable search and diligent investigation and are not documents already produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 95:**

Contracts and agreements made with search engine optimization companies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it seeks all contracts with search engine optimization companies, not just those related to search engine optimization. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the term "search engine optimization company." Plaintiff OpenAI further objects to this Request because it assumes facts not in evidence.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff will produce contracts or agreements with companies for the purpose of search engine optimization, if any, to the extent that such documents are found after a reasonable search and diligent investigation and are not documents already produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 96:**

DOCUMENTS sufficient to show the paid keywords you have bid for inside Google Ads and other search engine marketing platforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the

Federal Rules of Civil Procedure, including to the extent that the information sought is not reasonably accessible because of undue burden or cost. Plaintiff OpenAI objects to this Request as vague and ambiguous as to the phrase "other search engine marketing platforms." Plaintiff OpenAI further objects to this Request because it assumes facts.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff will responsive documents, if any, to the extent that such documents are found after a reasonable search and diligent investigation and are not documents already produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 97:**

DOCUMENTS sufficient to show YOUR search engine optimization techniques used for YOUR goods or services such as ChatGPT and DALL·E 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that the information sought is not reasonably accessible because of undue burden or cost. Plaintiff OpenAI objects to this Request as vague and ambiguous as to the phrase "search engine optimization techniques." Plaintiff OpenAI further objects to this Request because it assumes facts not in evidence.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff will responsive documents, if any, to the extent that such documents are found after a reasonable search and diligent investigation and are not documents already produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 98:**

Financial documentation on an annual and monthly basis sufficient to show YOUR marketing or advertising budgets and expenditures from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the

Federal Rules of Civil Procedure, including to the extent it seeks detailed financial information on a monthly basis from January 1, 2015 to the present, and to the extent it seeks budget information as opposed to expenditures.  Plaintiff OpenAI further objects to this Request to the extent it seeks confidential business information and trade secrets.  Plaintiff OpenAI objects to this Request as vague and ambiguous as to the meaning of "marketing or advertising budgets and expenditures."

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows:  Plaintiff OpenAI will produce documents sufficient to show its annual expenditures categorized in the course of its business as marketing and/or advertising expenditures from 2015 to the present, if any.

**REQUEST FOR PRODUCTION NO. 99:**

DOCUMENTS sufficient to show the amount of advertising expenditures allocated or spent by YOU for media coverage, advertising, ad space, brand deals, collaborations, and other forms of advertisement from January 1, 2015 to the present, to promote PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it seeks detailed information from January 1, 2015 to the present, , and to the extent it seeks budget information as opposed to expenditures. Plaintiff OpenAI further objects to this Request to the extent it seeks confidential business information and trade secrets.  Plaintiff OpenAI objects to this Request as vague and ambiguous as to the phrases "advertising expenditures," "media coverage," "brand deals," "collaborations," and "other forms of advertisement."

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show its annual expenditures categorized in the course of its business as marketing and/or advertising expenditures related to the specified marks from 2015 to the present, if any.

1  **REQUEST FOR PRODUCTION NO. 100**:

2      DOCUMENTS sufficient to show the amount of advertising expenditures allocated or spent

3  by YOU for media coverage, advertising, ad space, brand deals, collaborations, and other forms of

4  advertisement from January 1, 2015 to the present, to promote DALL·E and each of its versions.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100**:

6      Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and

7  disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the

8  Federal Rules of Civil Procedure, including to the extent it seeks information about amounts

9  allocated as opposed to amounts spent .  Plaintiff OpenAI further objects to this Request as

10 duplicative of Defendants' Request for Production No. 99.  Plaintiff OpenAI further objects to this

11 Request as vague and ambiguous as to the terms "advertising expenditures allocated or spent."

12     Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as

13 follows: Plaintiff OpenAI will produce documents sufficient to show its annual expenditures

14 categorized in the course of its business as marketing and/or advertising expenditures related to

15 DALL·E and each of its versions from 2015 to the present, if any.

16 **REQUEST FOR PRODUCTION NO. 101**:

17     DOCUMENTS sufficient to show the amount of advertising expenditures allocated or spent

18 by YOU for media coverage, advertising, ad space, brand deals, collaborations, and other forms of

19 advertisement from January 1, 2015 to the present, to promote ChatGPT and each of its versions.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 101**:

21     Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and

22 disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the

23 Federal Rules of Civil Procedure, including to the extent it seeks information about amounts

24 allocated as opposed to amounts spent.  Plaintiff OpenAI further objects to this Request as

25 duplicative of Defendants' Request for Production No. 99.  Plaintiff OpenAI further objects to this

26 Request as vague and ambiguous as to the terms "advertising expenditures allocated or spent."

27     Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as

28 follows: Plaintiff OpenAI will produce documents sufficient to show its annual expenditures

categorized in the course of its business as marketing and/or advertising expenditures related to ChatGPT and each of its versions from 2015 to the present, if any.

**REQUEST FOR PRODUCTION NO. 102:**

DOCUMENTS sufficient to show the amount of advertising expenditures allocated or spent by YOU for media coverage, advertising, ad space, brand deals, collaborations, and other forms of advertisement from January 1, 2015 to the present, to promote UNIVERSE and each of its versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it seeks information about amounts allocated as opposed to amounts spent..  Plaintiff OpenAI further objects to this Request as duplicative of Defendants' Request for Production No. 99.  Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the terms "advertising expenditures allocated or spent," and the definition of UNIVERSE.  Plaintiff OpenAI further objects to the defined term "UNIVERSE" as it assumes facts that are inaccurate and not in evidence, particularly because it characterizes "UNIVERSE" as "a school for artificial intelligence," which it is not.  Plaintiff OpenAI's response herein accordingly construes "Universe" to mean Plaintiff OpenAI's software platform for measuring and training an artificial intelligence's general intelligence across games, websites, and applications.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show its annual expenditures categorized in the course of its business as marketing and/or advertising expenditures related to Universe and each of its versions from 2015 to the present, if any.

**REQUEST FOR PRODUCTION NO. 103:**

YOUR monthly and annual profit and loss statements from January 1, 2015 to the present, including information showing total revenues and expenditures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it (i) seeks information not related to Plaintiff's claims or Defendant's answer in this Action, (ii) seeks discovery premised on the viability of Defendants' counterclaims, which are the subject of Plaintiff OpenAI's motion to dismiss and for which the scope of permissible discovery remains undetermined, and (iii) it seeks all monthly and annual profit and loss statements, as opposed to documents sufficient to show that information.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: If any of the requested documents are relevant to any issue in the Action after the Court rules on Plaintiff OpenAI's motion to dismiss Defendants' counterclaims, Plaintiff OpenAI will meet and confer about reasonably narrowing the scope of this Request.

**REQUEST FOR PRODUCTION NO. 104:**

Press releases, articles, pitches, scripts, social media content and other statements prepared in connection with the announcement of the public release of ChatGPT and each of its versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it seeks information about anything prepared that was not publicly shared. Plaintiff OpenAI further objects to this Request as the terms "pitches," "scripts," and "other statements prepared" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show Plaintiff OpenAI's public announcements of ChatGPT and each of its versions, and documents in OpenAI's possession, custody, or control reflecting social media content it posted about those announcements and articles, to the extent that such documents are found after a reasonable search and diligent investigation and are not documents already produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 105:**

Press releases, articles, pitches, scripts, social media content and other statements prepared in connection with the announcement of the public release of DALL·E and each of its versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it seeks information about anything prepared that was not publicly shared. Plaintiff OpenAI further objects to this Request as the terms "pitches," "scripts," and "other statements prepared" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show Plaintiff OpenAI's public announcements of DALL·E and each of its versions, and documents in OpenAI's possession, custody, or control reflecting social media content it posted about those announcements and articles, to the extent that such documents are found after a reasonable search and diligent investigation and are not documents already produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 106:**

Promotional or marketing materials associated with UNIVERSE from the time of its release to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it seeks information about any materials prepared that were not publicly shared. Plaintiff OpenAI further objects to this Request as the terms "pitches," "scripts," and "other statements prepared" are vague and ambiguous. Plaintiff OpenAI objects to the defined term "UNIVERSE" as it assumes facts that are inaccurate and not in evidence, particularly because it characterizes "UNIVERSE" as "a school for artificial intelligence," which it is not. Plaintiff OpenAI objects to the defined term "UNIVERSE" as it assumes facts that are inaccurate and not in evidence, particularly because it characterizes "UNIVERSE" as "a school for

artificial intelligence," which it is not. Plaintiff OpenAI's response herein accordingly construes "Universe" to mean Plaintiff OpenAI's software platform for measuring and training an artificial intelligence's general intelligence across games, websites, and applications.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show Plaintiff OpenAI's public announcements of Universe and each of its versions, and documents in OpenAI's possession, custody, or control reflecting social media content it posted about those announcements and articles, to the extent that such documents are found after a reasonable search and diligent investigation and are not documents already produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 107:**

DOCUMENTS sufficient to show quantitative and qualitative data on PERSONS or users who downloaded, accessed, used, or otherwise engaged with UNIVERSE, including usage statistics, demographic data, audience trends, and performance metrics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks detailed quantitative and qualitative data from the launch date to the present, and (ii) it seeks information that is not reasonably accessible because of undue burden or cost, particularly insofar as the granular historical data requested is not maintained in the ordinary course of business in a readily accessible format. Plaintiff OpenAI objects to this Request as vague and ambiguous as to the phrases "quantitative and qualitative data" and "otherwise engaged with." Plaintiff OpenAI objects to the defined term "UNIVERSE" as it assumes facts that are inaccurate and not in evidence, particularly because it characterizes "UNIVERSE" as "a school for artificial intelligence," which it is not. Plaintiff OpenAI's response herein accordingly construes "Universe" to mean Plaintiff OpenAI's software platform for measuring and training an artificial intelligence's general intelligence across games, websites, and applications.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce documents sufficient to show quantitative and/or qualitative data concerning users of Universe, to the extent that such documents are found and reasonably accessible following a reasonable search and diligent investigation and are not documents already produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 108:**

DOCUMENTS reflecting or referring to mistaken belief, confusion, or deception between DEFENDANTS' MARK or DEFENDANTS' goods and services, DEFENDANTS' WEBSITE, on the one hand, and YOU, use of YOUR WEBSITE, and YOUR goods and services, on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Plaintiff OpenAI further objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights. Plaintiff OpenAI further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it seeks materials that are publicly available, including pleadings filed and documents Defendants produced. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the phrase "deception between." Plaintiff OpenAI further objects to this Request as premature to the extent it seeks expert discovery. Plaintiff OpenAI further objects to this Request as duplicative of Defendants' Request for Production No. 39; Plaintiff OpenAI expressly incorporates its objections and responses to that Request as if fully set forth herein.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce, consistent with its objections and response to Defendants' Request for Production No. 39, documents obtained from sources other than Defendants reflecting

questions or confusion about the source, origin, connection, affiliation, sponsorship or association between the parties and/or their goods and services, to the extent that such documents are found after a reasonable search and diligent investigation and are not documents already produced or filed in this Action.

**REQUEST FOR PRODUCTION NO. 109:**

COMMUNICATIONS about public sentiment surrounding YOUR charter and commitment to humanity with open source artificial intelligence from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that (i) it seeks information not related to Plaintiff's claims or Defendant's answer in this Action, and (ii) even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, it seeks materials that are publicly available, is not limited to communications by or among specific persons, and is not limited to commercial advertising or consumer perception. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the phrase "public sentiment surrounding."

Subject to without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: To the extent documents about public sentiment on these issues are relevant to any issue in the Action after the Court rules on Plaintiff OpenAI's motion to dismiss Defendants' counterclaims, Plaintiff OpenAI will meet and confer about reasonably narrowing the scope of this Request.

**REQUEST FOR PRODUCTION NO. 110:**

DOCUMENTS RELATING TO public crisis management about YOUR commitment to humanity and awareness of the social impact of artificial intelligence, including media monitoring practices, sentiment analysis, reputation management plans, board meetings, internal emails, and market and trend research.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks information not related to Plaintiff's claims or Defendant's answer in this Action, and (ii) even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, , it requires Plaintiff OpenAI to search for and produce documents "RELATING TO" public crisis management, as opposed to documents reflecting consumer sentiment about any relevant issue. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the phrases "public crisis management," "commitment to humanity," and "social impact."

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 111:**

DOCUMENTS RELATING TO the PUBLIC LETTER released by several of YOUR formal employees regarding safety concerns about artificial intelligence, including internal emails, disciplinary procedures taken, public sentiment data, reputation management plans, and media monitoring procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it (i) seeks information about safety concerns and employee letters that is not relevant to Plaintiff's claims or Defendants' answer in this case, and (ii) even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, seeks confidential information about personnel actions that

implicate the privacy rights of individuals, requires Plaintiff OpenAI to search for and produce documents "RELATING TO" the PUBLIC LETTER, and seeks materials that are publicly available.  Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the phrases "safety concerns," "disciplinary procedures," and "public sentiment."

Subject to without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: If any of the requested documents are relevant to any issue in the Action after the Court rules on Plaintiff OpenAI's motion to dismiss Defendants' counterclaims, Plaintiff OpenAI will meet and confer about reasonably narrowing the scope of this Request.

**REQUEST FOR PRODUCTION NO. 112:**

COMMUNICATIONS constituting, reflecting, or evidencing complaints made by any PERSONS that the "OpenAI" name, PLAINTIFF'S WORD MARK, or PLAINTIFF'S COMPOSITE LOGO MARK misdescribes YOUR business, goods or services, including letters received by YOU from consumers, employees, former employees, researchers, investors, shareholders, or others.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks information not related to Plaintiff's claims or Defendant's answer in this Action,  and (ii) even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss,  it seeks complaints "by any person" as opposed to consumers and materials that are publicly available. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the terms "complaints" and "misdescribes."  Plaintiff OpenAI objects to this Request to the extent it calls for a legal conclusion regarding misdescription.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: If the requested documents are relevant to any issue in the Action after the Court rules on

1    Plaintiff OpenAI's motion to dismiss Defendants' counterclaims, Plaintiff OpenAI will meet and

2    confer about reasonably narrowing the scope of this Request.

3    **REQUEST FOR PRODUCTION NO. 113:**

4         DOCUMENTS RELATING TO the YOUR board's decision to remove Samuel Altman

5    from his position on or about November 17, 2023, including executive materials, board materials,

6    board meeting minutes, memoranda, and COMMUNICATIONS regarding concerns about his

7    handling of safety issues and commitment to YOUR mission.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

9         Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from

10   disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

11   privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome,

12   overbroad, and disproportionate to the needs of the case, considering the factors provided by

13   Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: it seeks

14   information about a board decision that is not relevant to Plaintiff's claims or Defendants' answer

15   in this case, and (ii) even if a counterclaim is allowed following the Court's ruling on Plaintiff's

16   pending motion to dismiss, it requires Plaintiff OpenAI to search for and produce documents

17   irrelevant documents and documents "RELATING TO" "YOUR board's decision to remove," and

18   seeks materials that are publicly available.  Plaintiff OpenAI further objects to this Request as vague

19   and ambiguous as to the phrases "executive materials," "board materials," and "memoranda,"

20   "concerns about handling of safety issues," and "commitment."

21        Subject to without waiver of the foregoing objections, Plaintiff OpenAI responds as follows:

22   Plaintiff OpenAI will not produce any documents in response to this Request.

23   **REQUEST FOR PRODUCTION NO. 114:**

24        A letter reported on in the media that staff researchers purportedly distributed to members

25   of YOUR board prior to the November 2023 removal of Sam Altman that purportedly warned about

26   a powerful artificial intelligence discovery that could threaten humanity.

27

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

2       Plaintiff OpenAI objects to this Request on the grounds that it fails to describe the

3   information sought with reasonable particularity.  Plaintiff OpenAI further objects to this Request

4   as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the

5   factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent

6   that: (i) it seeks information about internal communications regarding AI power and threats to

7   humanity that is not relevant to the Plaintiff's claims or Defendants' defenses in this case, and (ii)

8   even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to

9   dismiss, the requested document is not relevant.

10      Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as

11  follows: Plaintiff OpenAI will not produce any documents in response to this Request.

12  **REQUEST FOR PRODUCTION NO. 115:**

13      DOCUMENTS RELATING TO concerns about Project Q-Star, an artificial intelligence

14  algorithm developed by YOU.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

16      Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from

17  disclosure by the attorney-client privilege, the attorney work-product doctrine and any other

18  privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome,

19  overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule

20  26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks information

21  about Project Q-Star that is not a released good or service or otherwise relevant to Plaintiff's claims

22  or Defendants' defenses, (ii) even if a counterclaim is allowed following the Court's ruling on

23  Plaintiff's pending motion to dismiss, it remains irrelevant because it seeks information about an

24  unreleased product and is not related to commercial advertising,   and (iii) it requires Plaintiff

25  OpenAI to search for and produce documents "RELATING TO" concerns, seeks proprietary

26  research work that has not been publicly released.  Plaintiff OpenAI further objects to this Request

27  as vague and ambiguous as to the term "concerns."

28

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 116:**

DOCUMENTS RELATING TO YOUR decision to disband or dissolve the Superalignment team, including executive materials, board materials, board meeting minutes, memoranda, and COMMUNICATIONS regarding safety concerns about the dissolution of this team.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks information about personnel decisions and organizational structure that is not relevant to the claims or defenses in this case, even if a counterclaim remains is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, (ii) it requires Plaintiff OpenAI to search for and produce documents "RELATING TO" its decision (which may involve many factors), and (iii) seeks materials that are publicly available.  Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the phrase "safety concerns."

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 117:**

DOCUMENTS sufficient to show the employment status of all YOUR employees who did not sign the letter requesting that Samuel Altman be reinstated after YOUR board removed him from his position on or about November 17, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that it seeks information about employment

issues that are not relevant to the claims or defenses in this case, even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss. Plaintiff OpenAI further objects that this Request invades the privacy of third parties who have no relevant to the claims or defenses in this case.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 118:**

All materials considered or relied upon by YOUR expert in connection with the opinions offered in the SWAIN DECLARATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Plaintiff OpenAI objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it seeks materials that are publicly available and were previously filed in this action.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce materials identified in Exhibit C (Materials Reviewed) to the Swain declaration (Dkt. 24-3).

**REQUEST FOR PRODUCTION NO. 119:**

DOCUMENTS reflecting, showing or evidencing YOUR awareness of any other PERSONS who use, or have used, PLAINTIFF'S WORD MARK, PLAINTIFF'S COMPOSITE LOGO MARK or a similar variant thereof at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as vague and ambiguous, particularly with respect to the terms "use" and "awareness," which are undefined and unlimited as to time. For example, everyone who has ever referred to Plaintiff by its name has used the "OpenAI" mark "in any manner." Plaintiff OpenAI further objects to this Request as irrelevant to the extent it

seeks information about uses that do not appear to be an entity's self-referencing uses of the OpenAI Mark to describe itself or its products on or after December 11, 2015.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it requests documents concerning all uses, which is overly broad as it is seeks information about uses not made in U.S. commerce, uses not made in reference to a third party's use to identify itself or its goods, and uses that were not made after December 11, 2015, (ii) it  seeks all documents instead of documents sufficient to identify, and (iii) it seeks information that has been previously provided in filings.  Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the phrase "any other person" and will assume this does not include Defendants. Plaintiff OpenAI further objects to this Request as duplicative of Defendants' Request for Production Nos. 11 and 12; Plaintiff OpenAI expressly incorporates its objections and responses to those Requests as if fully set forth herein.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce, consistent with its objections and responses to Defendants' Request for Production Nos. 11 and 12, cease-and-desist letters regarding Plaintiff's OpenAI Mark.

**REQUEST FOR PRODUCTION NO. 120:**

COMMUNICATIONS with any other PERSONS RELATING TO use of PLAINTIFF'S WORD MARK, PLAINTIFF'S COMPOSITE LOGO MARK, or a similar variant thereof, including cease and desist letters, correspondence, lawsuits, agreements, and other materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent it seeks communications with any other person, as opposed to communications with third parties, and communications "relating to any other person's use" of Plaintiffs' marks, which would encompass virtually all

communications with "any other person" about Plaintiff's business, as opposed to communications objecting to such use. Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the phrase "any other person" and will assume this does not include employees or Defendants. Plaintiff OpenAI further objects to this Request as duplicative of Defendants' Request for Production Nos. 11 and 12; Plaintiff OpenAI expressly incorporates its objections and responses to those Requests as if fully set forth herein.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will produce, consistent with its objections and responses to Defendants Request for Production Nos. 11 and 12, any cease-and-desist letters regarding Plaintiff's OpenAI Mark and any responses thereto.

**REQUEST FOR PRODUCTION NO. 121:**

DOCUMENTS RELATING TO the decision to incorporate a for-profit subsidiary in 2019, including executive materials, board materials, board meeting minutes, memoranda, and COMMUNICATIONS about the reasons for the formation of a for-profit subsidiary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks information about corporate structure that is not relevant to commercial advertising or consumer perception, or otherwise relevant to any of claims or defenses, even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, , and (iii) it requires Plaintiff OpenAI to search for and produce documents "RELATING TO" a decision (with countless potential factors that could go into and relate to a decision). Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the term "executive materials" and "the reasons for the formation."

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 122:**

DOCUMENTS RELATING TO any discussions or plans to transition from its current capped-profit structure to a fully for-profit organization, including executive materials, board materials, board meeting minutes, memoranda, and COMMUNICATIONS about the reasons for such a transition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that:: (i) it seeks information about corporate structure that is not relevant to commercial advertising or consumer perception, or otherwise relevant to any of claims or defenses, even if a counterclaim survives Plaintiff's pending motion to dismiss, , and (ii) it requires Plaintiff OpenAI to search for and produce documents "RELATING TO" any discussions or plans.  Plaintiff OpenAI further objects to this Request as vague and ambiguous as to the term "discussions or plans to transition," "executive materials," and "the reasons for the formation."

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 123:**

DOCUMENTS referring to PLAINTIFF's corporate name, PLAINTIFF'S WORD MARK, or PLAINTIFF'S COMPOSITE LOGO MARK as an open source project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that (i) it seeks

documents not relevant to Plaintiff's claims or Defendants' defenses, (ii) even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, it seeks information beyond public-facing commercial advertising or communications with OpenAI from consumers, , and (iii) it seeks materials that are publicly available.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: If any of the requested documents are relevant to any issue in the Action after the Court rules on Plaintiff OpenAI's motion to dismiss Defendants' counterclaims, Plaintiff OpenAI will meet and confer about reasonably narrowing the scope of this Request.

**REQUEST FOR PRODUCTION NO. 124:**

COMMUNICATIONS that discuss an open source project as a recruiting strategy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks documents not relevant to Plaintiff's claims or Defendants' defenses, and (ii) even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, it seeks information about open source qualities and recruitment strategies that are not relevant to commercial advertising or consumer perception, or otherwise relevant to any claims or defenses.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 125:**

COMMUNICATIONS regarding OpenAI as a partially open source or closed source project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Plaintiff OpenAI objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities.  Plaintiff OpenAI further objects to this Request as unduly burdensome,

overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks documents not relevant to Plaintiff's claims or Defendants' defenses, and (ii) even if a counterclaim is allowed following the Court's ruling on Plaintiff's pending motion to dismiss, it seeks information beyond public-facing commercial advertising or communications with Plaintiff OpenAI from consumers, and (iii) it seeks materials that are publicly available.

Subject to and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: If any of the requested documents are relevant to any issue in the Action after the Court rules on Plaintiff OpenAI's motion to dismiss Defendants' counterclaims, Plaintiff OpenAI will meet and confer about reasonably narrowing the scope of this Request.


DATED:  August 1, 2024                     QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP


                                           By _/s/ Margret M. Caruso_____
                                              Margret M. Caruso
                                              *Attorneys for OpenAI, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on August 1, 2024.

*/s/ Aaron Perahia*
Aaron Perahia