December 19, 2024
The Honorable Alex G. Tse
District Judge of the Northern District of California
San Francisco Courthouse, Courtroom A – 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re: *OpenAI, Inc. v. Open Artificial Intelligence, Inc. et al.*, Case No. 23-cv-03918-YGR

Dear Judge Tse,

  Pursuant to Individual Rule 7(b), Plaintiff OpenAI ("Plaintiff") and Defendants Open Artificial Intelligence, Inc., and Guy Ravine (collectively, "Defendants") submit this joint letter brief regarding their dispute concerning the continued deposition of Guy Ravine.

  Lead counsel for Plaintiff and Counterclaim-Defendants (Margret Caruso) met and conferred with current lead counsel for Defendant (Jason Wilson), along with other lawyers from their firms, via Zoom on December 16, 17, and 18, 2024. The parties were unable to resolve their dispute.

### Plaintiff OpenAI's Statement

Plaintiff OpenAI requests that Defendant Guy Ravine continue his deposition for an additional six hours due to the extensive document productions Defendants made after the deposition, Ravine's evasive responses, failure to be prepared about noticed 30(b)(6) topics, and his counsel's improper invocation of privilege.

Defendants do not deny that Defendant Guy Ravine is the primary source of virtually all facts relating to Defendants' knowledge. According to Defendants' interrogatory responses, he is Defendant Open Artificial Intelligence, Inc.'s sole employee, and he is its only 30(b)(6) designee. This alone entitles Plaintiff to 14 hours of deposition time with him. *See Wesley v. Gates*, 2009 WL 1955997, at *1 (N.D. Cal. July 2, 2009) (denying motion to quash 30(b)(6) subpoena; "the depositions of an individual who is noticed as an individual witness pursuant to Fed. R. Civ. P. 30(b)(1) and who is also produced as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6) are presumptively subject to independent seven-hour time limits") (quotations omitted). The deposition notices specified that the depositions would continue until concluded. Ex. A (notice to Ravine); Ex. B (30(b)(6) notice).[1] But Ravine walked out of his deposition after less than eight hours on the record, and his counsel refused to make him available the following day or to otherwise agree to continue his deposition. Defendants were free to seek a protective order on the conditions of the deposition—they chose not to. Plaintiff made significant efforts to accommodate Ravine's concerns, especially based on the information given to counsel. Caruso Decl.

Even if Plaintiff were not entitled to more time with Ravine under the Rules, good cause exists for granting more time here. *See, e.g., C.R. by & through Roe v. Elk Grove Unified Sch. Dist.*, 2024 WL 3890080, at *2 (E.D. Cal. Aug. 21, 2024). Not only is "additional time for full exploration of the theories upon which the witness relies" necessary, but also "new information [came] to light triggering questions that the discovering party would not have thought to ask at the first deposition." *Id.* (quotations omitted). Courts also do not hesitate to compel witnesses who were deposed as fact witness to sit for additional hours as a 30(b)(6) designee, including where they were not sufficiently prepared and where new documents have been produced. *See, e.g., Ho v. Marathon Pat. Grp., Inc.*, 2021 WL 10862799, at *4 (C.D. Cal. Nov. 9, 2021).

***First,*** Defendants withheld significant document production until ***after*** Ravine's deposition. Before his deposition, Defendants had produced a little over 25,500 pages (including over 600 documents produced within the week before it and ███████████████████ ███████). In the two days following Ravine's deposition, they produced 4,100 additional documents, totaling an additional 88,900 pages—a nearly 350% increase in total pages.

Courts routinely permit additional deposition time due to late-produced documents.[2] Additional time is particularly warranted here, where Defendants' post-deposition document

---

[1] Plaintiff OpenAI's referenced exhibits are attached to the Declaration of Dylan I. Scher.

[2] *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 1511901, at *12 (N.D. Cal. Jan. 27, 2012) ("Because Samsung was not in receipt of significant design-related material at the time of Ive's deposition [and because] Ive has unique first-hand knowledge … it is reasonable for Samsung to have an additional opportunity to question him."); *Bean v. Pearson Educ., Inc.*, 2012 WL 5512594,

productions raised new issues that Plaintiff needs deposition testimony about. For example, emails dated March 2023 (months before this lawsuit began) reflect Ravine's attempts to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. C (RAVINE0025687)) and that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. D (RAVINE0031714)); see also Ex. E (RAVINE0025972) (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). Ravine's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. D (RAVINE0031714). These documents relate to core issues of validity of rights, confusion, and Defendants' delay. Plainly, Defendants should have provided this information earlier, including in response to RFP Nos. 3, 4, 66, and Interrogatory No. 1. *See* Scher Decl. ¶¶ 8-10, Ex. G-I (responses); *see also* Ex. J-L (requests).

**Second**, Ravine was inadequately prepared and evasive to the point of non-responsiveness for many 30(b)(6) topics that for which he was designated. He was designated to testify about the key topic of Defendants' use of the OPEN AI mark, but ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. B at 7 (Topic 6); Ex. M (Ravine Tr.) at 215:14-216:1. Ravine was designated to testify about Defendants' open.ai domain (including open.ai redirecting to OpenAI's website), but ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. B at 7 (Topic 7); Ex. M at 180:2-10; 187:1-3. He was designated to testify about the use of Defendants' website or products, but ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. B at 7 (Topic 16); Ex. M at 131:12-25; 134:11-18. He was designated to testify about Defendants' USPTO filings, but ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. B at 7 (Topic 2); Ex. M at 233:1-236:10. These are only a few of the 30(b)(6) topics for which Ravine could not provide adequate responses.

**Third**, Ravine's deposition behavior wasted time, preventing essential deposition topics from even being reached. For example, he improperly refused to answer factual questions on privilege grounds about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and the answers he did give on those topics were frequently noncommittal. Ex. M at 174:11-188:1, 43:17-53:19. He dodged unambiguous questions about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at 167:8-168:24. He waivered on answers as presumptively straightforward as ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at 64:8-20. This kind of evasiveness and improper invocations of privilege constitute good cause for a further deposition. *See Johnson v. Couturier*, 261 F.R.D. 188, 190 (E.D. Cal. 2009) ("good cause is found

---

at *5 (D. Ariz. Nov. 14, 2012) (granting request to "reconvene its depositions following the complete production of documents" where more than half of document production occurred after discovery closed); *FCC v. Mizuho Medy Co.*, 2009 WL 10672927, at *3 (S.D. Cal. Sept. 24, 2009), *objections overruled*, 2009 WL 10672944 (S.D. Cal. Dec. 17, 2009) (good cause shown for second deposition because party did not have "opportunity to depose [witness] on … topics" from late produced documents); *see also Flomo v. Bridgestone Americas Holding, Inc.*, 2010 WL 935553, at *3 (S.D. Ind. Mar. 10, 2010) (permitting deposition for "belatedly produced documents"); *Harris v. New Jersey*, 259 F.R.D. 89, 94–95 (D.N.J. 2007) (similar).

for further deposition" for 6 hours because "defendant's actions made the deposition taken thus far less than efficient").

The number of questions Ravine was *asked* in no way supports the implication that his testimony was comprehensive—or even responsive. For example, the transcript on the subject of Ravine's LinkedIn profile reveals a concerted effort by Mr. Ravine to evade the questions asked. *See, e.g.,* Ex. M at 264:14-275:20, 278:6-22. He repeatedly made nonresponsive and obfuscating statements to try to diminish what the evidence reveals: that in February of 2022, his LinkedIn profile identified his association with "OpenAI" as only 2014-2015. *See id.;* Ex. N. This contemporaneous statement from *before* Mr. Altman emailed Ravine reflects the limited amount of time Ravine actually dedicated to his alleged "Open AI" business and undermines all of his representations in this case.

**Plaintiff's Final Proposed Compromise:** Ravine's deposition should continue for an additional six hours, and, as part of that time, he should be compelled to answer questions concerning user activity in connection with the OPEN AI mark, the open.ai webpage redirecting to OpenAI's website, the facts and circumstances surrounding Defendants' USPTO filings, his efforts to raise funding, his LinkedIn, his communications with Plaintiff, and his background.

### Defendant's Statement

Defendant Ravine sat for **7.5** hours of testimony in response to Plaintiff's Individual and Rule 30(b)6 Deposition Notices, which were noticed for the same day.[3] When informed that Ravine would only appear for deposition in a manner consistent with Plaintiff's Notices, without seeking leave of the Court for additional deposition time, Plaintiff's counsel (who knew Ravine was immunocompromised) demanded Ravine sit for additional deposition time at her discretion.[4] Counsel suggested Ravine "go grab dinner" so counsel could continue her exam.[5] Defendants' counsel, refusing to put his client through what would amount to an unreasonably long deposition day, left the deposition.[6] Plaintiff now brings this Joint Letter ("JL") to obtain from the Court deposition time it never requested in its Notices of Deposition, nor was entitled to under the Federal Rules- two days of testimony from Ravine-- without limitation.

Despite Plaintiff's position being inconsistent with the Federal Rules and authority in this Circuit, in an effort to compromise, Defendants offered Plaintiff an additional 90 minutes to remotely depose Ravine as to any new information discovered, or any non-duplicative documents produced, after Ravine's deposition. Plaintiff rejected Defendants' offer without clearly articulating the basis for needing a total of 13.5 hours of deposition testimony. Moreover, it brings this JL asking for more time than it requested in the parties' meet and confer, where Plaintiff requested an additional 4.5 hours of deposition time from Ravine.

---

[3] *See*, Plaintiff's Statement, Dec. D. Scher, Exs. A & B.

[4] *See*, Dec. of M. Millard, ¶ 4, Ex. 12.

[5] *See, Id.*

[6] *See, Id.*

3

The Federal Rules stipulate that a witness is only required to sit for a deposition for seven hours. *See,* Fed. R. Civ. P. 30. While Rule 30(b)(6) deposition of a witness is a separate deposition from the deposition of that same person as an individual witness, the deposing party does not have "carte blanche to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness." *Sabre v. First Dominion Capital*, LLC, 2001 WL 1590544, at *2 (S.D.N.Y., 2001). "Rather, the Court is called upon in each case to make a fact intensive inquiry as to whether a particular witness should . . . be required to submit to questioning which exceeds seven hours in length." *Forte Capital Partners, LLC v. Harris Cramer, LLP*, 2008 WL 4924724, at *3 (N.D. Cal. Nov. 14, 2008). Here, Plaintiff cites no facts that justify exceeding the seven-hour deposition limitation codified in the Federal rules. Plaintiff points to no new topics for Ravine's deposition, no new, non-duplicative evidence produced after Ravine's deposition that frustrated Plaintiff's exam, and no conduct during the Ravine's deposition that impeded discovery.

***First***, Plaintiff has presented no argument in its JL to show it seeks anything other than more time to ask the same questions from the same witness to badger him into different responses.[7] But, this is in contravention to the Federal Rules. Specifically, under the Rules, a motion to compel discovery should be denied "where the proposed discovery is 'unreasonably cumulative or duplicative.'" *Martin v. Dos Amigos, Inc*., 2019 WL 669791, at *2 (S.D. Cal. Feb. 19, 2019) (citation omitted). Indeed, "the court has an obligation to prevent a party from using a Rule 30(b)(6) deposition to harass the opposing party or to subject the opposing party to unreasonably burdensome or cumulative discovery." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012). *See also, Charles O. Bradley Tr. v. Zenith Capital, LLC*, 2006 WL 3334931, at *1 (N.D. Cal. Nov. 16, 2006) ("duplicative questioning should be avoided"). In Plaintiff's deposition of Ravine, where Ravine voluntarily exceeded the seven-hour limitation in the Federal Rules, Counsel asked over **1000** total questions,[8] including at least **278** questions on the topics identified in Plaintiff Statement.[9] Specifically, for the topic of "the facts and circumstances surrounding Defendants' USPTO filings," Plaintiff asked **59** questions; for the topic of "user activity in connection with the OPEN AI mark," Plaintiff asked **8** question; for the topic of "the open.ai webpage redirecting to OpenAI's website," Plaintiff asked **29** questions; for the topic of "[Ravine's] efforts to raise funding," Plaintiff asked **33** questions; for the topic of "[Ravine's] LinkedIn profile," Plaintiff asked **60** questions; for the topic of "[Ravine's] communications with Plaintiff's OpenAI," Plaintiff asked **62** questions; and for the topic of "[Ravine's] background," Plaintiff asked **27** questions.[10] And, Plaintiff elicited non-evasive, non-privileged testimony from Ravine in response to these questions as shown by the record.[11]

***Second***, Plaintiff's representations that Defendant produced documents late is an insufficient reason to compel additional testimony from Ravine as Plaintiff has repeatedly failed

---

[7] *See generally,* Plaintiff's Statement.

[8] *See,* Dec. of S. Varghese, ¶ 8.

[9] *See,* Dec. of M. Millard, ¶ 3.

[10] *See, Id.*

[11] *See, Id.*

4

to identify any new, non-duplicative evidence in its production.[12] A request for further deposition time requires a showing that Plaintiff's examination of Ravine was frustrated because it was required to proceed with his deposition without adequate documents in hand. *See Barajas v. Abbott Labs., Inc.*, 2018 WL 6248550, at *5 (N.D. Cal. Nov. 29, 2018) ("More importantly, [the party seeking additional deposition time] does not identify any subject matter that it did not have the opportunity to cover. It is not enough . . . to simply assert that it requires more time."). Indeed, in Plaintiff's own cited authority, the Court limited extended deposition time to questions related to extensive, material discovery obtained after the 30(b)6 witnesses' deposition. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 1511901, at *12 (N.D. Cal. Jan. 27, 2012). But, Plaintiff has made no showing of new evidence in Defendants' "late" production. Instead, at the 11th hour, with its portion of the joint statement, Plaintiff identified emails in Defendants' production that were duplicative in subject matter or content of documents produced **prior to** Ravine's testimony.[13] And, Plaintiff asked Ravine, in his deposition, which is the subject matter of some of the email cited in Plaintiff's statement.

***Third***, Ravine was not overly evasive in his answers in his deposition, nor was his counsel's conduct inappropriate.[14] Plaintiff's counsel asked Ravine, an immunocompromised Defendant, over **1000** questions in a **7.5** hour, in-person, deposition.[15] Of those questions, Defendants' counsel instructed the witness not to answer **11** times – *less than one percen*t of Plaintiff's total questions.[16] Defendants counsel made their privilege objections consistent with the Fed. R. Civ. P. 30(c)(2), and Plaintiff never met and confer on such objections. Moreover, while it is true that Ravine did not have perfect recollection of Plaintiff's twenty-six Rule 30(b)6 deposition topics, perfect recollection is not required. *See Corcoran v. CVS Health,* 2016 WL 11565649, at *3 (N.D. Cal. Dec. 9, 2016), *on reconsideration*, 2016 WL 11565647 (N.D. Cal. Dec. 13, 2016) ("Rule 30(b)(6) . . . does not require that the witness memorize large quantities of specific details."). Simply, Ravine answered questions as to all of the topics Plaintiff moves on in its Statement,[17] and Plaintiff obtained the discovery it sought.

**Defendants' Final Proposed Compromise:** Defendant's believe no additional deposition time is necessary. However, Consistent with its Plaintiff's cited authority, *Apple Inc. v. Samsung*, Plaintiff can take a 90-minute, remote deposition of Ravine, as to any new, material, non-duplicative documents produced after Ravine's deposition. Consistent with this cited authority, Plaintiff will produce any documents it intends to use for this deposition to Ravine no more than 72 hours prior.

---

[12] *See,* Dec. of S. Varghese, ¶ 2. Plaintiff mischaracterizes the size of Defendant's last production, which is significantly smaller than in its brief. *Id.* at ¶¶ 10, 11.

[13] *See,* Dec. of S. Varghese, at ¶¶ 2-7.

[14] Compare Plaintiff's deposition conduct. Plaintiff's counsel objected **151 times** in a 4-hour deposition. *See,* Dec. of S. Varghese, at ¶9. Dec. of M. Millard, ¶ 5, Exhibit 13 (depo. excerpts).

[15] *See,* Dec. of S. Varghese, ¶ 8.

[16] *See, id.*

[17] *See,* Dec. of M. Millard, ¶ 3.

Very truly yours,

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | WILLENKEN LLP |
|---|---|
| */s/ Margret M. Caruso* | */s/ Jason Wilson* |
| Margret M. Caruso | Jason Wilson |
| *Counsel for Plaintiff OpenAI, Inc.* | *Counsel for Defendants Open Artificial Intelligence, Inc. and Guy Ravine* |

## E-FILER'S ATTESTATION

Pursuant to Civil Local Rule 5.1(i)(3), the undersigned hereby attests that concurrence in the filing of this **JOINT LETTER** has been obtained from counsel for Defendants Open Artificial Intelligence, Inc. and Guy Ravine and is electronically signed with the express permission of such counsel.

DATED: December 19, 2024              QUINN EMANUEL URQUHART & SULLIVAN, LLP

By     */s/ Margret M. Caruso*
Margret M. Caruso
Attorneys for OpenAI, Inc.