| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Robert P. Feldman (Bar No. 69602)<br> bobfeldman@quinnemanuel.com<br>Margret M. Caruso (Bar No. 243473)<br> margretcaruso@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065-2139<br>Telephone:   (650) 801-5000<br><br>Robert M. Schwartz (Bar No. 117166)<br> robertschwartz@quinnemanuel.com<br>Aaron H. Perahia (Bar No. 304554)<br> aaronperahia@quinnemanuel.com<br>865 S. Figueroa St., 10th Fl.<br>Los Angeles, California 90017-2543<br>Telephone:   (213) 443-3000<br><br>Sam S. Stake (Bar No. 257916)<br> samstake@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4624<br>Telephone:   (415) 875-6600<br><br>Dylan I. Scher (*pro hac vice*)<br> dylanscher@quinnemanuel.com<br>295 Fifth Avenue<br>New York, NY 10016<br>Telephone:   (212) 849-7000<br><br>*Attorneys for OpenAI, Inc.* | GIBSON, DUNN & CRUTCHER LLP<br>Orin Snyder (*pro hac vice*)<br> osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 351-4000<br><br>Brian M. Lutz (Bar No. 255976)<br> blutz@gibsondunn.com<br>Rosemarie T. Ring (Bar No. 220769)<br> rring@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone: (415) 393-8200<br><br>*Attorneys for OpenAI, Inc., Samuel Altman, and Gregory Brockman* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>              Defendants. | Case No. 4:23-CV-03918-YGR<br><br>Assigned to Hon. Yvonne Gonzalez Rogers<br><br>**DECLARATION OF MARGRET M. CARUSO IN SUPPORT OF PLAINTIFF OPENAI, INC.'S MOTION TO COMPEL** |

**DECLARATION OF MARGRET M. CARUSO**

I, Margret M. Caruso, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this court. I am a partner at Quinn Emanuel Urquhart & Sullivan LLP representing Plaintiff OpenAI, Inc. ("OpenAI") in the above-captioned action. I have personal knowledge of the facts stated herein except as noted, and if called as a witness, I could competently testify to them.

2. I submit this declaration in support of OpenAI's Joint Letter regarding the deposition of Guy Ravine.

3. Attached as **Exhibit A** is a true and correct copy of an email correspondence exchanged with counsel for Ravine. The emails reflect that (a) on November 18, 2024, Plaintiff noticed the deposition of Guy Ravine; (b) counsel for Ravine raised the issue of Ravine's health for the first time on December 2, 2024, over two weeks after the notice of deposition, and a week before his scheduled deposition; and (c) Ravine's counsel did not provide scientific evidence regarding the ability of N95 masks compared to that of regular surgical masks (or to no masks) to alleviate the symptoms of Ravine's alleged condition.

4. Attached as **Exhibit B** is a true and correct copy of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ravine's counsel did not provide ▮▮▮▮▮▮▮▮, any ▮▮▮▮ or any doctor's letter or diagnosis stating the need or recommendation for everyone around Mr. Ravine to wear an N95 mask if he himself is not wearing a mask.

5. In August 13, 2024, Ravine attended the motion to dismiss hearing, and sat maskless in the courtroom and spoke with others in close proximity—none of them wearing masks. Ravine's counsel could not identify to me a single instance in which Ravine had insisted on this N95 masking protocol in any other situation.

6. Lacking reliable information that it was safe for Ravine to be indoors only if everyone else in the room was wearing an N95 mask, and believing that wearing a N95 mask for several hours would interfere with my questioning, I informed his counsel that I would not wear one, but that we

would be in our largest conference room, that I would not sit directly across the table from Ravine, that there would only be one associate with me in the room, and that she, and the court reporter and videographer would all wear masks.  Knowing those conditions, Ravine's counsel did not seek a protective order relating to the deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 19, 2024, at Kailua-Kona, Hawaii.

/s/ *Margret M. Caruso*
    Margret M. Caruso