# Scher Declaration

# **Exhibit B**

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Robert P. Feldman (Bar No. 69602)<br> bobfeldman@quinnemanuel.com<br>Margret M. Caruso (Bar No. 243473)<br> margretcaruso@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065-2139<br>Telephone:    (650) 801-5000<br><br>Robert M. Schwartz (Bar No. 117166)<br> robertschwartz@quinnemanuel.com<br>Aaron H. Perahia (Bar No. 304554)<br> aaronperahia@quinnemanuel.com<br>865 S. Figueroa St., 10th Fl.<br>Los Angeles, California 90017-2543<br>Telephone:    (213) 443-3000<br><br>Sam S. Stake (Bar No. 257916)<br> samstake@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4624<br>Telephone:    (415) 875-6600<br><br>Dylan I. Scher (*pro hac vice*)<br> dylanscher@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone:    (212) 849-7000<br><br>*Attorneys for OpenAI, Inc.* | GIBSON, DUNN & CRUTCHER LLP<br>Orin Snyder (*pro hac vice*)<br> osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:    (212) 351-4000<br><br>Brian M. Lutz (Bar No. 255976)<br> blutz@gibsondunn.com<br>Rosemarie T. Ring (Bar No. 220769)<br> rring@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone:    (415) 393-8200<br><br>*Attorneys for OpenAI, Inc., Samuel Altman, and Gregory Brockman* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 4:23-cv-03918-YGR<br><br>**PLAINTIFF OPENAI, INC.'S NOTICE OF RULE 30(b)(6) DEPOSITION TO DEFENDANT OPEN ARTIFICIAL INTELLIGENCE, INC.** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), by and through their undersigned counsel, Plaintiff OpenAI, Inc. ("Plaintiff" or "OpenAI") will take the deposition of Open Artificial Intelligence, Inc. ("Defendant") upon oral examination. The deposition will commence at December 10, 2024 at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Dr., 5th Floor, Redwood Shores, California 94065, or at such date, time and location otherwise agreed upon by counsel. The deposition will continue from day to day until complete.

PLEASE TAKE FURTHER NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), Defendant shall designate one or more of its officers, directors, managing agents, or other persons to testify on its behalf as to matters known or reasonably available to Defendant concerning the subjects identified in **Appendix A** attached hereto ("Topics"). Defendant shall identify the person or persons who will testify pursuant to this notice, and the matter or matters on which each person will testify by Topic Number, by no later than ten calendar days prior to the date for his or her expected testimony. To the extent any individual will rely on documents or information not yet produced in this litigation, Defendant is directed to produce those documents or that information as soon as it is available on a rolling basis, and in no event no fewer than ten calendar days prior to the date for expected testimony.

PLEASE TAKE FURTHER NOTICE that the deposition will be taken by a notary public or other person duly qualified to administer oaths and record testimony pursuant to Fed. R. Civ. P. 28; it will be recorded by stenographic, audio and/or videographic means, including recording by instant visual display of testimony; and will be videotaped and audiotaped.

PLEASE TAKE FURTHER NOTICE that OpenAI reserves the right to amend or supplement the Topics, including on the grounds that: (1) Defendant's responses to written discovery (including production of documents, responses to interrogatories, and/or responses to requests for admissions) are deficient or forthcoming; and (2) Defendant recently produced discovery that Plaintiffs have not had sufficient opportunity to review, and including to the extent such production contains a significant volume of documents that are not in English.

| | |
|---|---|
| November 18, 2024 | Respectfully submitted, |
| | */s/ Margret M. Caruso* |
| | Margret M. Caruso |
| | *Attorneys for OpenAI, Inc.* |

# APPENDIX A

## Definitions

Notwithstanding any definition below, each word, term, or phrase used in each Topic intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure:

1. "Accused Infringing Name" means the "Open AI" name referenced in paragraph 2 of the Complaint, including Reg. No. 5,258,002, as well as variations on it without regard to spacing or punctuation, including open.ai and any stylized version thereof You have used.

2. "Action" means *OpenAI, Inc. v. Open Artificial Intelligence, Inc.*, No. 4:23-cv-03918-YGR (N.D. Cal.), filed in the U.S. District Court for the Northern District of California on August 4, 2023.

3. "Assessments" means any market studies, surveys, focus groups, or other studies, and/or any evaluations, valuations, appraisals, or memoranda, prepared by or for the benefit of you or on your behalf.

4. "Communication(s)" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("e-mail").

5. "Complaint" includes any complaint filed by Plaintiff, OpenAI, Inc., in this Action, including the Complaint filed on August 4, 2023 (Dkt. 1).

6. "Counterclaims" includes any counterclaims filed by Defendants Open Artificial Intelligence, Inc. and/or Guy Ravine in this Action.

7. "Defendants," "You," or "Your" means any or all of Defendants Open Artificial Intelligence, Inc. and/or Guy Ravine and all current and former subsidiaries, parents, successors, predecessors, affiliates, assigns, joint ventures, associated organizations, directors, officers, employees, agents, consultants, staff members, attorneys, volunteers, or other representatives thereof.

8.  "Defendants' Answer" includes any answer filed by Defendants Open Artificial Intelligence, Inc. and/or Guy Ravine in this Action, including the Answer filed on October 23, 2023 (Dkt. 42).

9.  "Defendants' Open AI Initiative" refers to Defendants' alleged "open industry wide & academia wide deep learning initiative," described in the Declaration Of Guy Ravine In Support of Defendants' Opposition To Plaintiff's Motion For Preliminary Injunction (Dkt. 38-2).

10. "Document(s)" shall Include, without limitation, all written, graphic or otherwise recorded material, Including without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, Including e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original.  The foregoing specifically Includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

11. "Include" and "Including " mean including without limitation.

12. The "OpenAI Mark" means the name "OpenAI" and the logos bearing that name as trademarks.

13. "OpenAI's goods and services" means any applications, tools, models, products, or services offered by OpenAI, including but not limited to all versions of ChatGPT, GPT-4, Whisper, and DALL·E.  For avoidance of doubt, this definition includes goods and services such as GPT-3, DALL·E 2, and DALL·E 3.

14. "Person(s)" refers to all natural persons and all types and kinds of business or other entities, including, but not limited to, corporations, limited liability companies, partnerships, joint ventures, associations, sole proprietorships, government bodies and government agencies. Any reference to an individual person, either singularly or as part of a defined group, includes that person's employees, agents, legal and non-legal representatives, heirs, successors, assigns and any other person or entity acting on the behalf of such individual person. Any reference to a corporation or any other entity also refers to and includes any and all parents, subsidiaries, predecessors, successors, affiliates, partners, joint ventures, agents, employees, representatives, accountants, investment bankers, consultants, or attorneys acting on behalf of the corporation or other entity. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

15. "Parties' Names" refers to the Accused Infringing Name and the OpenAI Mark.

16. "Plaintiff" or "OpenAI" means Plaintiff OpenAI, Inc.

17. "Reflecting," "Referring to," "Relating to," "Regarding" or "Concerning" or any variations thereof, shall mean relating to, referring to, concerning, mentioning, reflecting, regarding, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), or are between (as in the context of communications), as the context makes appropriate.

18. "Thing(s)" refers to any physical specimen or tangible item, including research and development models, samples, prototypes and the like.

19. "USPTO" means the United States Patent and Trademark Office.

20. "Your Website" refers to the website at http://open.ai, including its subdomains, including http://beta.open.ai, http://decentralized.open.ai, http://ava.open.ai, http://chat.open.ai and https://staging.open.ai.

21. The singular shall include the plural and vice versa, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope. "All" includes "any" and vice versa; "all" includes "each" and vice versa; and "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the

1  Request all responses that might otherwise be construed outside the scope.  The use any tense of a
2  word shall include all other tenses.
3         22.    All uses of a defined term shall be construed to apply to the defined term, regardless
4  of use of capitalization.

**Topics of Examination**

1. Your corporate structure and organization, including your employees or contractors.

2. All filings with the USPTO concerning either of the Parties' Names, including all declarations, assignments, and specimens submitted.

3. All communications between You and OpenAI, including communications between Guy Ravine and OpenAI.

4. All communications between You and any third parties about OpenAI, Sam Altman, Greg Brockman, or this Action.

5. Your communications with third parties regarding actual or potential (a) financing, (b) funding, (c) employment, (d) affiliation, and/or (e) commitments by any potential funder, investor, board member, employee, consultant, academic, or company.

6. Your alleged use in commerce of the Accused Infringing Name, including the nature, time, and scope of all goods and services offered in connection with the Accused Infringing Name.

7. Ownership and use of the open.ai domain, including open.ai redirecting to OpenAI's website.

8. The basis for Your understanding as to whether consumers have come to recognize either of the Parties' Names to denote only the goods or services that party offers.

9. Your knowledge, awareness, and beliefs regarding any customer or other public perception, recognition, or association of either of the Parties' Names, including any investigations, Assessments, studies, market research, focus groups, surveys or other form of research conducted by, for or on behalf of You.

10. Your marketing, advertising, and promotion of the Accused Infringing Name, including Your investment in and advertising spend using the Accused Infringing Name.

11. Your marketing and advertising channels for promoting, advertising, offering for sale, or selling Your goods or services, and any differences with OpenAI's marketing or advertising channels for its goods or services.

12. Each instance of confusion You contend has occurred relating to the Parties' Names, including any instance in which any Person has expressed or suggested any confusion, mistake, or deception as to affiliation, connection, association, approval, endorsement or sponsorship between OpenAI, the OpenAI Mark, or its goods or services on the one hand, and You or Your goods or services on the other hand.

13. The goods and services You offered using the Accused Infringing Name, including their development.

14. Your enforcement efforts regarding the Accused Infringing Name, including any cease-and-desist communications, litigation, USPTO opposition, letter of protest, or cancellation proceedings, or settlement agreements.

15. Your efforts and actions to purchase, acquire, own, or use any domain, social media handle, or username that includes either of the Parties' Names or any words or symbols that are substantially similar to either of them.

16. The use of any of Your website and/or Your goods and services, including how they were used, documentation of that use, and who used them, including whether they were located in the United States.

17. Your licensing policies and practices, if any, for the Accused Infringing Name, and each instance where You licensed or otherwise authorized use of the Accused Infringing Name.

18. Your knowledge and awareness of each of OpenAI's goods and services.

19. Your selection of the Accused Infringing Name, including who chose it, when, and why, all meaning and associations you have with the Accused Infringing Name, and the decision to change Your company name.

20. The degree of care consumers use in purchasing, signing up for, enrolling for, or deciding to use goods or services offered in connection with any of the Parties' Names.

21. The process by which consumers sign up for or enroll to use each of Your goods or services.

22. The characteristics and composition of the target and actual consumers for each good or service offered by You.

23. Your annual sales, revenues, and net profits.

24. Your claims for and calculation of damages in this Action, on a claim-by-claim basis, and facts supporting each claim for and calculation of damages.

25. All facts supporting Your claim that OpenAI, Inc's conduct has caused, or will cause, any harm to You, as alleged in Your Counterclaims.

26. Your responses to each of OpenAI's Interrogatories and Requests for Admissions served upon You.

DATED: November 18, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Margret M. Caruso*
Margret M. Caruso (Bar No. 243473)

*Attorneys for OpenAI, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on November 18, 2024.

　　　　　　　　　　　　　　　　　　　　*/s/ Dylan I. Scher*
　　　　　　　　　　　　　　　　　　　　　Dylan I. Scher