Scher Declaration


**Exhibit G**

Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Paul S. Chan - State Bar No. 183406
  pchan@birdmarella.com
Kate S. Shin - State Bar No. 279867
  kshin@birdmarella.com
Cameron R. Partovi - State Bar No. 319589
  cpartovi@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Open Artificial
Intelligence, Inc. and Guy Ravine

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>        vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE,<br>INC., a Delaware corporation; and GUY<br>RAVINE, an individual,<br><br>                Defendants. | CASE NO. 4:23-cv-03918-YGR<br><br>**DEFENDANTS OPEN ARTIFICIAL INTELLIGENCE, INC. AND GUY RAVINE'S SUPPLEMENTAL RESPONSES TO PLAINTIFF OPENAI, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)**<br><br>Assigned to Hon. Yvonne Gonzalez Rogers<br><br>Date Complaint Filed: August 4, 2023 |

PROPOUNDING PARTY:    PLAINTIFF OPENAI, INC.

RESPONDING PARTY:    DEFENDANTS OPEN ARTIFICIAL INTELLIGENCE,

                INC. AND GUY RAVINE

SET NO.:        ONE (SUPPLEMENTAL)

1     Pursuant to Federal Rule of Civil Procedure 34, Defendant Open Artificial

2 Intelligence, Inc. and Guy Ravine ("Defendants") hereby provide Supplemental Responses

3 to Plaintiff OpenAI, Inc.'s ("Plaintiff") First Request for Production of Documents (the

4 "Requests") as follows:

5                                    **I.**

6                        **GENERAL RESPONSES**

7     Defendants make the following general responses, whether or not separately set

8 forth, in response to the Requests, including each and every Definition and Instruction:

9     1.    Defendants' Responses to the Requests are made according to the best

10 present knowledge of Defendants and their current employees or agents, or other

11 information or belief. The Responses are at all times subject to such additional or different

12 information that discovery or further investigation may disclose and, while based on the

13 present state of Defendants' recollection, are subject to such refreshing of recollection, and

14 such additional knowledge of facts, as may result from Defendants' further discovery or

15 investigation.

16     2.    Defendants reserve the right to make any use of, or to introduce at any

17 hearing and at trial, documents responsive to the Requests, but discovered subsequent to

18 the date of Defendants' initial production, including, but not limited to, any documents

19 obtained in discovery herein.

20     3.    By stating in the Responses that Defendants will produce or are searching for

21 responsive documents, Defendants do not represent that any such documents actually exist,

22 but rather will make a good faith search and reasonable inquiry to ascertain whether

23 documents responsive to the Requests do, in fact, exist and to produce such documents if

24 they are found to exist and are within Defendants' possession, custody, or control.

25     4.    Defendants will not produce documents that Defendants or any other party to

26 this litigation deem to embody material that is private, business confidential, proprietary,

27 or trade secret information.

28     5.    Defendants will not produce documents responsive to the Requests until the

1   entry of, and subject to, an appropriate Protective Order against the unauthorized use or
2   disclosure of documents.

3       6.      Defendants reserve all objections or other questions as to the competency,
4   relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding
5   in or trial of this or any other action for any purpose whatsoever of this response and any
6   document or thing produced in response to the Requests.

7       7.      Defendants have not yet completed their investigation of the facts relating to
8   this action, their discovery in this action, or their preparation for trial of this action.
9   Consequently, these responses are given without prejudice to the right of any responding
10  party to produce at the time of trial any and all subsequently discovered evidence relating
11  to the proof of presently known material facts, and to produce all evidence, whenever
12  discovered, relating to the proof of subsequently discovered material facts.

13      8.      Defendants reserve the right to object on any ground at any time to such
14  other or supplemental requests for production as Plaintiff may at any time propound
15  involving or relating to the subject matter of these Requests.

16                              **II.**

17  **SUPPLEMENTAL OBJECTIONS AND RESPONSES TO REQUEST FOR**
18                  **PRODUCTION OF DOCUMENTS**

19  **REQUEST FOR PRODUCTION NO. 1:**

20      All Documents and Communications Concerning Your selection and/or meaning of
21  the Accused Infringing Name, Including who chose them, when, and why, trademark
22  searches conducted and analyses performed, focus groups, surveys, perception studies,
23  presentations, or memoranda.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

25      Defendants object to this Request to the extent that it seeks information protected
26  from disclosure by the attorney-client privilege and/or work product doctrine. Defendants
27  further object to this Request on the basis that the phrases "analyses performed" and
28  "perception studies" are vague and ambiguous. Subject to and without waiving the

foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents responsive to this Request to the extent such documents exist and can be located through a reasonably diligent search.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that the phrases "analyses performed" and "perception studies" are vague and ambiguous. Defendants interpret "analyses performed" to refer to analyses conducted regarding trademark searches. Defendants interpret "perception studies" to mean studies conducted regarding consumer perception of the Open AI Mark. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants have conducted a reasonably privileged search, and have no non-privileged, responsive documents in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications Concerning any questions or confusion about the source, origin, connection, affiliation, sponsorship or association between OpenAI's OpenAI Mark, or OpenAI's Goods and Services (such as ChatGPT or DALL·E), on the one hand, and You, Your Website, or the Accused Infringing Name, on the other, Including Documents and Communications Reflecting or Referring to mistaken belief, confusion, or deception, and any surveys, focus groups, studies, or any other analysis conducted Regarding whether, how, or the extent to confusion is likely to result among consumers as to affiliation, association, endorsement, or sponsorship.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object that the phrases "Reflecting or Referring to . . . confusion, or deception" and "the extent to confusion" render the Request vague and ambiguous. Defendants further

object to this Request on the basis that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendants will produce emails that they have received that demonstrate consumer confusion between Defendants and Plaintiff.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object that the phrases "Reflecting or Referring to . . . confusion, or deception" and "the extent to confusion" render the Request vague and ambiguous. Defendants interpret the former phrase to refer to documents demonstrating or discussing consumer confusion. Defendants interpret the latter phrase to mean "extent of confusion." Defendants further object to this Request on the basis that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendants will produce documents responsive to this Request subject to a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify all goods and services You offer, have offered, or intend to offer, where (a) the Accused Infringing Name was placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or on documents associated with the goods or their sale, or (b) the Accused Infringing Name was used or displayed in the sale or advertising of the services, and the date ranges of such uses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that the use phrases "or their containers" and "labels affixed thereto" are vague and ambiguous. Subject to and without waiving the foregoing objections, Defendants respond as follows:

1    Defendants will produce non-privileged documents responsive to this Request to the

2    extent such documents exist and can be located through a reasonably diligent search.

3    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

4    Defendants object to this Request to the extent that it seeks information protected

5    from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

6    further object to this Request on the basis that the use phrases "or their containers" and

7    "labels affixed thereto" are vague and ambiguous. Defendants construe these phrases in the

8    context of the services that Defendants offer, and understand that the Request seeks

9    information identifying Defendants' goods and services that display the Open AI Mark.

10   Subject to and without waiving the foregoing objections, Defendants respond as follows:

11   Defendants will produce non-privileged documents responsive to this Request to the

12   extent such documents exist and can be located through a reasonably diligent search.

13   **REQUEST FOR PRODUCTION NO. 4:**

14   Documents sufficient to identify all uses other than those called for by RFP No. 3

15   that You have made or intend to make of the Accused Infringing Name and the date ranges

16   of such uses.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

18   Defendants object to this Request to the extent that it seeks information protected

19   from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

20   further object to this Request on the basis that the phrase "all uses other than those called

21   for by RFP No. 3" is vague and ambiguous, as it is unclear what other "uses" there could

22   be. Subject to and without waiving the foregoing objections, Defendants respond as

23   follows:

24   Defendants will produce non-privileged documents responsive to this Request to the

25   extent such documents exist and can be located through a reasonably diligent search.

26   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

27   Defendants object to this Request to the extent that it seeks information protected

28   from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

further object to this Request on the basis that the phrase "all uses other than those called for by RFP No. 3" is vague and ambiguous, as it is unclear what other "uses" there could be. Defendants understand this phrase to seek information identifying uses of the Open AI Mark other than (a) by providing goods and services that display the Open AI Mark or (b) use of the Mark in connection with sales and advertising. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants have conducted a reasonably privileged search, and have no non-privileged, responsive documents in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify Your efforts to market or promote any goods or services using the Accused Infringing Name, or goods and services using the Accused Infringing Name, Including advertising or marketing materials; advertising or marketing orders; the dates, mediums, and costs of marketing; intended, expected, or actual viewership of, or engagement with, advertisement and marketing; marketing plans, and unique advertisements bearing the Accused Infringing Name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that it is overly broad and unduly burdensome because it appears to ask for future marketing plans and projected viewership without limitation as to time period. Defendants further object on the basis that the phrase "unique advertisements" is vague and ambiguous. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents responsive to this Request to the extent such documents exist and can be located through a reasonably diligent search.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

1 further object to this Request on the basis that it is overly broad and unduly burdensome

2 because it appears to ask for future marketing plans and projected viewership without

3 limitation as to time period. Defendants further object on the basis that the phrase "unique

4 advertisements" is vague and ambiguous, and interpret this phrase to refer to "discrete"

5 advertisements. Subject to and without waiving the foregoing objections, Defendants

6 respond as follows:

7        Defendants will produce non-privileged documents responsive to this Request to the

8 extent such documents exist and can be located through a reasonably diligent search.

9 **REQUEST FOR PRODUCTION NO. 6:**

10       All documents concerning Your alleged use in commerce of the Accused Infringing

11 Name as a trademark, including documents relating to the accuracy of any specimen of use

12 or statement of use submitted to the Patent and Trademark Office.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

14       Defendants object to this Request to the extent that it seeks information protected

15 from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

16 further object to this Request on the basis that it is overly broad and unduly burdensome to

17 the extent it is construed as requiring Defendants to produce nearly every document

18 relating to their goods and services since 2015. Defendants further object to this Request to

19 the extent that it calls for information that is not relevant to any party's claims or defenses

20 in this action. Subject to and without waiving the foregoing objections, Defendants

21 respond as follows:

22       Defendants will produce non-privileged documents responsive to this Request

23 concerning Defendants' use in commerce of the Open AI Mark, to the extent such

24 documents exist and can be located through a reasonably diligent search.

25 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

26       Defendants object to this Request to the extent that it seeks information protected

27 from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

28 further object to this Request on the basis that it is overly broad and unduly burdensome to

the extent it is construed as requiring Defendants to produce nearly every document relating to their goods and services since 2015. Defendants further object to this Request to the extent that it calls for information that is not relevant to any party's claims or defenses in this action. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications Concerning posts on hub.open.ai.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that the phrase "Concerning posts on hub.open.ai" is vague and ambiguous, as it is unclear what documents would "concern" these posts other than the posts themselves. Defendants further object to this Request to the extent that it calls for information that is not relevant to any party's claims or defenses in this action. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist and can be located through a reasonably diligent search.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that the phrase "Concerning posts on hub.open.ai" is vague and ambiguous, as it is unclear what documents would "concern" these posts other than the posts themselves. Defendants interpret this phrase as seeking posts on hub.open.ai, and any communications relating to these posts. Defendants further object to this Request to the extent that it calls for information that is not relevant to any

1  party's claims or defenses in this action. Subject to and without waiving the foregoing

2  objections, Defendants respond as follows:

3      Defendants will produce non-privileged documents responsive to this Request, to

4  the extent such documents exist and can be located through a reasonably diligent search.

5  **REQUEST FOR PRODUCTION NO. 9:**

6      Documents sufficient to show the demographics of Your customers or targeted

7  customers, such as age, language, geographic location, gender, or preferred teams, in

8  connection with the Accused Infringing Name or Your Website at any time.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

10      Defendants object to this Request to the extent that it seeks information protected

11  from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

12  further object to this Request on the basis that the phrase "preferred teams" is vague and

13  ambiguous. Defendants further object to this Request on the basis that the Request is vague

14  and ambiguous to the extent that it is construed as requiring Defendants to produce

15  documents regarding the demographics of customers "in connection with the Accused

16  Infringing Name." Subject to and without waiving the foregoing objections, Defendants

17  respond as follows:

18      Defendants will produce non-privileged documents sufficient to show the

19  demographics of Defendants' customers in connection with Defendants' website, to the

20  extent such documents exist and can be located through a reasonably diligent search.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

22      Defendants object to this Request to the extent that it seeks information protected

23  from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

24  further object to this Request on the basis that the phrase "preferred teams" is vague and

25  ambiguous. Defendants consider this phrase unintelligible, but understand RFP No. 9 to

26  generally seek documents sufficient to show demographic information for Defendants'

27  customers and targeted customers. Defendants further object to this Request on the basis

28  that the Request is vague and ambiguous to the extent that it is construed as requiring

Defendants to produce documents regarding the demographics of customers "in connection with the Accused Infringing Name." Defendants interpret this phrase as seeking information regarding the demographics of customers and targeted customers of Defendants' website and services. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents sufficient to show the demographics of Defendants' customers and targeted customers in connection with Defendants' website and services, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show any guidelines You use, created, or plan to use related to the Accused Infringing Name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent that it calls for information that is not relevant to any party's claims or defenses in this action. Defendants further object to this Request on the basis that the phrase "guidelines" is vague and ambiguous. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist and can be located through a reasonably diligent search.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent that it calls for information that is not relevant to any party's claims or defenses in this action. Defendants further object to this Request on the basis that the phrase "guidelines" is vague and ambiguous. Defendants interpret the phrase "guidelines" to refer to "criteria for use" of the Open AI Mark. Subject to and

1  without waiving the foregoing objections, Defendants respond as follows:

2    Defendants have conducted a reasonably privileged search, and have no non-

3  privileged, responsive documents in their possession, custody, or control.

4  **REQUEST FOR PRODUCTION NO. 13:**

5    Documents sufficient to show Your initial awareness of OpenAI and each version

6  of OpenAI products and services, including ChatGPT and DALLE.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

8    Defendants object to this Request to the extent that it seeks information protected

9  from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

10  further object to this Request on the basis that the phrase "initial awareness" is vague and

11  ambiguous. Defendants further object to this Request on the basis that it is vague and

12  ambiguous as to which "products and services" Plaintiff is referring to other than ChatGPT

13  and DALL·E, and specifically as to which, if any, of Plaintiff's AI-related research

14  offerings constitute products or services. Subject to and without waiving the foregoing

15  objections, Defendants respond as follows:

16    Defendants will produce non-privileged documents responsive to this Request, to

17  the extent such documents exist and can be located through a reasonably diligent search.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

19    Defendants object to this Request to the extent that it seeks information protected

20  from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

21  further object to this Request on the basis that the phrase "initial awareness" is vague and

22  ambiguous. Defendants further object to this Request on the basis that it is vague and

23  ambiguous as to which "products and services" Plaintiff is referring to other than ChatGPT

24  and DALL·E, and specifically as to which, if any, of Plaintiff's AI-related research

25  offerings constitute products or services. Defendants interpret this phrase to refer to any

26  research offerings or services that Plaintiff offered to researchers or to the public since

27  December 2015. Subject to and without waiving the foregoing objections, Defendants

28  respond as follows:

1        Defendants will produce non-privileged documents responsive to this Request, to

2   the extent such documents exist and can be located through a reasonably diligent search.

3   **REQUEST FOR PRODUCTION NO. 14:**

4        Documents reflecting Your efforts to investigate the goods and services, including

5   websites and webpages, offered using the OpenAI Mark.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7        Defendants object to this Request to the extent that it seeks information protected

8   from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

9   further object to this Request to the extent that it calls for information that is not relevant to

10  any party's claims or defenses in this action. Defendants further object to this Request on

11  the basis that the phrase "investigate" is vague and ambiguous. Defendants further object

12  to Plaintiff's characterization of its "websites and webpages" as "goods and[/or] services."

13  Subject to and without waiving the foregoing objections, Defendants respond as follows:

14       Defendants will produce non-privileged documents responsive to this Request, to

15  the extent such documents exist and can be located through a reasonably diligent search.

16  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

17       Defendants object to this Request to the extent that it seeks information protected

18  from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

19  further object to this Request to the extent that it calls for information that is not relevant to

20  any party's claims or defenses in this action. Defendants further object to this Request on

21  the basis that the phrase "investigate" is vague and ambiguous. Defendants interpret

22  "investigate" to mean "review" or "research." Defendants further object to Plaintiff's

23  characterization of its "websites and webpages" as "goods and[/or] services." Subject to

24  and without waiving the foregoing objections, Defendants respond as follows:

25       Defendants have conducted a reasonably privileged search, and have no non-

26  privileged, responsive documents in their possession, custody, or control.

27  **REQUEST FOR PRODUCTION NO. 15:**

28       Documents sufficient to identify reasons for changes to Your Website and its

subdomains referenced in the parties' briefs filed in support of or opposition to Plaintiff OpenAI's Motion for A Preliminary Injunction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that it is vague and ambiguous as to which "changes" the Request refers. Defendants further object to this Request to the extent that it calls for information that is not relevant to any party's claims or defenses in this action. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist and can be located through a reasonably diligent search.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent that it calls for information that is not relevant to any party's claims or defenses in this action. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify the operational dates of each website functionality referenced in the parties' briefs filed in support of or opposition to Plaintiff OpenAI's Motion for A Preliminary Injunction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent that it calls for information that is not relevant to any party's claims or defenses in this action. Defendants further object to this Request on

the basis that the phrase "each website functionality" is vague and ambiguous. Defendants further object to this Request to the extent that it seeks information regarding any functionality on Plaintiff's website, as this information is solely in Plaintiff's possession, custody, and/or control. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist and can be located through a reasonably diligent search.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent that it calls for information that is not relevant to any party's claims or defenses in this action. Defendants further object to this Request on the basis that the phrase "each website functionality" is vague and ambiguous. Defendants interpret this phrase to mean the features and attributes of the website and its services. Defendants further object to this Request to the extent that it seeks information regarding any functionality on Plaintiff's website, as this information is solely in Plaintiff's possession, custody, and/or control. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show the number of individuals who visit Your Website on a monthly basis, and to show the number of individuals who transact on Your Website on a monthly basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that seeking user information on a monthly basis

without limitation as to time period is overly broad and unduly burdensome and disproportionate to the needs of the case. Defendants further object to this Request to the extent that it calls for information that is not relevant to any party's claims or defenses in this action. Defendants further object to this Request on the basis that the phrase "transact on Your Website" is vague and ambiguous. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist and can be located through a reasonably diligent search.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that seeking user information on a monthly basis without limitation as to time period is overly broad and unduly burdensome and disproportionate to the needs of the case. Defendants further object to this Request to the extent that it calls for information that is not relevant to any party's claims or defenses in this action. Defendants further object to this Request on the basis that the phrase "transact on Your Website" is vague and ambiguous. Defendants interpret this phrase to mean to "engage" or "interact" with. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show Your efforts, or consideration or rejection of efforts, to address illicit, illegal, or inappropriate content generated by Your website, such as the examples reflected in Dkt. 25-15 (Perahia Declaration, Exhibit O).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

1  Defendants object to this Request to the extent that it seeks information protected

2  from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

3  further object to this Request on the basis that the phrase "consideration or rejection of

4  efforts" is vague and ambiguous. Subject to and without waiving the foregoing objections,

5  Defendants respond as follows:

6  Defendants will produce non-privileged documents responsive to this Request, to

7  the extent such documents exist and can be located through a reasonably diligent search.

8  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

9  Defendants object to this Request to the extent that it seeks information protected

10  from disclosure by the attorney-client privilege and/or work product doctrine. Subject to

11  and without waiving the foregoing objections, Defendants respond as follows:

12  Defendants will produce non-privileged documents responsive to this Request, to

13  the extent such documents exist and can be located through a reasonably diligent search.

14  **REQUEST FOR PRODUCTION NO. 23:**

15  Documents and Communications sufficient to show the strength, or lack thereof, of

16  the Accused Infringing Name.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

18  Defendants object to this Request to the extent that it seeks information protected

19  from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

20  further object to this Request on the basis that the phrase "strength, or lack thereof, of the

21  Accused Infringing Name," is vague and ambiguous. Subject to and without waiving the

22  foregoing objections, Defendants respond as follows:

23  Defendants will produce non-privileged documents responsive to this Request, to

24  the extent such documents exist and can be located through a reasonably diligent search.

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

26  Defendants object to this Request to the extent that it seeks information protected

27  from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

28  further object to this Request on the basis that the phrase "strength, or lack thereof, of the

Accused Infringing Name," is vague and ambiguous. Defendants interpret "strength, or lack thereof," to refer to the commercial and conceptual strength (or lack thereof) of the Open AI Mark. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify Your corporate structure and corporate names used at all times.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that it seeks information that it is not relevant to any party's claims or defenses in this action. Defendants further object to this Request on the basis that Plaintiff's definition of "Your" as including both Defendants Open Artificial Intelligence, Inc. and Guy Ravine renders the Request unintelligible as to Guy Ravine. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce documents sufficient to identify Defendant Open Artificial Intelligence's corporate structure and corporate names, to the extent such documents exist and can be located through a reasonably diligent search.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that it seeks information that it is not relevant to any party's claims or defenses in this action. Defendants further object to this Request on the basis that Plaintiff's definition of "Your" as including both Defendants Open Artificial Intelligence, Inc. and Guy Ravine renders the Request unintelligible as to Guy Ravine. Defendants interpret this Request as seeking information regarding Open Artificial

1 Intelligence, Inc.'s corporate structure and corporate names, not Guy Ravine's. Subject to

2 and without waiving the foregoing objections, Defendants respond as follows:

3       Defendants will produce documents sufficient to identify Defendant Open Artificial

4 Intelligence's corporate structure and corporate names, to the extent such documents exist

5 and can be located through a reasonably diligent search.

6 **REQUEST FOR PRODUCTION NO. 25:**

7       Documents sufficient to show all entities for which Guy Ravine is or has been an

8 officer, director, owner, or founder (directly or indirectly) and all LLCs and LLPs in which

9 any Defendant has or had a controlling interest.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

11      Defendants object to this Request to the extent that it seeks information protected

12 from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

13 further object to this Request on the basis that it seeks information that it is not relevant to

14 any party's claims or defenses in this action. Defendants further object to this Request on

15 the basis that the phrase "directly or indirectly" renders the Request vague and ambiguous.

16 Subject to and without waiving the foregoing objections, Defendants respond as follows:

17      Defendants will produce documents sufficient to show Mr. Ravine's ownership of

18 Defendant Open Artificial Intelligence, Inc., to the extent such documents exist and can be

19 located through a reasonably diligent search.

20 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

21      Defendants object to this Request to the extent that it seeks information protected

22 from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

23 further object to this Request on the basis that it seeks information that it is not relevant to

24 any party's claims or defenses in this action. Defendants further object to this Request on

25 the basis that the phrase "directly or indirectly" renders the Request vague and ambiguous.

26 Defendants do not understand what it could mean to "directly" found an entity versus

27 "indirectly" founding an entity, and construes this phrase as seeking the names of the

28 entities that Mr. Ravine has founded. Subject to and without waiving the foregoing

1  objections, Defendants respond as follows:

2      Defendants will produce documents responsive to this Request, to the extent such

3  documents exist in Defendants' custody, possession, or control, and can be located through

4  a reasonably diligent search.

5  **REQUEST FOR PRODUCTION NO. 27:**

6      Documents sufficient to show all names other than Guy Ravine that You have used

7  (e.g., to register a domain name) or been known by and the dates and purposes for which

8  you used those names.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

10     Defendants object to this Request to the extent that it seeks information protected

11 from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

12 further object to this Request on the basis that it seeks information that it is not relevant to

13 any party's claims or defenses in this action.

14 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

15     Defendants object to this Request to the extent that it seeks information protected

16 from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

17 further object to this Request on the basis that it seeks information that it is not relevant to

18 any party's claims or defenses in this action. Subject to and without waiving the foregoing

19 objections, Defendants respond as follows:

20     Defendants will produce documents responsive to this Request, to the extent such

21 documents exist in Defendants' custody, possession, or control, and can be located through

22 a reasonably diligent search.

23 **REQUEST FOR PRODUCTION NO. 29:**

24     All Documents and Communication consulted by, provided to, or relied upon by

25 You in preparing Your responses to Requests For Production in this Action, as well as

26 Your responses to Interrogatories and Requests for Admission, and Your Initial

27 Disclosures.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that it seeks information that it is not relevant to any party's claims or defenses in this action. Defendants further object to this Request on the basis that it is overly broad and unduly burdensome and disproportionate to the needs of the case.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that it seeks information that it is not relevant to any party's claims or defenses in this action. Defendants further object to this Request on the basis that it is overly broad and unduly burdensome and disproportionate to the needs of the case. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants are currently investigating to ascertain which documents Defendants have relied on in preparing their responses to Requests for Production in this Action, as well as their responses to Interrogatories, and their Initial Disclosures. Defendants will further supplement this Response when this investigation is completed to state whether they have withheld any documents on which they so relied and pursuant to which objections.

1    DATED:  December 20, 2023          Ekwan E. Rhow
2                                        Paul S. Chan
                                         Kate S. Shin
3                                        Cameron R. Partovi
                                         Bird, Marella, Boxer, Wolpert, Nessim,
4                                        Drooks, Lincenberg & Rhow, P.C.
5
6                                        By: _____
7                                               Cameron R. Partovi
8                                            Attorneys for Defendants Open Artificial
                                            Intelligence, Inc. and Guy Ravine
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**VERIFICATION**</u>

I, Guy Ravine, have read the foregoing Defendants Open Artificial Intelligence, Inc.'s and Guy Ravine's Supplemental Responses to Plaintiff OpenAI, Inc.'s Requests for Production (Set One), and am familiar with the contents thereof. I am a party to this action and the founder and Chief Executive Officer of Defendant Open Artificial Intelligence, Inc, and am authorized to make this verification for and on its behalf. To the extent I have personal knowledge of the matters set forth therein, the same are true and correct. To the extent that an answer is provided on information and belief, I have so noted in the foregoing Responses. I reserve the right to change the foregoing responses if it appears at any time that they include omissions or errors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 20, 2023, at Sunnyvale, California.


Guy Ravine
_____                    _____
Print Name of Signatory                                         Signature

# PROOF OF SERVICE

### *OpenAI, Inc. v. Open Artificial Intelligence, Inc. et al.*
### Case No. 4:23-cv-03918-YGR

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067-2561.

On December 20, 2023, I served the following document(s) described as **DEFENDANTS OPEN ARTIFICIAL INTELLIGENCE, INC. AND GUY RAVINE'S SUPPLEMENTAL RESPONSES TO PLAINTIFF OPENAI, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address mhicks@birdmarella.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 20, 2023, at Los Angeles, California.

Michelle M. Hicks

1

**SERVICE LIST**
*OpenAI, Inc. v. Open Artificial Intelligence, Inc. et al.*
Case No. 4:23-cv-03918-YGR

2

3  Margret M. Caruso
   Robert P. Feldman
4  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
5  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065
6  Telephone: (650) 801-5000
   Email: margretcaruso@quinnemanuel.com
7  Email: bobfeldman@quinnemanuel.com
   **Counsel for Plaintiff OpenAI, Inc.**

Robert M. Schwartz
Aaron H. Perahia
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017
Telephone: (213) 443-3000
Email: robertschwartz@quinnemanuel.com
Email: aaronperahia@quinnemanuel.com
**Counsel for Plaintiff OpenAI, Inc.**

8

9  Sam S. Stake
   QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
10 50 California Street, 22nd Floor
   San Francisco, California 94111
11 Telephone: (415) 875-6600
   Email: samstake@quinnemanuel.com
12 **Counsel for Plaintiff OpenAI, Inc.**

Dylan I Scher
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7492
Email: dylanscher@quinnemanuel.com
**Counsel for Plaintiff OpenAI, Inc.**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28