# Scher Declaration

# **Exhibit H**

Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
Ashley L. Kirk (Bar No. 291012)
akirk@willenken.com
David S. Harris (Bar No. 255557)
dharris@willenken.com
Kirby Hsu (Bar No. 312535)
khsu@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for
*Attorneys for Open Artificial Intelligence, Inc. and Guy Ravine*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPENAI, INC., a Delaware corporation,

Plaintiff,

v.

OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,

Defendants.

AND RELATED COUNTERCLAIMS

Case No.: 4:23-cv-03918-YGR

Hon. Yvonne Gonzalez Rogers

**DEFENDANTS AND COUNTERCLAIMANTS OPEN ARTIFICIAL INTELLIGENCE, INC. AND GUY RAVINE'S SUPPLEMENTAL RESPONSES TO PLAINTIFF AND COUNTERCLAIM-DEFENDANT OPENAI, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET FOUR (NOS. 66 & 67)**

Complaint Filed: August 4, 2023

Defendants/Counterclaimants Open Artificial Intelligence, Inc. and Guy Ravine (collectively, "Defendants") hereby provide their Supplemental Responses to Plaintiff/Counterclaim Defendant OpenAI, Inc.'s ("Plaintiff") Requests for Production of Documents, Set Four (the "Requests") as follows:

**GENERAL OBJECTIONS**

The following General Objections are incorporated by reference into each individual objection, whether or not specific reference to them is made. By responding to any of the Requests or failing to specifically refer to or specify any particular General Objection in response to a particular Request, Defendants do not waive any of these General Objections, or admit or concede the appropriateness of any purported Request or any assumptions contained therein.

1. Defendants' Responses to the Requests are made according to the best present knowledge of Defendants and their current employees or agents, or other information or belief. The Responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendants' recollection, are subject to such refreshing of recollection, and such additional documents, as may result from Defendants' further discovery or investigation.

2. Defendants object to each Request, and to the Definitions and Instructions, to the extent that they purport to impose obligations upon Defendants beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and applicable case law.

3. Defendants reserve the right to make any use of, or to introduce at any hearing and at trial, documents responsive to the Requests, but discovered subsequent to the date of Defendants' initial production, including, but not limited to, any documents obtained in discovery herein.

4. By stating in the Responses that Defendants will produce or are searching for responsive documents, Defendants do not represent that any such documents actually exist, but rather will make a good faith search and reasonable inquiry to ascertain whether documents responsive to the Requests do, in fact, exist and to produce such documents if they are found to

exist and are within Defendants' possession, custody, or control.

5. By stating in the Responses that Defendants will produce or are searching for responsive documents, Defendants do not represent that any such documents actually exist, but rather will make a good faith search and reasonable inquiry to ascertain whether documents responsive to the Requests do, in fact, exist and to produce such documents if they are found to exist and are within Defendants' possession, custody, or control are inadvertently produced in response to these requests, Defendants expressly reserve the right to claw them back.

6. Defendants object to the Requests, and the Definitions and Instructions that accompany them, on the grounds and to the extent they seek information or documents that are either not relevant to the subject matter of this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Defendants generally object to the Requests, and the Definitions and Instructions that accompany them, on the grounds and to the extent they are not reasonably limited with respect to time period or geography.

7. Defendants object to the Requests, and the Definitions and Instructions that accompany them, on the grounds and to the extent that they purport to require disclosure of information that does not exist or is not in Defendants' possession, custody, or control.

8. Defendants object to the Requests to the extent they fail to identify with particularity the information sought.

9. Defendants object to the Requests, and the Definitions and Instructions that accompany them, on the grounds and to the extent they seek disclosure of "all documents," or phrases of similar import, responsive to the requested categories, on the grounds that such requests are overly broad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.

10. Defendants object to the Requests, and the Definitions and Instructions that accompany them, on the grounds and to the extent they include terms or phrases that are vague, ambiguous, overbroad, unduly burdensome, and/or undefined. Defendants respond to the Requests as Defendants interpret and understand them. If Plaintiff subsequently asserts an interpretation of any Request that differs from Defendants' understanding, Defendants reserves

their rights to supplement the objections and/or responses herein. Defendants' responses shall in no way constitute an admission or acknowledgement of Plaintiff's characterization of statements made and actions taken by Defendants or other parties as set forth in the Requests.

11. Defendants object to the Requests, and the Definitions and Instructions that accompany them, on the grounds and to the extent they seek information that is already in the possession, custody, or control of Plaintiff, its attorneys, or representatives, or that is publicly available and therefore could be readily obtained by Plaintiff at its own burden and expense.

12. Defendants object to the Requests on the grounds and to the extent that they are compound, complex and contain multiple subparts.

13. Defendants object to each Request on the grounds and to the extent it assumes legal conclusions or depends on expert testimony. Defendants further object to each Request on the grounds and to the extent it would require Defendants to violate any law, regulation, standard, or obligation, including violating any obligations of confidentiality or privacy.

14. Defendants have not yet completed their investigation of the facts relating to this action, their discovery in this action, or their preparation for trial of this action. Consequently, these responses are given without prejudice to the right of any responding party to produce at the time of trial any and all subsequently discovered evidence relating to the proof of presently known material facts, and to produce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts.

15. Defendants object to the definition of "Communications" to the extent it purports to impose obligations upon Defendants beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and applicable case law. Specifically, Defendants object that the definition of "Communications" also includes any and all documents because not all documents are communications.

16. Defendants object to the definitions of "Defendants," "You," and "Your" as overbroad, unduly burdensome, irrelevant, and harassing. The definition includes "all current and former subsidiaries, parents, successors, predecessors, affiliates, assigns, joint ventures, associated organizations, directors, officers, employees, agents, consultants, staff members,

attorneys, volunteers, or other representatives" without any limitation to whether those have any relation or relevance to this Action.

17. Defendants object to definition number 15 as vague and ambiguous. Defined terms are marked by a specific defined use of capitalization. If the capitalization does not match the defined term, it is vague and ambiguous to the point of being unintelligible.

18. Defendants object to instructions 1, 3, 7, and 8 to the extent they differ from the draft eDiscovery stipulation agreement that Defendants have followed to date. This draft agreement has been negotiated by counsel to all Parties.

19. Defendants object to instruction 4 to the extent it purports to impose obligations beyond those imposed by the Federal Rules of Civil Procedure Rule, the Local Rules of the Northern District of California, and applicable case law. Defendants further object to the extent that material is protected by the attorney-client privilege and the attorney work product doctrine and any other applicable privileges.

20. Defendants object to the time period articulated in instruction 12 (*i.e*. January 1, 2014) as overbroad and unduly burdensome because this requires over ten and a half years of documents.

21. Defendants reserve the right to object on any ground at any time to such other or supplemental requests for production as Plaintiff may at any time propound involving or relating to the subject matter of these Requests.

**SUPPLEMENTAL OBJECTIONS AND RESPONSES TO**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 66:**

All documents provided to, received from, or reflecting or referring to communications with any third party concerning this Action, OpenAI, Sam Altman, Greg Brockman, or Defendants' Open AI Initiative, including but not limited to Larry Page, Yann LeCun, Tom Gruber, Peter Norvig, Alon Halvey, Jan Tallinn, Nick Bostrom, Sebastian Thurn, Patrick Collison, Richard Socher, Daniel Kokotaijlo, and anyone associated with Alphabet or Apple.

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Defendants incorporate by reference the Preliminary Statement and General Objections set forth above. Defendants specifically object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent that it calls for information that is not relevant to any party's claims or defenses in this action. Additionally, Defendants further object to this Request on the grounds that it is vague and ambiguous, particularly to the extent that it seeks documents "reflecting or referring to communications … with any third party" and with "anyone associated with Alphabet or Apple." Defendants further object to this Request on the basis that it its overly broad and unduly burdensome because it effectively asks for all communications regarding Defendants' AI Initiative without limitation as to time period. Plaintiff stated in prior communications that "OpenAI" could not be a search term because it is overboard, yet this request imposes the same undue burden on Defendants as an "Open AI" search term would pose on Plaintiff. Defendants further object that this request is compound and asks for at least 15 different categories of documents. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged communications with Larry Page, Yann LeCun, Tom gruber, Peter Norvig, Alon Halevy, Jan Tallinn, Nick Bostrom, Sebastian Thrun, Patrick Collison, and Richard Socher regarding OpenAI, Sam Altman, Greg Brockman, or Defendants' Open AI Initiative, between January 1, 2015 and August 31, 2023 to the extent such documents exist, can be located through a reasonably diligent search, and have not already been produced. No documents exist with Daniel Kokotajilo.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Defendants incorporate by reference the Preliminary Statement and General Objections set forth above. Defendants specifically object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent that it calls for information that

is not relevant to any party's claims or defenses in this action. Additionally, Defendants further object to this Request on the grounds that it is vague and ambiguous, particularly to the extent that it seeks documents "reflecting or referring to communications … with any third party" and with "anyone associated with Alphabet or Apple." Defendants further object to this Request on the basis that it its overly broad and unduly burdensome because it effectively asks for all communications regarding Defendants' AI Initiative without limitation as to time period. Plaintiff stated in prior communications that "OpenAI" could not be a search term because it is overboard, yet this request imposes the same undue burden on Defendants as an "Open AI" search term would pose on Plaintiff. Defendants further object that this request is compound and asks for at least 15 different categories of documents. Subject to and without waiving the foregoing objections, Defendants respond as follows:

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents provided to, received from, or reflecting or referring to communications with any third party concerning this Action, OpenAI, Sam Altman, or Greg Brockman from January 1, 2015 through the date of the requests located after a reasonably diligent search. Defendants will produce non-privileged documents provided to, received from, or reflecting or referring to communications with any third party concerning Defendants' Open AI Initiative from January 1, 2015 through August 3, 2023 located after a reasonably diligent search. No documents exist with Daniel Kokotajilo.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and communications with any third party, including but not limited to Tom gruber, Daniel Kokotaijlo, and Yann LeCun, concerning OpenAI, Sam Altman, Greg Brockman, or any pleading or filing in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Defendants incorporate by reference the Preliminary Statement and General Objections set forth above. Defendants specifically object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that the phrase "concerning

OpenAI, Sam Altman, Greg Brockman, or any pleading or filing in this Action" is vague and ambiguous. Defendant further object to this Request to the extent that it calls for information that is not relevant to any party's claims or defenses in this action. Additionally, Defendants further object to this Request on the ground that it is vague and ambiguous, particularly to the extent that it seeks "documents and communications with any third party."

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce non-privileged documents with Tom Gruber and Yann LeCun concerning OpenAI, Inc., Altman, and Brockman between January 1, 2015 and August 31, 2023 responsive to this Request, to the extent such documents exist, can be located through a reasonably diligent search, and have not already been produced. No documents exist with Daniel Kokotajilo.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Defendants incorporate by reference the Preliminary Statement and General Objections set forth above. Defendants specifically object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the basis that the phrase "concerning OpenAI, Sam Altman, Greg Brockman, or any pleading or filing in this Action" is vague and ambiguous. Defendant further object to this Request to the extent that it calls for information that is not relevant to any party's claims or defenses in this action. Additionally, Defendants further object to this Request on the ground that it is vague and ambiguous, particularly to the extent that it seeks "documents and communications with any third party."

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will produce all non-privileged documents responsive to this Request from January 1, 2015 to the date of the requests located after a reasonably diligent search. No documents exist with Daniel Kokotajilo.

//

//

//

Respectfully submitted,

Dated: November 11, 2024

WILLENKEN LLP

By: /s/ *Jason H. Wilson*
Jason H. Wilson
*Attorneys for Open Artificial Intelligence, Inc. and Guy Ravine*