Scher Declaration

# Exhibit J

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000

Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:     (415) 875-6600

*Attorneys for OpenAI, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>　　　　Defendants. | Case No. 4:23-cv-03918-YGR<br><br>**PLAINTIFF OPENAI, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS (NOS. 1-29)** |

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Civil Local Rule
2  34, Plaintiff OpenAI, Inc. ("Plaintiff" or "OpenAI") hereby request that Defendants Open Artificial
3  Intelligence, Inc. and Guy Ravine (collectively, "Defendants") produce for inspection and copying
4  within thirty (30) days hereof the documents set forth below at the offices of Quinn Emanuel
5  Urquhart & Sullivan, LLP, 555 Twin Dolphin Dr., 5th Floor, Redwood Shores, California 94065,
6  or at a place and time as may be agreed to by counsel.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in OpenAI's First Set of Requests of Production ("Requests") is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "Accused Infringing Name" means the "Open AI" name referenced in ¶ 2 of the Complaint, including Reg. No. 5,258,002, as well as variations on it without regard to spacing or punctuation, including open.ai and any stylized version thereof You have used.

2. "Action" means *OpenAI, Inc. v. Open Artificial Intelligence, Inc.*, No. 4:23-cv-03918-YGR (N.D. Cal.), filed in the U.S. District Court for the Northern District of California on August 4, 2023.

3. "Communication(s)" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("e-mail").

4. "Complaint" includes any complaint filed by Plaintiff, OpenAI, Inc., in this Action, including the Complaint filed on August 4, 2023 (Dkt. 1).

5. "Defendants," "You," or "Your" means any or all of Defendants Open Artificial Intelligence, Inc. and/or Guy Ravine and all current and former subsidiaries, parents, successors, predecessors, affiliates, assigns, joint ventures, associated organizations, directors, officers, employees, agents, consultants, staff members, attorneys, volunteers, or other representatives thereof.

1         6.      "Document(s)" shall Include, without limitation, all written, graphic or otherwise recorded material, Including without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, Including e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original.  The foregoing specifically Includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

          7.      "Include" and "Including" mean including without limitation.

          8.      "Motion For A Preliminary Injunction" means the Motion for a Preliminary Injunction filed by Plaintiff, OpenAI, Inc., in this Action on September 29, 2023 (Dkt. 21), including its related filings in support of the Motion for a Preliminary Injunction (Dkts. 22-26).

          9.      "OpenAI's Goods and Services" means any applications, tools, models, products, or services offered by OpenAI or its affiliates, including but not limited to all versions of ChatGPT, GPT-4, Whisper, and DALL·E.  For avoidance of doubt, this definition includes goods and services such as GPT-3, DALL·E 2, and DALL·E 3.

          10.     "OpenAI Mark" means the name "OpenAI" and the logos bearing that name as trademarks.

          11.     "Person(s)" refers to all natural persons and all types and kinds of business or other entities, including, but not limited to, corporations, limited liability companies, partnerships, joint ventures, associations, sole proprietorships, government bodies and government agencies. Any

reference to an individual person, either singularly or as part of a defined group, includes that person's employees, agents, legal and non-legal representatives, heirs, successors, assigns and any other person or entity acting on the behalf of such individual person. Any reference to a corporation or any other entity also refers to and includes any and all parents, subsidiaries, predecessors, successors, affiliates, partners, joint ventures, agents, employees, representatives, accountants, investment bankers, consultants, or attorneys acting on behalf of the corporation or other entity. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

12. "Plaintiff" or "OpenAI" means Plaintiff OpenAI, Inc.

13. "Reflecting," "Referring to," "Relating to," "Regarding" or "Concerning" or any variations thereof, shall mean relating to, referring to, concerning, mentioning, reflecting, regarding, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), or are between (as in the context of communications), as the context makes appropriate.

14. "Thing(s)" refers to any physical specimen or tangible item, including research and development models, samples, prototypes and the like.

15. "Your Website" refers to the website at http://open.ai, including its subdomains, including http://beta.open.ai, http://decentralized.open.ai, http://ava.open.ai, http://chat.open.ai and https://staging.open.ai.

16. The singular shall include the plural and vice versa, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope. "All" includes "any" and vice versa; "all" includes "each" and vice versa; and "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed outside the scope. The use any tense of a word shall include all other tenses.

17. All uses of a defined term shall be construed to apply to the defined term, regardless of use of capitalization.

## **INSTRUCTIONS**

Each Request in OpenAI's First Set of Requests for Production is subject to and incorporates the following instructions:

1. OpenAI requests that Documents be produced in the same file or other organizational environment in which they are maintained in the ordinary course of business. For example, Documents that are part of a file, docket, or grouping, shall be produced in the same order or manner of arrangement as the original file, docket, or grouping. Additionally, each Document should be produced stapled, clipped, or otherwise bound or connected in the same manner as the original. The source(s), original custodian, and/or derivation of each Document shall be specifically identified. File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

2. Each Document or Thing requested shall be produced in its entirety, including without limitation attachments, enclosures, cover letters, memoranda, and appendices. If a Document or Thing responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

3. Color copies of Documents are to be produced where color is necessary to interpret or understand the contents.

4. In answering the Requests, furnish all available information, including information in the possession, custody or control of any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators, divisions, affiliates, partnerships, parents, subsidiaries and Persons under Your control, who have the best knowledge, not merely information known to You based on Your own personal knowledge.

5. If You cannot fully respond to the following Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Request cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such Request.

6. All documents must be produced in accordance with the requirements of Federal Rule of Civil Procedure 34(b).

7. All hard-copy Documents shall be produced as single-page TIFF images with accompanying document-level OCR and Concordance and Opticon load files with the following metadata fields: BegDoc, EndDoc, BegAttach, EndAttach, and Custodian (as referenced in Appendix A).

8. Emails, MS office documents, and other electronic Documents shall be produced as single-page TIFF images except that Excel files or spreadsheets shall be produced in native format with the native file named by the BegDoc. You shall provide extracted text/OCR data at Document level and Concordance and Opticon load files with the metadata fields provided in Appendix A, where applicable. Native files for all electronic Documents shall be maintained, and such files shall be produced upon request. Selection of Documents from the files and other sources, and the numbering of such Documents, shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary.

9. If Your response to a particular Request is a statement that You lack the ability to comply with that Request, You shall specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer in Your possession, custody or control, in which case You shall identify the name and address of any person or entity known or believed by You to have possession, custody or control of that information or category of information. In the event that any Document or Thing called for by these Requests has been destroyed or discarded, that Document or Thing is to be identified by stating: (a) the author(s), addressee(s), and any indicated or blind copied recipient(s); (b) the date, number of pages and attachments or appendices; (c) the subject matter; (d) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (e) the persons who were authorized to carry out such destruction or discard; and (f) whether any copies presently exist and, if so, the name of the custodian of each copy.

10. If You withhold any Document or Thing from discovery on the basis of the attorney-client privilege, work-product protection, or other ground of privilege or immunity, You shall

describe in accordance with Federal Rule of Civil Procedure 26(b)(5) the claim being asserted and a description of the information withheld in a manner that will allow assessment of the applicability of the claimed privilege or immunity.

11. Your obligation to respond to these Requests is continuing, and Your responses are to be supplemented, in accordance with all requirements of Fed. R. Civ. P. 26(e).

12. Unless otherwise stated specifically herein, the time period for the Requests is January 1, 2014 through the present.

**REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications Concerning Your selection and/or meaning of the Accused Infringing Name, Including who chose them, when, and why, trademark searches conducted and analyses performed, focus groups, surveys, perception studies, presentations, or memoranda.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications Concerning any questions or confusion about the source, origin, connection, affiliation, sponsorship or association between OpenAI's OpenAI Mark, or OpenAI's Goods and Services (such as ChatGPT or DALL·E), on the one hand, and You, Your Website, or the Accused Infringing Name, on the other, Including Documents and Communications Reflecting or Referring to mistaken belief, confusion, or deception, and any surveys, focus groups, studies, or any other analysis conducted Regarding whether, how, or the extent to confusion is likely to result among consumers as to affiliation, association, endorsement, or sponsorship.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify all goods and services You offer, have offered, or intend to offer, where (a) the Accused Infringing Name was placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or on documents associated with the goods or their sale, or (b) the Accused Infringing Name was used or displayed in the sale or advertising of the services, and the date ranges of such uses.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify all uses other than those called for by RFP No. 3 that You have made or intend to make of the Accused Infringing Name and the date ranges of such uses.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify Your efforts to market or promote any goods or services using the Accused Infringing Name, or goods and services using the Accused Infringing Name, Including advertising or marketing materials; advertising or marketing orders; the dates, mediums, and costs of marketing; intended, expected, or actual viewership of, or engagement with, advertisement and marketing; marketing plans, and unique advertisements bearing the Accused Infringing Name.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning Your alleged use in commerce of the Accused Infringing Name as a trademark, including documents relating to the accuracy of any specimen of use or statement of use submitted to the Patent and Trademark Office.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications Concerning the specimens submitted in connection with Your trademark application, Ser. No. 86/847,151, including Documents relating to the creation of the specimens, and the webpage(s) from which they were captured.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications Concerning posts on hub.open.ai.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show the demographics of Your customers or targeted customers, such as age, language, geographic location, gender, or preferred teams, in connection with the Accused Infringing Name or Your Website at any time.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show any guidelines You use, created, or plan to use related to the Accused Infringing Name.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications Concerning OpenAI or OpenAI's Goods and Services.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications concerning any objections or oppositions by You to any federal application to register a trademark filed by OpenAI.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show Your initial awareness of OpenAI and each version of OpenAI products and services, including ChatGPT and DALL·E.

**REQUEST FOR PRODUCTION NO. 14:**

Documents reflecting Your efforts to investigate the goods and services, including websites and webpages, offered using the OpenAI Mark.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to identify reasons for changes to Your Website and its subdomains referenced in the parties' briefs filed in support of or opposition to Plaintiff OpenAI's Motion for A Preliminary Injunction.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify the operational dates of each website functionality referenced in the parties' briefs filed in support of or opposition to Plaintiff OpenAI's Motion for A Preliminary Injunction.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show the number of individuals who visit Your Website on a monthly basis, and to show the number of individuals who transact on Your Website on a monthly basis.

**REQUEST FOR PRODUCTION NO. 18:**

All Google Analytics data associated with Your Website that You have access to.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show the operation of Your Website functionality as shown in the specimen submitted in support of U.S. Patent and Trademark Office application Serial No.

86/847,151 (hub.open.ai) (dated Sep. 27, 2016), including when that functionality became operational and was terminated; who created it, operated it, monitored it, serviced it, and made the decision to discontinue it; who created accounts to enable their use of it; how many posts were made on it, by whom, and on what dates and times.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications Concerning Your Website redirecting to OpenAI's website.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to identify all third party developers, vendors, or other providers who provided software or code used to create any artificial intelligence service or product made available on or through Your Website, and the dates of Your use of their development, products, or services.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show Your efforts, or consideration or rejection of efforts, to address illicit, illegal, or inappropriate content generated by Your website, such as the examples reflected in Dkt. 25-15 (Perahia Declaration, Exhibit O).

**REQUEST FOR PRODUCTION NO. 23:**

Documents and Communications sufficient to show the strength, or lack thereof, of the Accused Infringing Name.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify Your corporate structure and corporate names used at all times.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show all entities for which Guy Ravine is or has been an officer, director, owner, or founder (directly or indirectly) and all LLCs and LLPs in which any Defendant has or had a controlling interest.

**REQUEST FOR PRODUCTION NO. 26:**

Documents Relating to any other trademark disputes You, or any entity referenced in RFP No. 25, have been involved in (e.g., as a complainant, applicant, petitioner, defendant, or target).

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show all names other than Guy Ravine that You have used (e.g., to register a domain name) or been known by and the dates and purposes for which you used those names.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to show the number of employees of Open Artificial Intelligence, Inc.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communication consulted by, provided to, or relied upon by You in preparing Your responses to Requests For Production in this Action, as well as Your responses to Interrogatories and Requests for Admission, and Your Initial Disclosures.

DATED:  October 20, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/  *Margret M. Caruso*
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

*Attorneys for OpenAI, Inc.*

# APPENDIX A

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| BegDoc | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| EndDoc | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| BegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| EndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodians | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| DateSent | Date (mm/dd/yyyy) | | | Date message sent |
| DateReceived | Date (mm/dd/yyyy) | | | Date message received |

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| DateCreated | Date/Time (mm/dd/yyyy) | | Date file was created | |
| DateModified | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Author | Text - paragraph | | Document author from metadata | |
| Confidentiality | Single choice | Designation branded onto the document | Designation branded onto the document | Designation branded onto the document |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on October 20, 2023.

*/s/ Dylan I. Scher*
Dylan I. Scher