# Scher Declaration

# Exhibit L

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000

Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:     (415) 875-6600

*Attorneys for OpenAI, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>            Defendants. | Case No. 4:23-cv-03918-YGR<br><br>**PLAINTIFF OPENAI INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT GUY RAVINE (NOS. 1-11)** |

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff OpenAI, Inc. ("Plaintiff" or "OpenAI") hereby request that Defendant Guy Ravine ("Ravine") respond to the following interrogatories separately, fully and under oath within thirty days of service.

# DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in OpenAI's First Set of Interrogatories ("Interrogatories") is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "Accused Infringing Name" means the "Open AI" name referenced in ¶ 2 of the Complaint, including Reg. No. 5,258,002, as well as variations on it without regard to spacing or punctuation, including open.ai and any stylized version thereof You have used.

2. "Action" means *OpenAI, Inc. v. Open Artificial Intelligence, Inc.*, No. 4:23-cv-03918-YGR (N.D. Cal.), filed in the U.S. District Court for the Northern District of California on August 4, 2023.

3. "Communication(s)" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("e-mail").

4. "Complaint" includes any complaint filed by Plaintiff, OpenAI, Inc., in this Action, including the Complaint filed on August 4, 2023 (Dkt. 1).

5. "Defendant," "Ravine," "You," or "Your" means Defendant Guy Ravine.

6. "Document(s)" shall Include, without limitation, all written, graphic or otherwise recorded material, Including without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, Including e-mail, notes, papers, reports, analyses,

invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically Includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

7. The term "Identify" or "Identity" means:

(a) With respect to a person, to provide that person's: full name, title, responsibilities with respect to the subject matter of the interrogatory, and the periods of time that person had such responsibilities, and, if not a current employee of Plaintiff, last known home telephone number and home and business address;

(b) With respect to a corporation, partnership or other business entity, to provide that entity's full name including any "dba" names, form of organization, and telephone number and address of principal place of business;

(c) With respect to a Document or thing, to provide a description sufficient in specificity such that the Document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Federal Rule 34, which will include, where applicable, the DOCUMENT or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location;

(d) With respect to a Communication, to provide a description including the names of the parties to the Communication, the date of the Communication, the substance of the Communication, the means of Communication, and all Documents containing or Relating To the Communication.

(e) With respect to facts and events, to state with particularity all facts known that bear upon or are related to the matter that is the subject of the inquiry, using the simplest and most factual statements of which you are capable, but including the Identity of each (known) person or entity whose action, inaction or reaction constitutes part of such facts, and the date(s) of events referenced in such facts.

8. "Include" and "Including" mean including without limitation.

9. "Motion For A Preliminary Injunction" means the Motion for a Preliminary Injunction filed by Plaintiff, OpenAI, Inc., in this Action on September 29, 2023 (Dkt. 21), including its related filings in support of the Motion for a Preliminary Injunction (Dkts. 22-26).

10. "OpenAI's Goods and Services" means any applications, tools, models, products, or services offered by OpenAI or its affiliates, including but not limited to all versions of ChatGPT, GPT-4, Whisper, and DALL·E. For avoidance of doubt, this definition includes goods and services such as GPT-3, DALL·E 2, and DALL·E 3.

11. "OpenAI Mark" means the name "OpenAI" and the logos bearing that name as trademarks.

12. "Person(s)" refers to all natural persons and all types and kinds of business or other entities, including, but not limited to, corporations, limited liability companies, partnerships, joint ventures, associations, sole proprietorships, government bodies and government agencies. Any reference to an individual person, either singularly or as part of a defined group, includes that person's employees, agents, legal and non-legal representatives, heirs, successors, assigns and any other person or entity acting on the behalf of such individual person. Any reference to a corporation or any other entity also refers to and includes any and all parents, subsidiaries, predecessors, successors, affiliates, partners, joint ventures, agents, employees, representatives, accountants, investment bankers, consultants, or attorneys acting on behalf of the corporation or other entity. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

13. "Plaintiff" or "OpenAI" means Plaintiff OpenAI, Inc.

14. "Reflecting," "Referring to," "Relating to," "Regarding" or "Concerning" or any variations thereof, shall mean relating to, referring to, concerning, mentioning, reflecting, regarding, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), or are between (as in the context of communications), as the context makes appropriate.

15. "Thing(s)" refers to any physical specimen or tangible item, including research and development models, samples, prototypes and the like.

16. "Your Website" refers to the website at http://open.ai, including its subdomains, including http://beta.open.ai, http://decentralized.open.ai, http://ava.open.ai, http://chat.open.ai and https://staging.open.ai.

17. The singular shall include the plural and vice versa, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope. "All" includes "any" and vice versa; "all" includes "each" and vice versa; and "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed outside the scope. The use any tense of a word shall include all other tenses.

18. All uses of a defined term shall be construed to apply to the defined term, regardless of use of capitalization.

## INSTRUCTIONS

Each Request in OpenAI's First Set of Interrogatories is subject to and incorporates the following instructions:

1. If You elect to answer any interrogatory pursuant to Federal Rule of Civil Procedure 33(d), Identify the particular Documents Relating To the subject matter of the specific interrogatory by Bates number.

2. If You cannot answer an interrogatory in full, answer it to the fullest extent possible, specify the reasons for Your inability to answer the remainder, and state whatever information or knowledge You have concerning the unanswered portion.

3.  For all purposes herein, all spelling, syntax, grammar, abbreviations, idioms, and proper nouns shall be construed and interpreted to give proper meaning and consistency to their context.

4.  These Interrogatories are continuing in nature and Defendants' responses to them are to be promptly supplemented or amended if, after the time of its initial responses, Defendants learn that any response is or has become in some material respect incomplete or incorrect, to the full extent provided for by Federal Rule of Civil Procedure 26(e).

5.  Each Interrogatory should be construed independently. Unless an Interrogatory expressly provides otherwise, no Interrogatory should be construed by reference to any other Interrogatory for the purpose of limiting the scope of response to such Interrogatory.

6.  Unless otherwise specified, no Interrogatory is limited as to time.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all goods and services You offer, have offered, or intend to offer, including the date range of offerings for each such good and service, where (a) the Accused Infringing Name was placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or on documents associated with the goods or their sale, or (b) the Accused Infringing Name was used or displayed in the sale or advertising of the services.

**INTERROGATORY NO. 2:**

Identify all other uses You have made or intend to make of the Accused Infringing Name, including the date ranges of such uses.

**INTERROGATORY NO. 3:**

Identify all facts Relating to Your decision to use the Accused Infringing Name including who chose it, when, and why, all meaning You associate with the name, and Documents Relating to Your decision to use the name "Open AI," including trademark searches conducted and analyses performed, focus groups, surveys, perception studies, presentations, or memoranda.

**INTERROGATORY NO. 4:**

Identify all facts Regarding each functionality offered on Your Website referenced in the parties' briefs filed in support of or opposition to Plaintiff OpenAI's Motion for A Preliminary Injunction (such as redirecting to OpenAI's website, offering image generations, allowing input of contact email address, and the posting functionality shown in the specimen submitted in support of U.S. Patent and Trademark Office application Serial No. 86/847,151 (dated Sep. 27, 2016)), Including when each functionality became operational and (if applicable) was terminated, how many people used each type of functionality (by month and year), who created accounts to enable their use of each or any functionality, how many posts were made on Your Website by third parties, who made those posts, and on what dates and times.

**INTERROGATORY NO. 5:**

Identify everyone who is not a party to this lawsuit (or an employee of a party to this lawsuit) responsible for any functionality offered by Your Website, including for each type of functionality, who made the decision to adopt and, if applicable, discontinue, it, who created it, and who monitored and/or serviced it.

**INTERROGATORY NO. 6:**

Identify all facts Relating to consumer perception of the Accused Infringing Name, including user queries about assumed or possible association with OpenAI, reviews, focus groups, surveys, and other Communications with You about the Accused Infringing Name, Your Website, or any goods and services You offered or made available on Your Website.

**INTERROGATORY NO. 7:**

Identify the characteristics and composition of the actual or likely potential visitors to Your Website, or users of goods and services offered through Your Website, including but not limited to age, gender, geographic location, educational background and qualifications, professional field and job title, and the percentages and numbers of Your users sharing those characteristics. If those characteristics vary by time, subdomain, or website functionality, identify how.

**INTERROGATORY NO. 8:**

Identify all facts Relating to marketing and sales related to Your Website or any goods and services You have offered through it in the United States, including the marketing and sales channels for each category of good and service, how many people in the United States viewed or engaged with the marketing materials, and the cost of marketing and sales efforts for Your goods and services using the Infringing Mark in the United States.

**INTERROGATORY NO. 9:**

Identify all entities for which You are or have been an officer, director, owner, or founder (directly or indirectly), including all LLCs and LLPs in which You or other companies or entities you have a controlling interest in are the owners or registrants.

**INTERROGATORY NO. 10:**

Identify all names other than Guy Ravine that You have used (e.g., to register a domain name) or been known by and the dates and purposes for which you used those names.

**INTERROGATORY NO. 11:**

Identify all disputes concerning trademarks or domain names that You, or any entity requested by Interrogatory No. 9, have been involved with (e.g., as a complainant, plaintiff, target, defendant, or third party), including the nature of the dispute, the venue, the parties involved, the outcome, and the relevant dates (e.g., date of cease and desist letter, cancellation proceedings, judgment or dismissal), and any corresponding action or other tracking number.

DATED: October 20, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Margret M. Caruso*
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for OpenAI, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on October 20, 2023.

*/s/ Dylan I. Scher*
Dylan I. Scher