| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Robert P. Feldman (Bar No. 69602)<br> bobfeldman@quinnemanuel.com<br>Margret M. Caruso (Bar No. 243473)<br> margretcaruso@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065-2139<br>Telephone:    (650) 801-5000<br><br>Robert M. Schwartz (Bar No. 117166)<br> robertschwartz@quinnemanuel.com<br>Aaron H. Perahia (Bar No. 304554)<br> aaronperahia@quinnemanuel.com<br>865 S. Figueroa St., 10th Fl.<br>Los Angeles, California 90017-2543<br>Telephone:    (213) 443-3000<br><br>Sam S. Stake (Bar No. 257916)<br> samstake@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4624<br>Telephone:    (415) 875-6600<br><br>Dylan I. Scher (*pro hac vice*)<br> dylanscher@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone:    (212) 849-7000<br><br>*Attorneys for OpenAI, Inc.* | GIBSON, DUNN & CRUTCHER LLP<br>Orin Snyder (*pro hac vice*)<br> osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:    (212) 351-4000<br><br>Brian M. Lutz (Bar No. 255976)<br> blutz@gibsondunn.com<br>Rosemarie T. Ring (Bar No. 220769)<br> rring@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone:    (415) 393-8200<br><br>*Attorneys for OpenAI, Inc., Samuel Altman, and Gregory Brockman* |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 4:23-cv-03918-YGR<br><br>Assigned to the Hon. Yvonne Gonzalez Rogers<br><br>**DECLARATION OF AARON PERAHIA IN SUPPORT OF PLAINTIFF OPENAI, INC.'S OPPOSITION TO DEFENDANTS' LETTER BRIEF TO COMPEL FURTHER RESPONSES AND PRODUCTION** |

**DECLARATION OF AARON PERAHIA**

I, Aaron Perahia, declare as follows:

1. I am a member of the State Bar of California and am admitted to practice in this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP, counsel for Plaintiff OpenAI, Inc. ("OpenAI") in the above-captioned action. I submit this declaration in support of OpenAI's opposition to the letter brief to compel OpenAI's further responses to requests for production and document production filed by Defendants Open Artificial Intelligence, Inc. and Guy Ravine (together, "Defendants"). I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would do so competently.

2. When discovery commenced in October 2023, Plaintiff sought to agree with Defendants on an ESI protocol, including custodians and search terms. Attached hereto as Exhibit A is a true and correct copy of a proposed ESI protocol that I emailed to Defendants' counsel on October 13, 2023.

3. Defendants' counsel did not respond with comments on the proposed ESI protocol until December 2023. At that point, Defendants' counsel raised general comments about custodians and search terms, but they did not propose any alternative ESI protocol or terms. This continued into January and February 2024, with Defendants offering various pretexts for not agreeing to a protocol. And even after new counsel appeared in March 2024, Defendants still did not agree to an ESI protocol.

4. Defendants served their First Set of Requests for Production to Plaintiff (Nos. 1-54) on Plaintiff in February 2024. Plaintiff timely served its Objections and Responses to Defendants' First Set of Requests for Production to Plaintiff (No. 1-54) on March 11, 2024, a true and correct copy of which is attached hereto as Exhibit B.

5. Defendants served their Second Set of Requests for Production (Nos. 55-125) on Plaintiff in June 2024. Plaintiff timely served its Objections and Responses to Defendants' Second Set of Requests for Production to Plaintiff (No. 55-125) on August 1, 2024, a true and correct copy of which is attached hereto as Exhibit C.

6. Plaintiff conducted a reasonable and diligent search for responsive documents, including searching 22 custodians and using thorough searches related to Defendants, their purported mark, and relevant websites, among other searches. Plaintiff later disclosed its custodians, along with certain searches, to Defendants during a meet and confer. Defendants did not agree to do the same.

7. On November 24, 2024, Defendants first raised concerns over the scope of Plaintiff's responses to Defendants' first and second sets of requests for production. Shortly before raising those concerns, Defendants had served an overbroad 30(b)(6) notice and identified four new witnesses for depositions before the close of fact discovery.

8. Plaintiff continued to produce additional discovery and attempted to resolve the purported deficiencies during several meet-and-confers after Defendants' November 24, 2024 letter. Defendants did not engage meaningfully with Plaintiff's document proposals or provide any specific search terms, as Plaintiff suggested they do.

9. Plaintiff agreed to produce documents sufficient to show Plaintiff OpenAI's efforts to combat association between its marks and inappropriate content. Plaintiff believes complying with Defendants' request for all documents relating to any association between Plaintiff's marks and undefined "inappropriate content" would be unduly burdensome and disproportionate. Plaintiff has already produced documents consistent with its responses, such as OPENAI-RAV-00002784 and OPENAI-RAV-00003177. Defendants' vague suggestion that Plaintiff should collect documents from its customer service department and Safety and Security Committee provides no practical guidance for narrowing the scope. Importantly, during the parties' meet and confer, Plaintiff offered to consider additional, tailored searches if Defendants provided specific terms. Defendants did not do so.

10. The email between Mr. Brockman and Mr. Altman (OPENAI_RAV-00014287) was collected from a personal, non-OpenAI email account. The emails with Mr. Clark (OPENAI_RAV-00022197) were produced later than other documents collected at the same time to allow for privilege review.

11. Attached hereto as Exhibit D is a true and correct copy of Plaintiff's 2016 trademark

1  application, signed by Mr. Clark, which I downloaded from the United States Patent and Trademark
2  Office's website on December 19, 2024.
3      12.    The Coresearch reports and summaries, requested by Defendants, were produced the
4  day after Defendants asked for them during meet and confer. The reports contain a generated date.
5  Attached hereto as Exhibit E is a true and correct copy of one example.

7      I declare under penalty of perjury under the laws of the United States of America that the
8  foregoing is true and correct. Executed on December 19, 2024, at Los Angeles, California.

                                                      */s/ Aaron Perahia*
                                                      Aaron H. Perahia