| | |
|---|---|
| Jason H. Wilson (Bar No. 140269)<br>jwilson@willenken.com<br>Ashley L. Kirk (Bar No. 291012)<br>akirk@willenken.com<br>David S. Harris (Bar No. 255557)<br>dharris@willenken.com<br>Breeanna N. Brewer (Bar No. 312269)<br>bbrewer@willenken.com<br>Michelle K. Millard (Bar No. 298245)<br>mmillard@willenken.com<br>WILLENKEN LLP<br>707 Wilshire Blvd., Suite 4100<br>Los Angeles, California 90017<br>Facsimile:  (213) 955-9250 | Joshua M. Masur (Bar No. 203510)<br>joshua.masur@hglaw.com<br>HALEY GUILIANO LLP<br>111 North Market Street, Suite 900<br>San Jose, California 95113<br>Telephone:  (669) 213-1056 |

Attorneys for Defendants and Counterclaimants
OPEN ARTIFICIAL INTELLIGENCE, INC.
and GUY RAVINE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>v.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>  Defendants.<br><br>―――――――――<br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>  Counterclaimants,<br><br>v.<br><br>OPENAI, INC., a Delaware corporation; SAMUEL ALTMAN, an individual; and GREGORY BROCKMAN, an individual,<br><br>  Counterclaim-Defendants. | Case No.: 4:23-cv-03918-YGR<br><br>Assigned to the Hon. Yvonne Gonzalez Rogers<br><br>**DEFENDANTS' STATEMENT IN SUPPORT OF SEALING DOCUMENTS PURSUANT TO L.R. 79-5(f)(3)** |

**DEFENDANTS' STATEMENT**

**I.      INTRODUCTION**

Defendants Open Artificial Intelligence, Inc. and Guy Ravine (collectively, "Defendants") hereby submit this Statement in Support of Maintaining Documents Under Seal Pursuant to L.R. 79-5(f)(3), and respectfully request that the Court maintain under seal documents (or portions of documents) that Plaintiff OpenAI, Inc. ("Plaintiff") previously filed under seal in connection with its joint letter regarding Plaintiff's motion to compel the additional deposition of Guy Ravine ("Joint Letter") (Dkt. 166). Specifically, Defendants request that the Court seal the following documents or portions of documents:

- The highlighted text of the Joint Letter appearing on pages 2–3;
- Exhibits C–F, I, and M (pages 44–53) of the Declaration of Dylan I. Scher in Support of Plaintiff OpenAI, Inc.'s Motion to Compel ("Scher Declaration");
- The highlighted text of the Declaration of Margret M. Caruso in Support of OpenAI, Inc.'s Motion to Compel ("Caruso Declaration") appearing on page 2;
- Exhibits A & B of the Caruso Declaration;
- The highlighted text of the Declaration of Sherin Varghese ("Varghese Declaration") appearing on pages 2–3;
- Exhibits 1–4 and 6–10 of the Varghese Declaration; and
- Exhibit 12 of the Declaration of Michelle K. Millard ("Millard Declaration").

**II.     GOOD CAUSE EXISTS TO SEAL THE AFOREMENTIONED DOCUMENTS**

A party seeking to seal documents in connection with a non-dispositive motion (such as this discovery motion) need only satisfy a "good cause" standard, which is significantly less arduous than the "compelling reasons" standard applicable to dispositive motions. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

**A.      Caruso Declaration Exhibits A and B and Millard Declaration Exhibit 12**

There is good cause to seal Exhibits A and B to the Caruso Declaration and Exhibit 12 to the Millard Declaration, as well as the parts of the Caruso Declaration that reference the information in such exhibits. These exhibits discuss and pertain to Defendant Guy Ravine's

personal health information, which was shared in confidence with Plaintiff's counsel in order to facilitate the arrangement of Mr. Ravine's deposition. "Courts have repeatedly concluded that the need to keep personal health information confidential outweighs the presumption in favor of public access to court records." *California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, No. 19-CV-02417, 2021 WL 1146216, at *3 (N.D. Cal. Feb. 12, 2021) (sealing personal health information); *Ortiz v. City & Cnty. of San Francisco*, No. 18-CV-07727, 2020 WL 2793615, at *9 (N.D. Cal. May 29, 2020) (same); *see also Stafford v. Rite Aid Corp.,* No. 17-CV-1340, 2019 WL 3818015, at *1 (S.D. Cal. Aug. 14, 2019) (allowing leave to file "protected health information" under seal as it could become "vehicle for improper purpose"). Accordingly, Exhibits A and B to the Caruso Declaration and Exhibit 12 to the Millard Declaration, as well as the related text of the Caruso Declaration, should be sealed.

**B.  Scher Declaration Exhibits C–F, I and M (pages 44–53) and Varghese Declaration Exhibits 1–3 and 6–10.**

There is also good cause to seal Exhibits C–F, I and M (pages 44–53) of the Scher Declaration and Exhibits 1–3 and 6–10 of the Varghese Declaration, as well as the parts of the Varghese Declaration and Joint Letter that refer to these exhibits. The confidential information at issue in these Exhibits C–F, 1–3 and 6–10 are email communications between Defendant Guy Ravine and third parties discussing Mr. Ravine's confidential business ventures. Relatedly, Exhibit I contains interrogatory responses, and pages 44–53 of Exhibit M contains deposition testimony, providing non-public information regarding such business ventures.

To begin with, these communications are confidential because they involve individuals who are not parties to this action and include sensitive information, such as these third parties' email addresses. Federal Rule of Civil Procedure 5.2 mandates that certain personal identifying information should be redacted from public filings in order to protect any implicated privacy interests. Fed. R. Civ. P. 5.2 Advisory Comm. Note (2007) (Rule 5.2 was enacted "to protect privacy and security concerns relating to the electronic filing of documents and the public availability … of documents filed electronically.") Courts have recognized that the rationale of Rule 5.2 extends to the potential danger of exposing a personal email address. *NML Cap. Ltd. v.*

*Republic of Argentina*, No. 2:14-CV-492, 2015 WL 727924, at *5 (D. Nev. Feb. 19, 2015) (personal email address "falls under the penumbra of Rule 5.2 … Redacting this information from the public record will not infringe the quality or integrity of the judicial process, which the public right of access protects, because the information is irrelevant to the merits of [the] action."); *see also Kumandan v. Google LLC*, No. 19-CV-04286, 2023 WL 2189498, at *5 (N.D. Cal. Feb. 22, 2023) ("The Court finds compelling reasons exist to seal this [personal] email address, as it is not relevant to the litigation and the public has no real interest in its disclosure"); *O'Connor v. Uber Techs., Inc.*, No. C-13-3826, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015) (stating that email address should not be publicly filed and must be redacted "for privacy reasons … the email address is not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure.") Particularly as this is a non-dispositive motion, the balance of considerations weigh in favor of preserving non-party privacy interests by maintaining their personal communications (together with personal identifying information) under seal. *See Chloe SAS v. Sawabeh Info. Servs. Co.,* No. CV-11-04147, 2015 WL 12734004, at *3 (C.D. Cal. Feb. 4, 2015) (noting interest in protecting non-party privacy interests with sensitive information in granting application to seal materials filed in connection with non-dispositive motion).

These communications, as well as Exhibit I and pages 44–53 of Exhibit M, should be under seal for the additional reason that they concern Mr. Ravine's confidential business ventures, and that the information contained therein could be used by others to Mr. Ravine's professional detriment.  "[C]ourts have refused to permit their files to serve ... as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, confidential and sensitive business information, such as business operations and processes, trade secrets and the identity of contractual partners, the disclosure of which could cause a party competitive harm, may be sealed from the public's view. *See, e*.g., *MMI, Inc. v. Baja, Inc.*, 743 F.Supp.2d 1101, 1106 (D. Ariz. 2010) (granting application to seal license agreements as such documents contained information regarding rates and terms and conditions); *Coffelt v. Kroger Co.*, No. ED-CV-16-

1. 01471J, 2018 WL 6016133, at *2 (C.D. Cal. June 21, 2018) (granting application to seal documents with information concerning agreements, processes and pricing information). The non-public information being discussed in these exhibits go to the heart of Mr. Ravine's business ventures, including his operations and processes, and could cause harm to his competitive standing if disclosed. *See Gen. Elec. Co. v. Wilkins*, No. 1:10- CV-00674 LJO, 2012 WL 1970118, at *2 (E.D. Cal. May 31, 2012) (sealing non-public information regarding parties' business practices). With respect to pages 44–53 of Exhibit M, this information concerns Mr. Ravine's operations regarding the funding of this lawsuit. This information is particularly appropriate for sealing because it has no relevancy whatsoever to the merits of this case, and this is a non-dispositive motion. *See, e.g.*, *NantWorks, LLC v. Niantic, Inc.*, 2022 WL 1500011, at *2 (N.D. Cal. 2022) (information regarding "litigation funding agreements" is generally only discoverable where there is a "specific, articulated reason to suspect bias or conflicts of interest"); *Space Data Corp. v. Google LLC*, 2018 WL 3054797 (N.D. Cal. 2018) (finding the relevancy of litigation funding "contestable").

For both of these reasons, Exhibits C–F, I and M (pages 44–53) of the Scher Declaration and Exhibits 1–3 and 6–10 of the Varghese Declaration, together with the portions of the Varghese Declaration that refer to such exhibits, should be filed under seal.

## III.   CONCLUSION

In sum, Defendants respectfully requests that the Court order that Exhibits A and B to the Caruso Declaration, Exhibit C–F, I and M (pages 44–53) to the Scher Declaration, Exhibits 1–3 and 6–10 to the Varghese Declaration, and Exhibit 12 to the Millard Declaration, as well as the portions of the Caruso Declaration, Varghese Declaration, and Joint Letter that contain reference to these exhibits, be maintained under seal.

/ / /

/ / /

/ / /

/ / /

/ / /

|   |   |   |
|---|---|---|
| 1 |   | Respectfully submitted, |
| 2 | Dated:  December 26, 2024 | WILLENKEN LLP |
| 3 |   |   |
| 4 |   | By:   */s/ Jason H. Wilson* |
| 5 |   | Jason H. Wilson<br>Attorneys for Defendants & Counterclaimants |
| 6 |   | OPEN ARTIFICIAL INTELLIGENCE, INC. and GUY RAVINE |