| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Robert P. Feldman (Bar No. 69602)<br> bobfeldman@quinnemanuel.com<br>Margret M. Caruso (Bar No. 243473)<br> margretcaruso@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065-2139<br>Telephone:     (650) 801-5000<br><br>Robert M. Schwartz (Bar No. 117166)<br> robertschwartz@quinnemanuel.com<br>Aaron H. Perahia (Bar No. 304554)<br> aaronperahia@quinnemanuel.com<br>865 S. Figueroa St., 10th Fl.<br>Los Angeles, California 90017-2543<br>Telephone:     (213) 443-3000<br><br>Sam S. Stake (Bar No. 257916)<br> samstake@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4624<br>Telephone:     (415) 875-6600<br><br>Dylan I. Scher (*pro hac vice*)<br> dylanscher@quinnemanuel.com<br>295 Fifth Avenue<br>New York, New York 10016<br>Telephone:     (212) 849-7000<br><br>*Attorneys for OpenAI, Inc.* | GIBSON, DUNN & CRUTCHER LLP<br>Orin Snyder (*pro hac vice*)<br> osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, New York 10166<br>Telephone:     (212) 351-4000<br><br>Brian M. Lutz (Bar No. 255976)<br> blutz@gibsondunn.com<br>Rosemarie T. Ring (Bar No. 220769)<br> rring@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, California 94111-3715<br>Telephone:     (415) 393-8200<br><br>*Attorneys for OpenAI, Inc.; Samuel Altman; and Gregory Brockman* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OPENAI, INC. a Delaware corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>    Defendants. | Case No: 4:23-cv-03918-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**PLAINTIFF'S SEALING STATEMENT REGARDING DOCUMENTS SUBMITTED WITH DEFENDANTS' JOINT LETTER FILED PURSUANT TO LOCAL RULES 79-5(F)(3) AND 79(C)(1)** |

## I. INTRODUCTION

Plaintiff OpenAI, Inc. ("OpenAI") hereby requests that the Court seal certain information filed by Defendants Open Artificial Intelligence, Inc. and Guy Ravine (collectively "Defendants") in connection with the Joint Letter re: Defendants' Requests for Production of Documents and Corresponding Document Production. On December 19, 2024, Defendants filed their Administrative Motion Pursuant to Local Rule 79-5(f) to Consider Whether Plaintiff's Material Should be Sealed. Under that rule, OpenAI is required to file "a statement and/or declaration as described in [Civil Local Rule 79-5](c)(1)" explaining why certain information filed by Defendants should be sealed. As explained in the declarations of Michael Trinh and Aaron Perahia, submitted concurrently with this statement, OpenAI designated the materials identified below as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the operative protective order because public disclosure of those materials would harm OpenAI's competitive standing and invade the privacy of third parties. Accordingly, the Court should seal the materials identified herein.

## II. OPENAI MOVES TO SEAL THE FOLLOWING INFORMATION

| Document | Portion to be Filed Under Seal | Reason |
|---|---|---|
| Joint Letter re: Defendants' Requests for Production of Documents and Corresponding Document Production (Dkt. 169-1). | Highlighted text appearing on page 2 of Exhibit A to the Perahia Declaration (Dkt. 172-2). | The highlighted portions of the Joint Letter re: Defendants' Requests for Production of Documents and Corresponding Document Production reveal the contents of OpenAI's confidential, competitively-sensitive market research. Publicly disclosing that information would harm OpenAI's competitive standing. *See* Perahia Decl. ¶ 3(a). |
| Declaration of Breeanna N. Brewer (Dkt. 169-2). | Highlighted text appearing on pages 2-3 of Exhibit B to the Perahia Declaration (Dkt. 172-3). | The highlighted portions of the Brewer Declaration reveal the contents of OpenAI's confidential, competitively-sensitive market research. Publicly disclosing that information would harm OpenAI's competitive standing. *See* Perahia Decl. ¶3(b). |
| Declaration of Breeanna N. Brewer, Ex. 7 (Dkt. 169-4). | Entire document (Dkt. 169-4). | The entirety of Exhibit 7 of the Brewer Declaration consists of materials that reveal the contents of OpenAI's confidential, |

| | | |
|---|---|---|
| | | competitively-sensitive market research. Publicly disclosing that information would harm OpenAI's competitive standing. *See* Perahia Decl. ¶ 3(c). |
| Declaration of Breeanna N. Brewer, Ex. 8 (Dkt. 169-5). | Entire document (Dkt. 169-5). | The entirety of Exhibit 8 of the Brewer Declaration consists of materials that reveal the contents of OpenAI's confidential, competitively-sensitive market research. Publicly disclosing that information would harm OpenAI's competitive standing. *See* Perahia Decl. ¶ 3(d). |
| Declaration of Breeanna N. Brewer, Ex. 9 (Dkt. 169-6). | Highlighted text appearing on pages 160-161, 164-166, 168-170, and 172-176 (following the pagination centered in the transcript's footer), as reflected in Exhibit C to the Perahia Declaration (Dkt. 172-4). | The highlighted portions of Exhibit 9 of the Brewer Declaration reveal the contents of OpenAI's confidential, competitively-sensitive market research. Publicly disclosing that information would harm OpenAI's competitive standing. *See* Perahia Decl. ¶ 3(e). |

**III.     OPENAI HAS ESTABLISHED A PROPER BASIS FOR SEALING**

The Court should seal the above identified documents, or portions thereof, because OpenAI has identified good cause to seal them. "Records attached to nondispositive motions . . . are not subject to the strong presumption of access." *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 412864, at *1 (N.D. Cal. Feb. 1, 2013). "[W]hen a party seeks to preserv[e] the secrecy of sealed discovery material attached to non-dispositive motions, the party need only make a particularized showing under the good cause standard of Rule 26(c) to justify sealing the materials." *Norsworthy v. Beard*, 2015 WL 12990227, at *1 (N.D. Cal. Mar. 26, 2015) (internal quotation marks and citation omitted). The Court is empowered to keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (quoting Fed. R. Civ. P. 26(c)). Under the "good cause" standard, courts will seal statements reporting on a company's users, sales, investment, or other information that is ordinarily kept secret for competitive purposes. *Hanginout, Inc. v. Google, Inc*, 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014). Even assuming application of the compelling-reason standard applicable to materials attached to dispositive motions, sealing is warranted where the information at issue might be used "as sources of business information

that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. Oct. 28, 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). OpenAI's confidential information is subject to protection from disclosure under either standard.

As explained in the declarations of Michael Trinh and Aaron Perahia (the "Perahia Decl.") and here, the Joint Letter re: Defendants' Requests for Production of Documents and Corresponding Document Production, the Brewer Declaration, and Exhibits 7-9 of the Brewer Declaration would each harm OpenAI's competitive standing if publicly revealed. *See* Perahia Decl. ¶ 3. This is the kind of commercially sensitive material contemplated by Rule 26(c). Fed. R. Civ. P. 26(c)(1)(G) (a court may order that "trade secret or other confidential research, development, or commercial information not be revealed"). *See also Carmen Perez, v. Bath & Body Works, LLC*, 2022 WL 16836970, at *2 (N.D. Cal. Nov. 9, 2022) (sealing information related to market research, product positioning, product research and development, and product testing); *see also Space Data Corp. v. Alphabet Inc.*, 2019 WL 8012582, at *1 (N.D. Cal. July 17, 2019) (sealing information that includes confidential business development practices and the design and operation of a party's products and references to a party's confidential, internal projects). Accordingly, these materials should be sealed.

## IV.   CONCLUSION

For the foregoing reasons, OpenAI respectfully requests that its motion be granted.

DATED:  December 26, 2024                Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Aaron Perahia
    Aaron Perahia

Attorneys for OpenAI