UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., et al.,<br><br>        Defendants. | Case No. 23-cv-03918-YGR (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 163, 164 |

       Because defendants plan to call nonparty Tom Gruber as a witness, and Gruber invested in defendant Open Artificial Intelligence, Inc., and is funding the company's litigation against OpenAI, Inc., defendants must produce all nonprivileged documents in their possession, custody, or control that relate to Gruber's investment and litigation funding. Such documents are relevant to Gruber's credibility and potential bias.

       Defendants need not produce documents disclosing other litigation funders. Defendants have confirmed that "Gruber is the only litigation funder who is also a witness." Dkt. 164-1 at 6. In response, OpenAI hasn't persuasively articulated how other litigation funders are relevant to the parties' claims or defenses.

       OpenAI suggests that evidence of other litigation funders could be used to show that defendant Guy Ravine was preparing for a trademark fight with OpenAI and wasn't "making plans to move to France and live in a remote cabin," as he told a Bloomberg reporter. Dkt. 164-1 at 3. OpenAI doesn't connect the dots between the Bloomberg article and claims and

defenses in the case. Nor is the connection readily apparent. The ultimate question is whether Ravine and his company infringed on OpenAI's trademark, not whether Ravine was preparing for a trademark fight.

Defendants need not produce "documents reflecting the identity of all investors and potential investors . . . , all documents reflecting investors arrangements, and all communications with actual or potential investors . . . ." Dkt. 164-1 at 4. OpenAI hasn't convinced the Court that this discovery is relevant to the parties' claims or defenses or proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

The motion to seal and redact portions of the joint letter brief and exhibits (dkt. 164) is denied. The provisionally sealed information relates to Gruber and his investment and includes excerpts from his deposition. This material is relevant to the dispute, and defendants haven't identified any "specific prejudice or harm [that] will result" if it is made public. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). By January 14, 2025, OpenAI must publicly file unredacted versions of the joint letter brief and exhibits.

**IT IS SO ORDERED.**

Dated: January 8, 2025

_____
Alex G. Tse
United States Magistrate Judge