# Bishop Declaration

# **Exhibit B**



# Transcript of Tom Gruber

**Date:** December 6, 2024
**Case:** OpenAI, Inc. -v- Open Artificial Intelligence, Inc., et al.

**Planet Depos**
**Phone:** 888.433.3767 | **Email:** transcripts@planetdepos.com
www.planetdepos.com
Michigan #8598 | Nevada #089F | New Mexico #566

WORLDWIDE COURT REPORTING & LITIGATION TECHNOLOGY

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3
 4    OPENAI, INC., a Delaware        )
      corporation,                    )
 5                                    )
                     Plaintiff,       )
 6                                    ) CASE NO.
         vs.                          ) 4:23-CV-03918-YGR
 7                                    )
      OPEN ARTIFICIAL INTELLIGENCE,   )
 8    INC., a Delaware corporation;   )
      and GUY RAVINE, an individual,  )
 9                                    )
                     Defendants.      )
10    _____ )
11
12
13
14
15              VIDEOTAPED DEPOSITION OF
16                    TOM GRUBER
17              FRIDAY, DECEMBER 6, 2024
18              LOS ANGELES, CALIFORNIA
19
20
21
22
23
24   PAGES 1 - 142
25   REPORTED BY MARK SCHWEITZER
     CSR #10514, RPR, CRR
```

```
 1            Videotaped Deposition of
 2                  Tom Gruber
 3
 4            Witness Location:
 5            Los Angeles, California
 6
 7
 8
 9
10        Pursuant to Notice, before Mark Schweitzer,
11   Registered Professional Reporter, Certified Realtime
12   Reporter, and Certified Shorthand Reporter No. 10514,
13   in and for the State of California.
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                A P P E A R A N C E S

 2


 3    For the Plaintiff:

 4          QUINN EMANUEL URQUHART & SULLIVAN, LLP
            By:  Robert Feldman, Esq.
 5          555 Twin Dolphin Drive, 5th Floor
            Redwood Shores, California 94065-2139
 6          650-801-5000
            robertfeldman@quinnemanuel.com
 7


 8
      For the Witness:
 9
            ERVIN COHEN & JESSUP, LLP
10          By: Michael C. Lieb, Esq.
            9401 Wilshire Boulevard, 12th Floor
11          Beverly Hills, CA 90212
            310-281-6338
12          mlieb@ecjlaw.com

13
      For the Defendants:
14
            WILLENKEN, LLP
15          By:  Jason Haruo Wilson, Esq.
            707 Wilshire Boulevard, Suite 3850
16          Los Angeles, CA 90017-3540
            213-955-9240
17          jwilson@willenken.com

18
      Outside Corporate Counsel for
19    Defendant Guy Ravine:

20          ARLENBACH LEGAL, INC.
            By: Spencer Mark Gusick, Esq.
21          315 Montgomery Street, Suite 1000
            San Francisco, CA 94104
22          415-994-7996
            sg@arlenbach.com
23

24
      Videographer:  Nache Buie
25
```

1               I N D E X
2
3             December 6, 2024
4    WITNESS:                                  PAGE
5    TOM GRUBER, SWORN
6    EXAMINATION BY MR. FELDMAN:                  7
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

|   | EXHIBITS | |
|---|---|---|
| EXHIBIT | | MARKED FOR I.D. |
| 61 | | 19 |
| 62 | | 26 |
| 63 | | 90 |
| 65 | | 118 |
| 68 | | 125 |
| 69 | | 128 |
| 70 | | 132 |

1  P R O C E E D I N G S
2                    * * * * *                                    01:56:27
3          THE VIDEOGRAPHER:  Here begins Media No. 1              01:56:27
4  in the videotaped deposition of Tom Gruber in the               01:56:29
5  matter of OpenAI, Inc., versus Open Artificial                  01:56:33
6  Intelligence, Inc., et al., the United States                   01:56:39
7  District Court for the Northern District of                     01:56:40
8  California, Case No. 4:23-CV-03918-YGR.                         01:56:43
9          Today's date is December 6, 2024, and the                01:56:50
10 time on the video monitor is 1:56 p.m. Pacific                  01:56:55
11 Standard Time.                                                  01:57:00
12         The videographer today is Nache Buie,                    01:57:00
13 representing Planet Depos.  This video deposition is            01:57:03
14 taking place at 9401 Wilshire Boulevard, Beverly                01:57:06
15 Hills, California.                                              01:57:10
16         Would counsel please voice identify                      01:57:11
17 themselves and state whom they represent.                       01:57:15
18         MR. LIEB:  Michael Lieb, representing the                01:57:23
19 witness, Mr. Gruber.                                            01:57:24
20         MR. FELDMAN:  Bob Feldman for the                        01:57:27
21 plaintiff.                                                      01:57:29
22         MR. WILSON:  Jason Wilson for the defendant              01:57:30
23 and counterdefendants.  Counterplaintiffs.  Sorry.              01:57:34
24         MR. GUSICK:  Spencer Gusick, and I am the                01:57:40
25 outside general counsel for Open Artificial                     01:57:43

| | | |
|---|---|---|
| 1 | Intelligence and Mr. Ravine. | 01:57:47 |
| 2 | THE VIDEOGRAPHER:  Great, thank you.  The | 01:57:51 |
| 3 | court reporter today is Mark Schweitzer, representing | |
| 4 | Planet Depos. | |
| 5 | The witness will now be sworn. | |
| 6 | THE REPORTER:  Will you please raise your | |
| 7 | right hand. | |
| 8 | | |
| 9 | TOM GRUBER, SWORN | |
| 10 | | 01:58:01 |
| 11 | THE REPORTER:  Thank you very much. | 01:58:01 |
| 12 | Counsel? | 01:58:04 |
| 13 | | 01:58:08 |
| 14 | EXAMINATION | 01:58:08 |
| 15 | BY MR. FELDMAN: | 01:58:08 |
| 16 | Q.  Good afternoon.  Have you ever been a | 01:58:09 |
| 17 | witness before? | 01:58:11 |
| 18 | A.  No. | 01:58:11 |
| 19 | Q.  In a trial? | 01:58:11 |
| 20 | A.  I've never been deposed before. | 01:58:12 |
| 21 | Q.  Have you ever been a witness in a trial? | 01:58:14 |
| 22 | A.  No. | 01:58:16 |
| 23 | Q.  And have you ever been deposed before? | 01:58:16 |
| 24 | A.  No. | 01:58:19 |
| 25 | Q.  And have you ever served as an expert | 01:58:19 |

| | | |
|---|---|---|
| 1 | So in this case the lawyers that I'm aware of that | 02:00:31 |
| 2 | are related to this case are the folks representing | 02:00:34 |
| 3 | Jason and Spencer and Mike.  And those are the three | 02:00:38 |
| 4 | lawyers that I've talked to about this case. | 02:00:41 |
| 5 |     Q.  Okay.  And have you -- those are the | 02:00:43 |
| 6 | lawyers you've talked to.  Have you talked by | 02:00:45 |
| 7 | telephone with any other lawyers? | 02:00:48 |
| 8 |     A.  I've talked on the phone with -- | 02:00:50 |
| 9 |     MR. LIEB:  Pertaining to this case. | 02:00:53 |
| 10 |     THE WITNESS:  Pertaining to this case. | 02:00:55 |
| 11 |     Q.  BY MR. FELDMAN:  Yes.  I'll ask the | 02:00:57 |
| 12 | question again.  Thank you for clarifying that. | 02:00:58 |
| 13 |     Other than Mr. Lieb and Jason and Spencer, | 02:01:01 |
| 14 | have you spoken by telephone with any other lawyers | 02:01:04 |
| 15 | about this case? | 02:01:08 |
| 16 |     A.  I've spoken with a lawyer about this case | 02:01:09 |
| 17 | for litigation funding. | 02:01:13 |
| 18 |     Q.  And who was that? | 02:01:18 |
| 19 |     A.  So am I -- | 02:01:19 |
| 20 |     MR. LIEB:  Yeah, you can answer that. | 02:01:20 |
| 21 |     THE WITNESS:  Okay.  So I spoke with | 02:01:22 |
| 22 | lawyers that are representing a potential litigation | 02:01:23 |
| 23 | funder. | 02:01:27 |
| 24 |     Q.  BY MR. FELDMAN:  Okay.  And do you remember | 02:01:28 |
| 25 | the name of the lawyer you spoke to? | 02:01:29 |

| | | |
|---|---|---|
| 1 | A.  It was Ron.  It was the head.  The guy's | 02:01:31 |
| 2 | name was Ron. | 02:01:35 |
| 3 | Q.  Do you remember his last name? | 02:01:35 |
| 4 | A.  I don't remember it. | 02:01:36 |
| 5 | Q.  And when was that? | 02:01:38 |
| 6 | A.  That was within the last six months. | 02:01:39 |
| 7 | Q.  And how many times did you speak to him? | 02:01:42 |
| 8 | A.  I spoke with Ron twice. | 02:01:45 |
| 9 | Q.  And was that both occasions by telephone? | 02:01:49 |
| 10 | A.  Both by telephone. | 02:01:54 |
| 11 | Q.  And do you remember the company or the | 02:01:57 |
| 12 | funder that Ron was with? | 02:01:58 |
| 13 | A.  It's prior something. | 02:02:01 |
| 14 | Q.  Spelled P-R-I-O-R or P-R-Y-O-R, if you | 02:02:03 |
| 15 | know? | 02:02:07 |
| 16 | A.  I mean, you could look it up both ways.  I | 02:02:08 |
| 17 | just heard it.  Prior something.  Yeah. | 02:02:11 |
| 18 | Q.  Other than Mr. Lieb, Jason, Spencer, and | 02:02:16 |
| 19 | Ron, have you spoken to any other lawyers about this | 02:02:21 |
| 20 | case either by telephone or in person? | 02:02:25 |
| 21 | A.  Yes.  So Ron had another one of his | 02:02:28 |
| 22 | colleagues on the call.  And her name was Felicity. | 02:02:33 |
| 23 | I don't know her last name. | 02:02:38 |
| 24 | Q.  Thank you.  And other than Ron and | 02:02:39 |
| 25 | Felicity, did you speak to any other funders or | 02:02:42 |

| | |
|---|---|
| 1   potential funders? | 02:02:46 |
| 2   A.   Well, you were talking about lawyers a | 02:02:47 |
| 3   second ago. | 02:02:48 |
| 4   Q.   Yes. | 02:02:49 |
| 5   A.   So are you talking about any humans? | 02:02:49 |
| 6   Q.   I'm sorry.  Thank you.  Other than Felicity | 02:02:51 |
| 7   and Ron, have you spoken to any other lawyers about | 02:02:56 |
| 8   litigation funding? | 02:02:59 |
| 9   A.   I can't remember.  I've talked to | 02:03:07 |
| 10  litigation funding people, but not lawyers. | 02:03:10 |
| 11  Q.   Okay.  Thank you.  What other funders do | 02:03:13 |
| 12  you think -- or potential funders have you spoken to? | 02:03:15 |
| 13       MR. LIEB:  So we had talked about this | 02:03:21 |
| 14  previously.  I think there's a line across which we | 02:03:24 |
| 15  would claim privacy rights on behalf of investors who | 02:03:27 |
| 16  made investments.  So I'm going to instruct him not | 02:03:32 |
| 17  to disclose the names of other people that he talked | 02:03:37 |
| 18  to about funding except to the extent that they may | 02:03:42 |
| 19  be -- have some involvement in the case.  For | 02:03:45 |
| 20  example, as witnesses.  But to the extent that they | 02:03:48 |
| 21  were making investments or contemplating investments | 02:03:50 |
| 22  privately, that information would be confidential. | 02:03:53 |
| 23       MR. FELDMAN:  Confidential to whom? | 02:03:58 |
| 24       MR. LIEB:  To them. | 02:04:01 |
| 25  Q.   BY MR. FELDMAN:  So you're asserting | 02:04:02 |

1   privacy rights on behalf of potential funders?              02:04:13
2       A.   Correct.                                            02:04:06
3       Q.   Please tell me the names of the funders             02:04:15
4   with which you've spoken.                                    02:04:18
5            MR. LIEB:  Same objection.  Same                    02:04:20
6   instruction.                                                 02:04:22
7       Q.   BY MR. FELDMAN:  Okay.  Have you spoken to          02:04:22
8   any lawyers, other than Mr. Lieb, Jason, Spencer,            02:04:23
9   Ron, Felicity, about this case in any respect,               02:04:27
10  whether personally or by telephone?                          02:04:30
11      A.   Again, you're talking about lawyers?                02:04:35
12      Q.   Yes.                                                02:04:36
13      A.   I think we listed the lawyers.                      02:04:37
14      Q.   Are those all the lawyers?                          02:04:39
15      A.   Mike, Jason, Spencer, Ron, and Felicity,            02:04:41
16  yeah.                                                        02:04:51
17      Q.   Okay.  And how many times have you spoken           02:04:52
18  to Jason?                                                    02:04:54
19      A.   I've spoken to Jason once on the phone.             02:04:55
20  And just now we shook hands.                                 02:04:59
21      Q.   And when did you speak to him on the phone?         02:05:02
22      A.   Within the last several months.  I don't            02:05:05
23  remember exactly when.                                       02:05:07
24      Q.   And what was the -- do you remember                 02:05:08
25  anything that he said in that call?                          02:05:10

|  |  |  |
|---|---|---|
| 1 | MR. WILSON: I'm going to instruct the | 02:05:15 |
| 2 | witness not to answer on work product to the | 02:05:17 |
| 3 | extent -- if he can exclude from any conversation any | 02:05:19 |
| 4 | discussion of funding, he can answer. But otherwise, | 02:05:22 |
| 5 | I think it's attorney work product. | 02:05:26 |
| 6 | MR. LIEB: So you know, the objection has | 02:05:30 |
| 7 | been made. The assertion has been made. So I'm | 02:05:34 |
| 8 | going to instruct you not to answer. But the | 02:05:36 |
| 9 | instruction is as to discussions about funding as I | 02:05:38 |
| 10 | understand it. | 02:05:42 |
| 11 | So you can testify about anything else you | 02:05:43 |
| 12 | might have spoken with Jason about except to the | 02:05:47 |
| 13 | extent it identifies either funders or funding | 02:05:50 |
| 14 | obtained. | 02:05:55 |
| 15 | Does that -- do you understand that | 02:05:57 |
| 16 | distinction? | 02:05:58 |
| 17 | THE WITNESS: Funders or funding obtained? | 02:05:59 |
| 18 | MR. LIEB: Yeah. But you can testify about | 02:06:07 |
| 19 | any involvement you had, hopefully that makes some | 02:06:10 |
| 20 | sense. | 02:06:11 |
| 21 | THE WITNESS: Yeah, I remember talking to | 02:06:12 |
| 22 | Jason in the context of litigation funding because my | 02:06:13 |
| 23 | potential litigation funding friend was curious. So | 02:06:17 |
| 24 | I had a quick call, and what I remember from the call | 02:06:24 |
| 25 | was yeah, it's a good case. | 02:06:28 |

| | | |
|---|---|---|
| 1 | meaning, for example, did you know whether he had a | 03:25:24 |
| 2 | product at that time? | 03:25:27 |
| 3 | A.   He had a product called Video.io.  I was | 03:25:31 |
| 4 | very well aware of that. | 03:25:35 |
| 5 | Q.   I see.  Any others? | 03:25:36 |
| 6 | A.   You mean commercially selling products? | 03:25:38 |
| 7 | Q.   Yes. | 03:25:40 |
| 8 | A.   I don't know. | 03:25:41 |
| 9 | Q.   And by the way, which trademark are you | 03:25:41 |
| 10 | referring to? | 03:25:43 |
| 11 | A.   The one for OpenAI. | 03:25:44 |
| 12 | Q.   I see.  And did you give him any money, or | 03:25:46 |
| 13 | did you help him to monetize the trademark? | 03:25:53 |
| 14 | A.   I lent him some money. | 03:25:55 |
| 15 | Q.   How much? | 03:25:57 |
| 16 | A.   A hundred thousand dollars. | 03:25:57 |
| 17 | Q.   And what did you understand -- did he do | 03:25:59 |
| 18 | anything with the money? | 03:26:01 |
| 19 | A.   It was meant to be a loan, and he would pay | 03:26:02 |
| 20 | me back when he was able to monetize the trademark. | 03:26:06 |
| 21 | Q.   And did you ask him what he did with the | 03:26:08 |
| 22 | money? | 03:26:10 |
| 23 | A.   Did I ask him what he did with the money? | 03:26:15 |
| 24 | I don't remember.  I mean, we were in conversations, | 03:26:17 |
| 25 | phone calls and so on, over the years.  So we | 03:26:19 |

| | | |
|---|---|---|
| 1 | Q. Is that "yes"? | 03:29:49 |
| 2 | A. Yes. | 03:29:51 |
| 3 | Q. Did there come a time when you loaned | 03:29:57 |
| 4 | Mr. Ravine a hundred thousand dollars? | 03:29:59 |
| 5 | A. I lent him a hundred thousand dollars. | 03:30:00 |
| 6 | Q. And was the purpose of the loan to help him | 03:30:04 |
| 7 | to monetize the trademark? | 03:30:05 |
| 8 | A. Yes, to help him monetize the trademark. | 03:30:07 |
| 9 | Q. The trademark was the OpenAI trademark? | 03:30:10 |
| 10 | A. Yes. | 03:30:12 |
| 11 | Q. And there's a note that reflects that loan? | 03:30:12 |
| 12 | A. Yes, there's a note that reflects that | 03:30:16 |
| 13 | loan. | 03:30:18 |
| 14 | Q. And the note will reflect the date that you | 03:30:18 |
| 15 | made the loan? | 03:30:21 |
| 16 | A. Yes. | 03:30:21 |
| 17 | Q. And you don't remember what he told you | 03:30:21 |
| 18 | about when or why he filed for the trademark? | 03:30:24 |
| 19 | A. I don't remember him saying anything novel | 03:30:27 |
| 20 | that I remember about why he applied for it. | 03:30:32 |
| 21 | Q. And that hundred thousand dollar loan is | 03:30:36 |
| 22 | now an investment? | 03:30:38 |
| 23 | A. Yes. | 03:30:39 |
| 24 | Q. Is there a document that reflects that the | 03:30:39 |
| 25 | hundred thousand dollar loan is now an investment? | 03:30:43 |

| | |
|---|---|
| 1    A.  Yes. | 03:30:46 |
| 2    Q.  And what is that hundred thousand dollar | 03:30:46 |
| 3  loan an investment in? | 03:30:51 |
| 4    A.  It's an investment in the entity that is | 03:30:52 |
| 5  involved in this lawsuit so that if there's a | 03:30:56 |
| 6  settlement, it would participate in the settlement. | 03:31:00 |
| 7    Q.  And when was that -- is that reduced to | 03:31:03 |
| 8  writing?  That investment? | 03:31:07 |
| 9    A.  There's a document for that. | 03:31:09 |
| 10   Q.  And did you have a lawyer represent you in | 03:31:10 |
| 11 connection with that? | 03:31:13 |
| 12   A.  I don't think I had a lawyer review that | 03:31:14 |
| 13 one. | 03:31:20 |
| 14   Q.  Did Mr. Ravine have a lawyer represent him | 03:31:21 |
| 15 in that investment document? | 03:31:26 |
| 16   A.  I don't know the specific one, but he has a | 03:31:30 |
| 17 lawyer draft most of this. | 03:31:33 |
| 18   Q.  And when did you enter into that | 03:31:37 |
| 19 investment? | 03:31:42 |
| 20   A.  I'd have to look, I'd have to refresh my | 03:31:42 |
| 21 memory somehow.  But that was recent.  That wasn't -- | 03:31:46 |
| 22 well, to my memory, that's within the last year. | 03:31:53 |
| 23 Maybe even less than that.  It's relatively recent. | 03:31:55 |
| 24   Q.  It's correct that there's a document that | 03:31:59 |
| 25 reflects an investment by you in the entity that's | 03:32:02 |

| | |
|---|---|
| 1 | MR. LIEB: Don't tell him how to do his | 03:35:55 |
| 2 | job. It's fine. You don't remember. | 03:35:57 |
| 3 | Q. BY MR. FELDMAN: What was the occasion for | 03:36:02 |
| 4 | changing the loan into an investment? | 03:36:03 |
| 5 | A. The money, it was a loan, and now the | 03:36:04 |
| 6 | situation is different. He's now in a lawsuit with | 03:36:08 |
| 7 | this giant corporation. | 03:36:12 |
| 8 | Q. And who suggested that you change the -- | 03:36:14 |
| 9 | that the loan be changed from a loan to an | 03:36:17 |
| 10 | investment? | 03:36:18 |
| 11 | A. I don't remember. It could have been me. | 03:36:20 |
| 12 | It could have been Guy. | 03:36:25 |
| 13 | Q. And do you remember the terms of the | 03:36:28 |
| 14 | investment? | 03:36:29 |
| 15 | A. It's a -- is this part of the thing with | 03:36:29 |
| 16 | litigation funding? | 03:36:37 |
| 17 | MR. LIEB: No. This -- you're a witness in | 03:36:37 |
| 18 | the case. You need to disclose your -- | 03:36:40 |
| 19 | THE WITNESS: Yeah, so I have a stake in | 03:36:42 |
| 20 | the settlement. It's some fraction, if there's a | 03:36:44 |
| 21 | settlement. Some fraction of the proceeds would go | 03:36:47 |
| 22 | to me. | 03:36:50 |
| 23 | Q. BY MR. FELDMAN: And do you remember the | 03:36:51 |
| 24 | fraction? | 03:36:52 |
| 25 | A. It's very small. Like I don't remember. | 03:36:52 |

```
1    STATE OF CALIFORNIA.       )
                                )
2    COUNTY OF LOS ANGELES      )

3

4         I, Mark Schweitzer, Certified

5    Shorthand Reporter No. 10514, do hereby

6    Certify:

7         That prior to being examined, the witness

8    named in the foregoing deposition was by me duly

9    sworn to testify the truth, the whole truth, and

10   nothing but the truth;

11        That said deposition was taken down by me

12   in shorthand and thereafter reduced to print by

13   means of computer-aided transcription; and the same

14   is a true, correct, and complete transcript of said

15   proceedings.

16        I further certify that I am not interested in

17   the outcome of the action.

18        Witness my hand this 9th day of December, 2024.

19   [signature: Mark Schweitzer]

20   _____
     MARK SCHWEITZER, CSR #10514, RPR, CRR
21   Certified Shorthand Reporter
     In and for the State of California
22

23

24

25
```