# Bishop Declaration

# **Exhibit C**



# CONFIDENTIAL - ATTORNEYS' EYES ONLY

# Transcript of Guy Ravine, Corporate Designee & Individually

**Date:** December 10, 2024
**Case:** OpenAI, Inc. -v- Open Artificial Intelligence, Inc., et al.

**Planet Depos**
**Phone:** 888.433.3767 | **Email:** transcripts@planetdepos.com
www.planetdepos.com
Michigan #8598 | Nevada #089F | New Mexico #566

```
 1                    UNITED STATES DISTRICT COURT

 2                   NORTHERN DISTRICT OF CALIFORNIA

 3

 4   OPENAI, INC., a Deleware         ) Case No.
     corporation,                     ) 4:23-cv-03918-YGR
 5                                    )
                 Plaintiff,           )
 6                                    )
             vs.                      )
 7                                    )
     OPEN ARTIFICIAL INTELLIGENCE,    )
 8   INC., a Deleware corporation;    )
     and GUY RAVINE, an individual,   )
 9                                    )
                 Defendants.          )
10                                    )

11

12          CONFIDENTIAL - ATTORNEYS' EYES ONLY

13

14              Videotaped Deposition of

15        OPEN ARTIFICIAL INTELLIGENCE, INC.

16     By and through its Designated Representative

17                    GUY RAVINE

18            And in his Individual Capacity

19              Redwood City, California

20             Tuesday, December 10, 2024

21                    9:08 a.m.

22                    --oOo--

23

24   Reported by:  Michael C. Rowell, California CSR #13494
                   NCRA Registered Diplomate Reporter
25                 NCRA Certified Realtime Captioner
```

```
1                    APPEARANCES:

2    For the Plaintiff:

3    QUINN EMANUEL URQUHART & SULLIVAN
     BY:  MARGRET M. CARUSO, ESQ.
4         ELIZABETH BISHOP, ESQ.
          DYLAN SCHER, ESQ.
5    555 Twin Dolphin Drive, 5th Floor
     Redwood City, CA  94065-2139
6    650.801.5000
     MargretCaruso@QuinnEmanuel.com
7    ElizabethBishop@QuinnEmanuel.com
     DylanScher@QuinnEmanuel.com
8

9    For OpenAi, Inc., Samuel Altman and Gregory Brockman:

10   GIBSON, DUNN & CRUTCHER LLP
     BY:  ROSEMARIE T. RING, ESQ. (via Zoom)
11   One Embarcadero Center #2600
     San Francisco, CA  94111-3715
12   415.393.8200
     RRing@GibsonDunn.com
13

14   For the Defendants:

15   WILLENKEN LLP
     BY:  JASON H. WILSON, ESQ.
16   707 Wilshire Boulevard #3850
     Los Angeles, CA  90017-3540
17   213.955.9240
     213.955.9250 Fax
18   JWilson@Willenken.com

19
     HALEY GIULIANO
20   BY:  JOSHUA MASUR, ESQ. (via Zoom)
     111 N Market Street #900
21   San Jose, CA 95113
     (669) 213-1050
22   joshua.masur@hglaw.com

23
     Also Present:  Stephen Davies, videographer
24

25                      --oOo--
```

1                    INDEX OF EXAMINATION

2              WITNESS:   GUY RAVINE

3    EXAMINATION BY                                        PAGE

4    Ms. Caruso                                              6

5

6              EXHIBITS FOR REFERENCE

7    EXHIBIT NO.     DESCRIPTION                           PAGE

8    EXHIBIT 162     Notice of Deposition                    8

9    EXHIBIT 163     Notice of Rule 30(b)(6)                 9
                     Deposition
10
     EXHIBIT 164     Withdrawal of Attorney                 86
11
     EXHIBIT 165     Protecting Your Trademark -            90
12                   Enhancing Your Federal Rights
                     Through Federal Registration
13
     EXHIBIT 166     Trademark/Service Mark                125
14                   Application, Principal Register
                     TEAS Pus Application
15                   Serial Number:  86847151
                     Filing Date:  12/11/2015
16
     EXHIBIT 167     Email dated 12/11/2015                149
17
     EXHIBIT 168     Email dated 3/4/2022                  238
18
     EXHIBIT 169     LinkedIn Profile                      258
19                   OPENAI-RAV-00017804
                     to 00017805
20
     EXHIBIT 170     LinkedIn Profile                      264
21                   OPENAI-RAV-00013805
                     to 00013810
22
     EXHIBIT 171     LinkedIn Profile                      271
23                   OPENAI-RAV-00013811
                     to 00013814
24

25                        --oOo--

| | | |
|---|---|---|
| 1 | BE IT REMEMBERED, that set on Tuesday, the | |
| 2 | 10th day of December, 2024, commencing at the hour of | |
| 3 | 9:08 a.m. (PST) thereof, at 555 Twin Dolphin Drive, 5th | |
| 4 | Floor, Redwood City, California, before me, Michael C. | |
| 5 | Rowell, a Certified Shorthand Reporter of the State of | |
| 6 | California, there personally appeared | |
| 7 | GUY RAVINE, | |
| 8 | having been called as a witness by the | |
| 9 | Plaintiff, who, having been sworn by me to tell the | |
| 10 | truth, the whole truth, and nothing but the truth, was | |
| 11 | thereupon examined and testified as hereinafter set | |
| 12 | forth: | |
| 13 | --oOo-- | 09:08:12 |
| 14 | THE VIDEOGRAPHER: Here begins Media Number 1 | 09:08:12 |
| 15 | in the videotaped deposition of Guy Ravine in the matter | 09:08:14 |
| 16 | of OpenAI, Inc. versus Open Artificial Intelligence | 09:08:17 |
| 17 | Inc., et al., in the United States District Court, | 09:08:24 |
| 18 | Northern District of California, Case Number | 09:08:27 |
| 19 | 4:23-cv-03918-YGR. | 09:08:35 |
| 20 | Today's date is December 10th, 2024. The time | 09:08:38 |
| 21 | on the video monitor is 9:08. The videographer today is | 09:08:41 |
| 22 | Steven Davies, representing Planet Depos. This | 09:08:45 |
| 23 | videotaped -- video deposition is taking place at 555 | 09:08:50 |
| 24 | Twin Dolphin Drive, Redwood Shores, California. | 09:08:54 |
| 25 | Would counsel please voice identify themselves | 09:08:59 |

| | | |
|---|---|---|
| 1 | and state who they represent? | 09:09:02 |
| 2 |     MS. CARUSO:  Margret Caruso, Quinn Emanuel | 09:09:04 |
| 3 | Urquhart & Sullivan, LLP, for the Plaintiff, OpenAI, | 09:09:07 |
| 4 | Inc. | 09:09:11 |
| 5 |     MS. BISHOP:  Elizabeth Bishop for the | 09:09:11 |
| 6 | Plaintiff OpenAI, Inc. | 09:09:13 |
| 7 |     MR. WILSON:  I'm Jason Wilson of Willenken LLP | 09:09:16 |
| 8 | for the Defendant -- Defendants and | 09:09:19 |
| 9 | Cross-Counterclaimants. | 09:09:22 |
| 10 |     MR. GUSICK:  Spencer Gusick, Arlenbach Legal, | 09:09:25 |
| 11 | outside general counsel for Defendant and | 09:09:28 |
| 12 | Counterclaimant. | 09:09:28 |
| 13 |     THE REPORTER:  I'm sorry, can you repeat that, | 09:09:28 |
| 14 | sir? | 09:09:28 |
| 15 |     MR. GUSICK:  Sure.  Spencer Gusick from | 09:09:33 |
| 16 | Arlenbach, A-R-L-E-N-B-A-C-H, Legal, outside general | 09:09:36 |
| 17 | counsel for Defendant and Cross-Claimant. | 09:09:43 |
| 18 |     (Off the record discussion between counsel and | 09:09:51 |
| 19 |     the videographer.) | 09:09:53 |
| 20 |     THE VIDEOGRAPHER:  The court reporter today is | 09:10:10 |
| 21 | Mike Rowell, representing Planet Depos. | 09:10:12 |
| 22 |     The witness will now be sworn. | 09:10:14 |
| 23 |     THE REPORTER:  All right, sir, could you | 09:10:17 |
| 24 | please raise your right hand. | 09:10:17 |
| 25 |     Do you swear or affirm, under penalty of | 09:10:17 |

| | | |
|---|---|---|
| 1 | perjury, that the testimony you give in today's | 09:10:17 |
| 2 | proceedings will be the truth, the whole truth, and | 09:10:17 |
| 3 | nothing but the truth? | 09:10:30 |
| 4 |     THE WITNESS:  Yes, I do. | 09:10:31 |
| 5 |     THE REPORTER:  Thank you. | 09:10:33 |
| 6 |              EXAMINATION | 09:10:34 |
| 7 | BY MS. CARUSO: | 09:10:34 |
| 8 |     Q.  Good morning, Mr. Ravine.  I'm Margret Caruso, | 09:10:35 |
| 9 | counsel for the Plaintiff in this action. | 09:10:38 |
| 10 |     Have you ever been deposed before? | 09:10:41 |
| 11 |     A.  No. | 09:10:43 |
| 12 |     Q.  Okay.  It's important for the court reporter | 09:10:43 |
| 13 | to take down your answers, so you need to speak audibly | 09:10:45 |
| 14 | after I've asked a question. | 09:10:50 |
| 15 |     Do you -- | 09:10:52 |
| 16 |     A.  I understand.  I have never been deposed | 09:10:53 |
| 17 | before. | 09:10:55 |
| 18 |     Q.  Great.  And it's also important, for him to | 09:10:55 |
| 19 | take down the questions, that you wait until I finish | 09:11:01 |
| 20 | the question before you begin answering. | 09:11:04 |
| 21 |     Do you agree to do that? | 09:11:05 |
| 22 |     A.  Yes. | 09:11:08 |
| 23 |     Q.  Thank you. | 09:11:09 |
| 24 |     Are you under the influence of any substance | 09:11:12 |
| 25 | that might prevent you from testifying today truthfully | 09:11:15 |

| | | |
|---|---|---|
| 1 | acting at your direction under the attorney-work | 10:11:05 |
| 2 | product. | 10:11:08 |
| 3 | So, if you exclude that, who else? | 10:11:09 |
| 4 | THE WITNESS:  Litigation funders. | 10:11:13 |
| 5 | MR. WILSON:  No, I think that's attorney -- | 10:11:16 |
| 6 | THE WITNESS:  That's exclusive. | 10:11:16 |
| 7 | MR. WILSON:  Yeah.  That's attorney-work | 10:11:18 |
| 8 | product. | 10:11:19 |
| 9 | THE WITNESS:  Yeah. | 10:11:20 |
| 10 | BY MS. CARUSO: | 10:11:20 |
| 11 | Q.  Who is not protected by privilege? | 10:11:21 |
| 12 | MR. WILSON:  May I have the question back | 10:11:26 |
| 13 | again? | 10:11:27 |
| 14 | MS. CARUSO:  There was the question:  "Have | 10:11:33 |
| 15 | you ever sent questions to anyone about this lawsuit who | 10:11:36 |
| 16 | is not a lawyer? | 10:11:37 |
| 17 | "Answer:  Yes. | 10:11:38 |
| 18 | "Question:  Who?" | 10:11:40 |
| 19 | MR. WILSON:  All right.  You can answer | 10:11:43 |
| 20 | the "who" question? | 10:11:46 |
| 21 | THE WITNESS:  So, the litigation funders | 10:11:50 |
| 22 | that -- I'm not sure if they're lawyers or not lawyers, | 10:11:52 |
| 23 | and I don't know if I sent messages to my friends, | 10:11:56 |
| 24 | friends of mine.  I don't know -- I don't think I sent | 10:12:08 |
| 25 | messages.  I just probably talked on the phone with | 10:12:15 |

| | | |
|---|---|---|
| 1 | them. | 10:12:17 |
| 2 | Yeah, I think that's probably the -- I'm not | 10:12:29 |
| 3 | sure if there were other people, yeah. | 10:12:35 |
| 4 | Q.  When did you first communicate with litigation | 10:12:38 |
| 5 | funders? | 10:12:43 |
| 6 | A.  I don't recall.  Like, it's been a blur -- | 10:12:50 |
| 7 | THE REPORTER:  I'm sorry, you said "it's been | 10:12:50 |
| 8 | a blur"...? | 10:13:00 |
| 9 | THE WITNESS:  It's been a blur.  I'm not sure, | 10:13:00 |
| 10 | like, when was the first time I communicated with | 10:13:02 |
| 11 | litigation funders. | 10:13:04 |
| 12 | BY MS. CARUSO: | 10:13:05 |
| 13 | Q.  Was it in 2023? | 10:13:05 |
| 14 | A.  It was in 2023. | 10:13:06 |
| 15 | Q.  Was it before the lawsuit was filed? | 10:13:07 |
| 16 | A.  Yes, there was a communication before the | 10:13:11 |
| 17 | lawsuit was filed. | 10:13:12 |
| 18 | Q.  With whom was that? | 10:13:13 |
| 19 | A.  I don't quite recall.  I think it was somebody | 10:13:27 |
| 20 | that was -- a litigation funder that was referred to me | 10:13:30 |
| 21 | by -- well, that's my previous lawyer, so, I -- yeah. | 10:13:35 |
| 22 | Q.  So, before the lawsuit was filed, your | 10:13:42 |
| 23 | previous lawyers referred a litigation funder to you? | 10:13:48 |
| 24 | Is that your answer? | 10:13:52 |
| 25 | A.  I was -- I was -- you know, I -- if my memory | 10:13:54 |

| | | |
|---|---|---|
| 1 | is correct, yes, yes. | 10:14:00 |
| 2 | Q. Which previous lawyers were those? | 10:14:03 |
| 3 | A. The ones that worked on my trade -- like the | 10:14:05 |
| 4 | trademark letter of protest. I think the name of the | 10:14:10 |
| 5 | law firm is -- | 10:14:20 |
| 6 | Q. Is it the Van Winkle Firm? | 10:14:24 |
| 7 | A. Yes, that's right. | 10:14:28 |
| 8 | Q. And are -- did the litigation funders you | 10:14:28 |
| 9 | reached out to in 2023 before the lawsuit wind up | 10:14:34 |
| 10 | funding litigation? | 10:14:37 |
| 11 | MR. WILSON: I'm going to -- I'm going to | 10:14:41 |
| 12 | instruct the witness not to answer the question, because | 10:14:48 |
| 13 | I believe that invades attorney work product. | 10:14:52 |
| 14 | THE WITNESS: I cannot answer the question. | 10:14:58 |
| 15 | BY MS. CARUSO: | 10:14:59 |
| 16 | Q. Are you currently working with litigation | 10:15:07 |
| 17 | funders? Yes or no? | 10:15:09 |
| 18 | MR. WILSON: You can answer that question. | 10:15:20 |
| 19 | THE WITNESS: Yes. | 10:15:21 |
| 20 | BY MS. CARUSO: | 10:15:22 |
| 21 | Q. When did you first contact them? | 10:15:23 |
| 22 | THE WITNESS: Is this okay? | 10:15:30 |
| 23 | MR. WILSON: I'm going to -- can I have the | 10:15:32 |
| 24 | question back again? | 10:15:39 |
| 25 | /// | 10:15:41 |

| | | |
|---|---|---|
| 1 | BY MS. CARUSO: | 10:15:41 |
| 2 | Q. When did you first contact them? | 10:15:41 |
| 3 | MR. WILSON: I'm going to object on the | 10:15:58 |
| 4 | grounds that it assumes facts in evidence that there's | 10:16:02 |
| 5 | just one person or entity providing funding, but other | 10:16:07 |
| 6 | than that, you may answer the question. | 10:16:12 |
| 7 | THE WITNESS: Sometime in -- before this | 10:16:14 |
| 8 | lawsuit started in 2023. I don't remember exactly when. | 10:16:18 |
| 9 | MR. WILSON: Not -- was your question directed | 10:16:21 |
| 10 | to the ones he's currently working with? | 10:16:24 |
| 11 | MS. CARUSO: Yes. | 10:16:30 |
| 12 | MR. WILSON: It was a different question, | 10:16:30 |
| 13 | Mr. Ravine. | 10:16:31 |
| 14 | BY MS. CARUSO: | 10:16:32 |
| 15 | Q. For each -- how many litigation funders do you | 10:16:33 |
| 16 | currently have? | 10:16:38 |
| 17 | THE WITNESS: Am I supposed to answer that? | 10:16:41 |
| 18 | MR. WILSON: I'm going to object to the | 10:16:50 |
| 19 | question as calling for information protected by the | 10:16:52 |
| 20 | attorney work product and instruct you not to answer. | 10:16:56 |
| 21 | MS. CARUSO: You understand this is the kind | 10:17:00 |
| 22 | of information that would be on a privilege log? Who | 10:17:02 |
| 23 | and when. That's all I am asking, who and when, and | 10:17:08 |
| 24 | you're telling me you're going to instruct the witness | 10:17:15 |
| 25 | not to answer those questions? | 10:17:18 |

| | | |
|---|---|---|
| 1 | MR. WILSON: We have been going for about an | 10:17:20 |
| 2 | hour. | 10:17:22 |
| 3 | MS. CARUSO: There's a pending question. | 10:17:22 |
| 4 | MR. WILSON: May we have the question again, | 10:17:29 |
| 5 | please? | 10:17:31 |
| 6 | BY MS. CARUSO: | 10:17:33 |
| 7 | Q. How many litigation funders are you currently | 10:17:33 |
| 8 | working with? | 10:17:36 |
| 9 | MR. WILSON: You can answer the question. | 10:17:39 |
| 10 | THE WITNESS: I think four or five, | 10:18:06 |
| 11 | depending -- yeah, I'm not sure, something like that. | 10:18:10 |
| 12 | BY MS. CARUSO: | 10:18:13 |
| 13 | Q. All right. When did you first have | 10:18:14 |
| 14 | communications with the first one? | 10:18:18 |
| 15 | MR. WILSON: Objection, vague as to "first | 10:18:22 |
| 16 | one." Do you mean currently have funding with? | 10:18:25 |
| 17 | BY MS. CARUSO: | 10:18:28 |
| 18 | Q. So, you've said you think there are four or | 10:18:28 |
| 19 | five current litigation funders; is that correct? | 10:18:31 |
| 20 | A. Yes. | 10:18:35 |
| 21 | Q. What are their names? | 10:18:36 |
| 22 | MR. WILSON: They'll be on a privilege log. | 10:18:41 |
| 23 | You can reveal the names of the entities of people. | 10:18:43 |
| 24 | THE WITNESS: Oh, there's Orbit -- Orbit | 10:18:51 |
| 25 | Venture Partners; Richard Post; Tom Gruber; so, I forgot | 10:19:12 |

| | | |
|---|---|---|
| 1 | his last name.  His name is Kevin -- I don't remember | 10:19:32 |
| 2 | his last name; and there's John Waldeis [phonetic], I | 10:19:40 |
| 3 | think his last name is; and maybe another person. | 10:19:59 |
| 4 | That's what I recall right now. | 10:20:03 |
| 5 | BY MS. CARUSO: | 10:20:06 |
| 6 |     Q.  Are there any other litigation funders that at | 10:20:06 |
| 7 | one point in time you worked with but are no longer | 10:20:12 |
| 8 | involved in funding this litigation? | 10:20:16 |
| 9 |     A.  You mean the previous?  I don't understand. | 10:20:19 |
| 10 |     MR. WILSON:  Just so, for my clarity, are you | 10:20:23 |
| 11 | saying at one time provided money but have -- are not | 10:20:28 |
| 12 | involved now? | 10:20:31 |
| 13 |     MS. CARUSO:  Correct. | 10:20:32 |
| 14 |     MR. WILSON:  So, her question is, was it -- is | 10:20:34 |
| 15 | the list that you gave inclusive of anyone -- everyone | 10:20:39 |
| 16 | who gave you money? | 10:20:46 |
| 17 |     THE WITNESS:  Yes. | 10:20:46 |
| 18 | BY MS. CARUSO: | 10:20:47 |
| 19 |     Q.  When did you first communicate with Orbit | 10:20:48 |
| 20 | Venture Partners about funding litigation? | 10:20:52 |
| 21 |     A.  In 2023. | 10:20:56 |
| 22 |     Q.  Before or after this lawsuit began? | 10:20:57 |
| 23 |     A.  Before the lawsuit began. | 10:21:00 |
| 24 |     Q.  And what month was that? | 10:21:02 |
| 25 |     A.  I don't recall. | 10:21:07 |

| | | |
|---|---|---|
| 1 | Q. Do you recall if it was the summer of 2023? | 10:21:08 |
| 2 | A. I -- honestly, I don't -- I don't recall, no. | 10:21:15 |
| 3 | Q. Was there something that had happened, a | 10:21:17 |
| 4 | company that led you to reach out to them? | 10:21:21 |
| 5 | MR. WILSON: I'll instruct the witness that he | 10:21:26 |
| 6 | can answer the question to the extent he can answer it | 10:21:29 |
| 7 | without revealing any attorney-client communication. | 10:21:33 |
| 8 | THE WITNESS: I don't think I can answer this | 10:21:44 |
| 9 | question. | 10:21:45 |
| 10 | BY MS. CARUSO: | 10:21:46 |
| 11 | Q. Whether or not you give me an answer, does | 10:21:53 |
| 12 | thinking about that question refresh your recollection | 10:21:56 |
| 13 | as to when you reached out to Orbit Venture Partners? | 10:21:58 |
| 14 | A. Can you say that again? I'm not following. | 10:22:08 |
| 15 | Q. Do you have a recollection, right now, as to | 10:22:11 |
| 16 | when you reached out to Orbit Venture Partners? | 10:22:18 |
| 17 | MR. WILSON: Objection, asked and answered. | 10:22:22 |
| 18 | THE WITNESS: I think you already asked that | 10:22:27 |
| 19 | question. | 10:22:29 |
| 20 | BY MS. CARUSO: | 10:22:30 |
| 21 | Q. Earlier today, you said to me if I can refresh | 10:22:31 |
| 22 | your recollection about events, I should try and do so. | 10:22:35 |
| 23 | Do you remember that? | 10:22:38 |
| 24 | A. Yes. It doesn't mean that it works all the | 10:22:39 |
| 25 | time. | 10:22:42 |

| | | |
|---|---|---|
| 1 | Q. Understood. So, if I ask a question and then | 10:22:42 |
| 2 | try and refresh your recollection and then ask the | 10:22:45 |
| 3 | question again, I'm asking it for your present | 10:22:49 |
| 4 | recollection. | 10:22:53 |
| 5 | Do you understand that? | 10:22:54 |
| 6 | A. Yes. | 10:22:54 |
| 7 | Q. Okay. | 10:22:55 |
| 8 | A. Look, I'm very nervous right now, because like | 10:22:55 |
| 9 | of the things that I mentioned, and generally, it's a | 10:22:59 |
| 10 | deposition. So, it's like -- I'm not -- I can't recall | 10:23:03 |
| 11 | at this very moment if you say refresh -- for instance, | 10:23:07 |
| 12 | if you show me a document, I'll definitely remember. | 10:23:09 |
| 13 | Not definitely, I'll probably remember. | 10:23:13 |
| 14 | Q. There are documents that reflect when you | 10:23:17 |
| 15 | first reached out to Orbit Venture Partners, right? | 10:23:20 |
| 16 | A. Probably. | 10:23:25 |
| 17 | Q. Have you seen any documents? | 10:23:27 |
| 18 | A. Well, actually, I think it was probably by -- | 10:23:31 |
| 19 | by phone call. So, I don't know if there will be | 10:23:35 |
| 20 | documents, not with them, no. | 10:23:37 |
| 21 | Q. You don't have a signed agreement with them? | 10:23:40 |
| 22 | A. Yeah, there's -- | 10:23:43 |
| 23 | MR. WILSON: I'll -- | 10:23:44 |
| 24 | THE WITNESS: Okay. | 10:23:45 |
| 25 | /// | 10:23:45 |

| | | |
|---|---|---|
| 1 | BY MS. CARUSO: | 10:23:45 |
| 2 |     Q.  When was that signed? | 10:23:46 |
| 3 |         MR. WILSON:  I'm going to object -- | 10:23:47 |
| 4 |         THE WITNESS:  This is a -- yeah. | 10:23:48 |
| 5 |         MR. WILSON:  -- to -- what would be identified | 10:23:49 |
| 6 | on the privilege long is who's -- who the -- who any | 10:23:55 |
| 7 | document is with and when, but I believe the contents of | 10:24:00 |
| 8 | the documents are covered by the attorney work product, | 10:24:05 |
| 9 | and I'm going to instruct the witness not to answer. | 10:24:08 |
| 10 |         MS. CARUSO:  The general subject matter is | 10:24:13 |
| 11 | typically identified on the privilege log as well.  Do | 10:24:15 |
| 12 | you understand by your instruction? | 10:24:23 |
| 13 |         MR. WILSON:  Yes. | 10:24:25 |
| 14 | BY MS. CARUSO: | 10:24:26 |
| 15 |     Q.  When did you first communicate with Richard | 10:24:27 |
| 16 | Post about funding litigation? | 10:24:30 |
| 17 |     A.  I don't remember. | 10:24:34 |
| 18 |     Q.  Do you remember if it was before or after the | 10:24:35 |
| 19 | lawsuit? | 10:24:37 |
| 20 |     A.  I just don't remember.  Like, probably.  I'm | 10:24:51 |
| 21 | not sure.  I'm not sure. | 10:24:54 |
| 22 |     Q.  Do you -- | 10:24:56 |
| 23 |     A.  I speculate maybe. | 10:24:57 |
| 24 |     Q.  Do you remember if it was before or after the | 10:24:58 |
| 25 | preliminary injunction motion was argued? | 10:25:02 |

1    I, MICHAEL C. ROWELL, a Certified Shorthand
2  Reporter of the State of California, duly authorized to
3  administer oaths, do hereby certify:
4    That the foregoing proceedings were taken
5  before me at the time and place herein set forth; that
6  any witnesses in the foregoing proceedings, prior to
7  testifying, were duly sworn; that a record of the
8  proceedings was made by me using machine shorthand which
9  was thereafter transcribed under my direction; that the
10 foregoing transcript is a true record of the testimony
11 given.
12    Further, that if the foregoing pertains to the
13 original transcript of a deposition in a Federal Case,
14 before completion of the proceedings, review of the
15 transcript was requested.
16    I further certify I am neither financially
17 interested in the action nor a relative or employee of
18 any attorney or party to this action.
19    WITNESS WHEREOF, I have this date subscribed
20 my name.
21    Dated: December 11, 2024
22
23
24 _____
25    MICHAEL ROWELL, RDR, CRR, CSR NO. 13494