# EXHIBIT A

# David Harris

| | |
|---|---|
| **From:** | Elizabeth Bishop <elizabethbishop@quinnemanuel.com> |
| **Sent:** | Wednesday, December 11, 2024 10:18 PM |
| **To:** | David Harris; Sam Stake; Aaron Perahia; Open_AI; Jason Wilson; Ashley Kirk; Breeanna N. Brewer |
| **Cc:** | QE-OpenAI-Trademark; Snyder, Orin; Lutz, Brian M.; rring@gibsondunn.com; Christos, Lefteri J.; Dudding, Sasha |
| **Subject:** | RE: [EXTERNAL] RE: OpenAI v. Open Artificial Intelligence - Mr. Gruber's Testimony |

**CAUTION**: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

Setting aside for the moment the fact that you have not produced documents relating to any of the 5 litigation funders that Mr. Ravine referenced during his deposition that he is currently working with, you have still failed to produce any documents, much less *all* documents, relating to Mr. Gruber's loan and "investment" in this litigation, despite our email requesting these documents from you, sent on Saturday, December 7. Please produce these documents immediately.

Additionally, during Mr. Gruber's deposition on Friday, December 6, he testified that he has signed two declarations in relation to this dispute. In our possession, we currently only have Mr. Gruber's declaration dated March 26, 2024. Any other declaration signed by Mr. Gruber has not been produced to us. Please produce this declaration immediately.

Best Regards,
Elizabeth

**Elizabeth Bishop**
*Associate*

**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7612 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
elizabethbishop@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** David Harris <dharris@willenken.com>
**Sent:** Monday, December 9, 2024 11:45 PM
**To:** Sam Stake <samstake@quinnemanuel.com>; Aaron Perahia <aaronperahia@quinnemanuel.com>; Open_AI <Open_AI@willenken.com>; Jason Wilson <jwilson@willenken.com>; Ashley Kirk <akirk@willenken.com>; Breeanna N. Brewer <bbrewer@willenken.com>
**Cc:** QE-OpenAI-Trademark <qe-openai-trademark@quinnemanuel.com>; Snyder, Orin <osnyder@gibsondunn.com>; Lutz, Brian M. <blutz@gibsondunn.com>; rring@gibsondunn.com; Christos, Lefteri J. <LChristos@gibsondunn.com>;

Dudding, Sasha <SDudding@gibsondunn.com>
**Subject:** RE: [EXTERNAL] RE: OpenAI v. Open Artificial Intelligence - Mr. Gruber's Testimony

**[EXTERNAL EMAIL from dharris@willenken.com]**

Aaron and Sam,

Thank you for your emails. First, we did not fail to comply with Local Rule 3-15. As set forth in the "Standing Order for All Judges of the Northern District of California," a party's Certification of Interested Entities or Persons under Local Rule 3-15 is *only* required to include "any person or entity that is funding the prosecution of any claim" in *"proposed class, collective, or representative action[s]."* See Standing Order ¶ 17 (emphasis added). In individual actions, such as this one, neither Local Rule 3-15 nor any other rule requires such a disclosure. *See MLC Intellectual Property, LLC v. Micron Technology, Inc.*, 2019 WL 118595, at *2 (N.D. Cal. Jan. 2019) (agreeing that "neither the federal rules nor local rules require the disclosure of litigation funding agreements except in class action suits").

Second, we are not required to produce any and all documents related to litigation funding. To the contrary, the case law maintains that litigation funding agreements (and related documents) are generally privileged as work product. *See Odyssey Wireless, Inc. v. Samsung Electronics Co., Ltd.*, 2016 WL 7665898, at *5 (S.D. Cal. Sept. 20, 2016) ("Although there is a dearth of case law regarding the applicability of the work-product doctrine to litigation funding documents, the district courts that have addressed this issue have found this protection applicable."). Moreover, even if they were not privileged, litigation funding agreements are usually not relevant and therefore not discoverable. *See, e.g.*, *Space Data Corp. v. Google LLC*, 2018 WL 3054797 (N.D. Cal. 2018) (finding the relevancy of litigation funding "contestable" and the issue of "*potential* litigation funding … a side issue at best").

For these reasons, litigation funding documents are "generally discoverable *only when there is 'a specific, articulated reason to suspect bias or conflicts of interest*.'" *See NantWorks, LLC v. Niantic, Inc.*, 2022 WL 1500011, at *2 (N.D. Cal. 2022) (emphasis added). For example, such information may be discoverable when one of the funders is also a witness. *See MLC Intellectual Property, LLC*, 2019 WL 118595, at *2 (collecting cases); *see also Yousefi v. Delta Elec. Motors,* 2015 WL 11217257, at *2 (W.D. Wash. May 11, 2015) ("Whether plaintiff is funding this litigation through savings, insurance proceeds, a kickstarter campaign, or contributions from the union is not relevant to any claim or defense at issue. If, however, Local 46 has not merely donated funds or expertise … but has an expectation of payment if and only if plaintiff prevails, evidence of that financial interest may be relevant to determining the credibility and potential bias of Local 46 witnesses.").

Here, Mr. Gruber is the only litigation funder who is also a witness—and this has already been disclosed to you and your clients. Indeed, Mr. Gruber provided details and information about his (minor) involvement in the funding of the litigation at his deposition, and your clients had the opportunity to question him at length on the subject. Nothing more was required, and nothing more is owed. We trust that this resolves the issue regarding litigation funders.

Finally, as for the issue of Mr. Gruber's documents, we ask that you please coordinate with his counsel, Mr. Lieb.

Regards,
David



**David S. Harris**
Direct: 213.955.9240 | Fax: 213.955.9250 | dharris@willenken.com
**WILLENKEN LLP** | 707 Wilshire Blvd. | Suite 4100 | Los Angeles, CA 90017 | **willenken.com** |

> The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Willenken LLP. Unauthorized use, disclosure, or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments.

**From:** Sam Stake <samstake@quinnemanuel.com>
**Sent:** Monday, December 9, 2024 11:14 AM
**To:** Aaron Perahia <aaronperahia@quinnemanuel.com>; Open_AI <Open_AI@willenken.com>; Jason Wilson <jwilson@willenken.com>; Ashley Kirk <akirk@willenken.com>; Breeanna N. Brewer <bbrewer@willenken.com>; David Harris <dharris@willenken.com>
**Cc:** QE-OpenAI-Trademark <qe-openai-trademark@quinnemanuel.com>; Snyder, Orin <osnyder@gibsondunn.com>; Lutz, Brian M. <blutz@gibsondunn.com>; rring@gibsondunn.com; Christos, Lefteri J. <LChristos@gibsondunn.com>; Dudding, Sasha <SDudding@gibsondunn.com>
**Subject:** [EXTERNAL] RE: OpenAI v. Open Artificial Intelligence - Mr. Gruber's Testimony

**CAUTION**: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel for Mr. Ravine,

We request a meet and confer today to discuss the pressing issues raised in Aaron's email below. All documents related to any investment in this lawsuit should have been produced long ago, including in Mr. Ravine's Rule 3-15 disclosures and in response to at least RFP No. 68. This information bears on many issues in the case, including Mr. Ravine's and other witnesses' bias and credibility and purported damages. Suffice it to say, with Mr. Ravine's deposition scheduled tomorrow, this information should be produced immediately.

Please let us know if you are available at 1 or 2pm PT for a phone conference.

Regards,

Sam

**Sam Stake**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

50 California Street, 22nd Floor
San Francisco, CA 94111
415.875.6387 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
samstake@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Aaron Perahia <aaronperahia@quinnemanuel.com>
**Sent:** Saturday, December 7, 2024 1:38 PM
**To:** Open_AI <Open_AI@willenken.com>; jwilson@willenken.com; akirk@willenken.com; Breeanna N. Brewer <bbrewer@willenken.com>; David Harris <dharris@willenken.com>
**Cc:** QE-OpenAI-Trademark <qe-openai-trademark@quinnemanuel.com>; Snyder, Orin <osnyder@gibsondunn.com>; Lutz, Brian M. <blutz@gibsondunn.com>; rring@gibsondunn.com; Christos, Lefteri J. <LChristos@gibsondunn.com>; Dudding, Sasha <SDudding@gibsondunn.com>
**Subject:** OpenAI v. Open Artificial Intelligence - Mr. Gruber's Testimony

Counsel,

We write regarding several matters that require your immediate attention.

At his deposition yesterday, Mr. Gruber revealed to us for the first time today that he has invested in this lawsuit. He testified that there are documents relating to this investment. He also revealed that there are litigation funders with whom he has communicated. There are apparently documents relating to these funders and potential funders.

Mr. Gruber's investment, and the investments of any litigation funders, should have been disclosed in your Disclosure of Conflicts and Interested Entities and Persons for Open Artificial Intelligence, Inc., and Guy Ravine, filed on September 5, 2023, and October 20, 2023, respectively—approximately six months before Defendants filed Mr. Gruber's declaration in this action. Local Rule 3-15 provides that parties must "disclose any persons ... known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding." Local Rule 3-15 also requires you to promptly file a supplemental disclosure if any of the required information changes. For both defendants, you disclosed no conflict or interested parties in your initial disclosure, nor have you supplemented these disclosures.

If there is an acceptable explanation for this non-compliance, you should also explain your failure to comply with Local Rule 3-15. You must also immediately serve a corrected Local Rule 3-15 disclosure and specify therein when the interest of the entities named arose. This should be done immediately so that the information in the disclosure can be considered before Mr. Ravine's deposition.

You should also produce all documents that refer to or evidence any investments or potential investments in this lawsuit or interests that should have been disclosed pursuant to Local Rule 3-15. Such documents are responsive to various document requests and would have been specifically requested had the Local Rule 3-15 disclosures been timely made. This should be done immediately so we can attempt to review them and use them at Mr. Ravine's deposition.

As you know, Mr. Gruber produced no documents in response to the subpoena we served on him. Mr. Gruber testified he searched for and found responsive documents. His lawyer, Mr. Lieb, stated on the record that Mr. Gruber sent him a zip file with documents, but the zip file he received could not be opened, so he did not produce any documents before or at the Gruber deposition. We note that Mr. Gruber testified that your office presented Mr. Lieb to him as counsel for his deposition. We further note that Mr. Lieb previously worked at your law firm.

You should immediately coordinate with Mr. Lieb to have the zip file documents produced so we may review and use them at Mr. Ravine's deposition. Likewise, you should immediately produce the documents called for by our previous document requests regarding Mr. Gruber, as you committed to in your email of December 3, 2024. It is now apparent you have failed to satisfy those document requests or comply with your commitment to produce those documents in your December 3, 2024, email.

We urge you most immediate attention to the above. We are not simply reserving all rights. We intend to bring these matters to the Court's attention at the appropriate time, including with respect to evidentiary sanctions.

Best regards,

4

Aaron

**Aaron Perahia | quinn emanuel urquhart & sullivan, llp**
865 S. Figueroa St., 10th Fl. | Los Angeles, CA 90017
Office: 213-443-3146 | Mobile: 424-415-1581

5