| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Robert P. Feldman (Bar No. 69602)<br> bobfeldman@quinnemanuel.com<br>Margret M. Caruso (Bar No. 243473)<br> margretcaruso@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065-2139<br>Telephone:    (650) 801-5000<br><br>Robert M. Schwartz (Bar No. 117166)<br> robertschwartz@quinnemanuel.com<br>Aaron H. Perahia (Bar No. 304554)<br> aaronperahia@quinnemanuel.com<br>865 S. Figueroa St., 10th Fl.<br>Los Angeles, California 90017-2543<br>Telephone:    (213) 443-3000<br><br>Sam S. Stake (Bar No. 257916)<br> samstake@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4624<br>Telephone:    (415) 875-6600<br><br>Dylan I. Scher (*pro hac vice*)<br> dylanscher@quinnemanuel.com<br>295 Fifth Avenue<br>New York, New York 10016<br>Telephone:    (212) 849-7000<br><br>*Attorneys for OpenAI, Inc.* | GIBSON, DUNN & CRUTCHER LLP<br>Orin Snyder (*pro hac vice*)<br> osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, New York 10166<br>Telephone:    (212) 351-4000<br><br>Brian M. Lutz (Bar No. 255976)<br> blutz@gibsondunn.com<br>Rosemarie T. Ring (Bar No. 220769)<br> rring@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, California 94111-3715<br>Telephone:    (415) 393-8200<br><br>*Attorneys for OpenAI, Inc.; Samuel Altman; and Gregory Brockman*<br><br>Jason H. Wilson (Bar No. 140269)<br> jwilson@willenken.com<br>David S. Harris (Bar No. 255557)<br>Ashley L. Kirk (Bar No. 291012)<br> akirk@willenken.com<br>Kirby Hsu (Bar No. 312535)<br> khsu@willenken.com<br>WILLENKEN LLP<br>707 Wilshire Blvd., Suite 3850<br>Los Angeles, California 90017<br>Telephone:  (213) 955-9240<br>Facsimile:   (213) 955-9250<br><br>*Attorneys for Open Artificial Intelligence, Inc. and Guy Ravine* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>         Plaintiff,<br><br>   v.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>         Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 4:23-cv-03918-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY**<br><br>Complaint Filed: August 4, 2023 |

**STIPULATION**

Pursuant to Federal Rule of Civil Procedure 29(b) and Civil Local Rule 7-12, Plaintiff/Counterclaim-Defendant OpenAI, Inc., on the one hand, and Defendant/Counterclaimant Open Artificial Intelligence, Inc. and Defendant/Counterclaimant Guy Ravine (collectively, "Defendants"), on the other hand (collectively, "Parties"), stipulate as follows:

WHEREAS, on March 26, 2024, this Court issued the Case Management and Pretrial Order (Dkt. 74), which set the Non-Expert Discovery Cutoff for December 12, 2024;

WHEREAS, pursuant to Local Rule 37-3, the Parties were not permitted to file any motions related to non-expert discovery more than seven days after the discovery cut-off, *i.e.*, no later than December 19, 2024;

WHEREAS, as a result of good faith meet-and-confer efforts, the parties reached several compromises to provide additional discovery prior to the December 19, 2024 deadline to file discovery motions and needed more time to fulfill these compromises;

WHEREAS, this Court ordered (Dkt. 175) that the Parties shall complete their agreed-upon additional discovery by January 7, 2025, that any additional motion related to discovery must be brought by January 14, 2025;

WHEREAS, Defendants need additional time to produce their privilege log for the agreed-upon additional discovery, and will produce their privilege log by Friday, January 17;

WHEREAS, the Court ordered (Dkt. 177) that Defendants produce additional documents;

WHEREAS, the parties have scheduled a deposition of Guy Ravine for January 15 and Plaintiff reserves the right to subsequently raise any issues related to a privilege log produced after that deposition despite Defendants' position that such information is irrelevant, privileged, and will not prejudice Plaintiff's ability to depose Mr. Ravine;

NOW THEREFORE, the Parties agree and respectfully request the Court order as follows:

1. Any motion related to Defendants' privilege log, including with respect to documents Plaintiff believes should have been produced rather than logged (such as the documents Plaintiff was ordered to produce by Dkt. 177), must be brought by January 24, 2025;

2. No other deadlines set by the Court shall be affected.

**IT IS SO STIPULATED.**

                                                       Respectfully submitted,

Dated: January 13, 2025                      Quinn Emanuel Urquhart & Sullivan, LLP

                                                       By: */s/ Margret M. Caruso*
                                                              Margret M. Caruso
                                                              *Attorneys for OpenAI, Inc.*

Dated: January 13, 2025                      Willenken LLP

                                                       By: */s/ Jason H. Wilson*
                                                              Jason H. Wilson
                                                              *Attorneys for Open Artificial Intelligence, Inc. and Guy Ravine*

**SIGNATURE ATTESTATION**

  Pursuant to Civil L.R. 5-1(i)(3), I, the filer of this document, attest that all signatories have concurred in the filing of this document.

Dated: January 13, 2025             Quinn Emanuel Urquhart & Sullivan, LLP

                     By:  */s/ Margret M. Caruso*
                         Margret M. Caruso

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED:

1. Any motion related to Defendants' privilege log, including with respect to documents Plaintiff believes should have been produced rather than logged (such as the documents Plaintiff was ordered to produce by Dkt. 177), must be brought by January 24, 2025.

2. No other deadlines set by the Court shall be affected.

Dated: _____

_____
Yvonne Gonzalez Rogers
United States District Judge