QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000

Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:     (415) 875-6600

Dylan I. Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
295 Fifth Avenue
New York, New York 10016
Telephone:     (212) 849-7000

*Attorneys for OpenAI, Inc.*

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
 osnyder@gibsondunn.com
200 Park Avenue
New York, New York 10166
Telephone:     (212) 351-4000

Brian M. Lutz (Bar No. 255976)
 blutz@gibsondunn.com
Rosemarie T. Ring (Bar No. 220769)
 rring@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone:     (415) 393-8200

*Attorneys for OpenAI, Inc.; Samuel Altman; and Gregory Brockman*

Jason H. Wilson (Bar No. 140269)
 jwilson@willenken.com
David S. Harris (Bar No. 255557)
Ashley L. Kirk (Bar No. 291012)
 akirk@willenken.com
Kirby Hsu (Bar No. 312535)
 khsu@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

*Attorneys for Open Artificial Intelligence, Inc. and Guy Ravine*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 4:23-cv-03918-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY**<br><br>Complaint Filed: August 4, 2023 |

**STIPULATION**

Pursuant to Federal Rule of Civil Procedure 29(b) and Civil Local Rule 7-12, Plaintiff/Counterclaim-Defendant OpenAI, Inc., on the one hand, and Defendant/Counterclaimant Open Artificial Intelligence, Inc. and Defendant/Counterclaimant Guy Ravine (collectively, "Defendants"), on the other hand (collectively, "Parties"), stipulate as follows:

WHEREAS, on March 26, 2024, this Court issued the Case Management and Pretrial Order (Dkt. 74), which set the Non-Expert Discovery Cutoff for December 12, 2024;

WHEREAS, pursuant to Local Rule 37-3, the Parties were not permitted to file any motions related to non-expert discovery more than seven days after the discovery cut-off, *i.e.*, no later than December 19, 2024;

WHEREAS, as a result of good faith meet-and-confer efforts, the parties reached several compromises to provide additional discovery prior to the December 19, 2024 deadline to file discovery motions and needed more time to fulfill these compromises;

WHEREAS, this Court ordered (Dkt. 175) that the Parties shall complete their agreed-upon additional discovery by January 7, 2025, that any additional motion related to discovery must be brought by January 14, 2025;

WHEREAS, Defendants needed additional time to produce their privilege log for the agreed-upon additional discovery, and served their privilege log by Friday, January 17;

WHEREAS, the Court ordered (Dkt. 177) that Defendants produce additional documents;

WHEREAS, the Court ordered (Dkt. 180) that any motion related to Defendants' privilege log, including with respect to documents Plaintiff believes should have been produced rather than logged (such as the documents Defendants were ordered to produce by Dkt. 177), must be brought by January 24, 2025;

WHEREAS, after meeting-and-conferring with Plaintiff this week, while it is Defendants' position that they have met their obligation to produce responsive nonprivileged documents and a corresponding privilege log, and without waiving the aforementioned, Defendants agreed to produce additional documents and any corresponding updated privilege log by Friday, January 31.

NOW THEREFORE, the Parties agree and respectfully request the Court order as follows:

1. Any motion related to Defendants' privilege log, including with respect to documents Plaintiff believes should have been produced rather than logged (such as the documents Defendants were ordered to produce by Dkt. 177), must be brought by February 7, 2025;

2. No other deadlines set by the Court shall be affected.

**IT IS SO STIPULATED.**

                                                Respectfully submitted,

Dated: January 24, 2025                    Quinn Emanuel Urquhart & Sullivan, LLP

                                                By: */s/ Margret M. Caruso*
                                                     Margret M. Caruso
                                                     *Attorneys for OpenAI, Inc.*

Dated: January 24, 2025                    Willenken LLP

                                                By: */s/ Jason H. Wilson*
                                                   Jason H. Wilson
                                                   *Attorneys for Open Artificial Intelligence, Inc. and Guy Ravine*

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I, the filer of this document, attest that all signatories have concurred in the filing of this document.

Dated: January 24, 2025

Quinn Emanuel Urquhart & Sullivan, LLP

By: */s/ Margret M. Caruso*
Margret M. Caruso

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED:

1. Any motion related to Defendants' privilege log, including with respect to documents Plaintiff believes should have been produced rather than logged (such as the documents Defendants were ordered to produce by Dkt. 177), must be brought by February 7, 2025.

2. No other deadlines set by the Court shall be affected.

Dated:  January 24, 2025

Yvonne Gonzalez Rogers
United States District Judge