| | |
|---|---|
| Jason H. Wilson (Bar No. 140269) | Joshua M. Masur (Bar No. 203510) |
| jwilson@willenken.com | joshua.masur@hglaw.com |
| Ashley L. Kirk (Bar No. 291012) | HALEY GUILIANO LLP |
| akirk@willenken.com | 111 North Market Street, Suite 900 |
| David S. Harris (Bar No. 255557) | San Jose, California 95113 |
| dharris@willenken.com | Telephone: (669) 213-1056 |
| Breeanna N. Brewer (Bar No. 312269) | |
| bbrewer@willenken.com | |
| Michelle K. Millard (Bar No. 298245) | |
| mmillard@willenken.com | |
| WILLENKEN LLP | |
| 707 Wilshire Blvd., Suite 4100 | |
| Los Angeles, California 90017 | |
| Facsimile: (213) 955-9250 | |

Attorneys for Defendants and Counterclaimants
OPEN ARTIFICIAL INTELLIGENCE, INC.
and GUY RAVINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>Defendants.<br>―――――――――<br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>Counterclaimants,<br><br>v.<br><br>OPENAI, INC., a Delaware corporation; SAMUEL ALTMAN, an individual; and GREGORY BROCKMAN, an individual,<br><br>Counterclaim-Defendants. | Case No.: 4:23-cv-03918-YGR<br><br>Assigned to the Hon. Yvonne Gonzalez Rogers<br><br>**DEFENDANTS' STATEMENT IN SUPPORT OF SEALING DOCUMENTS PURSUANT TO L.R. 79-5(f)(3)** |

# DEFENDANTS' STATEMENT

## I. INTRODUCTION

Defendants Open Artificial Intelligence, Inc. and Guy Ravine (collectively, "Defendants") hereby submit this Statement in Support of Maintaining Documents Under Seal Pursuant to L.R. 79-5(f)(3), and respectfully request that the Court maintain under seal documents (or portions of documents) that Plaintiff OpenAI, Inc. ("Plaintiff") and Defendants previously filed under seal in connection with the joint letter regarding Plaintiff's motion to compel the additional deposition of Guy Ravine ("Joint Letter") (Dkt. 182). Specifically, Defendants request that the Court seal the following documents or portions of documents:

- The highlighted text of the Joint Letter appearing on the last paragraph of page 3 and footnote 2 on page 4[1];
- Excerpts, if any, from Exhibit A of the Declaration of Dylan I. Scher in Support of Plaintiff OpenAI, Inc.'s Motion to Compel ("Scher Declaration") that include pages 8:5-18, 9:8-24, 72:16-74:4 of Mr. Ravine's deposition;
- Exhibit C of the Scher Declaration;
- Excerpts from Exhibit D of the Scher Declaration that include pages 55:4-17 of Mr. Ravine's deposition.
- Exhibit 1 of the Declaration of Jason H. Wilson ("Wilson Declaration") at pages 8:5-18, 9:8-24, 72:16-74:4 of Mr. Ravine's deposition.

## II. GOOD CAUSE EXISTS TO SEAL THE AFOREMENTIONED DOCUMENTS

A party seeking to seal documents in connection with a non-dispositive motion (such as this discovery motion) need only satisfy a "good cause" standard, which is significantly less arduous than the "compelling reasons" standard applicable to dispositive motions. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

---

[1] Please note it is Defendants' position that the highlighted text on pages 2 and 3 (except for the final paragraph) of the Joint Letter, do not need to be sealed.

**A.     Excerpts From Scher Declaration Exhibit A and Wilson Declaration Exhibit 1 that cite pages 8:5-18, 9:8-24 and the highlighted text of the Joint Letter on page 4 footnote 2 referring to those excerpts of the Ravine deposition.**

There is good cause to seal excerpts from the Scher Declaration Exhibit A and Wilson Declaration Exhibit 1 that cite pages 8:5-18, 9:8-24 of Mr. Ravine's deposition and the highlighted text of the Joint Letter on page 4 footnote 2 that references the same material. These exhibits discuss and pertain to Defendant Guy Ravine's deposition held on January 15, 2023 and the specific excerpts contain information about Mr. Ravine's personal health information. "Courts have repeatedly concluded that the need to keep personal health information confidential outweighs the presumption in favor of public access to court records." *California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, No. 19-CV-02417, 2021 WL 1146216, at *3 (N.D. Cal. Feb. 12, 2021) (sealing personal health information); *Ortiz v. City & Cnty. of San Francisco*, No. 18-CV-07727, 2020 WL 2793615, at *9 (N.D. Cal. May 29, 2020) (same); *see also Stafford v. Rite Aid Corp.,* No. 17-CV-1340, 2019 WL 3818015, at *1 (S.D. Cal. Aug. 14, 2019) (allowing leave to file "protected health information" under seal as it could become "vehicle for improper purpose"). Accordingly, excerpts from the Scher Declaration Exhibit A and Wilson Declaration Exhibit 1 that cite pages 8:5-18, 9:8-24 of Mr. Ravine's deposition, and the highlighted text of the Joint Letter on page 4 footnote 2 referring to those excerpts of the Ravine deposition, should be sealed.

**B.     Scher Declaration Exhibits C–D, Wilson Declaration Ex. 1 at pages 72:16-74:4, and the highlighted text in the last paragraph of page 3 of the Joint Letter.**

There is also good cause to seal Exhibit C of the Scher Declaration, Exhibit D of the Scher Declaration at pages 55:4-17 of Mr. Ravine's deposition, pages 72:16-74:4 of Exhibit 1 of the Wilson Declaration, and the portions of the Joint Letter that refer to these exhibits (the highlighted text in the last paragraph of page 3). Exhibit C is Mr. Ravine's privilege log, which contains highly confidential information about Mr. Ravine's communications with third parties and attorneys, and contains attorney-client communications and documents protected by the

1  work product doctrine. The log contains non-public information about third parties, such as their
2  personal email address. It also contains information that concerns Mr. Ravine's confidential
3  business ventures, and the information contained therein could be used by others to Mr. Ravine's
4  professional detriment. Exhibit D contains deposition testimony providing non-public
5  information regarding individuals who are not parties to this action. Exhibit 1 to the Wilson
6  Declaration, at pages 72:16 to 74:4 of Mr. Ravine's deposition, contains information regarding
7  the funding of this litigation. This Court has already determined that information regarding
8  litigation funders who are not witnesses to this case is irrelevant. *See* Dkt. 163.

9       Information about third parties is confidential because the individuals are not parties to
10 this action. The exhibits include sensitive information, such as these third parties' email
11 addresses and full names. Federal Rule of Civil Procedure 5.2 mandates that certain personal
12 identifying information should be redacted from public filings in order to protect any implicated
13 privacy interests. Fed. R. Civ. P. 5.2 Advisory Comm. Note (2007) (Rule 5.2 was enacted "to
14 protect privacy and security concerns relating to the electronic filing of documents and the public
15 availability … of documents filed electronically.") Courts have recognized that the rationale of
16 Rule 5.2 extends to the potential danger of exposing a personal email address. *NML Cap. Ltd. v.*
17 *Republic of Argentina*, No. 2:14-CV-492, 2015 WL 727924, at *5 (D. Nev. Feb. 19, 2015)
18 (personal email address "falls under the penumbra of Rule 5.2 … Redacting this information
19 from the public record will not infringe the quality or integrity of the judicial process, which the
20 public right of access protects, because the information is irrelevant to the merits of [the]
21 action."); *see also Kumandan v. Google LLC*, No. 19-CV-04286, 2023 WL 2189498, at *5 (N.D.
22 Cal. Feb. 22, 2023) ("The Court finds compelling reasons exist to seal this [personal] email
23 address, as it is not relevant to the litigation and the public has no real interest in its disclosure");
24 *O'Connor v. Uber Techs., Inc.*, No. C-13-3826, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27,
25 2015) (stating that email address should not be publicly filed and must be redacted "for privacy
26 reasons … the email address is not relevant to any of the issues in this litigation, nor would the
27 public have any real interest in its disclosure.") Particularly as this is a non-dispositive motion,
28 the balance of considerations weigh in favor of preserving non-party privacy interests by

maintaining their personal communications (together with personal identifying information) under seal. *See Chloe SAS v. Sawabeh Info. Servs. Co.*, No. CV-11-04147, 2015 WL 12734004, at *3 (C.D. Cal. Feb. 4, 2015) (noting interest in protecting non-party privacy interests with sensitive information in granting application to seal materials filed in connection with non-dispositive motion).

This information should be under seal for the additional reason the exhibits concern Mr. Ravine's confidential business ventures, and that the information contained therein could be used by others to Mr. Ravine's professional detriment. "[C]ourts have refused to permit their files to serve ... as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, confidential and sensitive business information, such as business operations and processes, trade secrets and the identity of contractual partners, the disclosure of which could cause a party competitive harm, may be sealed from the public's view. *See, e*.g., *MMI, Inc. v. Baja, Inc.*, 743 F.Supp.2d 1101, 1106 (D. Ariz. 2010) (granting application to seal license agreements as such documents contained information regarding rates and terms and conditions); *Coffelt v. Kroger Co*., No. ED-CV-16-01471J, 2018 WL 6016133, at *2 (C.D. Cal. June 21, 2018) (granting application to seal documents with information concerning agreements, processes and pricing information). The non-public information being discussed in these exhibits go to the heart of Mr. Ravine's business ventures, including his operations and processes, and could cause harm to his competitive standing if disclosed. *See Gen. Elec. Co. v. Wilkins*, No. 1:10- CV-00674 LJO, 2012 WL 1970118, at *2 (E.D. Cal. May 31, 2012) (sealing non-public information regarding parties' business practices). With respect to Exhibit 1 of the Wilson Declaration excerpts 72:16-74:4, this information concerns Mr. Ravine's operations regarding the funding of this lawsuit. This information is particularly appropriate for sealing because it has no relevancy whatsoever to the merits of this case, and this is a non-dispositive motion. *See, e.g.*, *NantWorks, LLC v. Niantic, Inc.*, 2022 WL 1500011, at *2 (N.D. Cal. 2022) (information regarding "litigation funding agreements" is generally only discoverable where there is a "specific, articulated reason to suspect bias or conflicts of interest"); *Space Data Corp. v. Google LLC*, 2018 WL 3054797

(N.D. Cal. 2018) (finding the relevancy of litigation funding "contestable"). The Court has already determined that information regarding litigation funders who are not witnesses to this case is irrelevant. *See* Dkt. 163.

For both of these reasons, Exhibits C and Exhibit D at pages 55:4-17 of the Scher Declaration, pages 72:16-74:4 of Exhibit 1 of the Wilson Declaration, and the portions of the Joint Letter that refer to these exhibits (the highlighted text in the last paragraph of page 3), should be filed under seal.

## III.    CONCLUSION

In sum, Defendants respectfully request that the Court order that the following documents or portions of documents be maintained under seal:

- The highlighted text of the Joint Letter appearing on the last paragraph of page 3 and footnote 2 on page 4;
- Excerpts, if any, from Exhibit A of the Declaration of Dylan I. Scher in Support of Plaintiff OpenAI, Inc.'s Motion to Compel ("Scher Declaration") that include pages 8:5-18, 9:8-24, 72:16-74:4 of Mr. Ravine's deposition;
- Exhibit C of the Scher Declaration;
- Excerpts from Exhibit D of the Scher Declaration that include pages 55:4-17 of Mr. Ravine's deposition.
- Exhibit 1 of the Declaration of Jason H. Wilson ("Wilson Declaration") at pages 8:5-18, 9:8-24, 72:16-74:4 of Mr. Ravine's deposition.

Respectfully submitted,

Dated:  January 29, 2025                WILLENKEN LLP

By:  /s/ Jason H. Wilson
       Jason H. Wilson
       Attorneys for Defendants & Counterclaimants
       OPEN ARTIFICIAL INTELLIGENCE, INC.
       and GUY RAVINE