| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Robert P. Feldman (Bar No. 69602)<br> bobfeldman@quinnemanuel.com<br>Margret M. Caruso (Bar No. 243473)<br> margretcaruso@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065-2139<br>Telephone:     (650) 801-5000<br><br>Robert M. Schwartz (Bar No. 117166)<br> robertschwartz@quinnemanuel.com<br>Aaron H. Perahia (Bar No. 304554)<br> aaronperahia@quinnemanuel.com<br>865 S. Figueroa St., 10th Fl.<br>Los Angeles, California 90017-2543<br>Telephone:     (213) 443-3000<br><br>Sam S. Stake (Bar No. 257916)<br> samstake@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4624<br>Telephone:     (415) 875-6600<br><br>Dylan I. Scher (*pro hac vice*)<br> dylanscher@quinnemanuel.com<br>295 Fifth Avenue<br>New York, New York 10016<br>Telephone:     (212) 849-7000<br><br>*Attorneys for OpenAI, Inc.* | GIBSON, DUNN & CRUTCHER LLP<br>Orin Snyder (*pro hac vice*)<br> osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, New York 10166<br>Telephone:     (212) 351-4000<br><br>Brian M. Lutz (Bar No. 255976)<br> blutz@gibsondunn.com<br>Rosemarie T. Ring (Bar No. 220769)<br> rring@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, California 94111-3715<br>Telephone:     (415) 393-8200<br><br>*Attorneys for OpenAI, Inc.; Samuel Altman; and Gregory Brockman*<br><br>Jason H. Wilson (Bar No. 140269)<br> jwilson@willenken.com<br>David S. Harris (Bar No. 255557)<br>Ashley L. Kirk (Bar No. 291012)<br> akirk@willenken.com<br>Kirby Hsu (Bar No. 312535)<br> khsu@willenken.com<br>WILLENKEN LLP<br>707 Wilshire Blvd., Suite 3850<br>Los Angeles, California 90017<br>Telephone: (213) 955-9240<br>Facsimile:  (213) 955-9250<br><br>*Attorneys for Open Artificial Intelligence, Inc. and Guy Ravine* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>      v.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 4:23-cv-03918-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER RE: DISCOVERY**<br><br>Complaint Filed: August 4, 2023 |

# STIPULATION

Pursuant to Federal Rule of Civil Procedure 29(b) and Civil Local Rule 7-12, Plaintiff/Counterclaim-Defendant OpenAI, Inc., on the one hand, and Defendant/Counterclaimant Open Artificial Intelligence, Inc. and Defendant/Counterclaimant Guy Ravine (collectively, "Defendants"), on the other hand (collectively, "Parties"), stipulate as follows:

WHEREAS, on March 26, 2024, this Court issued the Case Management and Pretrial Order (Dkt. 74), which set the Non-Expert Discovery Cutoff for December 12, 2024;

WHEREAS, pursuant to Local Rule 37-3, the Parties were not permitted to file any motions related to non-expert discovery more than seven days after the discovery cut-off, *i.e.*, no later than December 19, 2024;

WHEREAS, as a result of good faith meet-and-confer efforts, the parties reached several compromises to provide additional discovery prior to the December 19, 2024 deadline to file discovery motions and needed more time to fulfill these compromises;

WHEREAS, the parties stipulated and the Court ordered (Dkt. 175) that the Parties shall complete their agreed-upon additional discovery by January 7, 2025, that any additional motion related to discovery must be brought by January 14, 2025;

WHEREAS, as part of that stipulation and order, Defendants were directed to serve their privilege log by January 17, 2025;

WHEREAS, on January 8, 2025, the Court partially granted a motion to compel brought by Plaintiffs and ordered (Dkt. 177) Defendants to produce additional documents;

WHEREAS, the parties thereafter stipulated and the Court ordered (Dkt. 180) that any motion related to Defendants' privilege log, including with respect to documents Plaintiff believes should have been produced rather than logged (such as the documents Defendants were ordered to produce by Dkt. 177), had to be brought by January 24, 2025;

WHEREAS, after further good faith meet-and-confer efforts, Defendants agreed (despite believing they had already fulfilled their discovery obligations) to produce additional documents and an updated privilege log by January 31, 2025;

WHEREAS, since that time, the parties have continued to meet and confer in good faith over issues related to the privilege log and documents Defendants produced on January 31, 2025 as a result of the Court's January 8, 2025 order (Dkt. 177);

WHEREAS, the parties require and now seek additional time to complete their meet-and-confer efforts and reach a compromise;

WHEREAS, on February 3, 2025, the parties filed a stipulation requesting additional time to complete their meet-and-confer efforts related to the deposition of Janine Korovesis (Dkt. 189) and agreed that Plaintiff will complete its production by February 6 and any related motion will be filed within two business days after Plaintiff completes its production;

WHEREAS, because Plaintiff shall complete its production of documents related to the deposition of Janine Korovesis by February 6 per the parties' prior stipulation (Dkt. 189), Defendants will file any related motion to the deposition of Janine Korovesis by February 10, 2025;

WHEREAS, Defendants will produce additional documents by February 7, 2025 and provide updated positions on documents that the parties have conferred about;

WHEREAS, on January 24, 2025, the Court ordered Plaintiff to produce certain additional documents in response to Defendants' requests for production, including RFP No. 52, by February 7, 2025 (Dkt. 186);

WHEREAS, due to technical challenges collecting, searching, and producing certain documents ordered to be produced in response to RFP No. 52, Plaintiff requires additional to produce the documents responsive to RFP No. 52;

WHEREAS, the parties have agreed to extend the deadline for Plaintiff's production of documents responsive to RFP No. 52 to February 14, 2025; and

WHEREAS, the parties have agreed that Defendants reserve their right to move to supplement their expert rebuttal reports, and Plaintiff reserves its right to oppose, based on the timing of Plaintiffs' production of documents responsive to RFP No. 52.

NOW THEREFORE, the Parties agree and respectfully request that the Court order as follows:

1. Any motion related to Defendants' privilege log or related to documents Defendants produced on and since January 31, 2025 must be brought by February 12, 2025;
2. Plaintiff shall complete its production of documents related to the deposition of Janine Korovesis by February 6, 2025, and any motion related to the deposition of Janine Korovesis shall be filed by February 10, 2025;
3. Plaintiff shall complete its production of documents responsive to RFP No. 52 by February 14, 2025;
4. Defendants reserve their right to move to supplement their expert rebuttal reports, and Plaintiff reserves its right to oppose, based on the timing of Plaintiffs' production of documents responsive to RFP No. 52; and
5. No other deadlines set by the Court shall be affected.

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated: February 6, 2025          Quinn Emanuel Urquhart & Sullivan, LLP

By: _/s/ Margret M. Caruso_
    Margret M. Caruso
    *Attorneys for OpenAI, Inc.*

Dated: February 6, 2025          Willenken LLP

By: _/s/ Jason H. Wilson_
    Jason H. Wilson
    *Attorneys for Open Artificial Intelligence, Inc. and Guy Ravine*

-3-
STIPULATION AND [~~PROPOSED~~] ORDER

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I, the filer of this document, attest that all signatories have concurred in the filing of this document.

Dated:  February 6, 2025                                  Quinn Emanuel Urquhart & Sullivan, LLP

                                                                              By:   */s/ Margret M. Caruso*
                                                                                       Margret M. Caruso

-4-
STIPULATION AND [~~PROPOSED~~] ORDER

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED:

1. Any motion related to Defendants' privilege log or related to documents Defendants produced on and since January 31, 2025 must be brought by February 12, 2025;

2. Plaintiff shall complete its production of documents related to the deposition of Janine Korovesis by February 6, 2025, and any motion related to the deposition of Janine Korovesis shall be filed by February 10, 2025;

3. Plaintiff shall complete its production of documents responsive to RFP No. 52 by February 14, 2025;

4. Defendants reserve their right to move to supplement their expert rebuttal reports, and Plaintiff reserves its right to oppose, based on the timing of Plaintiffs' production of documents responsive to RFP No. 52; and

5. No other deadlines set by the Court shall be affected.

Dated: February 7, 2025

Yvonne Gonzalez Rogers
United States District Judge