QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000

Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:    (415) 875-6600

Dylan I. Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
295 Fifth Avenue
New York, New York 10016
Telephone:    (212) 849-7000

*Attorneys for OpenAI, Inc.*

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
 osnyder@gibsondunn.com
200 Park Avenue
New York, New York 10166
Telephone:    (212) 351-4000

Brian M. Lutz (Bar No. 255976)
 blutz@gibsondunn.com
Rosemarie T. Ring (Bar No. 220769)
 rring@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone:    (415) 393-8200

*Attorneys for OpenAI, Inc.; Samuel Altman;
and Gregory Brockman*

Jason H. Wilson (Bar No. 140269)
 jwilson@willenken.com
David S. Harris (Bar No. 255557)
Ashley L. Kirk (Bar No. 291012)
 akirk@willenken.com
Kirby Hsu (Bar No. 312535)
 khsu@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:  (213) 955-9250

*Attorneys for Open Artificial
Intelligence, Inc. and Guy Ravine*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OPENAI, INC., a Delaware corporation, | Case No. 4:23-cv-03918-YGR |
| Plaintiff, | Hon. Yvonne Gonzalez Rogers |
| v. | **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY** |
| OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual, | Complaint Filed: August 4, 2023 |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

**STIPULATION**

Pursuant to Federal Rule of Civil Procedure 29(b) and Civil Local Rule 7-12, Plaintiff/Counterclaim-Defendant OpenAI, Inc., on the one hand, and Defendant/Counterclaimant Open Artificial Intelligence, Inc. and Defendant/Counterclaimant Guy Ravine (collectively, "Defendants"), on the other hand (collectively, "Parties"), stipulate as follows:

WHEREAS, on March 26, 2024, this Court issued the Case Management and Pretrial Order (Dkt. 74), which set the Non-Expert Discovery Cutoff for December 12, 2024;

WHEREAS, pursuant to Local Rule 37-3, the Parties were not permitted to file any motions related to non-expert discovery more than seven days after the discovery cut-off, *i.e.*, no later than December 19, 2024;

WHEREAS, as a result of good faith meet-and-confer efforts, the Parties reached several compromises to provide additional discovery prior to the December 19, 2024 deadline but needed more time to fulfill these compromises;

WHEREAS, the Parties stipulated and the Court ordered that (1) the Parties would complete the agreed-upon additional discovery by January 7, 2025, and bring any motion related to that additional discovery by January 14, 2025 (Dkt. 175); (2) the Parties would conduct the deposition of Janine Korovesis on January 14, 2025, and bring any motion related to that deposition by January 21, 2025 (Dkt. 175); and (3) Defendants would produce their privilege log by January 17, 2024, and any motion related to Defendants' privilege log would be brought by January 24, 2025 (Dkt. 180);

WHEREAS, as discussed below, the Parties have been and still are meeting and conferring in good faith to resolve any and all outstanding discovery issues; and

WHEREAS, as also discussed below, the Parties agree that more time is needed to complete their good faith meet and confer efforts.

Janine Korovesis Deposition Recitals

WHEREAS, on January 14, 2025, Defendants took the deposition of Janine Korovesis per a stipulation and Court order (Dkt. 175);

WHEREAS, after a dispute regarding the adequacy of the testimony after the deposition, the Parties have met and conferred and continue to meet and confer in good faith to reach a compromise;

WHEREAS, as a result of these meet-and-confer efforts, the Parties entered stipulations concerning the deadline to bring any motion related to the deposition, the most recent of which provided that the deadline to bring any motion related to the deposition would be extended to February 10, 2025 (Dkt. No. 194); and

WHEREAS, because the Parties are still meeting and conferring in good faith, the Parties agree that more time is necessary to finish these meet-and-confer efforts and to hopefully avoid motion practice.

<u>Privilege Log Recitals</u>

WHEREAS, on January 8, the Court partially granted a motion to compel brought by Plaintiffs and ordered (Dkt. No. 177) Defendants to produce additional documents;

WHEREAS, the Parties thereafter stipulated and the Court ordered (Dkt. No. 180) that any motion related to Defendants' privilege log, including with respect to documents Plaintiff believes should have been produced rather than logged (such as the documents Defendants were ordered to produce by Dkt. No. 177), had to be brought by January 24, 2025;

WHEREAS, after further good faith meet-and-confer efforts, Defendants agreed (despite believing they had already fulfilled their discovery obligations) to produce additional documents and an updated privilege log by January 31, 2025;

WHEREAS, Defendants produced additional documents and an updated privilege log on January 31, 2025;

WHEREAS, the Parties thereafter met and conferred in good faith regarding the privilege log;

WHEREAS, the Parties thereafter stipulated and the Court ordered (Dkt. No. 193) that the deadline to bring any motion related to the privilege log or related to documents Defendants downgraded and produced on and since January 31, 2025 would be extended to February 12, 2025; and

WHEREAS, because the parties are still meeting and conferring in good faith, the Parties agree that more time is necessary to finish these meet-and-confer efforts and to hopefully avoid motion practice.

<u>Stipulation</u>

NOW THEREFORE, the Parties agree and respectfully request that the Court order as follows:

1. Any motion related to the deposition of Janine Korovesis shall be brought by no later than February 12, 2025;

2. Any motion related to Defendants' privilege log or related to documents Defendants downgraded and produced on and since January 31, 2025 shall be brought by no later than February 13, 2025; and

3. No other deadlines set by the Court shall be affected.

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated:  February 10, 2025

Quinn Emanuel Urquhart & Sullivan, LLP

By: _/s/Margret M. Caruso_
    Margret M. Caruso
    *Attorneys for OpenAI, Inc.*

Dated:  February 10, 2025

Willenken LLP

By: _/s/Jason H. Wilson_
    Jason H. Wilson
    *Attorneys for Open Artificial Intelligence, Inc. and Guy Ravine*

1

## <u>SIGNATURE ATTESTATION</u>

2        Pursuant to Civil L.R. 5-1(i)(3), I, the filer of this document, attest that all signatories

3  have concurred in the filing of this document.

4

5  Dated:  February 10, 2025                    Quinn Emanuel Urquhart & Sullivan, LLP

6                                               By:  <u>*/s/Margret M. Caruso*</u>

7                                                    Margret M. Caruso

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER

## <u>ORDER</u>

PURSUANT TO STIPULATION, IT IS SO ORDERED:

1. Any motion related to the deposition of Janine Korovesis shall be brought by no later than February 12, 2025;

2. Any motion related to Defendants' privilege log or related to documents Defendants downgraded and produced on and since January 31, 2025 shall be brought by no later than February 13, 2025; and

3. No other deadlines set by the Court shall be affected.


Dated: _____          _____
                                        Yvonne Gonzalez Rogers
                                        United States District Judge

STIPULATION AND [PROPOSED] ORDER