| | |
|---|---|
| Jason H. Wilson (Bar No. 140269) | QUINN EMANUEL URQUHART & |
| jwilson@willenken.com | SULLIVAN, LLP |
| Ashley L. Kirk (Bar No. 291012) | Robert P. Feldman (Bar No. 69602) |
| akirk@willenken.com | bobfeldman@quinnemanuel.com |
| David S. Harris (Bar No. 255557) | Margret M. Caruso (Bar No. 243473) |
| dharris@willenken.com | margretcaruso@quinnemanuel.com |
| Breeanna N. Brewer (Bar No. 312269) | 555 Twin Dolphin Drive, 5th Floor |
| bbrewer@willenken.com | Redwood Shores, California |
| Michelle K. Millard (Bar No. 298245) | |
| mmillard@willenken.com | Robert M. Schwartz (Bar No. 117166) |
| Kirby Hsu (Bar No. 312535) | robertschwartz@quinnemanuel.com |
| khsu@willenken.com | Aaron H. Perahia (Bar No. 304554) |
| WILLENKEN LLP | aaronperahia@quinnemanuel.com |
| 707 Wilshire Blvd., Suite 4100 | 865 S. Figueroa St., 10th Fl. |
| Los Angeles, California 90017 | Los Angeles, California 90017-2543 |
| Telephone: (213) 955-9240 | Telephone: (213) 443-3000 |
| | |
| Joshua M. Masur (Bar No. 203510) | Sam S. Stake (Bar No. 257916) |
| joshua.masur@hglaw.com | samstake@quinnemanuel.com |
| HALEY GUILIANO LLP | 50 California Street, 22nd Floor |
| 111 North Market Street, Suite 900 | San Francisco, California 94111-4624 |
| San Jose, California 95113 | Telephone: (415) 875-6600 |
| Telephone: (669) 213-1056 | |
| | Dylan I. Scher (pro hac vice) |
| *Attorneys for Open Artificial Intelligence, Inc. and Guy Ravine* | dylanscher@quinnemanuel.com |
| | 295 Fifth Avenue |
| | New York, New York 10016 |
| | Telephone: (212) 849-7000 |
| | |
| | *Attorneys for OpenAI, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC., a Delaware corporation, | Case No.: 4:23-cv-03918-YGR |
| Plaintiff, | Assigned to the Hon. Yvonne Gonzalez Rogers |
| v. | **STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY** |
| OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS, | |

|   |   |
|---|---|
| 1 | **STIPULATION** |
| 2 | Pursuant to Federal Rule of Civil Procedure 29(b) and Civil Local Rule 7-12, |
| 3 | Plaintiff/Counterclaim-Defendant OpenAI, Inc. ("Plaintiff"), on the one hand, and |
| 4 | Defendants/Counterclaimants Open Artificial Intelligence, Inc. and Guy Ravine (jointly, |
| 5 | "Defendants"), on the other hand, (collectively, "Parties") stipulate as follows: |
| 6 | WHEREAS, on March 26, 2024, this Court issued the Case Management and Pretrial |
| 7 | Order (Dkt. 74), which set the Non-Expert Discovery Cutoff for December 12, 2024; |
| 8 | WHEREAS, pursuant to Local Rule 37-3, the Parties were not permitted to file any |
| 9 | motions related to non-expert discovery more than seven days after the discovery cut-off, *i.e.*, no |
| 10 | later than December 19, 2024; |
| 11 | WHEREAS, as a result of good faith meet-and-confer efforts, the Parties reached several |
| 12 | compromises to provide additional discovery prior to the December 19, 2024 deadline to file |
| 13 | discovery motions and needed more time to fulfill these compromises; and |
| 14 | WHEREAS, the Parties stipulated and the Court ordered that (1) the Parties would |
| 15 | complete the agreed-upon additional discovery by January 7, 2025, and bring any motion related |
| 16 | to that additional discovery by January 14, 2025 (Dkt. 175); (2) the Parties would conduct the |
| 17 | deposition of Janine Korovesis on January 14, 2025, and bring any motion related to that |
| 18 | deposition by January 21, 2025 (Dkt. 175); and (3) Defendants would produce their privilege log |
| 19 | by January 17, 2024, and any motion related to Defendants' privilege log would be brought by |
| 20 | January 24, 2025 (Dkt. 180) |
| 21 | WHEREAS, as a result of further meet-and-confer efforts regarding these issues, the |
| 22 | Parties entered stipulations concerning the deadline to bring certain motions (Dkt. 195); and |
| 23 | WHEREAS, the Parties have now reached a compromise as to (1) the sufficiency of |
| 24 | Janine Korovesis's deposition and (2) communications on Defendants' privilege log with |
| 25 | Michael Sitrick, and/or Kamala Kelkar, and seek a Court order memorializing that compromise. |
| 26 | NOW, THEREFORE, the Parties agree and respectfully request the Court issue an order |
| 27 | as follows: |
| 28 | 1.       Defendants will not bring any motion related to Janine Korovesis's deposition; |

2. Plaintiff will not bring any motion related to documents and communications involving communications with Sitrick and Company (including Michael Sitrick, and/or Kamala Kelkar) currently listed on Defendants' privilege log;

3. Plaintiff will produce copies of documents sufficient to show Plaintiff's purchase of the domain chatgpt.com and the terms of that transaction ("Chatgpt.com Purchase Documents") by February 18, 2025;

4. Any motion related to the Chatgpt.com Purchase Documents must be brought by February 25, 2025;

5. Plaintiff will produce its 2024 audited financial statements, subject to the same protections as its prior audited financial statements, no later than five business days after Plaintiff's independent auditor completes the audit of the financial statements and provides them to Plaintiff;

6. Any motion related to Plaintiff's production of its 2024 audited financial statements must be brought no later than seven calendar days following (a) Plaintiff's production of the financial statement, or (b) Defendants' actual notice that Plaintiff failed to produce the financial statement within the time required, whichever is applicable;

7. The three documents in Volume 17 of Plaintiff's document production bearing the Bates labels OPENAI-RAV-00023280, OPENAI-RAV-00023308, and OPENAI-RAV-00023309 ("Volume 17 Records") are true and correct records of Plaintiff for the purposes of this action;

8. Nothing in this Stipulation shall be construed as an admission or concession by either Party regarding the propriety, admissibility, or evidentiary weight of any of the Volume 17 Records, nor any inference that may be drawn therefrom, and the Parties reserve all other objections, claims, and rights with respect to the contents and any potential evidentiary issues pertaining to any of the Volume 17 Records;

9. Plaintiff will not raise any objection as to the authenticity of the Chatgpt.com Purchase Documents or Plaintiff's 2024 audited financial statements that Plaintiff

1  |  produces set forth herein;

2  10. Nothing in this stipulation shall affect Plaintiff's ability to bring a motion related
3  to the documents produced by Defendants bearing Bates labels RAVINE0114604
4  - RAVINE0114612; and

5  11. No other deadlines set by the Court shall be affected.

6  IT IS SO STIPULATED.

Respectfully submitted,

Dated:  February 13, 2025           Willenken LLP

By:   */s/ Jason Wilson*
      Jason H. Wilson
      *Attorneys for Open Artificial Intelligence, Inc.*
      *and Guy Ravine*

Dated: February 13, 2025           Quinn Emanuel Urquhart & Sullivan, LLP

By: */s/ Margaret Caruso*
    Margret M. Caruso
    *Attorneys for OpenAI, Inc.*

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I, the filer of this document, attests that all signatories have concurred in the filing of this document.

Dated: February 13, 2025                                  Quinn Emanuel Urquhart & Sullivan, LLP

                                                                              By:   */s/ Margret M. Caruso*
                                                                                       Margret M. Caruso

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED:

1. Defendants will not bring any motion related to Janine Korovesis's deposition;

2. Plaintiff will not bring any motion related to documents and communications involving communications with Sitrick and Company (including Michael Sitrick, and/or Kamala Kelkar) currently listed on Defendants' privilege log;

3. Plaintiff will produce copies of documents sufficient to show Plaintiff's purchase of the domain chatgpt.com and the terms of that transaction ("Chatgpt.com Purchase Documents") by February 18, 2025;

4. Any motion related to the Chatgpt.com Purchase Documents must be brought by February 25, 2025;

5. Plaintiff will produce its 2024 audited financial statements, subject to the same protections as its prior audited financial statements, no later than five business days after Plaintiff's independent auditor completes the audit of the financial statements and provides them to Plaintiff;

6. Any motion related to Plaintiff's production of its 2024 audited financial statements must be brought no later than seven calendar days following (a) Plaintiff's production of the financial statement, or (b) Defendants' actual notice that Plaintiff failed to produce the financial statement within the time required, whichever is applicable;

7. The three documents in Volume 17 of Plaintiff's document production bearing the Bates labels OPENAI-RAV-00023280, OPENAI-RAV-00023308, and OPENAI-RAV-00023309 ("Volume 17 Records") are true and correct records of Plaintiff for the purposes of this action;

8. Nothing in this Stipulation shall be construed as an admission or concession by either Party regarding the propriety, admissibility, or evidentiary weight of any of the Volume 17 Records, nor any inference that may be drawn therefrom, and the

        Parties reserve all other objections, claims, and rights with respect to the contents and any potential evidentiary issues pertaining to any of the Volume 17 Records;

9. Plaintiff will not raise any objection as to the authenticity of the Chatgpt.com Purchase Documents or Plaintiff's 2024 audited financial statements that Plaintiff produces set forth herein;

10. Nothing in this stipulation shall affect Plaintiff's ability to bring a motion related to the documents produced by Defendants bearing Bates labels RAVINE0114604 - RAVINE0114612; and

11. No other deadlines set by the Court shall be affected.

IT IS SO ORDERED.

Dated: _____       _____
                                                                      Hon. Yvonne Gonzalez Rogers
                                                                      United States District Judge