Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
Ashley L. Kirk (Bar No. 291012)
akirk@willenken.com
David S. Harris (Bar No. 255557)
dharris@willenken.com
Breeanna N. Brewer (Bar No. 312269)
bbrewer@willenken.com
Michelle K. Millard (Bar No. 298245)
mmillard@willenken.com
Kirby Hsu (Bar No. 312535)
khsu@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, California 90017
Telephone: (213) 955-9240

Joshua M. Masur (Bar No. 203510)
joshua.masur@hglaw.com
HALEY GUILIANO LLP
111 North Market Street, Suite 900
San Jose, California 95113
Telephone: (669) 213-1056

*Attorneys for Open Artificial Intelligence, Inc. and Guy Ravine*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California

Robert M. Schwartz (Bar No. 117166)
robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
aaronperahia@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Sam S. Stake (Bar No. 257916)
samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone: (415) 875-6600

Dylan I. Scher (pro hac vice)
dylanscher@quinnemanuel.com
295 Fifth Avenue
New York, New York 10016
Telephone: (212) 849-7000

*Attorneys for OpenAI, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>    Defendants.<br><br>_____<br><br>AND RELATED COUNTERCLAIMS, | Case No.: 4:23-cv-03918-YGR<br><br>Assigned to the Hon. Yvonne Gonzalez Rogers<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY** |

**STIPULATION**

Pursuant to Federal Rule of Civil Procedure 29(b) and Civil Local Rule 7-12, Plaintiff/Counterclaim-Defendant OpenAI, Inc. ("Plaintiff"), on the one hand, and Defendants/Counterclaimants Open Artificial Intelligence, Inc. and Guy Ravine (jointly, "Defendants"), on the other hand, (collectively, "Parties") stipulate as follows:

WHEREAS, on March 26, 2024, this Court issued the Case Management and Pretrial Order (Dkt. 74), which set the Non-Expert Discovery Cutoff for December 12, 2024;

WHEREAS, pursuant to Local Rule 37-3, the Parties were not permitted to file any motions related to non-expert discovery more than seven days after the discovery cut-off, *i.e.*, no later than December 19, 2024;

WHEREAS, as a result of good faith meet-and-confer efforts, the Parties reached several compromises to provide additional discovery prior to the December 19, 2024 deadline to file discovery motions and needed more time to fulfill these compromises; and

WHEREAS, the Parties stipulated and the Court ordered that (1) the Parties would complete the agreed-upon additional discovery by January 7, 2025, and bring any motion related to that additional discovery by January 14, 2025 (Dkt. 175); (2) the Parties would conduct the deposition of Janine Korovesis on January 14, 2025, and bring any motion related to that deposition by January 21, 2025 (Dkt. 175); and (3) Defendants would produce their privilege log by January 17, 2024, and any motion related to Defendants' privilege log would be brought by January 24, 2025 (Dkt. 180)

WHEREAS, as a result of further meet-and-confer efforts regarding these issues, the Parties entered stipulations concerning the deadline to bring certain motions (Dkt. 195); and

WHEREAS, the Parties have now reached a compromise as to (1) the sufficiency of Janine Korovesis's deposition and (2) communications on Defendants' privilege log with Michael Sitrick, and/or Kamala Kelkar, and seek a Court order memorializing that compromise.

NOW, THEREFORE, the Parties agree and respectfully request the Court issue an order as follows:

1.    Defendants will not bring any motion related to Janine Korovesis's deposition;

2.  Plaintiff will not bring any motion related to documents and communications involving communications with Sitrick and Company (including Michael Sitrick, and/or Kamala Kelkar) currently listed on Defendants' privilege log;

3.  Plaintiff will produce copies of documents sufficient to show Plaintiff's purchase of the domain chatgpt.com and the terms of that transaction ("Chatgpt.com Purchase Documents") by February 18, 2025;

4.  Any motion related to the Chatgpt.com Purchase Documents must be brought by February 25, 2025;

5.  Plaintiff will produce its 2024 audited financial statements, subject to the same protections as its prior audited financial statements, no later than five business days after Plaintiff's independent auditor completes the audit of the financial statements and provides them to Plaintiff;

6.  Any motion related to Plaintiff's production of its 2024 audited financial statements must be brought no later than seven calendar days following (a) Plaintiff's production of the financial statement, or (b) Defendants' actual notice that Plaintiff failed to produce the financial statement within the time required, whichever is applicable;

7.  The three documents in Volume 17 of Plaintiff's document production bearing the Bates labels OPENAI-RAV-00023280, OPENAI-RAV-00023308, and OPENAI-RAV-00023309 ("Volume 17 Records") are true and correct records of Plaintiff for the purposes of this action;

8.  Nothing in this Stipulation shall be construed as an admission or concession by either Party regarding the propriety, admissibility, or evidentiary weight of any of the Volume 17 Records, nor any inference that may be drawn therefrom, and the Parties reserve all other objections, claims, and rights with respect to the contents and any potential evidentiary issues pertaining to any of the Volume 17 Records;

9.  Plaintiff will not raise any objection as to the authenticity of the Chatgpt.com Purchase Documents or Plaintiff's 2024 audited financial statements that Plaintiff

1    produces set forth herein;

2    10.    Nothing in this stipulation shall affect Plaintiff's ability to bring a motion related

3    to the documents produced by Defendants bearing Bates labels RAVINE0114604

4    - RAVINE0114612; and

5    11.    No other deadlines set by the Court shall be affected.

6    IT IS SO STIPULATED.

7    Respectfully submitted,

8    Dated:  February 13, 2025    Willenken LLP

9    By:    */s/ Jason Wilson*

10    Jason H. Wilson
    *Attorneys for Open Artificial Intelligence, Inc.*

11    *and Guy Ravine*

12

13    Dated: February 13, 2025    Quinn Emanuel Urquhart & Sullivan, LLP

14    By:  */s/ Margaret Caruso*

15    Margret M. Caruso
    *Attorneys for OpenAI, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## SIGNATURE ATTESTATION

2          Pursuant to Civil L.R. 5-1(i)(3), I, the filer of this document, attests that all signatories

3 have concurred in the filing of this document.

4

5 Dated:  February 13, 2025                                    Quinn Emanuel Urquhart & Sullivan, LLP

6

                                                             By:   _/s/ Margret M. Caruso_____
7                                                                   Margret M. Caruso

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ORDER</u>

PURSUANT TO STIPULATION, IT IS SO ORDERED:

1.      Defendants will not bring any motion related to Janine Korovesis's deposition;

2.      Plaintiff will not bring any motion related to documents and communications involving communications with Sitrick and Company (including Michael Sitrick, and/or Kamala Kelkar) currently listed on Defendants' privilege log;

3.      Plaintiff will produce copies of documents sufficient to show Plaintiff's purchase of the domain chatgpt.com and the terms of that transaction ("Chatgpt.com Purchase Documents") by February 18, 2025;

4.      Any motion related to the Chatgpt.com Purchase Documents must be brought by February 25, 2025;

5.      Plaintiff will produce its 2024 audited financial statements, subject to the same protections as its prior audited financial statements, no later than five business days after Plaintiff's independent auditor completes the audit of the financial statements and provides them to Plaintiff;

6.      Any motion related to Plaintiff's production of its 2024 audited financial statements must be brought no later than seven calendar days following (a) Plaintiff's production of the financial statement, or (b) Defendants' actual notice that Plaintiff failed to produce the financial statement within the time required, whichever is applicable;

7.      The three documents in Volume 17 of Plaintiff's document production bearing the Bates labels OPENAI-RAV-00023280, OPENAI-RAV-00023308, and OPENAI-RAV-00023309 ("Volume 17 Records") are true and correct records of Plaintiff for the purposes of this action;

8.      Nothing in this Stipulation shall be construed as an admission or concession by either Party regarding the propriety, admissibility, or evidentiary weight of any of the Volume 17 Records, nor any inference that may be drawn therefrom, and the

Parties reserve all other objections, claims, and rights with respect to the contents and any potential evidentiary issues pertaining to any of the Volume 17 Records;

9.    Plaintiff will not raise any objection as to the authenticity of the Chatgpt.com Purchase Documents or Plaintiff's 2024 audited financial statements that Plaintiff produces set forth herein;

10.    Nothing in this stipulation shall affect Plaintiff's ability to bring a motion related to the documents produced by Defendants bearing Bates labels RAVINE0114604 - RAVINE0114612; and

11.    No other deadlines set by the Court shall be affected.

IT IS SO ORDERED.

Dated:  February 14, 2025 _____

Hon. Yvonne Gonzalez Rogers
United States District Judge

STIPULATION AND PROPOSED ORDER