QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000

Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:     (415) 875-6600

Dylan I. Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000

*Attorneys for OpenAI, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC., a Delaware corporation, | Case No. 4:23-cv-03918-YGR |
| Plaintiff, | Assigned to the Hon. Yvonne Gonzalez Rogers |
| vs. | **ANSWER TO DEFENDANTS' OPEN ARTIFICIAL INTELLIGENCE, INC. AND GUY RAVINE'S SECOND AMENDED COUNTERCLAIMS TO COMPLAINT** |
| OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

## NATURE OF THE CASE

To the extent that the unnumbered paragraph preceding the Introduction requires a response, OpenAI denies its legal conclusions, on that basis that no response is required to them, and denies the remaining statements, including the implication that it adopted the "OpenAI" name with any knowledge of Defendants' alleged mark or use.

## I.      INTRODUCTION

1.      The allegations contained in Paragraph 1 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

2.      The allegations contained in Paragraph 2 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

3.      OpenAI admits that Sam Altman and Greg Brockman each communicated with Ravine and asked if he would be interested in selling the open.ai domain, that it has pending applications to register the name OpenAI with the USPTO, and that it has used the domain name openai.com, which it avers it acquired before Sam Altman or Greg Brockman were ever aware of Guy Ravine, or his open.ai domain.  OpenAI denies the remaining allegations of Paragraph 3.

4.      OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies them.

5.      OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore denies them.

6.      OpenAI admits and avers that it truthfully announced in December 2015 that it had 1 billion in funding commitments and AI researchers as part of its team.  OpenAI denies the remaining allegations of the first sentence of Paragraph 6.  The remaining allegations are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies them.

7.      The allegations contained in Paragraph 7 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies them.

## II.      PARTIES

8.      OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies them.

9.      OpenAI admits that Guy Ravine is an individual.  OpenAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and therefore denies them.

10.      OpenAI denies that its principal place of business is 3180 18th Street, Suite 100, San Francisco, California 94110, and admits the remaining allegations of Paragraph 10.

11.      OpenAI admits the first sentence of the allegations of Paragraph 11.  The remaining allegations contained in Paragraph 11 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), including because Samuel Altman is no longer a Counterclaim-Defendant, and to the extent a response is required, on that basis OpenAI denies the allegations.

12.      OpenAI admits the first sentence of the allegations of Paragraph 12.  The remaining allegations contained in Paragraph 12 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), including because Gregory Brockman is no longer a Counterclaim-Defendant, and to the extent a response is required, on that basis OpenAI denies the allegations.

13.      OpenAI denies the allegations contained in the final sentence of Paragraph 13. The remaining allegations contained in Paragraph 13 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), including because the only remaining Counterclaim-Defendant is OpenAI, and to the extent a response is required, on that basis OpenAI denies the allegations.

## III.      JURISDICTION AND VENUE

14.      OpenAI admits the allegations of Paragraph 14.

15.    OpenAI admits the allegations of Paragraph 15.

16.    OpenAI does not dispute the Court has jurisdiction over it in this action.    The remaining allegations are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies them.

17.    OpenAI does not dispute that venue is proper in this jurisdiction.    The remaining allegations are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies them.

## IV.    FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

18.    The allegations contained in Paragraph 18 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

19.    The allegations contained in Paragraph 19 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

20.    OpenAI denies Defendants' characterizations and bracketed language, including "GPT5 [releasing shortly]" and "GPT-6 [in roughly 2025]."  OpenAI otherwise admits the allegations in Paragraph 20.

21.    The allegations contained in Paragraph 21 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

22.    The allegations contained in Paragraph 22 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

23.    The allegations contained in Paragraph 23 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

24.    The allegations contained in Paragraph 24 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

25.    The allegations contained in Paragraph 25 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

26.    The allegations contained in Paragraph 26 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

27.    OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and therefore denies them.

28.    OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and therefore denies them.

29.    OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and therefore denies them.

30.    OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore denies them.

31.    The allegations contained in Paragraph 31 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

32.    OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore denies them.

33.    OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and therefore denies them.

34.    OpenAI denies the allegations in Paragraph 34.

35.    OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of Paragraph 35 and therefore denies them. The allegations in the fourth sentence of Paragraph 35 are irrelevant to the claims remaining in the

action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

36.     The allegations contained in Paragraph 36 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

37.     The allegations contained in Paragraph 37 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

38.     The allegations contained in Paragraph 38 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

39.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and therefore denies them.

40.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and therefore denies them.

41.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and therefore denies them.

42.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and therefore denies them.

43.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and therefore denies them.

44.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and therefore denies them.

45.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and therefore denies them.

46.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and therefore denies them.

47.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and therefore denies them.

48.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and therefore denies them.

49.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and therefore denies them.

50.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and therefore denies them.

51.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and therefore denies them.

52.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and therefore denies them.

53.     OpenAI denies the allegations in the first sentence of Paragraph 53.  OpenAI denies the implication that 1,000 interactions with a website by an unknown number of users is "significant," particularly given the size of artificial intelligence industry and community in 2015.  OpenAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and therefore denies them.

54.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and therefore denies them.

55.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and therefore denies them.

56.     OpenAI denies the implication that Ravine continuously used "Open AI" in interstate commerce since March 25, 2015, and the implication that any of the alleged tools have been continuously available since March 25, 2015.  OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and therefore denies them.

57.     OpenAI admits that its founding was announced on December 11, 2015.  OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in the first sentence of Paragraph 57 and therefore denies them. OpenAI denies the remaining allegations contained in Paragraph 57.

58.     OpenAI admits and avers that on December 11, 2015, it truthfully announced its formation, a billion dollars in funding commitments, and over a dozen leading researchers on its team. OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 concerning Ravine's activities and knowledge and therefore denies them. OpenAI denies the remaining allegations of Paragraph 58.

59.     The allegations contained in Paragraph 59 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

60.     OpenAI denies the allegations of first and third sentences of Paragraph 60. The allegations of the second sentence of Paragraph 60 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

61.     The allegations contained in Paragraph 61 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

62.     The allegations contained in Paragraph 62 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

63.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and therefore denies them.

64.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and therefore denies them.

65.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and therefore denies them.

66.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 66 and therefore denies them. The

allegations contained in the second sentence of Paragraph 66 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

67.    OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and therefore denies them.

68.    The allegations contained in Paragraph 68 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

69.    The allegations contained in Paragraph 69 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

70.    OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and therefore denies them.

71.    The allegations contained in Paragraph 71 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

72.    The allegations contained in Paragraph 72 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

73.    OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and therefore denies them.

74.    The allegations contained in Paragraph 74 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

75.    The allegations contained in Paragraph 75 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

76.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and therefore denies them.

77.     The allegations contained in Paragraph 77 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

78.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 78 and therefore denies them.  OpenAI admits that it acquired the domain name openai.com before December 5, 2015.  OpenAI denies the remaining allegations of Paragraph 78, including the implication that Greg Brockman heard of Ravine at any time before the public announcement of OpenAI's founding on December 11, 2015.

79.     The allegations contained in Paragraph 79 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

80.     OpenAI admits that it announced OpenAI, Inc.'s launch on December 11, 2015 in a blog post that earned significant press attention.  OpenAI denies the remaining allegations of the first sentence of Paragraph 80.  The remaining allegations contained in Paragraph 80 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

81.     The allegations contained in Paragraph 81 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

82.     Open AI denies that Defendants had a non-profit company.  OpenAI admits that Defendants have used the open.ai domain.  OpenAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Defendants (in the "Original" column) contained in Paragraph 82 and therefore denies them.  OpenAI admits and avers that it acquired the openai.com domain on or about December 4, 2015.  OpenAI denies that it misappropriated "Open AI."  The remaining allegations contained in Paragraph 82 are irrelevant to

the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies them.

83.     OpenAI admits that Ravine emailed Sam Altman in December 2015, and subsequently spoke with Greg Brockman, and that he suggested they work together.  OpenAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83.

84.     The allegations contained in Paragraph 84 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

85.     The allegations contained in Paragraph 85 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

86.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and therefore denies them.

87.     OpenAI denies the implication that Ravine continuously used "Open AI" in interstate commerce since March 25, 2015, and the implication that any of the alleged tools have been continuously available since March 25, 2015.  OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 87 and therefore denies them.  OpenAI denies the remaining allegations of Paragraph 87.

88.     OpenAI admits that Ravine emailed Sam Altman and Ilya Sutskever, as depicted in Paragraph 88.  OpenAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 88 and therefore denies them.

89.     OpenAI admits the first sentence of Paragraph 89 and that Greg Brockman and Ravine arranged a meeting.  The remaining allegations are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies them.

90.     OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 90 and therefore denies them.  The

remaining allegations are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies them.

91.     OpenAI admits and avers that Greg Brockman asked Guy Ravine if he would change the name of his planned initiative and consider selling the open.ai domain name to OpenAI, that Ravine did not agree to do so, and that their meeting ended.  OpenAI avers that Ravine did not claim to be using the name "Open AI" as a brand or in connection with any actual product, platform, or service that had been launched or released.  The remaining allegations contained in Paragraph 90 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

92.     OpenAI admits that it was aware of what Ravine had communicated to Greg Brockman and Sam Altman as of December 16, 2015, and that OpenAI did not change the name of the company based on Ravine's plans to develop and launch an initiative called "Open AI."  OpenAI denies the remaining allegations of Paragraph 92.

93.     The allegations contained in Paragraph 93 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

94.     The allegations contained in Paragraph 94 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

95.     The allegations contained in Paragraph 95 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

96.     The allegations contained in Paragraph 96 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

97.    The allegations contained in Paragraph 97 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

98.    The allegations contained in Paragraph 98 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

99.    The allegations contained in Paragraph 99 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

100.    The allegations contained in Paragraph 100 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

101.    OpenAI admits the allegations of the first two sentences of Paragraph 101. OpenAI admits that Sam Altman and Ravine had not communicated with each other since December 2015, that the quoted language in sentence two is accurate, and that OpenAI filed suit against Ravine for trademark infringement.    OpenAI denies the remaining allegations and characterizations of Paragraph 101.

102.    The allegations contained in Paragraph 102 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

103.    The allegations contained in Paragraph 103 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

104.    The allegations contained in Paragraph 104 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

105.    OpenAI denies the allegations of Paragraph 105.

106.    OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and therefore denies them.

107.    OpenAI admits the allegations of Paragraph 107 as to the USPTO, but denies the implication that there is a USPTO procedure for opposing an application to register a trademark on the Supplemental Register or its registration.

108.    OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and therefore denies them.

109.    OpenAI denies the allegations contained in Paragraph 109.

110.    OpenAI denies the implication that the USPTO, or any Trademark Examiner, rejected OpenAI's documentary evidence of acquired distinctiveness regarding OPENAI as insufficient, even on a non-final basis, and the implication that the USPTO has issued any final determination concerning either of the OpenAI applications for registration corresponding to Serial Nos. 97/238,896 and 97/238,902. OpenAI admits and avers that the USPTO issued Non-Final Office Actions on January 3, 2023, in connection with those two applications, which stated that OpenAI could provide evidence of acquired distinctiveness in addition to the length of its use.

OpenAI admits and avers that the USPTO issued an additional Non-Final Office Action on February 23, 2023, in connection with Serial No. 97/238,896, citing likelihood of confusion, but not addressing documentary evidence of acquired distinctiveness—which OpenAI had not yet submitted. OpenAI admits and avers that it responded to the USPTO on August 23, 2023, in connection with Serial No. 97/238,896, providing documentary evidence of acquired distinctiveness and seeking suspension due to the ongoing litigation against Guy Ravine and Open Artificial Intelligence, Inc. that would be likely to affect a likelihood of confusion refusal. OpenAI avers that as a result, the USPTO issued a suspension letter on September 29, 2023, in connection with Serial No. 97/238,896 that suspended the application pending resolution of this litigation.

OpenAI admits and avers that it responded to the USPTO on March 28, 2023, in connection with Serial No. 97/238,902, providing documentary evidence of acquired distinctiveness. OpenAI admits and avers that the USPTO issued an additional Non-Final Office Action on April 12, 2023, citing likelihood of confusion, but not addressing OpenAI's documentary evidence of acquired

ANSWER TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS TO COMPLAINT

1   distinctiveness.  OpenAI admits and avers that it responded to the USPTO on October 11, 2023, in

2   connection with Serial No. 97/238,902, providing documentary evidence of acquired distinctiveness

3   and seeking suspension due to the ongoing litigation against Guy Ravine and Open Artificial

4   Intelligence, Inc. that would be likely to affect a likelihood of confusion refusal.  OpenAI avers that

5   as a result, the USPTO issued a suspension letter on November 4, 2023, in connection with Serial

6   No. 97/238,902 that suspended the application pending resolution of this litigation.

7          OpenAI denies the remaining allegations of Paragraph 110.

8          111.    The allegations contained in Paragraph 111 are irrelevant to the claims remaining in

9   the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to

10   the extent a response is required, on that basis OpenAI denies the allegations.

11          112.    The allegations contained in Paragraph 112 are irrelevant to the claims remaining in

12   the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to

13   the extent a response is required, on that basis OpenAI denies the allegations.

14          113.    OpenAI denies that that the Supplemental Register "Open AI" Registration No.

15   5,258.002 is valid or enforceable.  OpenAI is without knowledge or information sufficient to form a

16   belief as to the truth of the remaining allegations contained in Paragraph 113 and therefore denies

17   them.

18          114.    OpenAI is without knowledge or information sufficient to form a belief as to the truth

19   of the allegations contained in Paragraph 114 and therefore denies them.

20          115.    OpenAI is without knowledge or information sufficient to form a belief as to the truth

21   of the allegations contained in Paragraph 115 and therefore denies them.

22          116.    OpenAI denies the implication that Ravine continuously used "Open AI" in interstate

23   commerce since March 25, 2015, and the implication that any of the alleged tools have been

24   continuously available since March 25, 2015.  OpenAI is without knowledge or information

25   sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and therefore

26   denies them.

27          117.    OpenAI denies the allegations of Paragraph 117.

28

118.    OpenAI denies the implication that third party traffic to the open.ai website was driven by anything other than confusion with OpenAI's goods and services.  OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and therefore denies them.

119.    OpenAI admits and avers that on November 30, 2022, it released ChatGPT in connection with its "OpenAI" mark, that it garnered significant media attention, and that following the release of ChatGPT, OpenAI obtained additional resources and funding.  OpenAI admits and avers that a substantial number of visitors to Defendants' open.ai website after the launch of Defendants' image generator offering in November 2022 likely did so because they mistakenly believed they were visiting a website owned by OpenAI.  OpenAI denies that its use of "OpenAI" was infringing.

120.    OpenAI admits and avers that a substantial number of visitors to Defendants' open.ai website after the launch of Defendants' image generator offering in November 2022 likely did so because they mistakenly believed they were visiting a website owned by OpenAI.  OpenAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 120 and therefore denies them.

121.    OpenAI avers that confusion resulted from Defendants' introduction of products and services that competed with OpenAI's Dall-E and ChatGPT products and continued through Defendants' compliance with the injunction issued in this action.  OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 121 and therefore denies them.  OpenAI denies the remaining allegations of Paragraph 121.

122.    OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 122 and therefore denies them.  OpenAI admits the allegations of the second sentence of Paragraph 122 and avers that Defendants' receipt of emails intended for OpenAI harms OpenAI by interfering with its ability to service its customers and potential customers.

123.    OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 123 and therefore denies them.  OpenAI admits the allegations of the second sentence of Paragraph 123 and avers that Defendants' receipt of emails intended for OpenAI harms OpenAI by interfering with its ability to service its customers and potential customers.

124.    OpenAI admits the allegations of Paragraph 124 and avers that Defendants' receipt of emails intended for OpenAI harms OpenAI by interfering with its ability to service its customers and potential customers.

125.    OpenAI admits the allegations of Paragraph 125 and avers that Defendants' receipt of emails intended for OpenAI harms OpenAI by interfering with its ability to service its customers and potential customers.

126.    OpenAI admits the allegations in the first two sentences of Paragraph 126.  OpenAI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 126 and therefore denies them.

127.    OpenAI admits that Defendants purport to characterize statements made by the Court, OpenAI, and its counsel, and the content of those statements speak for themselves.  OpenAI denies the implication that the cause of confusion is anything other than Defendants' infringement, or that the quoted language applies to all the parties' uses of "OpenAI" or "Open AI."

128.    OpenAI admits that actual confusion is not surprising once Defendants began offering competing goods and services on or around November 16, 2022, but denies the remaining allegations of the first sentence of Paragraph 128.  OpenAI admits that it uses "OpenAI" as its corporate name and as a source identifier in connection with its goods and services and that OPENAI and "OPEN AI" are nearly identical.  OpenAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 128 and therefore denies them.

129.    OpenAI denies that Defendants offered any goods or services similar to its goods and services before November 16, 2022.  OpenAI admits and avers that Defendants' products and services introduced on or after November 16, 2022 competed with OpenAI's goods and services until

they were enjoined.  OpenAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 129 and therefore denies them.

130.    OpenAI admits and avers that users of Defendants' products and services introduced on or after November 16, 2022 were likely also to use Defendants' Dall-E and/or ChatGPT products. OpenAI denies the remaining allegations contained in Paragraph 130.

131.    OpenAI admits and avers that its products are accessible through the Internet, as were Defendants' products and services introduced on or after November 16, 2022.  OpenAI denies the remaining allegations contained in Paragraph 131.

132.    OpenAI denies the allegations of Paragraph 132.

133.    OpenAI denies the allegations of Paragraph 133.

134.    OpenAI denies the allegations of Paragraph 134.

135.    OpenAI denies the allegations of Paragraph 135.

136.    OpenAI admits that Defendants' use of "Open AI" as a trademark to offer goods or services that compete with OpenAI's goods and services is likely to cause users to believe those goods or services are connected to OpenAI.  OpenAI denies the remaining allegations of Paragraph 136, including the implication that Defendants ever had bona fide third-party users who did not believe that Defendants' products and services are somehow connected to OpenAI.

**FIRST CAUSE OF ACTION**

**LANHAM ACT UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

137.    OpenAI incorporates by reference its answers to every allegation above as if fully restated herein.

138.    OpenAI denies the allegations of Paragraph 138.

139.    OpenAI denies the allegations of Paragraph 139.

140.    OpenAI admits and avers that it has used its OpenAI mark in interstate commerce, including in connection with products and services that compete with those offered by Defendants between November 16, 2022 and the disabling of Defendants' open.ai website, and that "OpenAI" is nearly identical to "Open AI." OpenAI denies the remaining allegations of Paragraph 140.

141.    OpenAI denies the allegations of Paragraph 141.

142. OpenAI admits and avers that Defendants' use of "Open AI" in connection with offering of goods and services that compete with OpenAI's goods and services is likely to lead consumers to mistakenly believe that Defendants' goods or services originate from or are in some way associated with, affiliated with, connected to, related to, or sponsored or approved by OpenAI. OpenAI denies the remaining allegations of Paragraph 142.

143. To the extent that Paragraph 143 asserts legal conclusions, no response is required, and on that basis OpenAI denies those allegations. To the extent that the allegations of Paragraph 143 do more than assert legal conclusions, OpenAI denies the allegations of Paragraph 143.

144. OpenAI denies the allegations of Paragraph 144, including the implication that OpenAI needed Defendants' authorization, sponsorship, or approval to use its OpenAI mark.

145. OpenAI denies the allegations of Paragraph 145.

146. The allegations in the second sentence of Paragraph 146 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations. OpenAI denies the remaining allegations of Paragraph 146.

147. OpenAI denies the allegations of Paragraph 147.

148. OpenAI denies the allegations of Paragraph 148.

149. OpenAI denies the allegations of Paragraph 149.

150. OpenAI denies the allegations of Paragraph 150.

## SECOND CAUSE OF ACTION

## LANHAM ACT TRADEMARK INFRINGEMENT

## (15 U.S.C. §§ 1114)

151. OpenAI incorporates by reference its answers to every allegation above as if fully restated herein.

152. OpenAI denies the allegations contained in the first sentence of Paragraph 152. OpenAI is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 152 and therefore denies them.

153. OpenAI denies the allegations of Paragraph 153.

154.    The allegations of Paragraph 154 are purely legal conclusions for which no response is required and on that basis OpenAI denies them.

155.    OpenAI admits and avers that it has used its OpenAI mark in interstate commerce, including in connection with products and services that compete with those offered by Defendants between November 16, 2022 and the disabling of Defendants' open.ai website, and that "OpenAI" is nearly identical to "Open AI."  OpenAI admits and avers that Defendants' use of "Open AI" in connection with offering of goods and services that compete with OpenAI's goods and services is likely to lead consumers to mistakenly believe that Defendants' goods or services originate from or are in some way associated with, affiliated with, connected to, related to, or sponsored or approved by OpenAI.  OpenAI denies the remaining allegations of Paragraph 155.

156.    OpenAI denies the allegations of Paragraph 156.

157.    OpenAI denies the allegations of Paragraph 157.

158.    OpenAI denies the allegations of Paragraph 158.

159.    OpenAI denies the allegations of Paragraph 159.

160.    OpenAI denies the allegations of Paragraph 160.

161.    OpenAI denies the allegations of Paragraph 161.

162.    OpenAI denies the allegations of Paragraph 162.

## THIRD CAUSE OF ACTION

## CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT

163.    OpenAI incorporates by reference its answers to every allegation above as if fully restated herein.

164.    OpenAI admits the allegations of Paragraph 164.

165.    OpenAI denies the allegations of Paragraph 165.

166.    OpenAI denies the allegations of Paragraph 166.

167.    OpenAI denies the allegations of Paragraph 167.

168.    OpenAI admits and avers that it has used its OpenAI mark in interstate commerce, including in connection with products and services that compete with those offered by Defendants between November 16, 2022 and the disabling of Defendants' open.ai website, and that "OpenAI" is

nearly identical to "Open AI." OpenAI admits and avers that Defendants' use of "Open AI" in connection with offering of goods and services that compete with OpenAI's goods and services is likely to lead consumers to mistakenly believe that Defendants' goods or services originate from or are in some way associated with, affiliated with, connected to, related to, or sponsored or approved by OpenAI. OpenAI denies the remaining allegations of Paragraph 168.

169. OpenAI denies the allegations of Paragraph 169.

170. OpenAI denies the allegations of Paragraph 170.

171. OpenAI denies the allegations of Paragraph 171.

172. OpenAI denies the allegations of Paragraph 172.

## FOURTH CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))

173. OpenAI incorporates by reference its answers to every allegation above as if fully restated herein.

174. The allegations of Paragraph 174 are purely legal conclusions for which no response is required and on that basis OpenAI denies them.

175. OpenAI denies the allegations of Paragraph 175.

176. OpenAI denies the allegations of Paragraph 176.

177. OpenAI denies the allegations of Paragraph 177.

## FIFTH CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COMMON LAW TRADEMARK

178. OpenAI incorporates by reference its answers to every allegation above as if fully restated herein.

179. The allegations of Paragraph 179 are purely legal conclusions for which no response is required and on that basis OpenAI denies them.

180. OpenAI denies the allegations of Paragraph 180.

181. OpenAI denies the allegations of Paragraph 181.

182. OpenAI denies the allegations of Paragraph 182.

**SIXTH CAUSE OF ACTION**

**DECLARATORY JUDGMENT OF OWNERSHIP OF OPEN AI MARK**

183.    OpenAI incorporates by reference its answers to every allegation above as if fully restated herein.

184.    The allegations of Paragraph 184 are purely legal conclusions for which no response is required and on that basis OpenAI denies them.

185.    OpenAI denies the allegations of Paragraph 185.

186.    OpenAI denies the allegations of Paragraph 186.

187.    OpenAI denies the allegations of Paragraph 187.

**SEVENTH CAUSE OF ACTION**

**DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY**

188.    OpenAI incorporates by reference its answers to every allegation above as if fully restated herein.

189.    The allegations of Paragraph 189 are purely legal conclusions for which no response is required and on that basis OpenAI denies them.

190.    The allegations in Paragraph 190 that OpenAI's mark is impermissibly misdescriptive are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations. OpenAI denies the remaining allegations of Paragraph 190.

191.    The allegations in Paragraph 191 are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.

192.    The allegations in Paragraph 192 that OpenAI's mark is impermissibly misdescriptive are irrelevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), and to the extent a response is required, on that basis OpenAI denies the allegations.  OpenAI denies the remaining allegations of Paragraph 192.

1

## PRAYER FOR RELIEF

2          Defendants' Prayer for Relief contains legal conclusions to which no response is required. To

3  the extent a response is required, OpenAI denies any allegations associated with Defendants' Prayer

4  for Relief and denies that Defendants are entitled to any relief.

5

## AFFIRMATIVE DEFENSES

6

### FIRST AFFIRMATIVE DEFENSE

7

### (Laches)

8          Defendants' claims and/or the remedies sought are barred, in whole or in part, by the doctrine

9  of laches.  Defendants knew of OpenAI's use of the "OpenAI" marks since 2015.  Yet Defendants

10 never told OpenAI they objected to its use until after OpenAI filed suit.  Defendants unreasonably

11 delayed in asserting their alleged rights.  Defendants' delay prejudiced OpenAI.

12

### SECOND AFFIRMATIVE DEFENSE

13

### (Waiver, Estoppel, Acquiescence)

14          Defendants' claims and/or the remedies sought are barred, in whole or in part, by the doctrines

15 of waiver, estoppel, and/or acquiescence.  Defendants knew of OpenAI's use of its OpenAI mark

16 since 2015.  Ravine communicated with OpenAI's CEO and its President on multiple occasions,

17 including in 2015, 2017, and 2022, and he never raised any objection to OpenAI's use of "OpenAI,"

18 or suggested in any way that OpenAI should not continue using its "OpenAI" mark, in any of those

19 communications.  Defendants inexcusably delayed in asserting their alleged rights.  Defendants'

20 delay has unduly prejudiced OpenAI.

21

### THIRD AFFIRMATIVE DEFENSE

22

### (Unclean Hands)

23          Defendants' claims and/or the remedies sought are barred, in whole or in part, by the doctrine

24 of unclean hands.  Defendants' claims are premised on its improper attempt to manufacture rights in

25 or injury concerning their asserted trademark, including in connection with this lawsuit and in

26 submitting a manufactured specimen and false statements to the USPTO to procure registration of

27 "Open AI" on the Supplemental Register.

28

### FOURTH AFFIRMATIVE DEFENSE

1

**(Secondary Meaning)**

Although misdescriptiveness is no longer relevant to the claims remaining in the action following the Court's orders on OpenAI's motions to dismiss (Dkt. Nos. 127, 191), even if were, Defendants' counterclaim for a declaratory judgment of invalidity based on alleged misdescriptiveness of Plaintiff's OpenAI mark fails because the mark has acquired secondary meaning.

**FIFTH AFFIRMATIVE DEFENSE**

**(Abandonment)**

Defendants' claims and/or the remedies sought are barred, in whole or in part, by the doctrine of abandonment.  If Defendants ever had any trademark rights, Defendants' substantial period of non-use of "Open AI" with no intent to resume use, resulted in abandonment of any and all rights. Alternatively, Defendants failed to act to transform the primary meaning of "Open AI" to prospective consumers to be the source of their goods and services, as opposed to describing the goods and services themselves.

**SIXTH AFFIRMATIVE DEFENSE**

**(Defendants Lack Valid Trademark Rights)**

Defendants' claims and/or the remedies sought are barred, in whole or in part, because Defendants lack valid trademark rights.  Defendants' trademark rights are premised on improper attempts to manufacture trademark rights before the United States Patent and Trademark Office and this Court.

DATED: February 20, 2025                     QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP


                                        By_____*/s/ Margret M. Caruso*_____
                                             Margret M. Caruso
                                             Attorneys for OpenAI, Inc.