

Joshua M. Masur
T + 1 669.213.1056
joshua.masur@hglaw.com

March 12, 2025

**VIA ECF**

Hon. Yvonne Gonzalez Rogers
United States District Court
for the Northern District of California
1301 Clay Street
Courtroom 1, Fourth Floor
Oakland, California 94612

Re:   Defendants' Request for Pre-Filing Conference re Motion for Partial Summary Judgment
       *OpenAI, Inc. v. Open Artificial Intelligence, Inc. et al*, No. 4:23-cv-3918-YGR

Dear Judge Gonzalez Rogers:

Pursuant to Section 9 of your October 1, 2024 Standing Order in Civil Cases, I write on behalf of Defendants Open Artificial Intelligence, Inc. and Guy Ravine to request a Pre-Filing Conference at 2:00pm on March 21, 2025, or as soon thereafter as the matter can be heard.

Defendants request leave to file a motion for partial summary judgment on a single issue: that because the open.ai domain was registered before Plaintiff even existed, let alone had any trademark rights, Plaintiff's prayer for "[a]n order … transferring the www.open.ai domain name" fails as a matter of law.  Dkt. 1 (Complaint) at 25 (Prayer).

I.   **Plaintiff Does Not Allege, and Cannot Prove, Cybersquatting.**

Plaintiff does not – and could not – assert that Defendants engaged in cybersquatting under the Anticybersquatting Consumer Protection Act of 1999 ("ACPA"), 15 U.S.C. § 1125(d).  The ACPA, in relevant part, created a new cause of action against a person who, with "a bad faith intent to profit from [another's] mark, … registers, traffics in, or uses a domain name that … in the case of a mark that is *distinctive at the time of registration of the domain name*, is identical or confusingly similar to that mark."  15 U.S.C. § 1125(d)(1)(A) (emphasis added).  Under Ninth Circuit precedent, "the term 'registration' applies only to the initial registration of the domain name."  *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1026 (9th Cir. 2011).

The pleadings, publicly available records, and undisputed evidence establish that the open.ai domain was first registered no later than July 15, 2010; that Defendant Ravine purchased and registered the domain in March 2015; and that Plaintiff was not even founded until December 2015. *See, e.g.*, *see, e.g.*, Dkt. 138 ¶ 45 (Ravine purchase); Dkt. 1 at 16, 18 (Plaintiff's founding).

Because, as in *GoPets*, open.ai was first "registered … long before" Plaintiff even existed, let alone had any colorable claim to trademark rights, Defendants' "re-registration and continued ownership of [the domain] does not violate § 1125(d)(1)" as a matter of law. 657 F.3d at 1032.

Haley Guiliano LLP

75 Broad Street, Suite 1000
New York, New York 10004
T +1 646 973 2500
F +1 646 219 6229

111 North Market Street, Suite 900
San Jose, California 95113
T +1 669 213 1050
F +1 669 500 7375

Haley Guiliano International LLP

26-28 Bedford Row, 2nd Floor
London WC1R 4HE, United Kingdom
T +44 (0)20 8158 3000
F +44 (0)20 3725 7790



Hon. Yvonne Gonzalez Rogers    - 2 -    March 12, 2025

## II. Plaintiff's Failure to "Prov[e] the Rigorous Elements of Cybersquatting" Precludes Transfer of the open.ai Domain.

Almost since enactment of the ACPA, the Ninth Circuit has held that a district court lacks discretion to order transfer of an infringing domain absent proof of cybersquatting. The seminal Ninth Circuit domain transfer case, *Interstellar Starship Services v. Epix, Inc.*, 304 F.3d 936 (9th Cir. 2002), requires that "*only upon proving the rigorous elements of cybersquatting under the ACPA have plaintiffs successfully forced the transfer of an infringing domain name.*" *Id.* at 948 (citations omitted; emphasis added).

In *Interstellar*, as "[i]n this case, … forced transfer of the domain name was not available by statute because [the trademark holder] did not prove that [the adjudged infringer] violated the ACPA." *Id.* at 948-49. Accordingly, "whether to order transfer or cancellation is within the district court's discretion" only if a plaintiff proves "the rigorous elements of cybersquatting." *BMW of N. Am. v. Mini Works LLC*, No. CV-07-1936-PHX-SMM, 2014 U.S. Dist. LEXIS 185688, at *4-5 (D. Ariz. Jan. 3, 2014) (quoting *Interstellar* and ordering transfer), *aff'd*, 463 Fed. Appx. 689 (9th Cir. 2011) (citing *Interstellar*); *accord, e.g.*, *Starbuzz Tobacco, Inc. v. Melnick*, No. SA CV 15-0224-DOC (RNBx), 2015 U.S. Dist. LEXIS 182099, at *15 (C.D. Cal. July 31, 2015) (citing *Interstellar*; "[i]n forcing the transfer of an infringing domain name, a plaintiff must prove the elements of cyber-squatting"). Unless a plaintiff proves those elements, an injunction ordering domain transfer is improper. *See, e.g.*, *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1182 (9th Cir. 2010) (reversing and remanding, citing *Interstellar*; characterizing both forced transfer and relinquishment of a domain as "extraordinary").

Defendants accordingly request leave to file a motion for partial summary judgment on Plaintiff's requested domain transfer remedy. Defendants believe that no other issues in this matter are appropriate for summary judgment at this time. *See, e.g.*, *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012) ("Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena.").

Respectfully submitted,
HALEY GUILIANO LLP

*/s/ Joshua M. Masur*
Joshua M. Masur

Counsel for Defendants
Open Artificial Intelligence, Inc. and Guy Ravine