**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

March 17, 2025                                                                                                    <u>**VIA CM/ECF FILING**</u>

The Honorable Yvonne Gonzalez Rogers
United States District Judge
Northern District of California
Oakland Courthouse
Courtroom 1 – 4th Floor
1301 Clay Street
Oakland, California 94612

Re:     *OpenAI, Inc. v. Open Artificial Intelligence, Inc. et al.*, Case No. 23-cv-03918-YGR

Your Honor:

Plaintiff OpenAI, Inc. ("Plaintiff") respectfully opposes Defendants Open Artificial Intelligence, Inc. and Guy Ravine's ("Defendants") request for leave to move for partial summary judgment. Dkt. 210. Defendants' requested motion is unnecessary and unwarranted.

I.      <u>**DEFENDANTS HAVE NO BASIS TO SEEK PARTIAL SUMMARY JUDGMENT**</u>

Defendants seek leave to file partial summary judgment on whether this Court "lacks discretion" to fashion injunctive relief ordering Defendants transfer their infringing domain (www.open.ai) to Plaintiff "absent proof of cybersquatting" under the Anticybersquatting Consumer Protection Act of 1999 ("ACPA"), 15 U.S.C. § 1125(d). Dkt. 210 at 2. That Plaintiff did not plead an ACPA cybersquatting claim is both undisputed and irrelevant to the relief sought. The Court absolutely has discretion to order transfer of the open.ai domain name if it finds Defendants' use infringing.

The Lanham Act expressly empowers courts to "grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable … to prevent a violation under subsection (a), (c), or (d) of section 1125." 15 U.S.C. § 1116. That includes injunctive relief transferring an infringing domain to a plaintiff to reduce the likelihood of ongoing harm stemming from that infringement under 15 U.S.C. § 1125(a)—the basis for Plaintiff's first cause of action—even when no cybersquatting claim was pled regarding the domain. *See, e.g.*, *Amazon.com Inc. v. Wasim*, 2025 WL 685747, at *3 (N.D. Cal. Feb. 25, 2025) ("to give practical effect to the Permanent Injunction," compelling transfer of infringing domain names including those for which cybersquatting was not alleged, such as amazondigitalpublishing.com); *Entrepreneur Media, Inc. v. Alfonso*, 2021 WL 2941983, at *5 (C.D. Cal. July 12, 2021) (granting permanent injunction for violation of 15 U.S.C. § 1125(a) and ordering the transfer of all defendant's domain names that were "confusingly similar to or contain any of the [plaintiff's] marks, or were used in connection with" the plaintiff's marks); *Left Coast Wrestling, LLC v. Dearborn Int'l LLC*, 2018 WL 2328471, at *1 (S.D. Cal. May 23, 2018) (same; compelling transfer of domain names), *report and recommendation adopted*, 2018 WL 3032585 (S.D. Cal. June 19, 2018); *Brookfield Comm's, Inc. v. W. Coast Entm't Corp.*, 1999 U.S. Dist. LEXIS 23247, at *30 (C.D. Cal. Sep. 8, 1999) (order of transfer of domain name as remedy for defendant's violation of 15 U.S.C. § 1125(a)).

Defendants' cited cases do not support their erroneous assertion that the Court lacks the ability to transfer the open.ai domain name. Dkt. 210 at 2. Defendants argue that *Interstellar Starship Services, Ltd. v. Epix, Inc.*, 304 F.3d 936 (9th Cir. 2002), establishes that "only upon proving the rigorous elements of cybersquatting under the ACPA have plaintiffs successfully forced the transfer of an infringing domain name." *Id.* at 948 (rejecting plaintiff's argument that "a finding of trademark infringement *requires* the forced transfer of the infringing property"). That observation, three years after the passage of the ACPA, did not purport to prescribe new limits on a court's ability to fashion injunctive relief. Rather, *Interstellar Starship* was clear that, "if a district court finds infringement, it retains the discretion to fashion *any remedy* which alleviates that confusion." *Id.* at 948 (emphasis added); *accord Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1182 (9th Cir. 2010) (same). That discretion includes an order for domain transfer as a remedy to trademark infringement. Indeed, in the case of *Brookfield Communications, Inc. v. West Coast Entertainment Corporation*, 174 F.3d 1036, 1045 (9th Cir. 1999), which *Interstellar Starship* cited thirteen times, on remand the district court held that transfer of the domain name *was* an appropriate remedy for defendant's violation of 15 U.S.C. § 1125(a). *Brookfield Comm's*, 1999 U.S. Dist. LEXIS 23247, *29-30.

None of Defendants' other cited cases offers any additional support for their position that ACPA liability is required for domain transfer. *See GoPets Ltd. v. Hise*, 657 F.3d 1024, 1034-35 (9th Cir. 2011) (holding that because the defendant did not violate the ACPA with respect to gopets.com, the order to transfer gopets.com "cannot be sustained under the ACPA," but remanding because "it is possible that some relief with respect to gopets.com may be appropriate based on the [non-ACPA] Lanham Act violation"); *BMW of North America v. Mini Works LLC*, 463 Fed. Appx. 689 (9th Cir. 2011) (addressing cybersquatting claim only); *Starbuzz Tobacco, Inc. v. Melnick*, 2015 WL 12656925 (C.D. Cal. July 31, 2015) (ordering domain transfer where cybersquatting established). Just because cybersquatting may warrant domain transfer under 15 U.S.C. § 1125(d)(1)(C), that does not mean it is the *only* predicate for domain transfer.

Plaintiff's requested domain transfer is a permissible and recognized remedy where "continued ownership of the domain name by [Defendants] is not justifiable." *Brookfield Comm's*, 1999 U.S. Dist. LEXIS 23247, at *30 (finding domain transfer warranted where infringing domain may "later fall into the hands of another infringer," leading to hypothetical future disputes).

## II.     COURTS ROUTINELY DECIDE TRADEMARK INFRINGEMENT ISSUES ON SUMMARY JUDGMENT

Defendants suggest that "no other issues in this matter are appropriate for summary judgment" because of the "factual nature of trademark disputes." Dkt. 210 at 2 (citing *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012)). This general statement lacks any factual tether here. As the Ninth Circuit has acknowledged immediately after quoting similar language: "Nevertheless, when no genuine issue of material fact exists, we have not hesitated to affirm a grant of summary judgment." *Lerner & Rowe PC v. Brown Engstrand & Shely, LLC*, 119 F. 4th 711, 718 (9th Cir. 2024) (affirming summary judgment in trademark case and citing Ninth Circuit authority doing same); *see also, e.g.*, *RxD Media, LLC v. IP Application Development LLC*, 986 F. 3d 361, 375 (4th Cir. 2021) (affirming summary judgment for Apple on all claims against it and its counterclaims, including issues of first use, priority of rights, secondary meaning, and likelihood of confusion related to the "iPad" trademark).

3

\*\*\*

Defendants' requested motion is meritless. However, if the Court wishes to address these issues on summary judgment, Defendants could brief them in their opposition to Plaintiff's motion for summary judgment as a cross motion, and Plaintiff could respond in its reply, with the page limits adjusted as provided in the Court's Standing Order In Civil Cases 9(e).

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Robert P. Feldman*

Robert P. Feldman
*Counsel for Plaintiff OpenAI, Inc.*