QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000

Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:     (415) 875-6600

Dylan I. Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000

*Attorneys for OpenAI, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 4:23-cv-03918-YGR<br><br>Assigned to the Hon. Yvonne Gonzalez Rogers<br><br>**PLAINTIFF OPENAI, INC.'S FILING REGARDING ELEMENTS OF INFRINGEMENT CLAIM** |

Plaintiff/Counterclaim-Defendant Open AI, Inc. ("Plaintiff") submits this statement with the Court's permission to state the proper elements to demonstrate a claim of trademark infringement.

**Legal Elements Of A Trademark Claim**

To prevail on a trademark infringement claim, a party must prove two primary elements:

(1) A protectible ownership interest in a valid mark.

To establish this element, it is necessary for the trademark owner to (i) have continuously used the mark in bona fide commerce, (ii) have a distinctive mark (whether because it is inherently distinctive, e.g., suggestive, or it has acquired distinctiveness, also known as secondary meaning), and (iii) for marks not registered on the Principal Register (as is the case for all parties' marks here), have established legally sufficient market penetration.

(2) Defendant's use of the mark, or a substantially similar mark, is likely to cause consumer confusion.

This element is typically evaluated under *Sleekcraft*, but this issue is not disputed in this action.

**Authority For Legal Elements Of A Trademark Claim**

As this Court recognized, to "prevail on [a] trademark infringement claim, plaintiff must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." Dkt. 63 (PI Order) at 12 (quotations omitted). The parties agree both that likelihood of confusion is an element of an infringement claim and that this element is satisfied here. *See* Dkt. 205 (3/10/25 Joint Case Management Statement) at 9 ("Defendants believe that consumer confusion is an issue on which the parties should be able to agree upon by stipulation."). The "crux" of the case "is who has the senior right to the disputed mark." Dkt. 63 (PI Order) at 12.

To establish a protectible ownership interest in the mark, it is first necessary for the mark holder to have continuously used the mark in bona fide commerce. *See* 3/21/25 Tr. at 11:5-7 ("MR. WILSON:  We have to have sufficient use in commerce, I agree with that."); Dkt. 38 (Defendants' Opposition to Preliminary Injunction) at 23 ("To demonstrate priority of use, defendant must prove (1) that it actually adopted and used the marks in commerce … in such a manner that sufficiently

associated the marks with defendant's provision of service and (2) that its use of the marks was continuous and not interrupted.") (quotations and brackets omitted); *see also Kopets v. Kajajian*, 2023 WL 4145433, at *1 (9th Cir. June 23, 2023) ("One requirement for a mark to be valid and protectable is that the plaintiff's use of the mark was continuous and not interrupted.") (quotations omitted); *Soc. Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021) ("Mere adoption of a mark without bona fide use in commerce, in an attempt to reserve rights for the future, is insufficient to establish rights in the mark under the Lanham Act."); *Airs Aromatics, LLC v. Hakim*, 556 F. App'x 622, 623 (9th Cir. 2014) ("To establish a protectable ownership interest in a common law trademark, the owner must establish not only that he or she used the mark before the mark was registered, but also that such use has continued to the present.") (quotations omitted).

To establish a protectable ownership interest in the mark, it is also necessary for the mark holder to have a distinctive mark (whether because it is inherently distinctive, e.g., suggestive, or it has acquired distinctiveness, also known as secondary meaning). Dkt. 220 (Defendants' Supplemental Filing) at 3-4 (a mark can be valid if it is "either (1) inherently distinctive; or (2) descriptive but has acquired secondary meaning"); Model Jury Instruction 15.9 ("valid trademark … is either: (1) inherently distinctive; or (2) descriptive but has acquired a secondary meaning"). In a priority dispute over a mark requiring secondary meaning, a plaintiff must show its mark acquired secondary meaning before the defendant's first use in connection with allegedly infringing goods or services. *See Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 2021 WL 3630225, at *1 (9th Cir. Aug. 17, 2021) ("The district court did not err in finding that the EKOBREW mark attained secondary meaning prior to the alleged infringement.") (citing *Converse, Inc. v. Int'l Trade Comm'n Skechers U.S.A., Inc.*, 909 F.3d 1110, 1116 (Fed. Cir. 2018) ("In any infringement action, the party asserting trade-dress protection must establish that its mark had acquired secondary meaning before the first infringing use by each alleged infringer.")); *RXD Media, LLC v. IP Application Dev. LLC*, 986 F.3d 361, 369, 371 (4th Cir. 2021) (citing *Converse, Inc.*, 909 F.3d at 1116-17).

Finally, for trademarks not registered on the Principal Register, to establish a protectable interest in the mark the party asserting trademark rights must also prove it has established legally

sufficient market penetration.[1]

"In the absence of federal registration [on the Principal Register], a plaintiff must [prove] that it is the senior user of the mark and has sufficient market penetration to preclude the defendant from using the mark in a specific geographic market." *Mike's Novelties, Inc. v. PIV Enters., Inc.*, 2024 WL 457120, at *8 (E.D. Cal. Feb. 6, 2024) (citing *Hanginout, Inc. v. Google, Inc.*, 54 F. Supp. 3d 1109, 1118 (S.D. Cal. 2014)), *report and recommendation adopted*, 2024 WL 1077340 (E.D. Cal. Mar. 12, 2024). This is because marks not registered on the Principal Register do not get the benefit of the "right of priority, nationwide in effect, on or in connection with the goods or services specified in the registration" as of the application date, 15 U.S.C. § 1057(c), or of a presumption of "validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate," *id.* § 1057(b). 15 U.S.C. § 1094 ("registrations on the supplemental register shall not be subject to or receive the advantages of sections … 1057(b), 1057(c)," among others). Accordingly, a senior user of an "unregistered trademark is entitled to assert its trademark rights only in geographical areas in which it has legally sufficient market penetration." *Mike's Novelties,* 2024 WL 457120, at *9 (citing *Optimal Pets, Inc. v. Nutri-Vet, LLC*, 877 F. Supp. 2d 953, 959 (C.D. Cal. 2012); *Glow Indus., Inc. v. Lopez*, 252 F. Supp. 2d 962, 983 (C.D. Cal. 2002)); *see also* 4 McCarthy on Trademarks and Unfair Competition § 26:13 (5th ed.) ("In the absence of federal registration, both parties have the right to expand into unoccupied territory and establish exclusive rights by being first in that territory. In effect, it is a race between the parties to establish customer recognition in unoccupied territory, possibly subject to the concept of a zone of 'natural expansion.'"). Alternatively, "[w]here the trademark user has acquired a national reputation associated with its mark, it may assert trademark rights even in areas where it has no sales." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 846 F. Supp. 2d 1063, 1075-76 (N.D. Cal.

---

[1] The Ninth Circuit's model rules do not address marks that are registered only on the Supplemental Register, but those marks are treated as unregistered marks for burden of proof issues for purposes of litigation because "a designation on the Supplemental Register is not a 'trademark' at all." 2 McCarthy on Trademarks and Unfair Competition § 19:33 (5th ed.); *see also, e.g.,* Dkt. 63 (PI Order) at 13 ("A mark on the Supplemental Register is not presumed to be valid or exclusive.").

1  2012) (quoting *Glow Indus.,* 252 F. Supp. 2d at 983); *see also Watec Co., Ltd. v. Liu*, 403 F.3d 645, 653-54 (9th Cir. 2005) (affirming jury finding of sufficient market penetration to establish nationwide senior common law rights).

"Seniority of use [in commerce] and market penetration are two independent determinations, and both must be sufficiently alleged in the absence of federal registration." *Mike's Novelties,* 2024 WL 457120, at *8 (citing *Hanginout,* 54 F. Supp. 3d at 1118; *Optimal Pets*, 877 F. Supp. 2d at 958 ("A party asserting common law rights must not only establish that it is the senior user, it must also show that it has legally sufficient market penetration in a certain geographic market to establish those trademark rights") (quoting *Credit One Corp. v. Credit One Fin., Inc.*, 661 F. Supp. 2d 1134, 1138 (C.D. Cal. 2009)).

Defendants have not identified any case law contradicting the requirement that sufficient market penetration must be established for marks not registered on the Principal Register. Instead, they assert—in the context of the commercial strength of the mark factor *for assessing likelihood of confusion*—that "[t]he jury does not need to analyze the commercial strength (market penetration) of Defendants' Mark" because they claim to be the senior user in a reverse confusion case. Dkt. 220 at 6-7 (citing model jury instruction 15.18 ("Infringement—Likelihood of Confusion—Factors—*Sleekcraft* Test") and 15.9 ("15.19 Infringement—Likelihood of Confusion—*Sleekcraft* Factor 1—Strength or Weakness of the Plaintiff's Mark")). However, the requirement of market penetration discussed above concerns the gating item of ownership of a valid mark not registered on the Principal Register, *not* its strength for purposes of assessing likelihood of confusion. Defendants' sole reference to market penetration ignores this required element as it relates to the first element of infringement—a protectible ownership interest in a valid mark.

DATED: March 31, 2025                QUINN EMANUEL URQUHART & SULLIVAN, LLP


By   */s/ Margret M. Caruso*
Margret M. Caruso
Attorneys for OpenAI, Inc.