QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000

Robert Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000

Sam Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:  (415) 875-6600

Dylan Scher (*pro hac vice* )
 dylanscher@quinnemanuel.com
295 Fifth Avenue
New York, New York 10016-7103
Telephone:    (212) 849-7000

*Attorneys for Plaintiff OpenAI, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation, and GUY RAVINE, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 4:23-cv-03918-YGR<br><br>The Hon. Yvonne Gonzalez Rogers<br><br>**PLAINTIFF OPENAI, INC.'S CORRECTED SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>*Filed concurrently with Motion; Declarations of Greg Brockman, James Dyett, Janine Korovesis, Rebecca McCurry, Seth James Nielson, Hod Lipson, Scott D. Swain, and Aaron Perahia; and [Proposed] Order*<br><br>Date:    June 17, 2025<br>Time:   2:00 p.m.<br>Place:   Courtroom 1 (4th Floor)<br>            1301 Clay St., Oakland, CA 94612 |

Pursuant to the Court's Standing Order in Civil Cases, Plaintiff OpenAI, Inc. ("OpenAI") submits this Supporting Separate Statement in support of its Motion for Summary Judgment.

| Issue No. | Plaintiff's Undisputed Material Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| **Issue 1**: Plaintiff Has Senior Ownership Rights in a Valid Trademark (Motion § I.A. & § I.B.) |||
| 1, 4 | **Fact 1:** On December 11, 2015, OpenAI announced its founding as an artificial intelligence research company. Brockman Decl., ¶2, Ex. A; Perahia Decl., ¶¶18, 20, Ex. 17, Ex. 19. | |
| 1, 4 | **Fact 2:** OpenAI's founding garnered significant, national media coverage. Perahia Decl., ¶¶88, 90, 91, Ex. 86 at 2-57 (online articles), Ex. 88 at 5-6 (print news). | |
| 1, 4 | **Fact 3:** In April 2016, OpenAI released OpenAI Gym, a toolkit to develop artificial intelligence algorithms, on its website and GitHub, attracting thousands of artificial intelligence researchers. Brockman Decl., ¶¶4-7, 10, 13, 14, Ex. B at 4-21, Ex. C at 3, Ex. D at 2, Ex. H at 182, Ex. K at 3; Perahia Decl., ¶9, Ex. 8 at 115:1-13, 115:19-24, 116:4-7, 116:22-117:9, 117:17-118:11, 118:22-119:23, 120:5-25, 127:20-128:10; Lipson Decl., ¶3, Ex. A ¶¶22-28, 33. | |
| 1, 4 | **Fact 4:** Since 2016, OpenAI continuously used the "OpenAI" mark in commerce with more than 20 artificial intelligence products and services, including its GPT language model released in 2018, GPT-2 released in 2019, a GPT-3 application programming interface ("API") released in 2020, the DALL·E image generation tool in 2021, and Whisper, an automatic speech recognition system released in 2022. Brockman Decl., ¶¶3-4, 11-38, Ex. B, Ex. C, Ex. H, Ex. I, Ex. J; Dyett Decl., ¶¶3-28, Exs. A-T; Perahia Decl., ¶¶9, 60, 80, 91, Ex. 8 at 115:1-13, 115:19-24, 116:4-7, 116:22-117:9, 117:17-118:11, | |

| | | |
|---|---|---|
| | | 118:22-119:23, 120:5-25, 127:20-128:10, 169:14-19, 170:19-25, Ex. 59, Ex. 79. | |
| | 1, 4 | **Fact 5:** Between 2016 and November 15, 2022, OpenAI released over 100 research papers using the "OpenAI" mark, which have collectively been cited more than 200,000 times. Brockman Decl., ¶¶3, 11, 12, 14, Ex. J, Ex. K; Lipson Decl., ¶3, Ex. A ¶¶26, 29-31, 36, 38; Perahia Decl., ¶¶9, 61, 91, Ex. 8 at 117:3-9, 17-20, Ex. 60. | |
| | 1, 4 | **Fact 6:** Between 2016 and November 15, 2022, OpenAI participated in leading machine learning conferences in connection with the "OpenAI" mark. Brockman Decl., ¶¶3, 11, 39-46 (and cited references, including, Ex. H at 112, 115, 119, 133-34, 161, 162, 170, 176, 180, 182 and Ex. M at 15-21-108, 138-304); Perahia Decl., ¶9, Ex. 8 at 168:11-14, 169:14-19; Lipson Decl., ¶3, Ex. A, ¶44, Report at 33-42; Korovesis Decl., ¶6, Ex. B at 4. | |
| | 1, 4 | **Fact 7:** Between December 2015 and November 15, 2022, OpenAI conducted public events to showcase its technology and engage with its user community. Brockman Decl., ¶¶3, 8-11, 39-46, Ex. F, Ex. G, Ex. H at 112, 115, 119, 133-34, 136, 161-62, 170, 176, 180, 182, Ex. I, Ex. M; Korovesis Decl., ¶6, Ex. B. | |
| | 1, 4 | **Fact 8:** OpenAI has been a member of multiple industry organizations focused on artificial intelligence and has participated in government hearings on AI policy. Perahia Decl., ¶10, Ex. 9 at 32:2-9, 33:6-37:19; Brockman Decl., ¶10, Ex. H at 79, 117, 131, 160, 175, 177. | |
| | 1, 4 | **Fact 9:** OpenAI established a reputation among artificial intelligence researchers and developers, nationally, who understood the "OpenAI" mark to identify the source of Plaintiff's products and services by January 2017. Brockman Decl., ¶¶4, 39, 12-15, Ex. B at 4-47, Ex. H at 175-185, Ex. J at 2, Ex. M at 3-108; Perahia Decl., ¶¶9, 62, 70, 88-91, Ex. 8 at 117:17-119:23, | |

| | | |
|---|---|---|
| | 120:5-25, 121:7-126:7, 127:20-128:10, Ex. 61 at 1-5, Ex. 62; Ex. 69 at 3-6, Ex. 86 at 2-179, Ex. 87 at 2-150, Ex. 88 at 5-8; Lipson Decl., Ex. A ¶¶3, 22, 26, 38; *see also* SUF 4-8. | |
| 1, 4 | **Fact 10:** From 2016 to 2022, OpenAI received media coverage in print newspapers, magazines, and online sources across the United States. Perahia Decl., ¶¶88-91, Exs. 86, 87, 88; Dkt. 42 ¶¶25(a)-(c); *cf.* Dkt. 1 ¶¶25(a)-(c). | |
| 1, 4 | **Fact 11:** By April 2019, OpenAI's website averaged in excess of 1 million visitors per month in the preceding six months. Dyett Decl., ¶26, Ex. S at 3. | |
| 1, 4 | **Fact 12:** By April 2021, over ten thousand developers were using OpenAI's API, with OpenAI's GPT-3 generating 4.5 billion words per day. Brockman Decl., ¶¶4, 29, 11, Ex. B at 260, Ex. H at 116, Ex. L, Ex. I. | |
| 1, 4 | **Fact 13:** By March 2022, search engines like Google and Bing exclusively associated the term "OpenAI" with Plaintiff on the first page of results, featuring information panels about the company and suggesting only OpenAI-related searches. Perahia Decl., ¶¶64, 91, Ex. 63. | |
| 1, 4 | **Fact 14:** In March 2022, OpenAI was listed among *Time*'s "100 Most Influential Companies of 2022." Perahia Decl., ¶¶66, 91, Ex. 65 at 3. | |
| 1, 4 | **Fact 15:** By November 15, 2022, OpenAI's products and services had millions of U.S. users. Dyett Decl., ¶¶9, 14, 15, 22, Ex. E at 2, Ex. I at 3, 5, Ex. J at 3, Ex. P at 2; Perahia Decl., ¶¶71, 91, Ex. 70 at 3; Brockman Decl., *passim* (especially Ex. B at 389, 395., Ex. C); *see also* Dyett Decl., ¶26, Ex. S at 3. | |
| 1, 4 | **Fact 16:** By November 15, 2022, OpenAI had over 1 million social media followers on its Twitter, YouTube, and GitHub | |

| | | | |
|---|---|---|---|
| | | accounts, and Wikipedia pages for OpenAI and its products had millions of page views. Perahia Decl., ¶¶68, 74, 91, Ex. 67 at 2 (Wikipedia), Ex. 73 at 3 (Twitter); Brockman Decl., ¶¶5-7, 9, Ex. C (GitHub), Ex. D, Ex. G (YouTube); *see also id.*, ¶¶11, 39, Ex. I; Lipson Decl., ¶3, Ex. A ¶28 (GitHub); Perahia Decl., ¶¶67, 91, Ex. 66. | |
| | 1, 4 | **Fact 17:** By November 15, 2022, over ▇▇▇▇▇▇ was spent on advertising, marketing, and promotion of products and services using the "OpenAI" mark. Korovesis Decl., ¶¶2, 3, 6, Ex. B; Brockman Decl., ¶11, Ex. I. | |
| | 1, 4 | **Fact 18:** By November 15, 2022, products and services using the "OpenAI" mark generated over ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Korovesis Decl., ¶¶2-4, Ex. A; Brockman Decl., ¶11, Ex. I. | |
| | 1, 4 | **Fact 19:** By September 2023, over ▇▇▇▇▇▇ U.S. users registered accounts with Plaintiff OpenAI and over ▇▇▇▇▇▇ U.S. users downloaded OpenAI's ChatGPT application on mobile devices. Dyett Decl., ¶¶9, 22-24, Ex. E at 2, Ex. P at 2, Ex. Q at 2, Ex. R at 6; Brockman Decl., ¶11, Ex. I; *see* Perahia Decl., ¶¶57, 58, 69, 83, 91, Ex. 56, Ex. 57, Ex. 69, Ex. 82. | |
| | 1, 4 | **Fact 20:** By August 2023, OpenAI's website averaged more than 1 billion visitors per month, becoming one of the most visited websites in the world. Dyett Decl., ¶¶21, 27, Ex. O, Ex. T at 2-3; Perahia Decl., ¶¶57, 59, 69, 91, Ex. 56 at 2, Ex. 58 at 3, 8, Ex. 68 at 3. | |
| | 1, 4 | **Fact 21:** OpenAI has a social media following. Dyett Decl., ¶28, Ex. U at 3, Ex. V at 3, Ex. W at 2, Ex. X at 3, Ex. Y at 3; Brockman Decl., ¶¶9, 39, 41, 43, Ex. G, Ex M at 3-13, 111, 127-136; Perahia Decl., ¶¶67, 91, Ex. 66; SUF 16. | |
| | 1 | **Fact 22:** There is no evidence of anyone using the phrase "OpenAI" in connection with generative artificial intelligence | |

| | | | |
|---|---|---|---|
| | | products or services—or for AI research services—other than Plaintiff before November 16, 2022. Perahia Decl., ¶2, Ex. 1 at 5 (RFP No. 3); *see also* Lipson Decl., ¶3, Ex. A ¶37. | |
| | | **Fact 23:** [Fact omitted.] | |
| | 1, 3, 4 | **Fact 24:** Defendants produced no evidence that they offered any goods or services on the open.ai webpage before November 16, 2022. Perahia Decl., ¶¶2, 4, Ex. 3 at 5 (Rog No. 1). | |
| | 1, 3, 4 | **Fact 25:** From September 2015 to June 2017, Defendants' open.ai domain displayed a single-page landing page stating, in part, "Announcement Will Be Made Soon," but Defendants never made the expected announcement. Perahia Decl., ¶¶11, 14, 18, 19, Ex. 10 at 160:21-161:1, Ex. 13 at 165:4-166:9, Ex. 17 ¶6, Ex. 18. | |
| | 1, 3, 4 | **Fact 26:** From approximately September 2017 to February 2022, Defendants' open.ai webpage redirected traffic to Plaintiff's openai.com website. Perahia Decl., ¶¶6, 11, 16, 72, 91, Ex. 5 at 4 (RFA No. 2), Ex. 10 at 185:23-186:10, Ex. 15 at 75:12-76:7, Ex. 71 at 2-8; Nielson Decl., ¶¶1-3, Ex. A ¶99. | |
| | 1, 3, 4 | **Fact 27:** On February 19, 2022, OpenAI's CEO emailed Ravine to see if would be interested in selling his "domain name and related IP" to OpenAI. Ravine responded, noting that the "Tesla domain and trademark in 2017" had been sold for $11 million, that "OpenAI holds the potential to become larger than Tesla," that OpenAI "will become one of the largest companies in the world in a relatively short period of time," and that "the ultimate value of the domain and the brand are substantial." Ravine suggested a sale would be possible if OpenAI made a "donation" to an "academic collaboration" that he was supposedly "gearing to launch." OpenAI's CEO asked Ravine to provide more details about the "academic collaboration." | |

| | | | |
|---|---|---|---|
| | | Ravine's final response was that he would "get back to [Plaintiff]." Perahia Decl., ¶¶18, 22, 35, Ex. 17 ¶23, Ex. 21, Ex. 34. | |
| | 1, 3 | **Fact 28:** Defendants claimed to have used "Open AI" with other "tools" they described as the "Initial Collaboration Tool," the "Evolved Collaboration Tool," and "Decentralized." Perahia Decl., ¶¶4, 18, Ex. 3 at 5 (Rog No. 1), Ex. 17 ¶¶5, 9-11. | |
| | 1, 3 | **Fact 29:** On March 25, 2015, Defendant Ravine purportedly began offering the "Initial Collaboration Tool." Perahia Decl., ¶¶4, 18, Ex. 3 at 5 (Rog No. 1), Ex. 17 ¶5. | |
| | 1, 3, 4 | **Fact 30:** The "Initial Collaboration Tool" was not hosted on the open.ai webpage. Perahia Decl., ¶18, Ex. 17 ¶8; Dkt. 138 ¶56. | |
| | 1, 3, 4 | **Fact 31:** Defendant Ravine's claimed "Initial Collaboration Tool" ceased operation in February 2016. Perahia Decl., ¶¶4, 11, 23, Ex. 3 at 5 (Rog No. 1), Ex. 10 at 215:14-216:1, Ex. 22 ¶¶14-15; Dkt. 138 ¶56; *see also* Nielson Decl., ¶¶1-3, Ex. A ¶¶77-93. | |
| | 1, 3, 4 | **Fact 32:** Between February 2016 and September 2016, Defendants did not use "Open AI" for any good or service they were offering. Perahia Decl., ¶¶4, 18, Ex. 3 at 9-10 (Rog No. 3), Ex. 17 ¶¶5, 8, 9; SUF 24-26. | |
| | 1, 3, 4 | **Fact 33:** On September 26, 2016, Defendant Ravine began offering a website at hub.open.ai with two registered "users," "nikita" and "rick," who both registered on that same day. Perahia Decl., ¶¶14, 36, 37, 85, 91, Ex. 13 at 172:2-11, 213:15-215:11, 215:20-216:7, Ex. 35 at 2, Ex. 36 at 2, Ex. 84 at 2-4; Dkt. 138 ¶56; Nielson Decl., ¶¶1-3, Ex. A ¶114. | |
| | 1, 3, 4 | **Fact 34:** As of September 26, 2016, hub.open.ai had three post threads, the content of which was copied from posts on | |

| | | | |
|---|---|---|---|
| | | GitHub made by unaffiliated third-parties. Perahia Decl., ¶¶14, 65, 84, 85, 91, Ex. 13 at 213:15-215:11, 215:20-216:7, 224:22-225:6, 226:1-10, 230:11-231;10, 232:4-9, 245:20-247:15, 257:3-5, Ex. 64, Ex. 83, Ex. 84; McCurry Decl., ¶¶4-5, Exs. B-E. | |
| | 1, 3, 4 | **Fact 35:** There is no evidence that Hub was ever used by a third party. Perahia Decl., ¶¶14, 15, Ex. 13 at 140:17-23, 172:2-11, 213:15-215:11, 215:20-216:7, 257:3-5, Ex. 14 at 151:21-152:14; McCurry Decl., ¶¶4-6, Exs. B-E. | |
| | 1, 3 | **Fact 36:** Defendants released the "Evolved Collaboration Tool" (also known as "Beta") at beta.open.ai on January 18, 2017. Perahia Decl., ¶¶4, 18, Ex. 3 at 5 (Rog No. 1), Ex. 17 ¶10. | |
| | 1, 3, 4 | **Fact 37:** The "Evolved Collaboration Tool" at beta.open.ai had no bona fide user registrations until June 2020—days after Plaintiff OpenAI released its API product at beta.openai.com. Perahia Decl., ¶15, Ex. 14 at 168:11-14, 168:24-169:2; Dyett Decl., ¶6, Ex. B at 3; *see also* Perahia Decl., ¶¶42, 43, Ex. 41 at 2, Ex. 42 at 2. | |
| | 1, 3, 4 | **Fact 38:** Defendants published the "Decentralized" tool in October 2017 on decentralized.open.ai. Perahia Decl., ¶¶4, 18, 23, Ex. 17 ¶11, Ex. 22 ¶21, Ex. 3 at 5 (Rog No. 1). | |
| | 1, 3, 4 | **Fact 39:** Decentralized contained only test content and had six accounts before November 2022: two belonged to administrators, two were labeled as test accounts, and two were created within an hour of each other from the same non-U.S. IP address associated with someone on Defendants' developer team. Perahia Decl., ¶¶23, 25, 38, 53, Ex. 22 ¶23, Ex. 24 at 3, Ex. 37 at 2, Ex. 52 at 2-4; Nielson Decl., ¶¶1-4, Ex. A at ¶¶118-125, 133-155, Ex. B at 2-6. | |

OPENAI, INC.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS ISO MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1, 3, 4 | **Fact 40:** Defendants did not engage in advertising or marketing, via print, television, radio, podcast, or social media, in connection with the "Open AI" mark between 2015 and 2022. Perahia Decl., ¶¶11, 13, Ex. 10 at 109:9-109:23, Ex. 12 at 13:3-14. | |
| 1, 3, 4. 5 | **Fact 41:** Defendants had no sales of any products using the "Open AI" mark, and received no income from products or services offered using "Open AI." Perahia Decl., ¶5, Ex. 4 at 3 (RFA No. 6). | |
| 1, 3, 4 | **Fact 42:** Between September 2015 and June 2020, Defendants did not have bona fide registered U.S. users of "Open AI" products or services. Perahia Decl., ¶¶15, 53, 72, 91, Ex. 14 at 191:4-21, Ex. 52 at 2-4, Ex. 71 at 2-8; Nielson Decl., Ex. B at 2-6. | |
| 1, 3 | **Fact 43:** For the "Initial Collaboration Tool," "Hub," "Evolved Collaboration Tool," and "Decentralized," Defendants "cannot quantify the number of users," any user trends, or the state of residence of users before November 2022. Perahia Decl., ¶¶4, 7, 15, Ex. 3 at 9-10 (Rog No. 3), Ex. 6 at 10-13 (Rog No. 3), Ex. 14 at 151:21-152:14, 188:16-20, 189:20-190:3. | |
| 4 | **Fact 44:** While the injunction has been in place, Defendants have not released any of their goods or services under a different brand name, even though Ravine has owned at least 40 other domain names that did or do not use "open" in the name. Perahia Decl., ¶¶8, 13, 86, 91, Ex. 7 at 3 (RFA No. 69), Ex. 12 at 65:10-13, 65:19-25, 66:6-23, Ex. 85 at 3-4. | |
| 1, 4 | **Fact 45:** Ravine used the words "open" and "AI" to describe Defendants' goods and services. Dkt. 138 ¶35; Perahia Decl., ¶¶14, 23, 39, 40, 52, Ex. 13 at 21:8-19, 50:8-17, Ex. 22 ¶¶25-26, Ex. 38 at 2, Ex. 39, Ex. 51 at 2; *see also* Dkt. 100 ¶189. | |

| | | | |
|---|---|---|---|
| 1 | 1 | **Fact 46:** On August 1, 2017, at Defendant Ravine's request, the USPTO registered Defendants' "Open AI" mark on the Supplemental Register (Reg. No. 5,258,002), not the Principal Register, because it was found descriptive. Perahia Decl., ¶¶73, 91, Ex. 72 at 62-63, 70, 88; McCurry Decl., ¶3, Ex. A; Dkt. 42 ¶42; *cf.* Dkt. 1 ¶42; *see also* Perahia Decl., ¶¶28-30, Ex. 27 at 2-4 (finding in 2024 for later application that Defendants' "Open AI" mark is descriptive), Ex. 28 at 2-4 (same), Ex. 29 at 2-4 (same). | |
| | 4 | **Fact 47:** Defendants never engaged in any trademark enforcement efforts with anyone they contended was infringing their rights before this lawsuit. Perahia Decl., ¶11, Ex. 10 at 166:20-167:7, 197:5-17. | |
| | | **Fact 48:** [Fact omitted.] | |
| | 3 | **Fact 49:** In January 2022, OpenAI applied to the PTO to register its "OpenAI" mark. Perahia Decl., ¶¶78, 91, Ex. 77. | |
| | 1, 2, 4 | **Fact 50:** In or around November 16, 2022, Defendants made available a text-to-image generator on the open.ai webpage, which was the first generative AI product Defendants released under the "Open AI" name. Perahia Decl., ¶23, Ex. 22 ¶19; *see id.*, ¶11, Ex. 10 at 117:13-119:19. | |
| |  | **Issue 2**: Defendants' Use of "Open AI" Caused Confusion (*see* Motion § I.C) | |
| | 1, 2, 4 | **Fact 51:** Defendants received emails intended for Plaintiff OpenAI, including, including emails containing confidential information, requests for ChatGPT account assistance, and business opportunities. Perahia Decl., ¶¶3, 11, 13, 41, 42, 43, 49, 50, Ex. 2 at 3-4 (Rog No. 6), Ex. 10 at 205:24-206:7, Ex. 12 at 41:15-42:15, Ex. 40, Ex. 41 at 2, Ex. 42 at 2, Ex. 48 at 2, Ex. 49 at 2. | |

| | | |
|---|---|---|
| 1, 2, 4 | **Fact 52:** Visitors to Defendants' open.ai website have typed terms into open.ai's prompt bar referring to Plaintiff's products and services, such as "chatgpt" and "chat gpt". Dkt. 138 ¶126. | |
| 1, 2, 4 | **Fact 53:** Social media users have posted about their confusion between OpenAI's website and Defendants' website. Perahia Decl., ¶¶75-77, 91, Ex. 74, Ex. 75, Ex. 76. | |
| 1, 2, 4 | **Fact 54:** Articles on the websites for media outlets mistakenly link to *Defendants'* website when discussing *OpenAI* and its services. Perahia Decl., ¶¶26, 27, Ex. 25, Ex. 26. | |
| 1, 4 | **Fact 55:** Defendants used the subdomain chat.open.ai—similar to Plaintiff's chat.openai.com—to redirect traffic to their image generator page, even when that page did not provide any chat functionality. Dkt. 42 ¶56; *cf.* Dkt. 1 ¶56; Perahia Decl., ¶8, Ex. 7 at 6 (RFA No. 124). | |
| 1 | **Fact 56:** Defendants redesigned their website layout, moving their "Open AI" name to the top left of the page, the same location Plaintiff used for its mark (Dkt. 25-19): | |

| | | |
|---|---|---|
| 1, 2 | **Fact 57:** Unrebutted consumer survey results reflect "a likelihood of confusion … due to Defendants' use of the 'OPEN AI' mark." Swain Decl., ¶¶1-3, Ex. A, Ex. 1 ¶¶11-13, 66-67. | |
| **Issue 3**: Defendants' Supplemental Registration Should Be Cancelled (*see* Motion § II) | | |
| 3, 4 | **Fact 58:** After seeing coverage of OpenAI's founding, Ravine applied to register "Open AI" with the PTO on the night of December 11, 2015. Perahia Decl., ¶¶73, 91, Ex. 72 at 2-9; *see also id.*, ¶¶11, 23, Ex. 10 at 76:11-77:3, 125:13-128:13, Ex. 22 ¶12; Dkt. 42 ¶¶27-29; *cf.* Dkt. 1 ¶¶27-29. | |
| 1, 3 | **Fact 59:** Ravine represented in his December 11, 2015 trademark application that he was using "Open AI" in commerce in connection with "a web site featuring technology that enables internet users to share documents, images and videos." Perahia Decl., ¶¶73, 91, Ex. 72 at 2-3; *see also id.*, ¶11, Ex. 10 at 127:8-128:13; Dkt. 42 ¶¶27-29; *cf.* Dkt. 1 ¶¶27-29. | |
| 1, 3, 4 | **Fact 60:** Ravine's specimen for his December 11, 2015 trademark application was the single-page "ANNOUNCEMENT WILL BE MADE SOON" landing page on open.ai. Perahia Decl., ¶¶73, 91, Ex. 72 at 7-8. | |
| 1, 3, 4 | **Fact 61:** In March 2016, the USPTO examiner determined that Defendant Ravine's December 11, 2015 application "does not show the applied-for mark in use in commerce" and "does not show the mark used in reference to or in connection with the services in the application," and gave Defendant Ravine until September 27, 2016 to submit a verified substitute specimen that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) showed the mark in actual use in commerce for the services identified in the application or amendment to allege use. Perahia Decl., | |

| | | | |
|---|---|---|---|
| | | ¶¶73, 91, Ex. 72 at 12-13; Dkt. 42 ¶¶30, 31; *cf.* Dkt. 1 ¶¶30, 31. | |
| | 3, 4 | **Fact 62:** On September 27, 2016, Defendant Ravine submitted a substitute specimen to the USPTO showing the hub.open.ai discussion threads as evidence of use in commerce and represented that the substitute specimen was "in use in commerce at least as early as the filing date of the application." Perahia Decl., ¶¶12, 73, 91, Ex. 13 at 226:18-231:2, Ex. 72 at 33-38; *see also id.*, ¶11, Ex. 10 at 228:23-231:8; Dkt. 42 ¶32; *cf.* Dkt. 1 ¶32. | |
| | 4 | **Fact 63:** Defendant Ravine's substitute specimen reflected the desktop version of hub.open.ai, which concealed the dates for the posts, rather than the mobile version of hub.open.ai with dated posts. Perahia Decl., ¶¶73, 91, Ex. 72 at 33-38; *see also id.*, ¶11, Ex. 10 at 228:23-230:16; Dkt. 42 ¶32; *cf.* Dkt 1 ¶32. | |
| | | **Fact 64-68:** [Facts omitted.] | |
| | 3, 4 | **Fact 69:** In 2023, following a FOIA request to the PTO, Plaintiff learned that Defendant Ravine was attempting to prevent Plaintiff's registration of the "OpenAI" mark. McCurry Decl., ¶¶7-8, Ex. G. | |
| | 3 | **Fact 70:** The USPTO issued a nonfinal Office Action refusing OpenAI's application to register its OpenAI mark because of, *inter alia*, a likelihood of confusion with Defendants' mark on the Supplemental Register. Perahia Decl., ¶¶79, 91, Ex. 78. | |
| | **Issue 4**: Defendants' Unreasonable Delay in Filing Suit Prejudiced Plaintiff (*see* Motion § III) | | |
| | 4 | **Fact 71:** Defendant Ravine has known of Plaintiff's use of the "OpenAI" mark since December 11, 2015. Perahia Decl., ¶¶11, 21, 23, Ex. 22 ¶12, Ex. 10 at 66:13-25, Ex. 20 at 3-4; *see also id.*, ¶¶8, 18, 42-48, | |

| | | |
|---|---|---|
| | Ex. 7 at 3-4 (RFA Nos. 70-72), Ex. 17 ¶18, Exs. 41-47. | |
| 4 | **Fact 72:** Ravine viewed Plaintiff's use of "Open AI" as infringing since December 11, 2015.  Perahia Decl., ¶¶11, 23, Ex. 22 ¶12, Ex. 10 at 76:11-22. | |
| 4 | **Fact 73:** On December 11, 2015, after filing his trademark application, Ravine emailed one of OpenAI's founders to propose they collaborate to work towards "accelerat[ing] the arrival of general AI through an open effort," noting that "a platform for collective engineering … could dramatically accelerate progress in the field" and that he had been "working on" an "AI School."  Perahia Decl., ¶40, Ex. 39. | |
| 4 | **Fact 74:** In December 2015, Plaintiff's President met with Ravine to discuss "Open AI," but Plaintiff did not agree to work with Ravine.  Perahia Decl., ¶¶9, 11, Ex. 8 at 67:18-68:12, Ex. 10 at 192:9-193:7. | |
| 4 | **Fact 75:** By no later than 2016, Defendant Ravine was aware of confusion between his "Open AI" and Plaintiff.  Perahia Decl., ¶¶3, 11, 13, 49-50, Ex. 2 at 3-4 (Rog No. 6), Ex. 10 at 205:24-206:9, 206:10-207:20, Ex. 12 at 42:13-15, Exs. 48-49. | |
| 4 | **Fact 76:** More than ▮▮▮▮▮ was spent on advertising, marketing, and promotion of goods and services offered using the "OpenAI" mark, and ▮▮▮▮▮ have been spent on the research and development of those offerings.  Korovesis Decl., ¶¶5-6, Ex. B at 4-5. | |
| 4 | **Fact 77:** OpenAI has obtained billions of dollars in investments.  Perahia Decl., ¶¶51, 81, 82, 91, Ex. 50 at 3, Ex. 80 at 3, Ex. 81 at 3. | |

| | **Issue 5:** Defendants Have No Non-Speculative Damages (*see* Motion § IV) | |
|---|---|---|
| 5 | **Fact 78:** Defendants' sole damages evidence is in Alan Goedde's expert report that seeks ▇▇▇▇▇ based on a reasonable royalty theory (revised from ▇▇▇▇▇). Perahia Decl., ¶56, Ex. 55 ¶6; *see also id.*, ¶55, Ex. 54 ¶5. | |
| | **Fact 79:** [Fact omitted.] | |
| 5 | **Fact 80:** Defendants have never licensed the "Open AI" mark. Perahia Decl., ¶¶5, 12, 56, Ex. 4 at 3 (RFA No. 6), Ex. 11 at 82:13-83:3, Ex. 55 ¶21. | |

Pursuant to this Court's Standing Order in Civil Cases, I attest that the evidence cited herein fairly and accurately supports the facts as asserted.

DATED: April 9, 2025          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Margret M. Caruso*
     Margret M. Caruso
     Attorneys for Plaintiff OpenAI, Inc.