# EXHIBIT 51

**Brewer Declaration ISO Defendants' Opposition to Plaintiff's Motion for Summary Judgment**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000

Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:     (415) 875-6600

Dylan I. Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000

*Attorneys for OpenAI, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>        Defendants. | Case No. 4:23-cv-03918-YGR<br><br>**PLAINTIFF OPENAI INC.'S RESPONSES TO DEFENDANT OPEN ARTIFICIAL INTELLIGENCE, INC.'S REQUESTS FOR ADMISSIONS (SET ONE)** |

Plaintiff OpenAI, Inc. ("Plaintiff" or "OpenAI") responds and objects as follows to Defendant Open Artificial Intelligence, Inc.'s ("Defendant" or "Open Artificial Intelligence") First Set of Requests for Admission, served on February 8, 2024 (the "Requests," or individually, each "Request").

**OBJECTIONS APPLICABLE TO EACH REQUEST**

1. Plaintiff OpenAI objects to the Requests to the extent that they purport to impose upon Plaintiff OpenAI obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California or any other applicable rule or law. Without waiver or limitation of any of the objections set forth below, Plaintiff OpenAI will construe the Requests consistently with the applicable rules.

2. Plaintiff OpenAI objects to the definition of "DEFENDANTS' MARK" as vague, ambiguous, unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), to the extent this definition captures entities or individuals over whose knowledge or information Plaintiff OpenAI does not have access, custody or control. As used by Plaintiff OpenAI in its responses to the Requests, the "DEFENDANTS' MARK" means the "Open AI" name referenced in paragraph 2 of the Complaint.

3. Plaintiff OpenAI objects to the definition of "YOU" or "YOUR" as vague, ambiguous, unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), to the extent this definition captures entities or individuals over whose knowledge or information Plaintiff OpenAI does not have access, custody or control. As used by Plaintiff OpenAI in its responses to the Requests, "YOU" or "YOUR" means "Plaintiff OpenAI, Inc."

4. Plaintiff OpenAI's decision to provide any requested information, notwithstanding the objectionable nature of any of the Requests themselves, is not: (a) a concession that the information is relevant to this proceeding; (b) a waiver of Plaintiff OpenAI's Objections Applicable to Each Request or the objections asserted in response to specific Requests; or (c) an agreement that requests for similar information will be treated in a similar manner.

5.     Plaintiff OpenAI's responses to the Requests are without waiver or limitation of its right to object to the use of any information referenced or contained therein, on grounds of competency, relevancy, materiality, privilege, admissibility as evidence for any purpose, or any other ground, in any subsequent proceeding or hearing in, or the trial of, this or any other action. Each response is without prejudice to, or waiver of, any objection Plaintiff OpenAI may make to any future use of such information. Plaintiff OpenAI likewise reserves the right to object to other discovery procedures involving or relating to the subject matter of any information produced in response to these Interrogatories.

6.     Plaintiff OpenAI objects to the Requests to the extent they are used as a discovery mechanism in place of seeking the production of documents or testimony from Plaintiff OpenAI rather than seeking to have Defendant admit the truth of matters "within the scope of Rule 26(b)(1) relating to" either (A) "facts, the application of law to fact, or opinions about either" or (B) "the genuineness of any described documents," and/or will not narrow the issues for trial. Fed. R. Civ. P. 36(a)(1).

7.     Plaintiff OpenAI objects to the Requests to they call for a response to facts, or the application of law to fact, or opinions about either, that are not relevant to any party's claims or defense, or and are not proportional to the needs of the case, considering Defendant's positions taken in this case and the factors provided by Fed. R. Civ. P. 26(b)(1), or are otherwise beyond the scope of permissible discovery.

8.     Plaintiff OpenAI objects to the time periods specified in the Requests and Instruction 6, on the grounds that they are arbitrary, overly broad, unduly burdensome and are not proportional to the needs of the case, considering Defendant's positions taken in this case and the factors provided by Fed. R. Civ. P. 26(b)(1), or are otherwise beyond the scope of permissible discovery.

9.     Plaintiff OpenAI objects to the Requests to the extent they presume the existence of certain facts, or are based on assumptions, neither proven by Defendant, nor admitted by Plaintiff OpenAI. Plaintiff OpenAI's willingness to respond to any Request does not constitute in any manner Plaintiff OpenAI's admission to any of the assertions set forth or assumed in a request, nor constitute a waiver of Plaintiff OpenAI's objections thereto.

10.     Plaintiff OpenAI reserves the right to assert additional objections to these Requests as appropriate and to modify, supplement, or otherwise change or amend its objections and responses as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery.  The information contained in Plaintiff OpenAI's responses and objections is also subject to correction for omissions or errors.

**RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Ravine used DEFENDANTS' MARK in commerce prior to YOU using any of PLAINTIFF'S MARKS in commerce.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff OpenAI objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome, including to the extent it purports to include "variations on ['Open AI'] without regard to spacing or punctuation."  Plaintiff OpenAI objects to this Request to the extent it calls for a legal conclusion, including when and if Defendants used the name "Open AI" in commerce.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows:  Denied that Ravine used "Open AI" in commerce before Plaintiff used "OpenAI" in commerce, and otherwise denied based on the foregoing objections.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU have known about Ravine's use of DEFENDANTS' MARK since at least December 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff OpenAI objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome,

1  including to the extent it purports to include "variations on ['Open AI'] without regard to spacing
2  or punctuation."  Plaintiff OpenAI objects to this Request on the grounds that the definition of
3  "YOU" describing knowledge of a company is vague, ambiguous, overbroad, not tied to
4  relevance, purports to include persons or entities that are not parties to this action or that Plaintiff
5  OpenAI does not control or whose actions and/or knowledge are not properly attributable to
6  Plaintiff OpenAI as a company, and misleading to the extent it seeks to have a single person's
7  knowledge attributed to an entire company.  Plaintiff OpenAI objects to the term "use" to the
8  extent it is intended to mean something other than "use in commerce" on the grounds that it is
9  overbroad, irrelevant, and disproportionate to the needs of the case.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows:  Denied that anyone in a position to make decisions about trademark infringement actions had knowledge of either Defendant using "Open AI" in commerce since at least December 2015, and otherwise denied based on the foregoing objections.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU have known about the "open.ai" domain since at least December 12, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff OpenAI objects to this Request on the grounds that the definition of "YOU" describing knowledge of a company is vague, ambiguous, overbroad, not tied to relevance, purports to include persons or entities that are not parties to this action or that Plaintiff OpenAI does not control or whose actions and/or knowledge are not properly attributable to Plaintiff OpenAI as a company, and misleading to the extent it seeks to have a single person's knowledge attributed to an entire company.  Plaintiff OpenAI objects to the term "have known about the 'open.ai' domain" as vague and ambiguous as it does not identify what about the domain is the subject of the request.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Admitted that on or about December 12, 2015, Greg Brockman visited www.open.ai after receiving an email from Mr. Ravine with that domain name and saw the

webpage reflected in the Internet Archive's capture of it in December 2015. Otherwise, denied, including the implication that OpenAI continuously monitored the contents of www.open.ai since December 12, 2015.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Ravine has used DEFENDANTS' MARK in commerce continuously since March 25, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff OpenAI objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome, including to the extent it purports to include "variations on ['Open AI'] without regard to spacing or punctuation."

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Denied that Ravine has used "Open AI" in commerce continuously since March 25, 2015, and otherwise, denied based on the foregoing objections.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU first announced the creation of OpenAI on December 11, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiff OpenAI objects to this Request on the basis that the term "first announced" is vague and ambiguous.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Admitted that Plaintiff OpenAI publicly published a blog post titled "Introducing OpenAI", available at https://openai.com/blog/introducing-openai, on December 11, 2015. Otherwise, denied based on the foregoing objections.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU have directly competed with Defendant Open AI since at least December 11, 2015.

-5- Case No. 4:23-cv-03918-YGR
PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSIONS (SET ONE)

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

2  Plaintiff OpenAI responds as follows: Denied.

3  **REQUEST FOR ADMISSION NO. 7:**

4  Admit that PLAINTIFF'S MARK was not used in commerce until December 15, 2015.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

6  Plaintiff OpenAI objects to this Request to the extent it calls for a legal conclusion.

7  Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI
8  responds as follows: Admitted that Plaintiff's first use of "OpenAI" to the general public was not
9  before December 15, 2015. Otherwise, denied based on the foregoing objection.

10 **REQUEST FOR ADMISSION NO. 8:**

11 Admit that YOU became aware of the pending application to register DEFENDANTS'
12 MARK when the USPTO issued an Office Action to YOU regarding YOUR then-pending
13 trademark application, Serial No. 87/178985, informing you of Ravine's previously filed
14 trademark application, Serial No. 86/847151.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

16 Plaintiff OpenAI objects to this Request on the basis that the definition of
17 "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any
18 valid trademark and is defined by reference to a registration on the Supplemental Register that
19 does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome,
20 including to the extent it purports to include "variations on ['Open AI'] without regard to spacing
21 or punctuation." Plaintiff OpenAI objects to this Request on the grounds that the definition of
22 "YOU" describing knowledge of a company is vague, ambiguous, overbroad, not tied to
23 relevance, purports to include persons or entities that are not parties to this action or that Plaintiff
24 OpenAI does not control or whose actions and/or knowledge are not properly attributable to
25 Plaintiff OpenAI as a company, and misleading to the extent it seeks to have a single person's
26 knowledge attributed to an entire company. Plaintiff OpenAI objects to the term "informing" as
27 vague and ambiguous.

28

1   Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI
2   responds as follows: Admitted that the USPTO referenced U.S. Trademark Application Serial No.
3   86/847,151 in connection with Plaintiff OpenAI's U.S. Trademark Application Serial No.
4   87/178,985. Otherwise, denied based on the foregoing objections.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU became aware of the registration of DEFENDANTS' MARK when it was publicly registered on August 1, 2017 under Reg. No. 5,258,002.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff OpenAI objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome, including to the extent it purports to include "variations on ['Open AI'] without regard to spacing or punctuation." Plaintiff OpenAI objects to the phrase "publicly registered" in this context as misleading, overbroad, and irrelevant to the extent it seeks information regarding registration on the Supplemental Register, which does not convey constructive notice.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Denied that Plaintiff OpenAI became aware of Reg. No. 5,258,002 on August 1, 2017, and otherwise denied based on the foregoing objections, including the implication that Defendants have valid trademark rights and that registration on the supplemental register constitutes constructive notice.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU did not oppose the registration of DEFENDANTS' MARK when it was publicly registered on August 1, 2017, under Reg. No. 5,258,002.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Plaintiff OpenAI objects to this Request on the basis that the definition of "DEFENDANTS' MARK" is misleading because Plaintiff disputes that Defendants have any valid trademark and is defined by reference to a registration on the Supplemental Register that

does not establish trademark rights, is vague, ambiguous, overbroad, and unduly burdensome, including to the extent it purports to include "variations on ['Open AI'] without regard to spacing or punctuation."  Plaintiff OpenAI objects to the term "oppose" as vague and ambiguous and irrelevant and overbroad to the extent it seeks information about an opposition other than an opposition to a notice of publication as provided in 15 U.S.C. § 1063, as marks on the Supplemental Register have no opposition mechanism.  *See* 15 U.S.C. § 1092 ("Marks for the supplemental register shall not be published for or be subject to opposition, but shall be published on registration in the Official Gazette of the Patent and Trademark Office"); Trademark Trial and Appeal Board Manual of Procedure 301.02 (opposition to a notice of publication does not apply to registration on the Supplemental Register).

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Admitted that Plaintiff OpenAI did not file an opposition, pursuant to 15 U.S.C. § 1063, because there is no procedure for doing so with respect to Supplemental Registration filings, nor is preregistration notice of allowance on the Supplemental Register published in the Trademark Official Gazette.  Otherwise denied based on the foregoing objections, including the implication that Defendants have valid trademark rights, that registration on the Supplemental Register conveys enforceable trademark rights, and that there is a procedure for opposing registration on the Supplemental Register.

**REQUEST FOR ADMISSION NO. 11:**

Admit that on or about December 16, 2015, Greg Brockman offered to purchase the open.ai domain from Ravine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Plaintiff OpenAI objects to this Request on the basis that the term "offered" is vague and ambiguous.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that on or about December 16, 2015, Greg Brockman asked Ravine to change the name of Ravine's "Open AI" project.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff OpenAI objects to this Request on the basis that the term "Ravine's "Open AI" project" misleadingly implies that Ravine had a viable "'Open AI' project" or had presented it to Greg Brockman as an ongoing, commercially extant project.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Admitted that Greg Brockman asked Mr. Ravine to change his *potential* project name. Otherwise, denied based on the foregoing objection.

**REQUEST FOR ADMISSION NO. 13:**

Admit that on or about February 19, 2022, Sam Altman offered to purchase the open.ai domain from Ravine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Plaintiff OpenAI objects to this Request on the basis that the term "offered" is vague and ambiguous.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that on or about February 19, 2022, Sam Altman offered to purchase "IP rights" "related" to "the open.ai domain" from Ravine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Plaintiff OpenAI objects to this Request on the basis that the term "offered" is vague and ambiguous.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that in February 2023, the USPTO refused to register YOUR character mark, Serial No. 97/238896.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Plaintiff OpenAI objects to this Request on the basis that the term "USPTO refused to register" is vague and ambiguous.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Admitted that, in February 2023, a USPTO trademark examiner issued a Nonfinal Office Action regarding U.S. Trademark Application Serial No. 97/238,896. Otherwise denied, including as to the implication U.S. Trademark Application Serial No. 97/238,896 is dead or a final refusal has issued.

**REQUEST FOR ADMISSION NO. 16:**

Admit that in April 2023, the USPTO refused to register YOUR design mark, Serial No. 97/238902.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Plaintiff OpenAI objects to this Request on the basis that the term "USPTO refused to register" is vague and ambiguous. Plaintiff OpenAI objects to this Request on the ground that it is not relevant to the claims or defenses in this action. *See* Fed. R. Civ. P. 36(a) (request for admission limited to "any matters within the scope of Rule 26(b)(1)"); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 WL 5720731, at *3 (N.D. Cal. Nov. 5, 2019) (denying motion to compel responses to requests for admission where proponent "has not carried its burden of establishing that its requests satisfy relevancy and proportionality requirements")

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI admits that, in April 2023, a USPTO trademark examiner issued a Nonfinal Office Action regarding U.S. Trademark Application Serial No. 97/238,902. Otherwise, denied, including as to the implication that U.S. Trademark Application Serial No. 97/238,902 is dead or a final refusal has issued.

1 **REQUEST FOR ADMISSION NO. 17:**

2    Admit that YOU have never been contacted by a consumer who mistakenly associated

3 DEFENDANTS' goods or services with YOUR goods or services.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

5    Plaintiff OpenAI responds as follows: Denied.

6 **REQUEST FOR ADMISSION NO. 18:**

7    Admit that YOU have never been contacted by a consumer who mistakenly believed that

8 any content generated by DEFENDANTS' goods or services was generated by YOUR goods or

9 services.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

11    Plaintiff OpenAI responds as follows: Denied.

DATED: March 11, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Margret M. Caruso
    Margret M. Caruso (Bar No. 243473)
    margretcaruso@quinnemanuel.com
    QUINN EMANUEL URQUHART & SULLIVAN, LLP
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California 94065
    Telephone: (650) 801-5000
    Facsimile: (650) 801-5100

    *Attorneys for OpenAI, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on March 11, 2024.

*/s/ Dylan I. Scher*
Dylan I. Scher