QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000

Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:    (415) 875-6600

Dylan I. Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
295 Fifth Avenue
New York, New York 10016
Telephone:    (212) 849-7000

*Attorneys for OpenAI, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC. a Delaware corporation,<br><br>         Plaintiffs,<br><br>    v.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual,<br><br>         Defendants. | Case No: 4:23-cv-03918-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**PLAINTIFF'S SEALING STATEMENT REGARDING DOCUMENTS SUBMITTED WITH DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED PURSUANT TO LOCAL RULES 70-5(F)(3) AND 79(C)(1)** |

## I. INTRODUCTION

Plaintiff OpenAI, Inc. ("OpenAI") hereby requests that the Court seal certain information filed by Defendants Open Artificial Intelligence, Inc. and Guy Ravine (collectively "Defendants") in connection with the Opposition to OpenAI's Motion for Summary Judgment. On April 30, 2025, Defendants filed their Administrative Motion Pursuant to Local Rule 79-5(f) to Consider Whether Plaintiff's Material Should be Sealed. Under that rule, OpenAI is required to file "a statement and/or declaration as described in [Civil Local Rule 79-5](c)(1)" explaining why certain information filed by Defendants should be sealed. As explained in the Declaration of Michael Trinh, submitted concurrently with this statement, OpenAI designated the materials identified below as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the operative protective order because public disclosure of those materials would harm OpenAI's competitive standing. Accordingly, the Court should seal the materials identified herein.

## II. LEGAL STANDARD

Courts permit a party to seal judicial records if they meet "the compelling reasons standard" *See Regis Metro Assocs., Inc. v. NBR Co., LLC*, 2022 WL 267443, at *13 (N.D. Cal. Jan. 28, 2022) (quotations omitted). "In general, compelling reasons exist to seal materials that are sources of business information that might harm a litigant's competitive standing." *Id.* (quotations omitted). Similarly, courts in the Ninth Circuit recognize that such compelling reasons exist to seal "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials," as well as "confidential business information" such as "license agreements, financial terms, details of confidential licensing negotiations, and business strategies." *Id.* (quotations omitted); *see also Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (granting motion to seal "confidential business and financial information").

### III. PLAINTIFF OPENAI MOVES TO SEAL THE FOLLOWING INFORMATION

| Document | Portion to be Filed Under Seal | Reason |
|---|---|---|
| Defendants' Opposition To Plaintiff's Motion For Summary Judgment (Dkt. 264-1) | Highlighted text appearing on pages 1:9-10, 8-10, 11:28, 12 (Not the highlighted text on pages 1:12-13, 3, 5-7, 11:4-7, 11:11-15, 14, 17-19) | The highlighted portions of Defendants' Opposition To Plaintiff's Motion For Summary Judgment reveals the contents of OpenAI's highly confidential, competitively-sensitive market research. Publicly disclosing that information would harm OpenAI's competitive standing. See Trinh Decl. ¶¶ 3(a), 4. |
| Defendants' Responsive Separate Statement In Opposition To Plaintiff's Motion For Summary Judgment (Dkt. 264-2) | Highlighted text appearing on pages 3-5, 17, 20 (Not the highlighted text on page 19) | The highlighted portions of Defendants' Responsive Separate Statements reveals the contents of OpenAI's highly confidential, competitively-sensitive user metric data, market research, and financial data. Publicly disclosing that information would harm OpenAI's competitive standing. See Trinh Decl. ¶¶ 3(b), 4. |
| Defendants' Proposed Order Denying Plaintiff's Motion for Summary Judgment (Dkt. 264-3) | Highlighted text appearing on pages 2:3-6, 3 (Not the highlighted text on pages 2:8-11, 7) | The highlighted portions of Defendants' Proposed Order reveals the contents of OpenAI's highly confidential, competitively-sensitive market research. Publicly disclosing that information would harm OpenAI's competitive standing. See Trinh Decl. ¶¶ 3(c), 4. |
| Declaration of Larry Chiagouris (Dkt. 264-4) | Highlighted text appearing on pages 3:15-16, 3:24-25, 5:13-27, 6, 7:1-24, 8:3-17, 10:5-20 (Not the highlighted text on 2, 3:1-14, 3:17-23, 3:26-27, 4, 5:1-12, 7:25-27, 8:1-2, 8:18-27, 9, 10:1-4, 10:21-22) | The highlighted portions of the Declaration of Larry Chiagouris reveals the contents of OpenAI's highly confidential, competitively-sensitive market research. Publicly disclosing that information would harm OpenAI's competitive standing. See Trinh Decl. ¶¶ 3(d), 4. |
| Exhibits 1 and 2 to the Declaration of Larry Chiagouris (Dkt. 264-5, 264-6) | Entire documents | The entirety of Exhibits 1 and 2 to the Declaration of Larry Chiagouris consists of materials that reveal the contents of OpenAI's highly confidential, competitively-sensitive market research. Publicly disclosing that information would harm |

| | | OpenAI's competitive standing. *See* Trinh Decl. ¶¶ 3(e), 4. |
|---|---|---|
| Exhibit 1 to the Declaration of Alan Goedde (Dkt. 264-7) | Entire document | The entirety of Exhibit 1 to the Declaration of Alan Goedde reveals the contents of OpenAI's highly confidential, competitively-sensitive financial data. Publicly disclosing that information would harm OpenAI's competitive standing. *See* Trinh Decl. ¶¶ 3(f), 4. |
| Exhibit 2 to the Declaration of Breeanna Brewer (Dkt. 264-8) | Highlighted text appearing on pages 149-154 | The highlighted portions of Exhibit 2 to the Declaration of Breeanna Brewer reveals the contents of OpenAI's highly confidential, competitively-sensitive market research. Publicly disclosing that information would harm OpenAI's competitive standing. *See* Trinh Decl. ¶¶ 3(g), 4. |
| Exhibit 10 to the Declaration of Breeanna Brewer (Dkt. 264-9) | Highlighted text appearing on pages 53-55, 57-58, 61-62, 146-150, 153, 156-157 | The highlighted portions of Exhibit 10 to the Declaration of Breeanna Brewer reveal the contents of OpenAI's highly confidential, competitively-sensitive user metric data. Publicly disclosing that information would harm OpenAI's competitive standing. *See* Trinh Decl. ¶¶ 3(h), 4. |
| Exhibit 16 to the Declaration of Breeanna Brewer (Dkt. 264-12) | Highlighted text appearing on pages 9-19 | The highlighted portions of Exhibit 16 to the Declaration of Breeanna Brewer reveals the contents of OpenAI's highly confidential, competitively-sensitive market research. Publicly disclosing that information would harm OpenAI's competitive standing. *See* Trinh Decl. ¶¶ 3(i), 4. |
| Exhibit 34 to the Declaration of Breeanna Brewer (Dkt. 264-15) | Entire document | The entirety of Exhibit 34 to the Declaration of Breeanna Brewer consists of materials that reveal the contents of OpenAI's highly confidential, competitively-sensitive user metric data. Publicly disclosing that information would harm OpenAI's competitive standing. *See* Trinh Decl. ¶¶ 3(j), 4. |
| Exhibits 37-38 to the Declaration of Breeanna | Entire documents | The entirety of Exhibits 37-38 to the Declaration of Breeanna Brewer |

| Brewer<br><br>(Dkt. 264-16, 264-17) | | consists of materials that reveal the contents of OpenAI's highly confidential, competitively-sensitive market research. Publicly disclosing that information would harm OpenAI's competitive standing. *See* Trinh Decl. ¶¶ 3(k), 4. |
|---|---|---|

To clarify, Plaintiff OpenAI is not moving to seal the highlighted text in Exhibits 11 and 12 to the Declaration of Breeanna Brewer (Dkt. 264-10, 264-11). Plaintiff OpenAI is also not moving to seal Exhibits 27 and 28 to the Declaration of Breeanna Brewer (Dkt. 264-13, 264-14).

## IV.   OPENAI HAS ESTABLISHED A PROPER BASIS FOR SEALING

The Court should seal the above identified documents, or portions thereof, because Plaintiff OpenAI has identified compelling reasons to seal them.

As explained in the declaration of Michael Trinh, Associate General Counsel at OpenAI, Defendants' opposition to Plaintiff OpenAI's motion for summary judgment and supporting papers contain confidential information regarding revenues, sales, and expenses, including the report of Defendants' damages expert. *See* Trinh Decl. ¶¶ 3(b), 3(f). Public disclosure of such information would harm Plaintiff's competitive standing, including by giving competitors, or potential competitors, access to non-public information about Plaintiff's finances. *Id.* ¶ 4. For example, publicly revealing this revenue information would allow OpenAI's "competitors to use that information to their advantage in their own contract negotiations." *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1031 (S.D. Cal. 2021), *aff'd*, 2022 WL 1436146 (Fed. Cir. May 6, 2022) (sealing financial and business information). This is the kind of commercially sensitive material contemplated by Rule 26(c). Fed. R. Civ. P. 26(c)(1)(G) (a court may order that "trade secret[s] or other confidential research, development, or commercial information not be revealed"); *see Rodman v. Safeway Inc.*, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (sealing information relating to pricing strategy, business decision-making, and financial records); *Brown v. Brown*, 2013 WL 12400041, at *1 (N.D. Cal. Dec. 30, 2013) (sealing information relating to profits, losses, income, investments, and expenses deriving from financial statements); *see also VLSI Tech. LLC v. Intel Corp.*, 2023 WL 6317799, at *3 (N.D. Cal. Sept. 26, 2023) (sealing information including revenues,

profits and costs). Indeed, this Court has already permitted the sealing of similar financial information. *See* 3/21/25 Tr. at 38:19-20, 39:1-3.

In addition, other portions of Defendants' filing contains confidential information regarding Plaintiff's market research, which would also harm Plaintiff's competitive standing if released. *See* Trinh Decl. ¶¶ 3(a)-(b), 3(d)-(e), 3(g), 3(i), 3(k), 4. There is a compelling reason for the Court to keep under seal these documents because they reflect confidential and commercially sensitive information. *See Carmen Perez, v. Bath & Body Works, LLC*, 2022 WL 16836970, at *2 (N.D. Cal. Nov. 9, 2022) (sealing information related to market research, product positioning, product research and development, and product testing); *see also Space Data Corp. v. Alphabet Inc.*, 2019 WL 8012582, at *1 (N.D. Cal. July 17, 2019) (sealing information that includes confidential business development practices and the design and operation of a party's products and references to a party's confidential, internal projects); *see also* Fed. R. Civ. P. 26(c)(1)(G).

In addition, other portions of Defendants' filing contains confidential information regarding user metric data, which would also harm Plaintiff's competitive standing if released. *See* Trinh Decl. ¶¶ 3(h), 3 (j), 4. There is a compelling reason for the Court to keep under seal these documents because they reflect confidential and commercially sensitive information. *See Laatz v. Zazzle, Inc.*, 2025 WL 405702, at *4 (N.D. Cal. Feb. 5, 2025) (granting motion to seal "confidential information relating to the numbers of designers, designs, products, and users on Zazzle"); *Keirsey v. eBay, Inc.*, 2013 WL 5609318, at *3 (N.D. Cal. Oct. 11, 2013) (granting redactions for "the specific numbers of users and the amounts of optional fees they paid"); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2014 WL 7387206, at *1 (N.D. Cal. Dec. 19, 2014) (granting motion to seal references to "confidential customer lists, business practices and testing procedures").

Overall, Plaintiff's request to seal is narrowly tailored, limited to financial figures and user metric data that does not appear many times. *See Rodman*, 2015 WL 13673842, at *2 (granting motion to seal internal financial and business information where the request to seal was "narrowly tailored to seal only the sealable material"). No less restrictive alternative exists to safeguard such information from disclosure or to protect OpenAI from the harm that would likely result from such

disclosure. Trinh Decl. ¶ 4.  Plaintiff therefore respectfully requests that the Court allow the above-referenced material to remain sealed.

## V. CONCLUSION

For the foregoing reasons, Plaintiff OpenAI respectfully requests that its motion to seal be granted.

DATED: May 7, 2025                          Respectfully submitted,

                                            QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP


                                            By  /s/ Margret M. Caruso
                                                Margret M. Caruso
                                                Attorneys for OpenAI, Inc.