# EXHIBIT 25

**Brewer Declaration ISO Defendants' Opposition to Plaintiff's Motion for Summary Judgment**

| | |
|---|---|
| **To:** | Rebecca McCurry(tmcentral@pirkeybarber.com) |
| **Subject:** | U.S. Trademark Application Serial No. 97238896 - OPENAI - OPAI003US |
| **Sent:** | February 23, 2023 03:12:12 PM EST |
| **Sent As:** | tmng.notices@uspto.gov |

**Attachments**

5258002

## United States Patent and Trademark Office (USPTO)
### Office Action (Official Letter) About Applicant's Trademark Application

**U.S. Application Serial No.** 97238896

**Mark:** OPENAI

**Correspondence Address:**
Rebecca McCurry
PIRKEY BARBER PLLC
1801 EAST 6TH STREET, SUITE 300
AUSTIN TX 78702 UNITED STATES

**Applicant:** OpenAI, Inc.

**Reference/Docket No.** OPAI003US

**Correspondence Email Address:** tmcentral@pirkeybarber.com

# NONFINAL OFFICE ACTION

**Response deadline.** File a response to this nonfinal Office action within three months of the "Issue date" below to avoid abandonment of the application. Review the Office action and respond using one of the links to the appropriate electronic forms in the "How to respond" section below.

**Request an extension.** For a fee, applicant may request one three-month extension of the response deadline prior to filing a response. The request must be filed within three months of the "Issue date" below. If the extension request is granted, the USPTO must receive applicant's response to this letter within six months of the "Issue date" to avoid abandonment of the application.

**Issue date:** February 23, 2023

The Office of the Deputy Commissioner for Trademark Examination Policy has considered a Letter of Protest received in connection with this application. The evidence presented in the submission was forwarded to the trademark examining attorney for consideration. *See* TMEP §1715.

Exhibit
0051

Page 001

The trademark examining attorney is incorporating this evidence by reference and taking further action, as specified below. *See* TMEP §1715.03(a).

In addition to the refusal in this Office action, all refusals in the Office action dated January 3, 2023, are herein incorporated by reference. Therefore, a proper response to this Office action must address each issue raised in the preceding Office action as well as in this Office action.

## SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 5258002. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq*. See the attached registration.

Trademark Act Section 2(d) bars registration of an applied-for mark that is so similar to a registered mark that it is likely consumers would be confused, mistaken, or deceived as to the commercial source of the goods and/or services of the parties. *See* 15 U.S.C. §1052(d). Likelihood of confusion is determined on a case-by-case basis by applying the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) (called the "*du Pont* factors"). *In re i.am.symbolic, llc*, 866 F.3d 1315, 1322, 123 USPQ2d 1744, 1747 (Fed. Cir. 2017). Any evidence of record related to those factors need be considered; however, "not all of the *DuPont* factors are relevant or of similar weight in every case." *In re Guild Mortg. Co.*, 912 F.3d 1376, 1379, 129 USPQ2d 1160, 1162 (Fed. Cir. 2019) (quoting *In re Dixie Rests., Inc.*, 105 F.3d 1405, 1406, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997)).

Although not all *du Pont* factors may be relevant, there are generally two key considerations in any likelihood of confusion analysis: (1) the similarities between the compared marks and (2) the relatedness of the compared goods and/or services. *See In re i.am.symbolic, llc*, 866 F.3d at 1322, 123 USPQ2d at 1747 (quoting *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002)); *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1103, 192 USPQ 24, 29 (C.C.P.A. 1976) ("The fundamental inquiry mandated by [Section] 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods [or services] and differences in the marks."); TMEP §1207.01.

*Similarity of the Marks*

The applicant's mark is OPENAI.  The registrant's mark is OPEN AI.

The applicant's mark is essentially identical to the registrant's mark.  The space between OPEN and AI in the registrant's mark does not change the commercial impression of the marks. Punctuation is generally not sufficient to alter the connotation and overall commercial impression of otherwise confusingly similar marks and, as such, is not sufficient to distinguish marks. *See, e.g.*, *In re St. Helena Hosp.*, 774 F.3d 747, 750-51, 113 USPQ2d 1082, 1084-85 (Fed. Cir. 2014) (finding punctuation in registrant's mark, TAKE 10!, did not alter the pronunciation or distinguish it in any significant way from applicant's mark, TAKETEN); *Mini Melts, Inc. v. Reckitt Benckiser LLC*, 118 USPQ2d 1464, 1470 (TTAB 2016) (finding "the hyphen in [a]pplicant's mark MINI-MELTS [did] not distinguish it from [o]pposer's mark [MINI MELTS]"); *Mag Instrument Inc. v. Brinkmann Corp.*, 96 USPQ2d 1701, 1712 (TTAB 2010) (citing *Goodyear Tire & Rubber Co. v. Dayco Corp.*, 201 USPQ 485, 488 n.1 (TTAB 1978)) (finding hyphen did not distinguish opposer's mark, MAG-NUM STAR, from

applicant's mark, MAGNUM MAXFIRE).

*Relatedness of the Goods and Services*

The applicant's goods and services are:

> "Downloadable computer programs and downloadable computer software using artificial intelligence for natural language processing, generation, understanding and analysis; downloadable computer programs and downloadable computer software for machine learning; downloadable computer programs and downloadable computer software for image recognition and generation; downloadable computer programs and downloadable computer software using artificial intelligence for music generation; downloadable computer programs and downloadable computer software for artificial intelligence, namely, computer software for developing, running and analyzing algorithms that are able to learn to analyze, classify, and take actions in response to exposure to data; downloadable computer software for simulation environments for the purpose of testing artificial intelligence agents, algorithms or programs" and

"Research and development services in the field of artificial intelligence; research, design and development of computer programs and software; Software as a service (SAAS) services featuring software using artificial intelligence for natural language processing, generation, understanding and analysis; providing online non-downloadable software for developing, running and analyzing algorithms that are able to learn to analyze, classify, and take actions in response to exposure to data; software as a service (SAAS) services featuring software for using language models; providing online non-downloadable software for machine-learning based language and speech processing; providing online non-downloadable software for the translation text from one language to another; providing online non-downloadable software for sharing datasets for the purpose of machine learning, predictive analytics, and building language models; application service provider featuring application programming interface (API) software; providing online non-downloadable software for simulation environments for the purpose of testing artificial intelligence agents, algorithms or programs; providing online non-downloadable software for application development."

The registrant's services are:

> "Providing a web site featuring technology that enables internet users to share documents, images and videos."

The applicant's goods and services are related to the registrant's services because all feature technology involving documents images and videos.

Moreover, determining likelihood of confusion is based on the description of the goods and/or services stated in the application and registration at issue, not on extrinsic evidence of actual use. *See In re Detroit Athletic Co.*, 903 F.3d 1297, 1307, 128 USPQ2d 1047, 1052 (Fed. Cir. 2018) (citing *In re i.am.symbolic, llc*, 866 F.3d 1315, 1325, 123 USPQ2d 1744, 1749 (Fed. Cir. 2017)).

In this case, the registration uses broad wording to describe a website featuring technology that enables users to share documents, images and videos, which presumably encompasses all goods and/or services of the type described, including applicant's more narrow software and software services. *See, e.g.*, *Made in Nature, LLC v. Pharmavite LLC*, 2022 USPQ2d 557, at *44 (TTAB 2022); *In re Solid State*

*Design Inc.*, 125 USPQ2d 1409, 1412-15 (TTAB 2018); *Sw. Mgmt., Inc. v. Ocinomled, Ltd.*, 115 USPQ2d 1007, 1025 (TTAB 2015). Thus, applicant's and registrant's goods and services are legally identical. *See, e.g.*, *In re i.am.symbolic, llc*, 127 USPQ2d 1627, 1629 (TTAB 2018) (citing *Tuxedo Monopoly, Inc. v. Gen. Mills Fun Grp., Inc.*, 648 F.2d 1335, 1336, 209 USPQ 986, 988 (C.C.P.A. 1981); *Inter IKEA Sys. B.V. v. Akea, LLC*, 110 USPQ2d 1734, 1745 (TTAB 2014); *Baseball Am. Inc. v. Powerplay Sports Ltd.*, 71 USPQ2d 1844, 1847 n.9 (TTAB 2004)).

Additionally, the goods and/or services of the parties have no restrictions as to nature, type, channels of trade, or classes of purchasers and are "presumed to travel in the same channels of trade to the same class of purchasers." *In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012) (quoting *Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1268, 62 USPQ2d 1001, 1005 (Fed. Cir. 2002)); *Made in Nature, LLC v. Pharmavite LLC*, 2022 USPQ2d 557, at *49. Thus, applicant's and registrant's goods and/or services are related.

Lastly, where the marks of the respective parties are identical or virtually identical, as in this case, the degree of similarity or relatedness between the goods and/or services needed to support a finding of likelihood of confusion declines. *See In re Country Oven, Inc.*, 2019 USPQ2d 443903, at *5 (TTAB 2019) (citing *In re i.am.symbolic, llc*, 116 USPQ2d 1406, 1411 (TTAB 2015), *aff'd*, 866 F.3d 1315, 123 USPQ2d 1744 (Fed. Cir. 2017)); TMEP §1207.01(a); *see also In re Shell Oil Co.*, 992 F.2d 1204, 1207, 26 USPQ2d 1687, 1689 (Fed. Cir. 1993).

Accordingly, because confusion as to source is likely, registration is refused under Trademark Act Section 2(d).

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

## **RESPONSE GUIDELINES**

**Response guidelines**. For this application to proceed, applicant must explicitly address each refusal and/or requirement in this Office action. For a refusal, applicant may provide written arguments and evidence against the refusal, and may have other response options if specified above. For a requirement, applicant should set forth the changes or statements. Please see "Responding to Office Actions" and the informational video "Response to Office Action" for more information and tips on responding.

Please call or email the assigned trademark examining attorney with questions about this Office action. Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.** File a response form to this nonfinal Office action or file a request form for an extension of time to file a response.

Page 004

/Robert Struck/
Robert Struck
Examining Attorney
LO109--LAW OFFICE 109
(571) 272-1513
Robert.Struck@USPTO.GOV

## RESPONSE GUIDANCE

- **Missing the deadline for responding to this letter will cause the application to abandon.** A response or extension request must be received by the USPTO before 11:59 p.m. **Eastern Time** of the last day of the response deadline. Trademark Electronic Application System (TEAS) system availability could affect an applicant's ability to timely respond. For help resolving technical issues with TEAS, email TEAS@uspto.gov.

- Responses signed by an unauthorized party are not accepted and can **cause the application to abandon**. If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find** contact information for the supervisor of the office or unit listed in the signature block.

Print: Thu Feb 23 2023   **86847151**

**(4) STANDARD CHARACTER MARK**

Open AI

**Mark Punctuated**
OPEN AI

**Translation**

**Goods/Services**

- IC 042. US 100 101.G & S: Providing a web site featuring technology that enables internet users to share documents, images and videos. FIRST USE: 20150325. FIRST USE IN COMMERCE: 20150325

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Design Code**

**Serial Number**
86847151

**Filing Date**
20151211

**Current Filing Basis**
1A

**Original Filing Basis**
1A

**Publication for Opposition Date**

**Registration Number**
5258002

**Date Registered**
20170801

**Owner**
(REGISTRANT) Guy Ravine INDIVIDUAL UNITED STATES 346 1st st San Francisco CALIFORNIA 94105

**Priority Date**

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "AI" APART FROM THE MARK AS SHOWN

**Description of Mark**

**Type of Mark**
SERVICE MARK

**Register**

SUPPLEMENTAL

**Live Dead Indicator**
LIVE

**Attorney of Record**
Jake Farrar

# United States Patent and Trademark Office (USPTO)

# USPTO OFFICIAL NOTICE

Office Action (Official Letter) has issued
on February 23, 2023 for
**U.S. Trademark Application Serial No. 97238896**

A USPTO examining attorney has reviewed your trademark application and issued an Office action.  You must respond to this Office action to avoid your application abandoning.  Follow the steps below.

**(1)  Read the Office action**.  This email is NOT the Office action.

**(2)  Respond to the Office action by the deadline** using the Trademark Electronic Application System (TEAS).  Your response, or extension request, must be received by the USPTO on or before 11:59 p.m. **Eastern Time** of the last day of the response deadline.  Otherwise, your application will be abandoned.  See the Office action itself regarding how to respond.

**(3)  Direct general questions** about using USPTO electronic forms, the USPTO website, the application process, the status of your application, and whether there are outstanding deadlines to the Trademark Assistance Center (TAC).

After reading the Office action, address any question(s) regarding the specific content to the USPTO examining attorney identified in the Office action.

## GENERAL GUIDANCE

- **Check the status** of your application periodically in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

- **Update your correspondence email address** to ensure you receive important USPTO notices about your application.

- **Beware of trademark-related scams**.  Protect yourself from people and companies that may try to take financial advantage of you.  Private companies may call you and pretend to be the USPTO or may send you communications that resemble official USPTO documents to trick you.  We will never request your credit card number or social security number over the phone.  Verify the correspondence originated from us by using your serial number in our database, TSDR, to confirm that it appears under the "Documents" tab, or contact the Trademark Assistance Center.

- **Hiring a U.S.-licensed attorney.**  If you do not have an attorney and are not required to

have one under the trademark rules, we encourage you to hire a U.S.-licensed attorney specializing in trademark law to help guide you through the registration process. The USPTO examining attorney is not your attorney and cannot give you legal advice, but rather works for and represents the USPTO in trademark matters.