# EXHIBIT 50

**Brewer Declaration ISO Defendants'
Opposition to Plaintiff's Motion for
Summary Judgment**

1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2  Robert P. Feldman (Bar No. 69602)
    bobfeldman@quinnemanuel.com
3  Margret M. Caruso (Bar No. 243473)
    margretcaruso@quinnemanuel.com
4  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
5  Telephone:    (650) 801-5000

6  Robert M. Schwartz (Bar No. 117166)
    robertschwartz@quinnemanuel.com
7  Aaron H. Perahia (Bar No. 304554)
    aaronperahia@quinnemanuel.com
8  865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017-2543
9  Telephone:    (213) 443-3000

10 Sam S. Stake (Bar No. 257916)
    samstake@quinnemanuel.com
11 50 California Street, 22nd Floor
   San Francisco, California 94111-4624
12 Telephone:    (415) 875-6600

13 Dylan I. Scher (*pro hac vice*)
    dylanscher@quinnemanuel.com
14 51 Madison Avenue, 22nd Floor
   New York, New York 10010
15 Telephone:    (212) 849-7000

16 *Attorneys for OpenAI, Inc.*

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
 osnyder@gibsondunn.com
200 Park Avenue
New York, New York 10166-0193
Telephone:    (212) 351-4000

Brian M. Lutz (Bar No. 255976)
 blutz@gibsondunn.com
Rosemarie T. Ring (Bar No. 220769)
 rring@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone:    (415) 393-8200

*Attorneys for OpenAI, Inc.*

17 **UNITED STATES DISTRICT COURT**

18 **NORTHERN DISTRICT OF CALIFORNIA**

19 **OAKLAND DIVISION**

20 OPENAI, INC., a Delaware corporation,

21          Plaintiff,

22     vs.

23 OPEN ARTIFICIAL INTELLIGENCE, INC.,
   a Delaware corporation; and GUY RAVINE, an
24 individual,

25          Defendants.

26 ─────────────────────────────

27 AND RELATED COUNTERCLAIMS.

28

Case No. 4:23-cv-03918-YGR

Assigned to the Hon. Yvonne Gonzalez Rogers

**PLAINTIFF OPEN AI INC.'S
RESPONSES TO DEFENDANT OPEN
ARTIFICIAL INTELLIGENCE, INC.'S
INTERROGATORIES (SET ONE)**

1    Plaintiff OpenAI, Inc. ("Plaintiff' or "OpenAI") objects and responds as follows to

2 Defendant Open Artificial Intelligence, Inc.'s ("Defendant" or "Open Artificial Intelligence")

3 First Set of Interrogatories (the "Interrogatories," or individually, each "Interrogatory").

### OBJECTIONS APPLICABLE TO EACH INTERROGATORY

5    1.    Plaintiff OpenAI objects to the Interrogatories and the Instructions therein, including

6 Instruction No. 1, to the extent that they purport to impose obligations beyond those imposed by the

7 Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the

8 Northern District of California, or any other applicable rule or law.  Without waiver or limitation of

9 any of the objections set forth below, Plaintiff OpenAI will construe the Requests consistently with

10 the applicable rules.

11    2.    Plaintiff OpenAI objects to the definition of "IDENTIFY" as vague, ambiguous,

12 unduly burdensome, costly, oppressive, and not proportional to the needs of the case, considering

13 the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, to the extent this

14 definition purports to include stating all facts known that bear upon the matter that is subject to the

15 inquiry, including every person involved in such facts.  As used by Plaintiff OpenAI in its responses

16 to the Interrogatories, "IDENTIFY" does not include every person involved in facts known that bear

17 upon the matter that is subject to the inquiry.

18    3.    Plaintiff OpenAI objects to the definition of "YOU" or "YOUR" as vague,

19 ambiguous, unduly burdensome, costly, oppressive, and not proportional to the needs of the case,

20 considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, to the

21 extent this definition captures entities or individuals over whose knowledge or information Plaintiff

22 OpenAI does not have access, custody, or control.  As used by Plaintiff OpenAI in its responses to

23 the Interrogatories, "YOU" or "YOUR means "Plaintiff OpenAI, Inc. and its subsidiaries"

24    4.    Plaintiff OpenAI objects to the definition of "UNIVERSE" as it assumes facts that

25 are inaccurate and not in evidence.  Specifically, OpenAI objects to the characterization of

26 "UNIVERSE" as "a school for artificial intelligence," which mischaracterizes the nature of Plaintiff

27 OpenAI's Universe.  As used by Plaintiff OpenAI in its responses to the Interrogatories,

28

1  "UNIVERSE" means a software platform for measuring and training an artificial intelligence's

2  general intelligence across the world's supply of games, websites and other applications.

3       5.      Plaintiff OpenAI's decision to provide any requested information, notwithstanding

4  the objectionable nature of any of the Interrogatories themselves, is not: (a) a concession that the

5  information is relevant to this proceeding; (b) a waiver of Plaintiff OpenAI's Objections Applicable

6  to Each Interrogatory or the objections asserted in response to specific Interrogatories; or (c) an

7  agreement that requests for similar information will be treated in a similar manner.

8       6.      Plaintiff OpenAI's responses to the Interrogatories are without waiver or limitation

9  of its right to object to the use of any information referenced or contained therein, on grounds of

10  competency, relevancy, materiality, privilege, admissibility as evidence for any purpose, or any

11  other ground, in any subsequent proceeding or hearing in, or the trial of, this or any other action.

12  Each response is without prejudice to, or waiver of, any objection Plaintiff OpenAI may make to

13  any future use of such information.  Plaintiff OpenAI likewise reserves the right to object to other

14  discovery procedures involving or relating to the subject matter of any information produced in

15  response to these Interrogatories.

16       7.      Plaintiff OpenAI objects to the Interrogatories to the extent they call for a response

17  to facts, or the application of law to fact, or opinions about either, that are not relevant to any party's

18  claims or defense, or and are not proportional to the needs of the case, considering Defendant's

19  positions taken in this case and the factors provided by Rule 26(b)(1) of the Federal Rules of Civil

20  Procedure, or are otherwise beyond the scope of permissible discovery.

21       8.      Plaintiff OpenAI objects to the time periods called for in the Interrogatories, on the

22  grounds that they are arbitrary, overly broad, unduly burdensome and are not proportional to the

23  needs of the case, considering Defendant's positions taken in this case and the factors provided by

24  Rule 26(b)(1) of the Federal Rules of Civil Procedure, or are otherwise beyond the scope of

25  permissible discovery.

26       9.      Plaintiff OpenAI objects to the Interrogatories to the extent they presume the

27  existence of certain facts, or are based on assumptions, neither proven by Defendant, nor admitted

28  by Plaintiff OpenAI.  Plaintiff OpenAI's willingness to respond to any Interrogatory does not

constitute in any manner Plaintiff OpenAI's admission to any of the assertions set forth or assumed in a request, nor constitute a waiver of Plaintiff OpenAI's objections thereto.

10.    Plaintiff OpenAI reserves the right to assert additional objections to these Interrogatories as appropriate and to modify, supplement, or otherwise change or amend its objections and responses as new information is obtained, as the Court makes legal determinations, or because the matter is pending further investigation and discovery.  The information contained in Plaintiff OpenAI's objections and responses is also subject to correction for omissions or errors.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY all goods and services You offer, have offered, intend to offer, including the date range of offerings for each such good and service, where (a) PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK was placed in any manner on the goods or their containers or the displays associated therewith or on the tags or label affixed thereto, or on documents associated with the goods or their sale, or (B) PLAINTIFF'S WORD MARK or PLAINTIFF'S COMPOSITE LOGO MARK was used or displayed in the sale or advertising of the services.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff OpenAI objects to this Interrogatory as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that it seeks information that is publicly available or can be obtained from some other source that is more convenient, less burdensome, or less expensive; and to the extent that it seeks information that post-date the filing of the Complaint in this Action, including about future offerings, that is not likely to be relevant to any claim or defense at issue in this case.  Plaintiff OpenAI further objects to this Interrogatory as the term "IDENTIFY" is overly broad and unduly burdensome, particularly as it relates to facts and events, to the extent it requires stating "all facts known that bear upon or are related to" the subject matter and identifying :each (known) PERSON or entity whose action, inaction, or reaction constitutes a part of such facts," as such an Interrogatory is impossibly expansive and would require an

unreasonable amount of time and resources to compile.  Plaintiff OpenAI further objects to this Interrogatory to the extent it seeks confidential and proprietary business information, particularly regarding future offerings, the disclosure of which could harm Plaintiff's competitive position and qualifies for the protections under Rule 26(c) of the Federal Rules of Civil Procedure.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows:  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff OpenAI states that the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing OpenAI's business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  The relevant information is reflected in the documents produced with the following beginning Bates stamp numbers:  OPENAI_RAV-00002529,  OPENAI_RAV-00002643, OPENAI_RAV-00002647,  OPENAI_RAV-00002651,  OPENAI_RAV-00002654, OPENAI_RAV-00002660,  OPENAI_RAV-00002666,  OPENAI_RAV-00002675, OPENAI_RAV-00002679,  OPENAI_RAV-00002682,  OPENAI_RAV-00002691, OPENAI_RAV-00002698,  OPENAI_RAV-00002704,  OPENAI_RAV-00002711, OPENAI_RAV-00002715,  OPENAI_RAV-00002757,  OPENAI_RAV-00002760, OPENAI_RAV-00002789,  OPENAI_RAV-00002799,  OPENAI_RAV-00002807, OPENAI_RAV-00002812,  OPENAI_RAV-00002841,  OPENAI_RAV-00002846, OPENAI_RAV-00002854,  OPENAI_RAV-00002869,  OPENAI_RAV-00002878, OPENAI_RAV-00002887,  OPENAI_RAV-00002892,  OPENAI_RAV-00002899, OPENAI_RAV-00002904,  OPENAI_RAV-00002910,  OPENAI_RAV-00002916, OPENAI_RAV-00002930,  OPENAI_RAV-00002936,  OPENAI_RAV-00002943, OPENAI_RAV-00002953,  OPENAI_RAV-00002973,  OPENAI_RAV-00002984, OPENAI_RAV-00002991,  OPENAI_RAV-00002996,  OPENAI_RAV-00003011, OPENAI_RAV-00003025,  OPENAI_RAV-00003039,  OPENAI_RAV-00003045, OPENAI_RAV-00003049,  OPENAI_RAV-00003063,  OPENAI_RAV-00003075, OPENAI_RAV-00003082,  OPENAI_RAV-00003094,  OPENAI_RAV-00003108, OPENAI_RAV-00003132,  OPENAI_RAV-00003151,  OPENAI_RAV-00003161,

| | | |
|---|---|---|
| OPENAI_RAV-00003181, | OPENAI_RAV-00003184, | OPENAI_RAV-00003187, |
| OPENAI_RAV-00003191, | OPENAI_RAV-00003195, | OPENAI_RAV-00003200, |
| OPENAI_RAV-00003203, | OPENAI_RAV-00003207, | OPENAI_RAV-00003214, |
| OPENAI_RAV-00003219, | OPENAI_RAV-00003222, | OPENAI_RAV-00003229, |
| OPENAI_RAV-00003243, | OPENAI_RAV-00003248, | OPENAI_RAV-00003252, |
| OPENAI_RAV-00003256, | OPENAI_RAV-00003262, | OPENAI_RAV-00003272, |
| OPENAI_RAV-00003280, | OPENAI_RAV-00003284, | OPENAI_RAV-00003293, |
| OPENAI_RAV-00003300, | OPENAI_RAV-00003308, | OPENAI_RAV-00003311, |
| OPENAI_RAV-00003317, | OPENAI_RAV-00003320, | OPENAI_RAV-00003323, |
| OPENAI_RAV-00003327, | OPENAI_RAV-00003330, | OPENAI_RAV-00003339, |
| OPENAI_RAV-00003347, | OPENAI_RAV-00003361, | OPENAI_RAV-00003373, |
| OPENAI_RAV-00003386, | OPENAI_RAV-00003391, | OPENAI_RAV-00003396, |
| OPENAI_RAV-00003406, | OPENAI_RAV-00003419, | OPENAI_RAV-00003429, |
| OPENAI_RAV-00003437, | OPENAI_RAV-00003445, | OPENAI_RAV-00003452, |
| OPENAI_RAV-00003459, | OPENAI_RAV-00003462, | OPENAI_RAV-00003473, |
| OPENAI_RAV-00003476, | OPENAI_RAV-00003480, | OPENAI_RAV-00003493, |
| OPENAI_RAV-00003500, | OPENAI_RAV-00003504, | OPENAI_RAV-00003514, |
| OPENAI_RAV-00003519, | OPENAI_RAV-00003529, | OPENAI_RAV-00003535, |
| OPENAI_RAV-00003541, | OPENAI_RAV-00003544, | OPENAI_RAV-00003548, |
| OPENAI_RAV-00003552, | OPENAI_RAV-00003562, | OPENAI_RAV-00003567, |
| OPENAI_RAV-00003571, | OPENAI_RAV-00003576, | OPENAI_RAV-00003581, |

and OPENAI_RAV-00003586.

**INTERROGATORY NO. 2:**

IDENTIFY all other uses YOU have made or intend to make of the PLAINTIFF'S WORD MARK and/or PLAINTIFF'S COMPOSITE LOGO MARK, including the date ranges of such uses.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff OpenAI objects to this Interrogatory as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the

1  Federal Rules of Civil Procedure, including to the extent that: (i) the terms "other" and "uses" are

2  vague and ambiguous, particularly given Instruction No. 5 to the Interrogatories, which states that

3  "[e]ach Interrogatory should be construed independently" and "[u]nless an Interrogatory expressly

4  provides otherwise, no Interrogatory should be construed by reference to any other Interrogatory for

5  the purpose of limiting the scope of response to such Interrogatory"; (ii) it seeks identification of all

6  "uses" of the marks, which is overly broad and unduly burdensome if this refers to every instance

7  in which the marks appear in any context (e.g., every verbal or documentary mention, business

8  cards, emails sent to or from an openai.com address); (iii) it seeks information that is publicly

9  available or can be obtained from some other source that is more convenient, less burdensome, or

10  less expensive; (iv) it seeks information that post-dates the filing of the Complaint in this Action,

11  including about future offerings, that is not likely to be relevant to any claim or defense at issue in

12  this case.  Plaintiff OpenAI further objects to this Interrogatory as the term "IDENTIFY" is overly

13  broad and unduly burdensome, particularly as it relates to facts and events, to the extent it requires

14  stating "all facts known that bear upon or are related to" the subject matter and identifying "each

15  (known) PERSON or entity whose action, inaction, or reaction constitutes a part of such facts," as

16  such an Interrogatory is impossibly expansive and would require an unreasonable amount of time

17  and resources to compile.  Plaintiff OpenAI further objects to this Interrogatory to the extent it seeks

18  confidential and proprietary business information, particularly regarding future offerings, the

19  disclosure of which could harm Plaintiff OpenAI's competitive position and qualifies for the

20  protections under Rule 26(c) of the Federal Rules of Civil Procedure.  Plaintiff OpenAI further

21  objects to this Interrogatory as premature to the extent it relates to the counterclaims, which are the

22  subject of a pending motion to dismiss.

23          Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

24  responds as follows:  Plaintiff OpenAI is available to meet and confer about the meaning, scope,

25  and relevance of this Interrogatory.

26

27

28

1    **INTERROGATORY NO. 3:**

2        IDENTIFY all facts relating to YOUR decision to use the "OpenAI" name including the

3    conception or selection of the name or mark, who chose it, when, why, and all meaning YOU

4    associate with it.

5    **RESPONSE TO INTERROGATORY NO. 3:**

6        Plaintiff OpenAI objects to this Interrogatory to the extent it seeks information protected by

7    the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

8    Plaintiff OpenAI further objects to this Interrogatory as vague as to time, as it fails to specify a

9    relevant time period.  Plaintiff OpenAI further objects to this Interrogatory as premature to the extent

10   it seeks information that relates to counterclaims, which are the subject of a pending motion to

11   dismiss.  Plaintiff OpenAI further objects to this Interrogatory as unduly burdensome, overbroad,

12   and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of

13   the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks "all facts relating to"

14   the decision to use the "OpenAI" name, which is overly broad as innumerable factors may have

15   influenced this decision; (ii) it goes beyond the decision to adopt the name; and (iii) it seeks

16   information that is publicly available or can be obtained from some other source that is more

17   convenient, less burdensome, or less expensive.   Plaintiff OpenAI further objects to this

18   Interrogatory as the term "IDENTIFY" is overly broad and unduly burdensome, particularly as it

19   relates to facts and events, to the extent it requires stating "all facts known that bear upon or are

20   related to" use at any point in time, including every person involved in such use, as such an

21   Interrogatory is impossibly expansive and would require an unreasonable amount of time and

22   resources to compile.  Plaintiff OpenAI further objects to the definitions of "YOU" and "YOUR"

23   as overbroad and unduly burdensome, and it will interpret this term to mean "Plaintiff OpenAI, Inc.

24   and its subsidiaries" and those involved in the naming decision.

25       Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI

26   responds as follows:  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff

27   OpenAI states that the answer to this Interrogatory may be determined by examining, auditing,

28   compiling, abstracting, or summarizing OpenAI's business records (including electronically stored

information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. The relevant information is reflected in the document produced with the following beginning Bates stamp numbers: OPENAI_RAV-00003612.

**INTERROGATORY NO. 4:**

IDENTIFY all PERSONS with knowledge of YOUR decision to use the "OpenAI" name including the conception or selection of the name or mark, who chose it, when, AND why.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff OpenAI objects to this Interrogatory as vague, particularly with respect to the phrase "to use," which is unlimited as to time. Plaintiff OpenAI will interpret this phrase to mean "to adopt" for the purposes of this response. Plaintiff OpenAI further objects to this Interrogatory as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it goes beyond the decision "to adopt" the name; (ii) it is impossible to have total knowledge of others' knowledge, including past employees and others no longer part of OpenAI; and (iii) the fact of the decision is publicly available or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Plaintiff OpenAI further objects to the definitions of "YOU" and "YOUR" as overbroad and unduly burdensome, and it will interpret this term to mean "Plaintiff OpenAI, Inc. and its subsidiaries" for the purposes of this response.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff OpenAI states that the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing OpenAI's business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. The relevant information is reflected in the document produced with the following beginning Bates stamp numbers: OPENAI_RAV-00003612.

**INTERROGATORY NO. 5:**

IDENTIFY all PERSONS known to YOU who were aware of or had knowledge of the open.ai domain or any other websites, goods, services, tools, or forums affiliated with Guy Ravine before November 2022.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff OpenAI objects to this Interrogatory as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks information about knowledge after December 11, 2015 given Defendant Ravine's communications with Plaintiff OpenAI on that date; (ii) it requests identification of "all PERSONS," which is overly broad as it is impossible to have total knowledge of others' knowledge, including all employees, directors, officers, affiliates, related entities, and agents, including past employees and others no longer part of OpenAI; and (iii) it seeks information beyond the open.ai domain or any website claimed to be used by Guy Ravine in connection with Open AI, including previous filings and other unspecified websites, goods, services, tools, or forums. Plaintiff OpenAI further objects to the definition of "YOU" as overbroad and unduly burdensome, and it will interpret this term to mean "Plaintiff OpenAI, Inc. and anyone involved with the naming decision who is an employee of the company" for the purposes of this response.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Based on current information and belief following a reasonable and diligent investigation, and subject to ongoing investigation and discovery in this matter, OpenAI is not presently aware of anyone who was part of the decision to name the company OpenAI who was aware of Guy Ravine, the open.ai domain, or the hub.open.ai subdomain before deciding on the OpenAI name or before its announcing on December 11, 2015.

**INTERROGATORY NO. 6:**

IDENTIFY all PERSONS with knowledge of any due diligence or research conducted into the "OpenAI" name or similar variants thereof before January 1, 2016, including trademark

searches, market research, focus groups, surveys, perception studies, discussions with potential investors or advisors, or any other research.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff OpenAI objects to this Interrogatory as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it requests identification of "all PERSONS," which is overly broad as it is impossible to have total knowledge of others' knowledge, including past employees and others no longer part of OpenAI, particularly regarding knowledge acquired after the announcement of the name; and (ii) it seeks information that has been previously provided in filings. Plaintiff OpenAI further objects to this Interrogatory as seeking information that is irrelevant to the extent it relates to knowledge acquired after the naming decision was announced. Plaintiff OpenAI further objects to this Interrogatory as premature to the extent it relates to counterclaims, which are the subject of a pending motion to dismiss. Plaintiff OpenAI further objects to this Interrogatory as vague with respect to the terms "similar variants," "due diligence," and the specified period. For the purposes of this response, Plaintiff OpenAI will construe the Interrogatory as seeking information about knowledge prior to the announcement of the name.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff OpenAI states that the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing OpenAI's business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. The relevant information is reflected in the documents produced with the following beginning Bates stamp numbers: OPENAI_RAV-00001411 and OPENAI_RAV-00003612.

**INTERROGATORY NO. 7:**

IDENTIFY all DOCUMENTS prepared by YOU or on YOUR behalf RELATING TO consumer attitudes, perception or beliefs of the "OpenAI" name, including marketing studies, advertising studies, focus group research, surveys, and other similar materials.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff OpenAI objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Plaintiff OpenAI further objects to this Interrogatory as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) the phrase "RELATING TO" is overly broad and could encompass a vast amount of documents with only tangential relevance to the subject matter; and (ii) it calls for identification of briefs or declarations filed in this lawsuit, which are already part of the public record and equally accessible to all parties. Plaintiff OpenAI further objects to the definitions of "YOU" and "YOUR" as overbroad and unduly burdensome, and it will interpret this term to mean "Plaintiff OpenAI, Inc. and its subsidiaries" for the purposes of this response.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff OpenAI states that the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing OpenAI's business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. The relevant information is reflected in the documents prepared for the purpose of addressing consumer attitudes about, perception of, or beliefs about the "OpenAI" name, such as marketing studies, advertising studies, focus group research, surveys, including the following: (i) the Declaration of Dr. Scott D. Swain In Support Of OpenAI, Inc.'s Motion For A Preliminary Injunction (Dkt. 24), and (ii) Exhibits A-I To Declaration of Dr. Scott D. Swain In Support Of OpenAI, Inc.'s Motion For A Preliminary Injunction (Dkts. 24-1-24-9).

**INTERROGATORY NO. 8:**

State the date when YOU contend that the "OpenAI" mark acquired secondary meaning and all reasons why YOU contend the mark acquired secondary meaning on that date.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff OpenAI objects to the definition of "YOU" as overbroad and unduly burdensome, and it will interpret this term to mean "Plaintiff OpenAI, Inc. and its subsidiaries" for the purposes of this response.  Plaintiff OpenAI further objects to this Interrogatory as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks information from entities or individuals other than OpenAI itself; and (ii) it requests "all reasons" why the mark acquired secondary meaning, which is overly broad and could encompass an unreasonably large amount of information and analysis.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows:  Plaintiff OpenAI contends that its OpenAI Mark acquired secondary meaning by as early as September 15, 2016 (if not earlier), and certainly by no later than October 31, 2022. Plaintiff OpenAI's reasons for the foregoing contention include, but are not limited to:

- By December 31, 2015, OpenAI was founded as a nonprofit artificial intelligence artificial intelligence research company.  Its announcement on its openai.com website, featuring prominent use of "OpenAI," garnered media attention from national news organizations such as the *New York Times* and *USA Today*.  This widespread coverage introduced the OpenAI Mark to the public and associated it with OpenAI's artificial intelligence research services.

- By July 1, 2016, OpenAI announced the release of its first major software, OpenAI Gym, a toolkit to develop and compare artificial intelligence algorithms, in a blog post that prominently displayed the OpenAI Mark.  OpenAI made OpenAI Gym available on its website, where OpenAI showcased results submitted by users on pages that displayed the OpenAI Mark, as well as under its "OpenAI" repository on GitHub.  OpenAI also published its research results on its webpages using the OpenAI Mark, including a June 2016 post concerning generative models.  OpenAI continued to receive unsolicited media coverage discussing OpenAI during that time.  These events furthered the association between the OpenAI Mark and OpenAI's goods and services.

- By December 31, 2016, OpenAI released Universe, a software platform for training artificial intelligence agents. OpenAI announced the release on a webpage prominently featuring the OpenAI Mark, as well as promoted and supported the platform on dedicated product webpages that also displayed the OpenAI Mark, including universe.openai.com. Within days of its launch, OpenAI's Universe garnered attention from thousands of users on GitHub, where the OpenAI Mark was displayed on Universe code repository pages. Further, OpenAI hosted a conference at its OpenAI office with over 150 leading artificial intelligence practitioners, which OpenAI promoted before and after the conference in posts on its website alongside the OpenAI Mark. These activities furthered the association between the OpenAI Mark and OpenAI's goods and services.

- By July 1, 2017, OpenAI's Universe code repository surpassed 5,500 "stargazers," akin to users bookmarking the code for repeated reference, as well as over 500 "forks," instances of users making copies of the code for further customization. This led to increased visibility of the OpenAI Mark, which was displayed on the Universe code repository pages. OpenAI also publicly released Roboschool, software for robot simulation, and OpenAI Baselines, a set of algorithms, in posts on its website featuring the OpenAI Mark. By this point, OpenAI had over 100,000 followers on its OpenAI-branded Twitter account. These events further strengthened the association between OpenAI's goods and services and the OpenAI Mark.

- By December 31, 2017, OpenAI continued to prominently display the OpenAI Mark in its source code repository on GitHub for OpenAI Baselines, a platform for developing and sharing code, which had over 2,500 stargazers (*i.e.*, users who saved the product for later reference) and over 500 forks (*i.e.*, copies made for further customization). OpenAI also debuted a bot capable of defeating top players of the *Dota 2* videogame in one-on-one matchups. OpenAI showcased this achievement at "The International 2017," a major e-sports tournament with a $24 million prize pool, watched live by thousands of spectators and streamed by hundreds of thousands more. OpenAI promoted the bot's debut using the OpenAI Mark across various channels, including on its website, on its

Twitter account, and in YouTube videos.  OpenAI's Twitter post about the debut received thousands of likes and retweets in one day, and its YouTube videos about the debut, such as "OpenAI + Dota 2" and "Dendi vs. OpenAI at The International 2017," notched over 1.3 million views in under six months.  The OpenAI Mark also gained further visibility at artificial intelligence conferences, such as the Neural Information Processing Systems (NIPS) conference in 2017, where the OpenAI Mark was displayed in the conference's promotional materials.  These activities further increased the association between the OpenAI Mark and OpenAI's products and services.

▪ By July 1, 2018, OpenAI publicly demonstrated OpenAI Five, a team of five bots capable of playing *Dota 2* against teams of five professionals.  OpenAI Five's success was showcased on OpenAI's website and in videos on OpenAI's branded YouTube channel, both of which prominently displayed the OpenAI Mark.  One of those videos featuring the OpenAI Mark was watched over 300,000 times in five days.  OpenAI Five also attracted significant social media attention, including in Twitter posts by a public figure to his 46 million followers about OpenAI.  The *MIT Technology Review* and other media published articles about OpenAI, further expanding the visibility of the OpenAI Mark.  An OpenAI executive was also invited to testify at a televised House subcommittee hearing about artificial intelligence, where the OpenAI Mark was prominently displayed.  These events further associated the OpenAI Mark with OpenAI's products and services.

▪ By December 31, 2018, OpenAI publicly announced Dactyl, a robotic hand capable of manipulating physical objects with dexterity, on OpenAI's website and in a YouTube video.  That video prominently displayed the OpenAI Mark and was viewed over 100,000 times within six months of publication.  OpenAI's announcement also led to unsolicited media coverage referring to the OpenAI Mark.  Further, OpenAI's public updates on its website about OpenAI Five's success at "The International 2018" also displayed the OpenAI Mark.  These activities further increased the association between the OpenAI Mark and OpenAI's products and services.

- By July 1, 2019, OpenAI published its research on its website about GPT-2, its latest large-scale language model, followed by a gradual release of the model. This led to widespread media coverage featuring the OpenAI Mark, including articles in *USA Today*, *CNN*, *Wired*, *The Verge*, and *Vox*. OpenAI's website also announced OpenAI Five's success in defeating the prior *Dota 2* world champions, resulting in further unsolicited media coverage that prominently featured the OpenAI Mark. These activities increased the association of the OpenAI Mark with OpenAI and its products and services.

- By December 31, 2019, OpenAI's GPT-2 code repository on GitHub, which used the OpenAI Mark, surpassed 9,800 stargazers (*i.e.*, akin to users bookmarking the code) and 2,300 forks (*i.e.*, akin to users copying the code to customize). OpenAI's other research and content depicting the OpenAI Mark also had a wide reach, including one video that garnered over 1.6 million views in under four months and over 10 million views to date. This activity further strengthened the OpenAI Mark's association with OpenAI's products and services.

- By July 1, 2020, OpenAI announced the OpenAI API, providing API access to certain OpenAI models, and OpenAI Microscope, a toolkit to visualize neural networks. Both announcements prominently referenced the OpenAI Mark. OpenAI also announced Jukebox, a neural network that generates music, resulting in unsolicited media coverage that also featured the OpenAI Mark. These activities increased the association between the OpenAI Mark and OpenAI's goods and services.

- By December 31, 2020, OpenAI continued its promotion of the OpenAI API, including on product-specific webpage where the OpenAI Mark was prominently displayed. By the end of 2020, more than 10,000 U.S. users registered accounts on OpenAI's website, where the OpenAI Mark was displayed, demonstrating the OpenAI Mark's increased visibility within the developer community. These events further increased the association between the OpenAI Mark and its products and services.

- By July 1, 2021, OpenAI's announced DALL·E, a model capable of generating images from text descriptions, in a post on its website that prominently displayed the OpenAI

Mark.  GitHub also announced the debut of GitHub Copilot, an OpenAI-powered code completion tool, and displayed the OpenAI Mark on the Copilot product webpage.  By mid-2021, OpenAI had more than 50,000 U.S. registered users through its website where the OpenAI Mark was displayed.  These activities during this period further increased the OpenAI Mark's association with OpenAI's products and services.

- By December 31, 2021, tens of thousands of developers were using the OpenAI API, and OpenAI had over 150,000 U.S. registered users through its website, which displayed the OpenAI Mark.  OpenAI also announced OpenAI Codex, a system capable of generating code, through a public website post displaying the OpenAI Mark.  OpenAI also prominently displayed the OpenAI Mark in a video posted to OpenAI's branded YouTube channel to demonstrate OpenAI Codex.  That video received more than 250,000 views and over 10,000 likes within its first 30 days of being uploaded.

- By July 1, 2022, OpenAI was included in the "*Time* 100 Most Influential Companies" list and every search result for "openai" on the first page of Google referred to Plaintiff OpenAI as of March 8, 2022, demonstrating the widespread association of the OpenAI Mark.  OpenAI also publicly announced DALL·E 2, an improved version of its original DALL·E image generation model.  This resulted in widespread unsolicited media coverage featuring the OpenAI Mark, such as articles in *Fortune*, *Engadget*, and *The Verge*, and thousands of social media interactions on posts displaying the OpenAI Mark.  By this time, OpenAI had more than 400,000 U.S. users who registered accounts through OpenAI's website displaying the OpenAI Mark.  These events further increased the public's association of the OpenAI Mark with OpenAI and its products and services.

- By October 31, 2022, OpenAI announced the release of Whisper, an advanced speech recognition and transcription model, in a website post featuring the OpenAI Mark.  This led to unsolicited media coverage featuring the OpenAI Mark.  OpenAI also made its DALL·E 2 text-to-image product available for instant signup on its website, which displayed the OpenAI Mark.  By that point, OpenAI had over 1.5 million active U.S. users, leading to widespread media coverage and public interest.  Major news

organizations, such as *The Wall Street Journal*, featured the OpenAI Mark in articles about DALL·E 2 and its impact, and consumers developed a Reddit community for DALL·E 2 with over 100,000 members. This exposure further increased the widespread association of the OpenAI Mark with OpenAI's products and services.

In addition, OpenAI will produce documents relating to the above, which are incorporated by reference.

**INTERROGATORY NO. 9:**

IDENTIFY all PERSONS known, or suspected, by YOU who may have used, or may currently use, the "OpenAI" mark or a similar variant thereof in any manner.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff OpenAI objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Plaintiff OpenAI further objects to this Interrogatory as vague and ambiguous, particularly with respect to the term "use," which is undefined and unlimited as to time. For example, everyone who has ever referred to Plaintiff by its name has used the "OpenAI" mark "in any manner." Plaintiff OpenAI further objects to this Interrogatory as irrelevant to the extent it seeks information about uses that do not appear to be an entity's self-referencing uses of the OpenAI Mark to describe itself or its products on or after December 11, 2015; Plaintiff OpenAI will construe this Interrogatory as limited to such self-referencing uses of the OpenAI Mark to describe itself or its products on or after December 11, 2015. Plaintiff OpenAI further objects to this Interrogatory as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it requests identification of all uses "in any manner," which is overly broad as it is seeks information about uses not made in U.S. commerce; (ii) it requests identification of "all PERSONS," which is overly broad as it is impossible to have total knowledge of others' knowledge, including past employees and others no longer part of Plaintiff OpenAI; and (iii) it seeks information that has been previously provided in filings. Plaintiff OpenAI further objects to the definition of "YOU" as overbroad and unduly burdensome, and it will interpret this term to mean "Plaintiff OpenAI, Inc. and its

subsidiaries" for the purposes of this response. Plaintiff OpenAI further objects to this Interrogatory as the term "IDENTIFY" is overly broad and unduly burdensome, particularly as it relates to facts and events, to the extent it requires stating "all facts known that bear upon or are related to" use at any point in time, including every person involved in such use, as such an Interrogatory is impossibly expansive and would require an unreasonable amount of time and resources to compile.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: OpenAI identifies Guy Ravine and Open Artificial Intelligence, Inc.

**INTERROGATORY NO. 10:**

State all facts regarding YOUR awareness or knowledge of the open.ai domain or Guy Ravine's use of the "Open AI" name or mark prior to January 1, 2016.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff OpenAI objects to this Interrogatory as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks information about knowledge after December 11, 2015 given Defendant Ravine's communications with Plaintiff OpenAI on that date; (ii) it seeks "all facts regarding" awareness or knowledge, which is overly broad and could encompass an unreasonably large amount of information; (ii) it seeks total knowledge of others' knowledge, including all employees, directors, officers, affiliates, related entities, and agents, including past employees and others no longer part of OpenAI; and (iii) it seeks information that has been previously provided in filings. Plaintiff OpenAI objects to the definition of "YOUR" as overbroad and unduly burdensome, and it will interpret this term to mean "Plaintiff OpenAI, Inc. and its subsidiaries" for the purposes of this response. Plaintiff OpenAI further objects to this Interrogatory as premature to the extent it seeks information related to counterclaims, which are the subject of a pending motion to dismiss.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Based on current information and belief following a reasonable and diligent investigation, and subject to ongoing investigation and discovery in this matter, OpenAI is not aware of anyone who was part of the decision to name the company OpenAI who was aware of Guy

Ravine, the open.ai domain, or the hub.open.ai subdomain before deciding on the OpenAI name or before its announcement on December 11, 2015.

**INTERROGATORY NO. 11:**

IDENTIFY all PERSONS with knowledge of facts supporting the contention that consumers use ChatGPT, DALL-E 2 or other goods or services offered by YOU because they associate those goods or services with the company that uses the "OpenAI" mark.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff OpenAI objects to this Interrogatory as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, including to the extent that: (i) it seeks information wholly irrelevant to the case; (ii) it is not proportionate because Plaintiff OpenAI cannot know all of the reasons consumers use its good or services; (iii) the request for "all PERSONS" with knowledge is overly broad, particularly given that OpenAI employs over 1,000 people that have general knowledge relating to its user base; and (iv) it seeks information that would require an unreasonable amount of time and resources to compile. Plaintiff OpenAI further objects to the definition of "YOU" as overbroad and unduly burdensome, and it will interpret this term to mean "Plaintiff OpenAI, Inc. and its subsidiaries" for the purposes of this response. Plaintiff OpenAI further objects to this Interrogatory as vague, particularly with respect to the phrase "the contention," which is undefined and unclear in this context. Plaintiff OpenAI further objects to this Interrogatory as premature to the extent it purports to relate to issues of false advertising or misdescriptiveness, which are subject to a pending motion to dismiss, and to the extent it calls for expert information that is not required to be disclosed at this stage of the proceedings. Plaintiff OpenAI further objects to the phrase "[b]ecause they because they associate those goods or services with the company that uses the 'OpenAI" mark'" as vague and ambiguous.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiff OpenAI responds as follows: Plaintiff OpenAI will not respond to the Interrogatory.

DATED:  August 1, 2024

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By  _/s/ Margret M. Caruso_
Margret M. Caruso
_Attorneys for OpenAI, Inc._

1

## <u>CERTIFICATE OF SERVICE</u>

2

The undersigned hereby certifies that all counsel of record who have consented to electronic

3 service are being served with a copy of this document via email on August 1, 2024.

4

                          */s/ Aaron Perahia*

5                            Aaron Perahia

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28