QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000

Robert Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Sam Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone: (415) 875-6600

Dylan Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
295 Fifth Avenue
New York, New York 10016-7103
Telephone: (212) 849-7000

*Attorneys for Plaintiff OpenAI, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation, and GUY RAVINE, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 4:23-cv-03918-YGR<br><br>The Hon. Yvonne Gonzalez Rogers<br><br>**DECLARATION OF DYLAN I. SCHER IN SUPPORT OF PLAINTIFF OPENAI, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    June 17, 2025<br>Time:   2:00 p.m.<br>Place:  Courtroom 1 (4th Floor)<br>         1301 Clay Street<br>         Oakland, California 94612<br><br>Trial Date:   October 20, 2025 |

**DECLARATION OF DYLAN I. SCHER**

I, Dylan I. Scher, declare as follows:

1. I am a member of the State Bar of New York and am admitted to practice before this court *pro hac vice*. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP, counsel for Plaintiff OpenAI, Inc. ("OpenAI") in the above-captioned action. I submit this declaration in support of OpenAI's Reply in Support of its Motion for Summary Judgment. I have personal knowledge of the facts stated herein except as noted, and if called as a witness, I could competently testify to them.

**Summary Of "Bank Records" And "Invoices"**

2. Attached as **Exhibit A** are true and correct charts summarizing compilations of documents submitted with the Declaration of Nikita Gaer (Dkt. 251) and the Declaration of Mattia Iavarone (Dkt. 253).

   a. The first chart summarizes the 291-page Exhibit 1 to the Declaration of Nikita Gaer (Dkt. 251-1), which Mr. Gaer stated are "copies of certain bank records that reflect certain of the payments [he] received during the period 2015 to 2024 for work [he] did for Mr. Ravine" (Dkt. 251 ¶ 8).

   b. The second chart summarizes the 50-page Exhibit 2 to the Declaration of Nikita Gaer (Dkt. 251-2), which Mr. Gaer stated are "copies of certain of the invoices [he] sent to Mr. Ravine from 2016 through 2024 for some of the work [he] did for him" (Dkt. 251 ¶ 9).

   c. The third chart summarizes the 62-page Exhibit 1 to the Declaration of Mattia Iavarone (Dkt. 253-1), which Mr. Iavarone stated are "copies of invoices [he] sent to Mr. Ravine" (Dkt. 253 ¶ 11).

**Deposition Transcripts**

3. Attached as **Exhibit B** is a true and correct copy of excerpts from the transcript of Greg Brockman's January 7, 2025 deposition.

4. Attached as **Exhibit C** is a true and correct copy of excerpts from the transcript of Rebecca McCurry's January 6, 2025 deposition.

5. Attached as **Exhibit D** is a true and correct copy of excerpts from the transcript of Guy Ravine's December 10, 2024 deposition.

6. Attached as **Exhibit E** is a true and correct copy of excerpts from the transcript of Guy Ravine's January 15, 2025 deposition.

7. Attached as **Exhibit F** is a true and correct copy of excerpts from the transcript of Guy Ravine's February 21, 2025 deposition.

8. Attached as **Exhibit G** is a true and correct copy of excerpts from the transcript of Deborah Reynolds' December 11, 2024 deposition.

9. Attached as **Exhibit H** is a true and correct copy of excerpts from the transcript of Alan Goedde's March 13, 2025 deposition.

10. Attached as **Exhibit I** is a true and correct copy of excerpts from the transcript of Luke Tenery's March 19, 2025 deposition.

**Discovery Responses And Documents Produced By Defendants**

11. Attached as **Exhibit J** is Defendants Open Artificial Intelligence, Inc. and Guy Ravine's Second Amended and Supplemental Initial Disclosures, dated November 27, 2024.

12. Attached as **Exhibit K** is an excerpt of Defendant Open Artificial Intelligence, Inc.'s Supplemental Responses to Plaintiff OpenAI, Inc.'s Interrogatories (Set Two), dated January 7, 2025.

13. Attached as **Exhibit L** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0022093.

14. Attached as **Exhibit M** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0003946.

15. Attached as **Exhibit N** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0114656.

16. Attached as **Exhibit O** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0114633.

17. Attached as **Exhibit P** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0114604.

**Documents Previously Filed**

18.    Attached as **Exhibit Q** is a true and correct copy of the Declaration of Greg Brockman in Support of Plaintiff's Motion for Preliminary Injunction, dated October 24, 2023, without its exhibits, filed in this action at Dkt. 46.

19.    Attached as **Exhibit R** is a true and correct copy of Exhibit C to the Declaration of Greg Brockman in Support of Plaintiff's Motion for Preliminary Injunction, filed in this action at Dkt. 46-3, which is a "true and correct copy of the Internet Archive's capture of open.ai as of December 14, 2015, as retrieved on October 20, 2023" (Dkt. 46 ¶ 5).

**Brewer Declaration Exhibit 14**

20.    I have reviewed the Corrected Declaration of Breanna Brewer in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment ("Brewer Declaration") and particularly Exhibit 14 thereto (Dkt. 258-14, "Brewer Exhibit 14"). Brewer Exhibit 14 is a chart which lists over 50 OpenAI product pages, blog posts, GitHub pages, and other documents. According to Brewer Declaration paragraph 15, the underlying documents were originally attached to the Declarations of Greg Brockman and James Dyett in Support of Plaintiff's Motion for Summary Judgment ("Brockman Declaration," and "Dyett Declaration," respectively). Two were not. *See* ¶¶ 22-23, below.

21.    I have caused Brewer Exhibit 14 to be reprinted as part of **Exhibit S** to this Declaration. The right hand most column in Brewer Exhibit 14 is titled "Displays OpenAI Mark?". An examination of that column reveals that Defendants and their counsel have written "No" with respect to 51 of the total number of documents. Unlike the title of Brewer Exhibit 14, the right hand column does not contain the word "Prominently." In the attached Exhibit S, I have caused a column to be added to the right of Brewer Exhibit 14, titled "Correct answer for whether document displays OpenAI Mark." A "Yes" in this column reflects that the OpenAI Mark in fact appears in the document referenced in Brewer Exhibit 14. The bracketed number in each entry of this column refers to an accompanying screenshot from the underlying document, showing that the OpenAI Mark appears in the document. The OpenAI Mark appears in 49 of the 51 documents.

22. One of the two documents referenced in the Brewer Exhibit 14 that did not display the OpenAI Mark is a screenshot of an OpenAI GPT-1 blog post available at https://blog.openai.com/language-unsupervised/ (as reflected on a Wayback Machine archived page from June 12, 2018). A true and correct copy of the first page of that document is attached as page 4 of **Exhibit T.** Users who navigated to this specific page were able to access it via the OpenAI homepage. As reflected on a Wayback Machine archived page from June 12, 2018, the OpenAI homepage, https://openai.com/, displayed the OpenAI Mark. A true and correct copy of that homepage is attached as page 5 of Exhibit T. Users may have also accessed the OpenAI GPT-1 blog post page via OpenAI's Twitter announcement, which displayed the OpenAI mark. *See* Brockman Ex. H, p. 160. Page 2 of Exhibit T combines these pages and the GPT-1 blog post referenced in Brewer Ex. 14 to visually depict the relationship between the three documents. The GPT-1 blog post contains links to additional webpages that display the OpenAI mark: the "READ PAPER" link redirected to the corresponding GPT-1 research paper, and the "VIEW CODE" link redirected to the corresponding GPT-1 GitHub page. The June 12, 2018 GPT-1 blog post page captured by the Wayback Machine hyperlinks to these two documents, and a true and correct copy of the first page of each of those two documents is attached as pages 6 and 7, respectively, of Exhibit T. Page 3 of Exhibit T combines these pages and the GPT-1 blog post referenced in Brewer Ex. 14 to visually depict the relationship between the three documents.

23. The other document referenced in Brewer Exhibit 14 that does not display the OpenAI Mark (RAVINE0000069) was *not* included in either the Declaration of Greg Brockman or James Dyett (contrary to the description of the exhibit in Brewer Decl. ¶ 15). It was separately submitted as Exhibit 59 to the Brewer Declaration. Exhibit 59 appears to be a screenshot of the ChatGPT mobile payment page, which Defendants produced as an attachment to an email with the Bates number RAVINE0000068. Brewer Ex. 59 does not include the cover email sent to Defendants' support@open.ai address. For the Court's convenience, page  of Exhibit T shows the attachment and the cover email side by side.

**Brewer Declaration Exhibit 38**

[redacted lines 2–11]

I declare under penalty of perjury of the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge. Executed on May 14, 2025, in New York, New York.

*Dylan Scher*
_____
Dylan I. Scher