QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000

Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:    (415) 875-6600

Dylan I. Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
295 Fifth Avenue
New York, New York 10016
Telephone:    (212) 849-7000

*Attorneys for OpenAI, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| OPENAI, INC., a Delaware corporation, | Case No. 4:23-cv-03918-YGR |
| Plaintiff, | Hon. Yvonne Gonzalez Rogers |
| v. | **PLAINTIFF OPENAI, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE (DKT. 290)** |
| OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 2

ARGUMENT .......................................................................................................................... 2

I.    DEFENDANTS' MOTION TO STRIKE IS PROCEDURALLY IMPROPER AND
      SHOULD BE DENIED ................................................................................................ 2

II.   PLAINTIFF'S REPLY SEPARATE STATEMENT COMPLIES WITH THE
      COURT'S STANDING ORDER AND THE SUMMARY JUDGMENT
      STANDARD .................................................................................................................. 4

III.  THE STECKEL DECLARATION IS PROPER REPLY EVIDENCE AND
      SHOULD NOT BE STRICKEN .................................................................................. 5

IV.   THE SCHER DECLARATION IS PROPER REPLY EVIDENCE AND SHOULD
      NOT BE STRICKEN .................................................................................................... 7

V.    PLAINTIFF'S REPLY ARGUMENT IS PROPER REBUTTAL, NOT AN
      IMPROPER NEW ARGUMENT, AND CORRECTLY STATES THE LAW ...................... 8

CONCLUSION ....................................................................................................................... 9

1

## TABLE OF AUTHORITIES

2

**Page**

3

### Cases

4

*Alden v. AECOM Technology Corp.*,
5       2019 WL 13065377 (N.D. Cal. Mar. 12, 2019) ........................................................ 3

6     *Anderson v. Liberty Lobby, Inc.*,
        477 U.S. 242 (1986) ................................................................................................. 5
7

8     *Austin v. Kemper Corp. (Ins.)*,
        2022 WL 2276894 (N.D. Cal. June 23, 2022) ......................................................... 4
9

10    *Buffin v. City & County of San Francisco*,
        2019 WL 1017537 (N.D. Cal. Mar. 4, 2019) ........................................................... 5

11    *Burke v. City of Santa Monica*,
12      2010 WL 11549357 (C.D. Cal. Nov. 2, 2010) ......................................................... 6

13    *E.W. Bank v. Shanker*,
        2021 WL 3112452 (N.D. Cal. July 22, 2021) .......................................................... 5
14

15    *Hernandez v. Union Pacific Railroad Co.*,
        2005 WL 396614 (N.D. Cal. Feb. 18, 2005) ........................................................... 8

16    *Hiramanek v. Clark*,
17      2016 WL 1213664 (N.D. Cal. Mar. 29, 2016) ......................................................... 4

18    *Hodges v. Hertz Corp.*,
        351 F. Supp. 3d 1227 (N.D. Cal. 2018) ................................................................... 3
19

20    *Newton v. Equilon Enterprises, LLC*,
        411 F. Supp. 3d 856 (N.D. Cal. 2019) ..................................................................... 8

21    *Pablo v. ServiceMaster Global Holdings, Inc.*,
22      2011 WL 2470093 (N.D. Cal. June 20, 2011) ......................................................... 7

23    *Rogers v. Chevys Restaurants, LLC*,
        2015 WL 909763 (N.D. Cal. Feb. 24, 2015) ........................................................... 3
24

25    *Swinton v. Department of Justice*,
        2023 WL 6391451 (N.D. Cal. Sept. 28, 2023) ......................................................... 3

26    *Terrell v. Contra Costa County*,
        232 F. App'x 626 (9th Cir. 2007) ......................................................................... 5, 7
27

28    *Tolbert v. Antioch Police Department*,
        2024 WL 4804971 (N.D. Cal. Nov. 15, 2024) ......................................................... 3

**<u>Rules</u>**

Civ. Local Rule 7-2(a)................................................................................................1, 4

Civ. Local Rule 7-3(a)....................................................................................................2

Civ. Local Rule 7-3(c)....................................................................................................5

Civ. Local Rule 7-3(d)................................................................................................1, 3

Civ. Local Rule 7-11(b)..................................................................................................2

Fed. R. Civ. P. 56............................................................................................................5

## INTRODUCTION

Defendants' Motion (Dkt. 290) is telling—not for what it tries to show, but for what it tries to hide.  Having built their summary judgment opposition on mischaracterizations, selective disclosures, and attorney argument masquerading as evidence, Defendants now seek to prevent the Court from considering the evidence that corrects and exposes their distortions.  Defendants' Motion is not a legitimate objection to new evidence; it is a procedurally improper attempt to keep the Court from considering a full and accurate record, including the facts and arguments that contradict Defendants' narrative.  If permitted, Defendants' tactics would undermine the letter and the purpose of the Local Rules and frustrate a fair resolution of Plaintiff's summary judgment motion.

Defendants' gamesmanship is apparent at every turn.  The Motion fails to comply with Civil Local Rule 7-2(a)'s notice requirements and flouts the limitations of Civil Local Rule 7-3(d), which governs post-reply filings.  When Plaintiff pointed this out, Defendants suddenly claimed that their motion was, in effect, evidentiary objections.  It is not.  It does not cite a single rule of evidence as a basis for striking anything.  Instead of presenting specific objections to reply evidence, Defendants' seven-page notice of motion and motion further argues the merits of Plaintiff's motion—an unauthorized sur-reply that transparently attempts to give Defendants the last word.  The Local Rules are designed to prevent exactly this type of maneuver.

Substantively, Defendants seek to strike reply materials that are not only permitted, but required.  Plaintiff's Responsive Separate Statement is expressly authorized by Standing Order § 9(c)(2) and addresses the 35 "Additional Material Facts" newly asserted by Defendants in their opposition.  The Steckel and Scher declarations properly rebut evidence, arguments, and expert opinions that Defendants introduced for the first time in opposition, and they are grounded in discovery materials already before the Court.  The argument that Defendants challenge is a response to the legal theories and factual characterizations Defendants raised in their opposition—precisely the type of reply the rules and case law permit.  Defendants' objections to these materials have no basis in either the record or the law.

In sum, Defendants' Motion is procedurally improper, legally unsound, and a transparent effort to insulate their own opposition from scrutiny.  For all these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Strike in its entirety.

### BACKGROUND

Plaintiff moved for summary judgment on April 9, 2025, with a hearing set for June 17, 2025.  Dkt. 225.  Defendants opposed on April 30, 2025 (Dkt. 248), introducing 35 "Additional Material Facts" (DAF 81-115) (Dkt. 261), new expert opinions (Chiagouris Decl., Dkt. 265) that mischaracterize data from Plaintiff's business surveys (Brewer Decl., Exs. 37 & 38, Dkts. 264-16, 264-17), and attorney-prepared summaries that mischaracterize evidence reflecting the placement of the OpenAI mark (Brewer Decl., Ex. 14, Dkt. 258-14).  In response, Plaintiff filed its reply on May 14, 2025 (Dkt. 281), along with a Responsive Separate Statement (Dkt. 285-4), the Declaration of Joel Steckel (Dkt. 285-5), and the Declaration of Dylan Scher (Dkt. 285-15).

On May 21, 2025, Defendants filed their Motion to Strike, noticing it for the same June 17 hearing as the summary judgment motion—thus providing only 27 days' notice.  Dkt. 290.  In their Motion, Defendants ask the Court to strike Plaintiff's Responsive Separate Statement, the Steckel and Scher declarations, and a central portion of Plaintiff's MSJ Reply brief.  *Id.* at 1.

Plaintiff promptly responded by filing an Administrative Motion to Strike Defendants' procedurally improper Motion to Strike on May 23, 2025.  Dkt. 294.  Defendants failed to timely oppose the Administrative Motion, filing their response six days later—well after the four calendar days Civil Local Rule 7-11(b) allows.  *See* Dkt. 297.[1]

### ARGUMENT

### I.    DEFENDANTS' MOTION TO STRIKE IS PROCEDURALLY IMPROPER AND SHOULD BE DENIED

Defendants' Motion suffers from two independent procedural defects, either of which requires denial of the Motion.

---

[1]  As of the time of this filing, the Court has not ruled on Plaintiff's Administrative Motion to Strike Defendants' Motion.  Accordingly, Plaintiff submits this Opposition per Civil Local Rule 7-3(a) out of an abundance of caution.  Plaintiff respectfully notes that if the Court grants Plaintiff's Administrative Motion, Defendants' Motion—and this Opposition—will be moot.

1    **First**, Defendants' Motion violates the strict limitations of Civil Local Rule 7-3(d) governing

2    post-reply filings.  Once a reply is filed, "no additional memoranda, papers or letters may be filed

3    without prior Court approval, except as follows: (1) Objection to Reply Evidence; (2) Statement of

4    Recent Decision."  Civ. L.R. 7-3(d)(1).  An "Objection to Reply Evidence" must be a narrowly

5    confined document—"stating objections to the new evidence, which may not include further

6    argument on the motion"—and is limited to five pages.  *Id.*

7         Defendants disregard both limitations.  Their Motion, together with its notice and proposed

8    order, spans seven pages and is filled with substantive argument on the merits of summary

9    judgment—including on secondary meaning and the underlying evidence.  *See* Dkt. 290 at 3-4.  This

10   is not a true "objection to reply evidence," but an unauthorized sur-reply designed to secure the last

11   word—exactly what Local Rule 7-3(d) prohibits.  *See Swinton v. Dep't of Just.*, 2023 WL 6391451,

12   at *2 (N.D. Cal. Sept. 28, 2023) (explaining that the purpose of L.R. 7-3(d) is to prevent unauthorized

13   surreply); *Alden v. AECOM Tech. Corp.*, 2019 WL 13065377, at *2 (N.D. Cal. Mar. 12, 2019)

14   (striking "objection to reply evidence" for "contain[ing] further argument on the motion").

15        Defendants' effort to relabel their Motion as a mere "objection to Plaintiff's evidence on

16   reply" (Dkt. 297 at 1) does not cure the defect.  As Defendants concede, the substance, not labels, of

17   the requested relief controls.  *See* Dkt. 297 at 1:9-14 (citing cases).  In substance, Defendants do not

18   merely object to discrete items of alleged "new evidence."  Instead, they seek the sweeping and

19   unauthorized relief of striking Plaintiff's entire Responsive Separate Statement, both the Steckel and

20   Scher Declarations, and a substantive portion of Plaintiff's Reply brief.  Local Rule 7-3(d) does not

21   contemplate such overbroad relief.  *See Tolbert v. Antioch Police Dep't*, 2024 WL 4804971, at *2

22   (N.D. Cal. Nov. 15, 2024) (denying "motion to strike" reply and observing there is no basis to strike

23   a reply in support of summary judgment without leave); *Alden*, 2019 WL 13065377, at *2 (striking

24   document styled "objection to reply evidence" for violating L.R. 7-3(d)).

25        Nor do the authorities cited by Defendants support their approach.  *See* Dkt. 297 at 2:1-15,

26   citing *Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018) (finding a document

27   styled as an "Objection to New Evidence" is "an unauthorized sur-opposition in disguise"); *Rogers

28   v. Chevys Restaurants, LLC*, 2015 WL 909763, at *5 (N.D. Cal. Feb. 24, 2015) (denying leave to file

a supplemental declaration with a sur-reply).  The Local Rule is clear: objections to reply evidence are not a license for full-blown, noticed motions containing merits argument and seeking relief far beyond "new evidence."  The materials Defendants target here are, as shown below, proper rebuttal evidence—not impermissible "new" evidence.

**Second**, the Motion fails to comply with Civil Local Rule 7-2(a), which requires that motions be filed at least 35 days before the scheduled hearing date, absent an enumerated exception (none of which applies here).  Defendants filed their Motion on May 21, 2025, noticing it for hearing on June 17, 2025—providing only 27 days' notice.  Dkt. 290 at 1.  Courts routinely deny motions for such insufficient notice.  *See Hiramanek v. Clark*, 2016 WL 1213664, at *4 (N.D. Cal. Mar. 29, 2016) (denying motion that provided 31 days' notice rather than the required 35 days); *Austin v. Kemper Corp. (Ins.)*, 2022 WL 2276894, at *1 (N.D. Cal. June 23, 2022) (similar).

## II.   PLAINTIFF'S REPLY SEPARATE STATEMENT COMPLIES WITH THE COURT'S STANDING ORDER AND THE SUMMARY JUDGMENT STANDARD

Defendants' Motion to Strike Plaintiff's Reply Separate Statement to Defendants' Additional Material Facts is meritless.  Defendants assert that "there is no mechanism" for Plaintiff's Reply Separate Statement.  Dkt. 290 at 2.  That assertion is incorrect and ignores the clear text and structure of the Court's Standing Order.

**First**, the Standing Order expressly authorizes the moving party to file a Reply Separate Statement in response to additional material facts introduced in opposition.  *See* Standing Order for Civil Cases (rev. Mar. 17, 2025), at § 9(c)(2) (permitting a "response to additional material facts raised in the opposition").  Thus, Plaintiff is permitted—and in fact expected—to respond to Defendants' 35 newly asserted "Additional Material Facts" (DAF 81-115).  Plaintiff's Reply Separate Statement is precisely what the Court's Standing Order contemplates.

**Second**, Plaintiff's Reply Separate Statement is not subject to the page limits imposed on the parties' initial separate statements.  Defendants concede as much, acknowledging that Section 9(c)(3) of the Standing Order "does not impose any page limit for the moving party's 'response to additional material facts raised in the opposition.'"  Dkt. 297 at 3 n.2.  Although Section 9(c)(3) sets limits for the statements in the moving and opposition papers—15 pages for the moving party's facts and

5 pages for the non-moving party's additional facts—those constraints apply only to the initial presentation of facts, to ensure that the record is focused and manageable. Once the non-moving party introduces *additional* facts, however, the moving party's reply does not expand the factual record, but instead addresses whether those additional facts are material and genuine. Because this analysis simply tests the facts and evidence already raised, not new factual assertions, the justification for the original page limits does not apply. Plaintiff's initial Separate Statement (Dkt. 242) complied with the 15-page limit; Plaintiff's Reply Separate Statement addresses only Defendants' 35 new alleged facts, serving its proper and authorized function.

**Last**, contrary to Defendants' claims (Dkt. 290 at 2, 5), Plaintiff's Reply Separate Statement does not make evidentiary objections. The Reply Separate Statement's purpose—consistent with Rule 56 practice—is to evaluate whether Defendants' new facts are genuinely supported by evidence and are actually material to the disposition of the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Buffin v. City & Cnty. of San Francisco*, 2019 WL 1017537, at *11 (N.D. Cal. Mar. 4, 2019) ("[D]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") (citation omitted). It does not assert objections such as hearsay or lack of foundation; rather, it addresses whether the fact raises a genuine, material dispute (*e.g.*, "Fact X presents an immaterial statement…; Unsupported…"). This is critical for the Court's determination of whether any genuine dispute of material fact precludes summary judgment. In compliance with Section 9(c)(2) ("evidentiary objections shall be provided in the motion papers"), Plaintiff has included any evidentiary objections in its summary judgment reply brief (*see* Dkt. 281 at 19-20 & nn. 8, 9), not in the Reply Separate Statement.

## III.    THE STECKEL DECLARATION IS PROPER REPLY EVIDENCE AND SHOULD NOT BE STRICKEN

Defendants' argument that the Steckel Declaration is improper "new evidence" (Dkt. 290 at 1, 3-4) is meritless. Civil Local Rule 7-3(c) allows "[a]ny reply to an opposition [to] include affidavits or declarations." Reply evidence is not "new" if it is submitted to directly respond to points or evidence raised for the first time in opposition. *See E.W. Bank v. Shanker*, 2021 WL 3112452, at *7 (N.D. Cal. July 22, 2021) (overruling objection to reply declaration); *Terrell v. Contra Costa*

1    *Cnty.*, 232 F. App'x 626, 629 n.2 (9th Cir. 2007) (reply evidence that "addressed the same set of

2    facts… but provides the full context" is "not new").

3          Here, the Steckel Declaration (Dkt. 285-5) and its exhibits (Dkts. 285-6 through 285-14) fall

4    squarely within these principles.   In their MSJ Opposition, Defendants introduced previously

5    unreferenced presentations concerning OpenAI's internal business surveys (Brewer Decl., Exs. 37 &

6    38, Dkts. 264-16, 264-17) and new expert opinions from Dr. Chiagouris (Chiagouris Decl., Dkt. 265)

7    based on those summaries.  The Steckel Declaration was submitted in direct response, providing and

8    analyzing the actual underlying survey data.  Steckel Decl., Exs. A-K.  This context was necessary

9    to correct Defendants' mischaracterizations, including the claim that ▮▮▮▮▮▮▮▮▮▮▮▮

10   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 264-1 at 8. ▮▮▮▮▮▮▮▮▮▮

11   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Steckel Decl. ¶¶ 5-6 & Exs. C, D.

13   This type of factual rebuttal is precisely the function of reply declarations.

14         Nor is this data "new" to Defendants.   The survey data (spreadsheets OPENAI-RAV-

15   00023421 and OPENAI-RAV-00023423) were produced during discovery, well before Defendants

16   filed their opposition.  *See* Steckel Decl. ¶ 3.  Their use in reply is proper to "contradict or give

17   context" to the evidence Defendants' argued.  *See Burke v. City of Santa Monica*, 2010 WL

18   11549357, at *3 (C.D. Cal. Nov. 2, 2010) (finding the reply evidence was "not 'new' in the sense

19   that it was unknown to [Defendants] at the time [Defendants] filed [their] opposition").

20         Defendants also criticize (Dkt. 290 at 4) the Steckel Declaration for ▮▮▮▮▮▮▮▮▮

21   ▮▮▮▮▮▮▮▮▮▮▮▮▮. This analysis (Steckel Decl. ¶¶ 7-14, Exs. E-K) rebuts Dr. Chiagouris's

22   premise that the "general public" is the relevant consumer universe for assessing secondary meaning.

23   In fact, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. This is responsive to Defendants' attempt to dilute

25   the evidence of secondary meaning by relying on an overbroad and inapt population.   The proper

26   inquiry focuses on actual and potential consumers of the specific goods or services at issue.

27

28

1    **IV.    THE SCHER DECLARATION IS PROPER REPLY EVIDENCE AND SHOULD**
2    **NOT BE STRICKEN**

3    Defendants' attack on the Scher Declaration (Dkt. 290 at 2, 4) is unfounded. In support of
4    their MSJ Opposition, Defendants submitted Brewer Exhibit 14, an attorney-prepared chart
5    purporting to show that the OpenAI Mark was absent from numerous documents. Dkt. 258-14. That
6    chart materially misrepresents the actual contents of the record. In response, Plaintiff's counsel
7    submitted a declaration with Exhibit S (Dkt. 282-19), which presents a side-by-side comparative
8    chart: it faithfully reproduces Brewer Exhibit 14 and adds a column titled "Correct answer for
9    whether document displays OpenAI Mark?"—providing accurate corrections supported by specific
10   references and screenshots of the underlying documents.

11   Nearly all of these underlying documents were already before the Court as exhibits to
12   Plaintiff's initial summary judgment motion (*see* Brockman Decl., Ex. B, Dkt. 226-2; Scher Decl.
13   ¶ 21, Ex. S). Exhibit T (Dkt. 282-20) further supplies relevant context for two cited instances,
14   demonstrating that—even if the mark did not appear on the exact page highlighted by Defendants—
15   users would nevertheless encounter the OpenAI Mark in context. *See* Scher Decl. ¶¶ 22-23, Ex. T.
16   This is precisely the type of reply evidence contemplated by the rules: providing factual context,
17   correcting the record, and ensuring the Court is not misled by inaccurate characterizations. *See*
18   *Terrell*, 232 F. App'x at 629 n.2 (reply evidence that "addressed the same set of facts… but provides
19   the full context" is "not new").

20   Defendants' assertion that paragraphs 20–24 of the Scher Declaration are improper attorney
21   argument is equally meritless. These paragraphs simply provide factual explanations of what
22   Exhibits S and T depict and detail the methodology used to assemble them. Such explanations are
23   necessary for the Court to understand and accurately evaluate the evidence presented; they are not
24   legal argument, but foundational factual context. This is entirely appropriate and consistent with the
25   purpose of a reply declaration. *See, e.g.*, *Pablo v. ServiceMaster Glob. Holdings, Inc.*, 2011 WL
26   2470093, at *4 n.6 (N.D. Cal. June 20, 2011) (overruling objections to reply evidence in part because
27   the "declaration relates to a topic central to this litigation").

28

1  ## V.    PLAINTIFF'S REPLY ARGUMENT IS PROPER REBUTTAL, NOT AN IMPROPER

2  ## NEW ARGUMENT, AND CORRECTLY STATES THE LAW

3       Defendants' request to strike a portion of Plaintiff's reply (Dkt. 285-3 at 7:19-8:3) on the

4  ground that it introduces a "new argument" is wholly without merit.  The challenged passage does

5  not present any new theory; it directly rebuts a central flaw raised in Defendants' opposition—

6  specifically, their unsupported assertion that the "prominence" of a mark's display (such as font size

7  or placement) determines secondary meaning, and their related mischaracterizations of Plaintiff's

8  actual use of its mark.  *See* Dkt. 248 at 4, 6-8, 20-21; *see also* Dkt. 261 at 20 (DAF 110).

9       Plaintiff's reply makes clear that Defendants cite no legal authority for their "prominence"

10 theory and misrepresent the factual record regarding Plaintiff's use of the OpenAI mark.  *See* Dkt.

11 285-3 at 7:19-8:3.  The reply further notes that Defendants offer no evidence to contradict Plaintiff's

12 showing of continuous use, widespread marketing, and unsolicited media coverage, but instead rest

13 their opposition on this legally baseless "prominence" argument.  *Id*.  Plaintiff then reaffirms—citing

14 both its initial motion (Dkt. 225 at 19), the Scher Declaration (Dkt. 285-15 ¶¶ 20-23 & Exs. S, T),

15 and Plaintiff's Responsive Separate Statement (Dkt. 285-4 at RAF 110, 113)—that the mark was

16 consistently used in all relevant contexts.

17      This is not a new argument, but classic and proper reply: refuting new assertions raised in

18 opposition, highlighting the lack of legal or evidentiary support, and directing the Court to the true

19 record.  It is well-established that reply briefs may address issues and arguments first raised in

20 opposition.  *See Newton v. Equilon Enters., LLC*, 411 F. Supp. 3d 856, 880 n.14 (N.D. Cal. 2019)

21 (overruling objections to "portions of plaintiff's reply brief" and "reply declarations" because "[a]

22 party may submit a declaration on reply to respond to matters raised in opposition"); *Hernandez v.

23 Union Pac. R.R. Co.*, 2005 WL 396614, at *2 n.3 (N.D. Cal. Feb. 18, 2005) (overruling objections

24 because "the Reply addressed only matters raised in [the] Opposition").

25      Defendants' own conduct further demonstrates the impropriety of their Motion: in their

26 Motion (Dkt. 290 at 3 n.1), they reargue the merits of secondary meaning and introduce new legal

27 authority—effectively submitting an unauthorized sur-reply and seeking the last word, precisely what

28 the Local Rules are designed to prohibit.

1

## **CONCLUSION**

2          Plaintiff OpenAI respectfully requests that the Court deny Defendants' Motion to Strike.

3    DATED: June 4, 2025                    Respectfully submitted,

4                                           QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
5

6                                           By _____ /s/ Margret M. Caruso _____
7                                                   Margret M. Caruso
                                                 Attorneys for OpenAI, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28