QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000

Robert Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000

Sam Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:  (415) 875-6600

Dylan Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
295 Fifth Avenue
New York, New York 10016-7103
Telephone:    (212) 849-7000

*Attorneys for Plaintiff OpenAI, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>       vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation, and GUY RAVINE, an individual,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 4:23-cv-03918-YGR<br><br>The Hon. Yvonne Gonzalez Rogers<br><br>**JOINT STATEMENT REGARDING PROPOSED FORM OF JUDGMENT AND PERMANENT INJUNCTION PURSUANT TO THE COURT'S ORDER (DKT. 326)** |

*[Pursuant to the Court's July 21, 2025 Order (Dkt. 326), the Court ordered the parties to provide a form of proposed judgment by July 30, 2025. Plaintiff submits its portion of the parties' Joint Statement Regarding Proposed Form of Judgment, along with its Proposed Form of Judgment (Exhibit A), to ensure timely compliance with the Court's deadline. As of this filing, Plaintiff has not received Defendants' final portion of this Joint Statement. Plaintiff understands that Defendants may file their portion on July 31, 2025. This submission therefore reflects only Plaintiff's position.]*

## JOINT STATEMENT REGARDING PROPOSED FORM OF JUDGMENT

The parties submit this Joint Statement pursuant to the Court's July 21, 2025 Order (Dkt. No. 326), which granted Plaintiff's Motion for Summary Judgment and directed the parties to submit a proposed form of judgment. Following the Court's Order, the parties endeavored to stipulate to the form of judgment.

The parties have agreed on the form of judgment in all respects except for Plaintiff's proposed Paragraphs 9 and 10 and Defendants' proposed Paragraph 10. Despite good-faith efforts, the parties have been unable to reach agreement on those provisions. Accordingly, the parties each submit with this statement their proposed versions—*see* Exhibit A (Plaintiff's Proposal) and Exhibit B (Defendants' Proposal)—together with a brief explanation of their respective positions below.

## PLAINTIFF'S STATEMENT

Plaintiff OpenAI's proposed Paragraphs 9 and 10 are included to preserve and enforce the Court's injunction and ensure Defendants cannot profit from the domain they used to infringe. They are fully consistent with the Court's findings and with the Lanham Act, which empowers courts to "grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116. District Courts have "broad latitude in fashioning equitable relief when necessary to remedy an established wrong." *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016).

**Paragraph 9:** This provision ensures the Permanent Injunction remains effective even if Defendants attempt to transfer their business or assets. Binding successors, assigns, and any entity that acquires a party or substantially all of its assets is a standard safeguard to prevent an adjudicated infringer from evading the Court's order through asset transfers or transactions designed to

circumvent the judgment. *See, e.g.*, *Walling v. James V. Reuter, Inc.*, 321 U.S. 671, 674 (1944); 4 McCarthy on Trademarks and Unfair Competition § 30:14 (5th ed.) (injunctions may extend to those who acquire an enjoined business—even absent an intent to evade judgment—such as in a sale or dissolution).

This protection is necessary to prevent future confusion, particularly given Defendants' past bad faith and fraudulent conduct. They secured a trademark registration through false representations and began offering confusingly similar products under the "open.ai" domain after OpenAI's success, without bona fide use in commerce. Defendant Ravine claims to have founded numerous companies, and he should not be permitted to evade the Court's injunction through a corporate shell game. Likewise, Plaintiff should not be required to institute a new lawsuit against any third party acquiror of Defendants' assets. To the extent assets such as Video.io are sold, Paragraph 9 poses no threat to any future uses of that asset that do not use "Open AI" or otherwise violate the injunction.

**Paragraph 10:** The Court's Order barred Defendants from using or displaying anything on the open.ai domain except a notice of suspension. Paragraph 10 ensures this remedy cannot be undermined by a transfer or sale of the open.ai domain to a third party who could misuse the domain and perpetuate confusion. It also prevents Defendants from profiting from their infringement by transferring or selling the open.ai domain to any third party.

Courts have broad equitable authority under the Lanham Act to prevent wrongdoers from profiting from unlawful conduct. "[A] court may enjoin an act, which if done alone could be legal, but when performed in the context of a totality of acts does constitute unfair competition." *Left Coast Wrestling, LLC v. Dearborn Int'l LLC*, 2018 WL 2328471, at *14 (S.D. Cal. May 23, 2018) (citing *McCarthy on Trademarks* § 30:4), *adopted*, 2018 WL 3032585 (S.D. Cal. June 19, 2018); *see also Sinhdarella, Inc. v. Vu*, 2008 WL 410246, at *8 (N.D. Cal. Feb. 12, 2008) (courts must ensure infringers "caught 'red handed'" do not "profit from the goodwill" of the mark owner).

Courts routinely impose far broader restrictions, such as ordering the transfer, cancellation, or blocking of infringing domain names to ensure that injunctive relief is meaningful and not evaded. *See, e.g.*, *Brookfield Comm's, Inc. v. W. Coast Entm't Corp.*, 1999 U.S. Dist. LEXIS 23247, at *30

1  (C.D. Cal. Sep. 8, 1999) (finding "continued ownership of the domain name by [Defendants] is not
2  justifiable" where the infringing domain may "later fall into the hands of another infringer");
3  *Entrepreneur Media, Inc. v. Alfonso*, 2021 WL 2941983, at *5 (C.D. Cal. July 12, 2021) (granting
4  permanent injunction for violation of 15 U.S.C. § 1125(a) and ordering the transfer of all defendant's
5  domain names); *Panavision Int'l, L.P. v. Toeppen*, 945 F. Supp. 1296, 1306 (C.D. Cal. 1996)
6  (prohibiting further use or registration of plaintiff's mark as domain name or in any other form;
7  requiring transfer of the domain name), *aff'd*, 141 F.3d 1316 (9th Cir. 1998).

OpenAI's proposed Paragraph 10 is a more limited term than those ordered in many of these cases. It does not require a transfer to OpenAI, nor does it prevent the domain from expiring and returning to the registrar. It simply bars Defendants from selling or transferring the domain to a third party while they own it, avoiding further misuse or monetization of goodwill built on OpenAI's name. Any value the "open.ai" domain holds stems from consumer association with OpenAI's name and reputation; allowing Defendants to sell or profit from it would unjustly reward their infringement and undermine the Court's relief. The restriction ensures the Defendants cannot profit from the domain serving as a tool for confusion. It is narrowly tailored remedy to preserve the judgment's effectiveness and protect the public interest.

**DEFENDANTS' STATEMENT**

[Placeholder for Defendants' statement.]

DATED: July 30, 2025                QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP


                                    By _____/s/ Margret M. Caruso_____
                                        Margret M. Caruso
                                        Attorneys for Plaintiff OpenAI, Inc.

1 DATED: July 30, 2025                              VERSO LAW GROUP

                                                    By _____
                                                        Greg Gilchrist
                                                        Attorneys for Defendants Open Artificial
                                                        Intelligence, Inc. and Guy Ravine

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)**

I, Aaron Perahia, am the ECF User whose identification and password are being used to file this document. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories identified by a conformed signature (/s/) within this document.

By   */s/ Aaron Perahia*
     Aaron Perahia