UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OPENAI, INC.,**<br><br>    *Plaintiff*,<br><br>v.<br><br>**OPEN ARTIFICIAL INTELLIGENCE, INC. AND GUY RAVINE,**<br><br>    *Defendants*.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 4:23-cv-3918-YGR<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

    The Court having granted the plaintiff's motion for summary judgment, it is **ORDERED, ADJUDGED AND DECREED** that, in compliance with, and for the reasons set forth in, the Court's Order on Summary Judgment (Dkt. No. 326):

    1.    Judgment is **ENTERED** in favor of plaintiff and against defendants Open Artificial Intelligence, Inc. and Guy Ravine (collectively, "defendants") on all of Plaintiff's claims in its Complaint (Dkt. 1), namely Count 1 (Federal Trademark Infringement and Unfair Competition (15 U.S.C. § 1125(a))), Count 2 (Common Law Trademark Infringement), Count 3 (Fraudulent Registration), Count 4 (Cancellation – No Bona Fide Use), and Count 5 (Cancellation – Misrepresenting Source).

    2.    Judgment is **ENTERED** in favor of plaintiff and against defendants on all of defendants' counterclaims in their Second Amended Counterclaims (Dkt. 138), namely Counterclaim 1 (Lanham Act Unfair Competition (15 U.S.C. § 1125(a))), Counterclaim 2 (Lanham Act Trademark Infringement (15 U.S.C. § 1114)), Counterclaim 3 (California Common Law Trademark Infringement), Counterclaim 4 (Declaratory Judgment of Non-Infringement of Trademark under the Lanham Act), Counterclaim 5 (Declaratory Judgment of Non-Infringement of Common Law

Trademark), Counterclaim 6 (Declaratory Judgment of Ownership of Open AI Mark), and Counterclaim 7 (Declaratory Judgment of Trademark Invalidity).

3. Plaintiff is awarded nominal damages from defendants, jointly and severally, in the amount of one dollar ($1.00).

4. As the prevailing party, plaintiff is awarded its taxable costs of suit, as determined by the Clerk of the Court upon the filing of a bill of costs, and any objections, in accordance with Federal Rule of Civil Procedure 54(d)(1) and Civil Local Rules 54-1 and 54-2. The Court expressly retains jurisdiction to hear and decide any post-judgment motions, including but not limited to motions for an award of attorneys' fees, prejudgment and post-judgment interest, or for a determination that this is an exceptional case warranting enhanced relief under 15 U.S.C. § 1117(a). Any such determination shall be made following this Judgment pursuant to motions filed in accordance with the timeframes and procedures set forth in the applicable Federal Rules of Civil Procedure and the Civil Local Rules of this District.

5. In accordance with the judgment entered herein on plaintiff's claims for cancellation and pursuant to the Court's authority under 15 U.S.C. § 1119, the Director of the United States Patent and Trademark Office is hereby **ORDERED** to cancel U.S. Supplemental Registration No. 5,258,002 for the mark "Open AI," registered to defendant Open Artificial Intelligence, Inc. The Clerk of the Court is directed to send a certified copy of this Judgment and Order to the Director of the United States Patent and Trademark Office.

6. Defendants Open Artificial Intelligence, Inc. and Guy Ravine, and each of their officers, directors, employees, agents, servants, representatives, and affiliates, and all persons acting in active concert or participation with them, based on the grounds and factual circumstances provided in this Court's order, are **PERMANENTLY ENJOINED** and **RESTRAINED** from:

    a. Using the Open AI mark, or any other logo, design, or word mark that is a colorable imitation of, or confusingly similar to, it, including without limitation "Open AI" and "open.ai" (collectively, "Infringing Marks"), in connection with the display, advertising, development, marketing, production,

promotion, sale, and/or distribution of any artificial intelligence products or services, including the results generated by such products or services;

  b. Using any Infringing Marks in connection with any website, app, or social media account, including as a domain name or social media handle; and

  c. Representing in any manner or by any method whatsoever that goods, services, or other products branded with any Infringing Marks are sponsored, approved, or authorized by, or originate from, plaintiff, or otherwise taking any action likely to cause confusion, mistake or deception as to the origin, approval, sponsorship, or certification of such goods, products, or services.

7. All those acting in active concert or participation at the direction of, or in contractual privity with the above-enjoined parties, including domain name registrars, web hosting services, and social media platforms, are enjoined and restrained from facilitating, permitting, or otherwise enabling defendants to engage in any of the actions that this Permanent Injunction restrains, including allowing anything to be displayed on the open.ai domain name other than a notice of suspension unless otherwise agreed or authorized by this Court as a clear, non-infringing use.

8. By August 20, 2025, defendants shall file with the Court and serve on plaintiff's attorneys a written report under oath setting forth in detail the manner in which defendants have complied with this Permanent Injunction.

9. This Permanent Injunction inures to the benefit of plaintiff and is binding on defendants, as well as the parties' respective parents, subsidiaries, affiliates, successors, and assigns, including any person or entity that acquires any party or all or substantially all of a party's assets, whether by merger, acquisition, sale, or other operation of law.

10. If defendants, and any of their parents, subsidiaries, affiliates, successors, and assigns, sells, assigns, licenses, pledges, encumbers, transfers, monetizes, or otherwise conveys the domain name "open.ai" to any person or entity other than plaintiff or an entity in privity with plaintiff, defendant shall provide such person or entity with a copy of this judgment and notify plaintiff or plaintiff's counsel of record of the sale.

3

11. The Court shall retain jurisdiction over this action and the parties hereto for the purposes of construing, modifying, suspending, and enforcing the terms of this Judgment and Permanent Injunction, hearing and resolving any related motions for such relief, including for contempt, awarding damages, costs, attorneys' fees, and other relief for any violations thereof, and for taking any and all actions necessary or appropriate to ensure compliance with and enforcement of its terms.

The Clerk of the Court shall enter this judgment and close this matter.

**IT IS SO ORDERED.**

Dated: July 31, 2025

                                             **YVONNE GONZALEZ ROGERS**
                                             **UNITED STATES DISTRICT JUDGE**